United States District Court
Southern District of Texas
**FILED**

MAR 0 2 2001

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

Michael N. Milby
Clerk of Court

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

John Ocie Roberts

## DEFENDANTS

City of Harlingen, et. al.

**B-01-034**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Cameron
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John O. Roberts, Pro-Se
1726 N. Commerce
Harlingen, Texas 78550

ATTORNEYS (IF KNOWN)   Ricardo J. Navarro
Mauro F. Ruiz
(956) 421-4904  Denton & Navarro
(956) 421-3621(F)  222 E. Van Buren #405
Harlingen, Tx. 78550

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF

(For Diversity Cases Only)                                    AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☑1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☑ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | USC 881 | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| Student Loans | ☐ 345 Marine Product | ☐ 370 Other Fraud | Safety/Health | | Exchange |
| (Excl. Veterans) | Liability | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 385 Property Damage | ☐ 710 Fair Labor Standards | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Product Liability | Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Report- | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ing & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | or Defendant) | Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | | ☐ 871 IRS – Third Party | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | 26 USC 7609 | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff alleges the City of Harlingen and its officials violated the
14th Amendment of the U.S. Const. when they removed refuse from Plaintiff's pre...

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☑ NO

## VIII. RELATED CASE(S)
IF ANY

(See instructions):   JUDGE   None   DOCKET NUMBER

DATE   03/02/01

SIGNATURE OF ATTORNEY OF RECORD   Ricardo J. Navarro   Mauro F. Ruiz

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

This form is electronically produced by Elite Federal Forms, Inc.

United States District Court
Southern District of Texas
FILED

MAR 0 2 2001

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

JOHN OCIE ROBERTS          §
      Plaintiff          §
               §
vs.          §
               §          Cause No.:  **B-01-034**.
CITY OF HARLINGEN, TEXAS, ET AL §
               §

## CITY DEFENDANTS NOTICE OF REMOVAL

May It Please the Court:

NOW COMES the CITY OF HARLINGEN, TEXAS, MAYOR CONNIE DE LA GARZA, CITY MANAGER ROY RODRIGUEZ, POLICE CHIEF MICHAEL BLAKE, LT. JIM SCHEOPNER, INSPECTOR DAN SERNA, INSPECTOR RUBEN MARES, and INSPECTOR SAM GUTIERREZ, in their Individuall and Official capacities, (hereafter "CITY DEFENDANTS") in the above-styled and numbered cause, and file this Notice of Removal to the U.S. District Court for the Southern District of Texas, Brownsville Division, from a lawsuit filed in the 107TH Judicial District Court for the State of Texas, in Cameron County, Texas styled and numbered as indicated in the pleadings attached as exhibits to this notice.

1.   Plaintiff's lawsuit complains of CITY DEFENDANTS' decision to remove refuse resulting from a fire which partially consumed a building located on Plaintiff's property.   Plaintiff leases the Harlingen property from Union Pacific Railroad Company.

City Defendants' Notice of Removal                                    Page 1

2.    Plaintiff filed his Original Petition on October 13, 2000, in the 107th Judicial District Court, sitting in Cameron County, Texas, identified as Cause No. 2000-10-4247-A.

3.    Plaintiff's Original Petition names the CITY OF HARLINGEN, TEXAS, and MAYOR CONNIE DE LA GARZA, POLICE CHIEF MICHAEL BLAKE, ACTING CITY MANAGER ROY RODRIGUEZ, INSPECTOR DAN SERNA, INSPECTOR RUBEN MARES, INSPECTOR SAM GUTIERREZ, and LT. JIM SCHEOPNER, Individually and Officially, as defendants.  Plaintiff's Original Petition appears to take pains to avoid pleading a federal claim.

4.    Nevertheless, on or about February 09, 2001, the CITY of HARLINGEN, received a copy of an Plaintiff's Responses to Rule 194 Request for Disclosures, whereby Plaintiff alleges a claim under the 14th Amendment to the U.S. Constitutional.  See Exhibit A.  The factual basis of the removal is based on the alleged wrongdoing of CITY DEFENDANTS in removing refuse from Plaintiff's property in violation of the U.S. Constitution.  See Exhibit A.

5.    The Rule 194 Responses are the first paper of any kind filed by Plaintiff reflecting an intention to pursue a federally based claim, here, a claim under the U.S Constitution's 14th Amendment.

6.    It is, therefore, apparent on the face of the Rule 194 Response that the this document constitutes an "other paper" placing CITY DEFENDANTS on notice of an intention to pursue a federally based claim.  Consequently, because Plaintiff is asserting a federally based claim over which this Court may

City Defendants' Notice of Removal                                    Page 2

exercise subject matter jurisdiction, CITY DEFENDANTS have a limited time period (30 days) within which to exercise their privilege of having this matter adjudicated in a federal forum.

7. Consequently, this removal action is brought under 28 U.S.C. §1446(b), allowing defendants to remove a case from state district within thirty days from the service of an "other paper" from which it may be first ascertained that the case is one which is or has become removable.  28 U.S.C §1446(b).

8. This removal action is also brought under 28 U.S.C. §1331, involving a civil action brought in state court in which a United States District Court has original jurisdiction to consider a claim or right arising under the United States Constitution.

9. Further, this Court has jurisdiction over any state-law based claims pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.  Therefore, this suit is hereby removed to the Brownsville Division of the United States District Court-Southern District of Texas.

10. Copies of all pleadings and process filed in the state court proceeding are attached hereto and incorporated by reference, including a certified copy of the state court's docket sheet pertaining to this case.  See Exhibit B.

11. Notice of this removal action has been given to Plaintiff and to the 107th Judicial District Court contemporaneously with the filing of this Notice.  See Exhibit C.

City Defendants' Notice of Removal                    Page 3

12. For judicial economy, the entire case, including any issues raised under the Court's supplemental jurisdiction should be tried in U.S. District Court.

13. This removal action is timely filed within thirty days of CITY DEFENDANTS' receipt of an "other paper" from which it was first determined that the case was or had become removable. CITY DEFENDANTS have done nothing, nor do they intend to do anything to divest this Court of removal jurisdiction over this lawsuit.

14. CITY DEFENDANTS have complied with the removal requirement of Local Rule 81, including the $150 removal filing fee. See Exhibits A-C.

**CONCLUSION & PRAYER**

THEREFORE, CITY DEFENDANTS hereby remove this action pursuant to federal law and pray that the Court sustain this removal from the 107th Judicial District Court in Cameron County, Texas, to the United States District Court, Southern District of Texas, Brownsville Division, to determine all issues of fact and law. CITY DEFENDANTS further requests that the Court grant any and all other relief to which it may show itself justly entitled.

SIGNED on this 1st day of March, 2001.

Respectfully submitted,

City Defendants' Notice of Removal                                  Page 4

**DENTON, McKAMIE & NAVARRO**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953

By: _____
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774

City Defendants' Notice of Removal                    Page 5

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the _2nd_ day of March, 2001.

Mr. John Ocie Roberts                    **Via CMRRR #7000 1670 0013 4634 0002**
1726 N. Commerce
Harlingen, Texas 78550

RICARDO J. NAVARRO
MAURO F. RUIZ

r:\roberts\removal.fed

City Defendants' Notice of Removal                                    Page 6

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
|       Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | Cause No.: B-01-034 |
| CITY OF HARLINGEN, TEXAS | § | |
| ET AL | § | |
|     Defendants | § | |

## REMOVAL EXHIBIT INDEX

A.    Rule 194 Responses to Request for Disclosure;

B.    Certified Copy of State Court Docket Sheet and File;

C.    State Court Notice of Removal

r: Roberts/rem.idx

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE CHRISTI DIVISION

JOHN OCIE ROBERTS §
                 Plaintiff §
                          §                    **B-01-034**
VS §
                          §
CITY OF HARLINGEN, TEXAS ET AL §
                          §
       Defendants §

## CITY DEFENDANTS' CERTIFICATE OF INTERESTED PARTIES & COUNSEL

COME NOW DEFENDANTS, CITY OF HARLINGEN and MAYOR CONNIE DE LA GARZA, CITY MANAGER ROY RODRIGUEZ, POLICE CHIEF MICHAEL BLAKE, LT. JIM SCHEOPNER, INSPECTOR DAN SERNA, INSPECTOR RUBEN MARES and INSPECTOR SAM GUTIERREZ, Individually And Officially, and file this Certificate of Interested Parties:

John Ocie Roberts
1726 N. Commerce
Harlingen, Texas 78550
**PRO SE PLAINTIFF**


City of Harlingen, Texas
Mayor Connie De La Garza
City Manager Roy Rodriguez
Police Chief Michael Black
Lt. Jim Scheopner
Inspector Dan Serna
Inspector Ruben Mares
Inspector Sam Gutierrez
118 E. Tyler
Harlingen, Texas 78550
**DEFENDANTS,**
**INDIVIDUALS SUED INDIVIDUALLY & OFFICIALLY**


Defendants  Certificate of Interested Parties                          Page 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE CHRISTI DIVISION

|  |  |
|---|---|
| | § |
| JOHN OCIE ROBERTS | § |
| Plaintiff | § |
| | § |
| VS | § |
| | § |
| CITY OF HARLINGEN, TEXAS ET AL | § |
| | § |
| Defendants | § |

### CITY DEFENDANTS' CERTIFICATE OF INTERESTED PARTIES & COUNSEL

COME NOW DEFENDANTS, CITY OF HARLINGEN and MAYOR CONNIE DE LA GARZA, CITY MANAGER ROY RODRIGUEZ, POLICE CHIEF MICHAEL BLAKE, LT. JIM SCHEOPNER, INSPECTOR DAN SERNA, INSPECTOR RUBEN MARES and INSPECTOR SAM GUTIERREZ, Individually And Officially, and file this Certificate of Interested Parties:

John Ocie Roberts
1726 N. Commerce
Harlingen, Texas 78550
**PRO SE PLAINTIFF**


City of Harlingen, Texas
Mayor Connie De La Garza
City Manager Roy Rodriguez
Police Chief Michael Black
Lt. Jim Scheopner
Inspector Dan Serna
Inspector Ruben Mares
Inspector Sam Gutierrez
118 E. Tyler
Harlingen, Texas 78550
**DEFENDANTS,**
**INDIVIDUALS SUED INDIVIDUALLY & OFFICIALLY**

Defendants  Certificate of Interested Parties                    Page 1

No. 2000-10-4247-A

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| CONNIE DE LA GARZA, INDIVIDUALLY | § | 107TH JUDICIAL DISTRICT |
| CHIEF OF POLICE MICHAEL BLAKE, | § | |
| INDIVIDUALLY, ACTING CITY MANAGER | § | |
| ROY RODRIGUEZ, INDIVIDUALLY | § | |
| INSPECTOR DAN SERNA, INDIVIDUALLY | § | |
| LT. JIM SCHEOPNER, INDIVIDUALLY | § | |
| INSPECTOR RUBEN MARES, INDIVIDUALLY | § | |
| AND INSPECTOR SAM GUTIERREZ, | § | |
| INDIVIDUALLY | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

**PLAINTIFF'S RESPONSE TO CITY DEFENDANTS' RULE 194 REQUEST FOR DISCLOSURE**

To:  Honorable Ricardo Navarro
     Attorney for Defendant, City of Harlingen
     222 East Van Buren, Suite 405
     Harlingen, Texas 78550

     NOW COMES Plaintiff, John Ocie Roberts and tenders this his responses to Defendants' Request for Disclosure.

a.  Name of Plaintiff – John Ocie Roberts
b.  None other than the ones mentioned in lawsuit in the first amended petition.
c.  the basic legal theories are the following:
    Texas Torts Claims Act
    Negligence
        a.  in supervising city employees and police officers
        b.  in supervising wrecker service givers

 EXHIBIT " A "


FEB 09 2001

    c.   in hiring people who are prone to steal

    d.   in knowing where the property taken is located.

    e.   In not informing Plaintiff of whereabouts of property taken.

    f.   In selling property not belonging to the City,

    g.   In not giving an accounting to Plaintiff of proceeds

    h.   In walking into Plaintiff's property and taking property illegally

**Negligence per se**

    a.   Defendant violated the penal codes.

    b.   Defendant violated the rights of Plaintiff in taking property without notice

**Conversion**     Plaintiff's property was taken without paying for it.

**Trespass**     the police and city employees broke the locks without any judicial statutory or ordinance authority.

**Violation of 14th Amendment**

The facts are that first the city took the property and then gave notice of an alleged nuisance violation of some kind.

    d.  amount of damage is the fair market value and by adding all of the value of the items taken, the amount comes out to approximately $2,000,000.00

    e.  chief of police (defendant)

       mayor (defendant)

       all persons sued (defendant)

       wrecker service personnel (defendant)

       junk yard personnel – these were not sued in that they refused to accept the items once they found out where the property came from.

    f.  there will be some experts hired on the matter of value of antiques, and spare parts for hard to find motors, etc.

Bob Basford – Bass Blvd – 956-421-3225

Howard Carter
1224 N. Commerce
Harlingen, Texas
956-428-7407

Dina Langham
P.O. Box 157
La Feria, Texas
956-797-0027

    g.   there are no agreements

    h.   none

i.  the police reports and the sheriff's office

j.  not applicable

k.  not applicable


Signed on the _5 7th_ day of February 2001.


Respectfully Submitted,


John Ocie Roberts

John Ocie Roberts

Defendant, Pro Se

1726 N. Commerce

Harlingen, Texas 78550

## CERTIFICATE OF SERVICE

I certify that a true and copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the person(s) listed below on the _5 TH_ day of February 2001.

Honorable Ricardo J. Navarro

Attorney for Defendant, City of Harlingen

222 East Van Buren Suite 405

Harlingen, Texas 78550

By CMRR: # _7000 1670 0000 0477 9154_ and regular mail.

John Ocie Roberts

Case 1:01-cv-00034   Document 1   Filed in TXSD on 03/02/2001   Page 15 of 114

RUN DATE 02/28/01
RUN TIME 3:30 PM

PAGE: 01

2000-10-004247-A

**CERTIFIED COPY**

**C L E R K ' S   E N T R I E S**

* * * * *                                                    * * * * *

JOHN OCIE ROBERTS

VS

CITY OF HARLINGEN, CAMERON COUNTY, TX., ET AL

JOHN OCIE ROBERTS

60439401
JOHN OCIE ROBERTS
1726 N. COMMERCE
HARLINGEN, TX.                          78550 0000

00487901
HON. RICARDO J. NAVARRO
222 EAST VAN BUREN, SUITE 405
HARLINGEN, TEXAS              78550 0000

(10)            DAMAGES                           10      13      00

                                                          30.00

| | | |
|---|---|---|
| 10/13/00 | ORIGINAL PETITION FILED | |
| 10/16/00 | CITATION: CONNIE DE LA GARZA | |
| 10/16/00 | SERVED: | |
| 10/16/00 | CITATION: CITY OF HARLINGEN, TX. | |
| 10/16/00 | SERVED: | |
| 10/16/00 | CITATION: CAMERON COUNTY TX | |
| 10/16/00 | SERVED: | |
| 10/16/00 | CITATION: MICHAEL BLAKE (CHIEF OF | |
| 10/16/00 | POLICE, IND.) | |
| 10/16/00 | SERVED: | |
| 10/16/00 | CITATION: ROY RODRIGUEZ (ACTING CITY | |
| 10/16/00 | MGR., IND.) | |
| 10/16/00 | SERVED: | |
| 10/16/00 | CITATION: DAN SERNA (INSPECTOR) | |
| 10/16/00 | SERVED: | |
| 10/16/00 | CITATION: LT. JIM SCHEOPNER, IND. | |
| 10/16/00 | SERVED: | |
| 10/16/00 | CITATION: INSPECTOR RUBEN MARES, IND. | |
| 10/16/00 | SERVED: | |
| 10/16/00 | CITATION: INSPECTOR SAM GUTIERREZ, IND. | |
| 10/16/00 | SERVED: | |
| 10/16/00 | ORIGINAL ANSWER: CITY OF HARLINGEN, | |
| 10/16/00 | TX, CAMERON COUNTY TX | |
| 10/26/00 | ORIGINAL ANSWER: CONNIE DE LA GARZA | |
| 10/26/00 | ORIGINAL ANSWER: POLICE CHIEF MICHAEL | |
| 10/26/00 | BLAKE | |
| 10/26/00 | ORIGINAL ANSWER: ACTING CITY MANAGER | |
| 10/26/00 | ROY RODRIGUEZ | |
| 10/26/00 | ORIGINAL ANSWER: INSPECTOR DAN SERNA | |
| 10/26/00 | ORIGINAL ANSWER: INSPECTOR RUBEN MARES | |
| 11/28/00 | ORDER SETTING HEARING ON CITY DEFTS SPECIAL EXCEPTIONS AND | |
| 11/28/00 | MTN TO DISMISS SET FOR 1/11/01 AT 8:30 A.M. BEJR/ESALAS | |
| 01/11/01 | Def. through Atty.; Plif appeared pro se; Def's Special | |
| 01/11/01 | Exceptions GRANTED-30 days to re-plea..BEJR/eeo | |
| 01/11/01 | ORDER ON CITY DEFTS SPECIAL EXCEPTIONS SIGNED FOR ENTRY. BEJR/ES | |
| 01/11/01 | ORDER SETTING HEARING ON CITY DEFTS' SPECIAL EXCEPTIONS AND MTN | |
| 02/27/01 | TO DISMISS PLTF'S SECOND AMENDED ORIGINAL PETITION SET FOR | |
| 02/27/01 | 3/29/01 AT 8:30 A.M. BEURESTIUR/ESALAS | |

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY TEXAS
BY _____ DEPUTY

DISTRICT COURT
CAMERON COUNTY, TEXAS

EXHIBIT "B"

RUN DATE 02/28/01
RUN TIME 3:30 PM

CITY OF HARLINGEN, CAMERON COUNTY, TX., ET AL

VS

JOHN OCIE ROBERTS

* * * * CLERK'S ENTRIES * * * *

CERTIFIED COPY

PAGE: 02
2000-10-004247-A

JOHN OCIE ROBERTS

60439401
JOHN OCIE ROBERTS
1726 N. COMMERCE
HARLINGEN, TX.          78550 0000

00487901
HON. RICARDO J. NAVARRO
222 EAST VAN BUREN, SUITE 405
HARLINGEN, TEXAS          78550 0000

(10)   DAMAGES          10   13   00
                              30.00

10/26/00   ORIGINAL ANSWER: INSPECTOR SAM
           GUTIERREZ
10/26/00   ORIGINAL ANSWER: LT. JIM SCHEOPNER
11/27/00   CITY DEPENDANTS' SPECIAL EXCEPTIONS
11/27/00   AND MTN TO DISMISS FOR
           LACK OF SUBJECT MATTER JURISDICTION
           /ESALAS
01/11/01   CITATION: LA FERIA WRECKER SERVICE
01/11/01   SERVED:
01/11/01   CITATION: T&T TOWING SERVICE
01/11/01   SERVED:
01/11/01   CITATION: JIM WILKINSON IRON & METAL
           INC.
01/11/01   SERVED:
01/11/01   PLTF'S OBJECTIONS TO DEFT'S REQUEST
           FOR JUDICIAL NOTICE OF
01/11/01   ADJUDICATIVE FACTS AND SPECIAL
           EXCEPTION /ESALAS
01/11/01   PLAINTIFF'S FIRST AMENDED ORIGINAL
           PETITION /ESALAS
02/14/01   PLTF'S SECOND AMENDED ORIGINAL
           PETITION /ESALAS
02/22/01   CITY DEFTS' SPECIAL EXCEPTIONS TO
           PLTF'S SECOND AMENDED PETITIO
02/22/01   AND MTN TO DISMISS /ESALAS

# CAUSE NO. 2000-10-4241-A

| | | |
|---|---|---|
| John Roberts, | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **CITY OF HARLINGEN, CAMERON** | § | |
| **COUNTY, TEXAS** | § | 10ᵗʰ **JUDICIAL DISTRICT** |
| **CONNIE DE LA GARZA, INDIVIDUALLY** | § | |
| **CHIEF OF POLICE MICHAEL BLAKE, INDIVIDUALLY** | § | |
| **ACTING CITY MANAGER ROY RODRIGUEZ, INDIVIDUALLY** | § | |
| **INSPECTOR DAN SERNA, INDIVIDUALLY** | § | |
| **LT. JIM SCHEOPNER,   INDIVIDUALLY** | § | **CAMERON COUNTY, TEXAS** |
| **INSPECTOR RUBEN MARES, INDIVIDUALLY** | § | |
| **INSPECTOR SAM GUTIERREZ, INDIVIDUALLY** | § | |
| **Defendants** | § | |

**************************************************************************

## TEMPORARY RESTRAINING ORDER BOND

**STATE OF TEXAS §**
**COUNTY OF CAMERON §**

WHEREAS, in Clause No. _____ pending in the District Court of

Cameron County, Texas, _____ JUDICIAL DISTRICT, styled, John Roberts, Plaintiff VS. CONNIE DE

LA GARZA, INDIVIDUALLY; CHIEF OF POLICE: INDIVIDUALLY; ACTING CITY MANAGER

ROY RODRIGUEZ, INDIVIDUALLY; INSPECTOR DAN SERNA; LT. JIM SCHEOPNER,

INSPECTOR RUBEN MARES, INDIVIDUALLY, INSPECTOR SAM GUTIERREZ, INDIVIDUALLY

DEFENDANTS the Honorable _____ _____, Judge did on the ____

day of _____, 2000, sign an order granting a temporary restraining order against said Defendants

and requiring Plaintiff, to make, execute, and file a restraining order bond in the sum of $

_____, payable to the adverse party before issuance of the temporary restraining order therefore:

KNOW ALL MEN BY THESE PRESENTS, that we, the undersigned John Roberts, principal

and, Dana Langham, Surety and _DON  BERNART_, ~~attorney~~ Surety, acknowledge ourselves

bound to pay to City of Harlingen and Connie de la Garza, Individually, Chief of Police Michael Blake,

Individually, Acting City Manager Roy Rodriguez, Individually, Inspector Dan Serna, Individually, and Lt.

Jim Scheopner, Individually, Inspector Ruben Mares, Individually, Inspector Sam Gutierrez, Individually

Defendants, the sum of _____ ($          ) conditioned that John Roberts,

Plaintiff, shall abide by the decision that may be made in the aforesaid cause, and that he shall pay all sums

of money and costs that may be adjudged against him if the temporary restraining order issued on

_____ _____, 2000, in the aforesaid cause, enjoining City of Harlingen and Defendants,

Connie de la Garza, Individually, Chief of Police Michael Blake, Individually, Acting City Manager Roy

13F

Rodriguez, Individually, Inspector Dan Serna, Individually, and Lt. Jim Scheopner, Individually Inspector Ruben Mares, Individually, Inspector Sam Gutierrez, Individually shall be dissolved in whole or in part.

WITNESS OUR HANDS _OCTOBER_   _12TH_, 2000.

John Roberts, Principal

Dena Langham, Surety

~~Attorney~~ Surety

APPROVED:

Cameron County, Texas

# CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

CASE NO. 2000

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION | MONT | JURY FEE |
|---|---|---|---|---|
| | | 10 | | PAID BY |

JOHN OCIE ROBERTS

VS

CITY OF HARLINGEN, CAMERON COUNTY, TX., ET AL

60439401

JOHN OCIE ROBERTS
1726 N. COMMERCE
HARLINGEN, TX.          78550 0000

(10)   DAMAGES

| DATE OF ORDERS | COURT'S DOCKET (Rule 26, TRCP) |
|---|---|
| 1/11/01 | D turn Atty - π Pro Se |
| | D's Special Exceptions - Granted - 30 days to replea. BBR Dec |



CVISPDF – www.fesito.com

To: 107th judicial court

From: Harold K Waite

no: 2000-10-004247-A

I Harold K Waite was called out by Harlingen health department Dan Serna and Rueben to commerce and markowsky street to pick up five junk vehicles. Harlingen police department and health department provided me access to vehicles by opening rear gate to property. I was to remove one rusty old school bus,one old rusty stripped dodge van, one one rusty pick up; one rusty old wrecker, onerusty old winch truck.

I received papers from the health department to take the vehicles to the scrap yard in Brownsville for disposal. I was acting under the authority of the health department and the Harlingen police Department, Lt. Espedero Leal was also present at time of removal vehicles and at no time did I act on my own to enter or remove or choose vehicles that would be removed.

I still have one vehicle that has not been delivered to the scrap yard and I am enclosing a copy of the paper provided by the health inspector.

I will be more than happy to release this remaining vehicle to Mr; Roberts if he wants to pay charges due for removal of vehicle.

I would like to stress the fact that at no time was my company on the property without the police and health department present, and at no time did we gain access to property health department or police department always provided access to and from property. I feel that I acted in good faith that the police and the health department have the authority to have the vehicles removed,and like to ask the court to clear me of any wrong doing.

I am enclosing pictures of the junked vehicles that we removed to show condition,these are my only copies please do not loose them thank you for your help.

FILED _9 : 00_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST CLERK

FEB 2 2 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

La Feria Wrecker

Harold K Waite

# TRANSFER OF JUNKED VEHICLE
## TO A
## DEMOLISHER

This form may be used only by a city, town or county to transfer a junked vehicle abated and removed from public or private property as a public nuisance pursuant to the provisions of a procedure adopted by such city, town or county in accordance with the provision of Section 10 of the Texas Abandoned Motor Vehicle Act. Notice of the abatement of this vehicle has been submitted to the State Department of Highways and Public Transportation on Form #MVD 71-4.

Description of Vehicle _____   _____   _____
                           Make          Year Model       Body Style

License Affixed to Vehicle _____   _____   _____
                              Number           Year            State

Vehicle Identification Number _____
     (Motor number required on 1955 and prior model vehicles - serial number required on all 1956
     and later models and all Ford products 1932 and later year models.)

THIS IS TO CERTIFY THAT the above described vehicle is hereby transferred for processing as scrap or salvage to:

_____   _____   _____   _____
Name of Demolisher          Street Address      City      State

_____
Name of City, Town or County

_____   _____   _____
Street Address              City      State

_____   _____   _____
Date               Authorized Signature           Title

WARNING:   In accordance with the provisions of section 10(c) of the Texas Abandoned Motor Vehicle
           Act, the vehicle described herein shall not be reconstructed or made operable - it shall be
           processed as scrap or salvage only.

This form must be listed on the demolisher's inventory sheet and surrendered to the State Department of Highways and Public Transportation in lieu of the Certificate of Title under the provisions of V.C S. 6687-2.

State Department of Highways
and Public Transportation
Form #MVD 71-5, Rev. 76

NO. 2000-10-4247-A

| JOHN ROBERTS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS | * | CAMERON COUNTY, TEXAS |
| | * | |
| CITY OF HARLINGEN, ET AL | * | 107TH JUDICIAL DISTRICT |
| | * | |

## ORDER SETTING HEARING ON CITY DEFENDANTS'
## SPECIAL EXCEPTIONS AND MOTION TO DISMISS
## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

The City Defendants' Special Exceptions and Motion To Dismiss For Lack of Subject Matter Jurisdiction having been duly presented to the Court and a hearing requested, the same is hereby set for hearing on the 29 day of March 2001, at 8:30 a.m., in the 107th Judicial District Court, Cameron County Courthouse, Brownsville, Texas.

SIGNED this 27 day of February, 2001.

_____
HON. BEN EURESTI
PRESIDING JUDGE

COPIES TO: 27 FEB 2001
HON RICARDO J NAVARRO
MR JOHN OCIE ROBERTS

FILED
AT
FEB 2 7 2001
Esther Salas

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 20th day of February, 2001.

Mr. John Ocie Roberts                 **By Regular Mail &**
1726 N. Commerce     **By CMRRR: 7000 1670 0013 4634 0125**
Harlingen, Texas 78550
PLAINTIFF PRO SE

RICARDO J. NAVARRO
MAURO F. RUIZ

r:\robertsjohno\specialexceptions

City Defendants' Special Exceptions
And Motion to Dismiss Plaintiff's Second Amended Original Petition     Page 13

NO. 2000-10-4247-A

| | | |
|---|---|---|
| JOHN ROBERTS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS | * | CAMERON COUNTY, TEXAS |
| | * | |
| CITY OF HARLINGEN, ET AL | * | 107TH JUDICIAL DISTRICT |
| | * | |

## CITY DEFENDANTS' SPECIAL EXCEPTIONS TO PLAINTIFF'S SECOND AMENDED PETITION AND MOTION TO DISMISS

FILED ____:____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

FEB 2 2 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

May It Please The Court:

COMES NOW, the CITY OF HARLINGEN, TEXAS, and MAYOR CONNIE DE LA GARZA, CITY MANAGER ROY RODRIGUEZ, POLICE CHIEF MICHAEL BLAKE, LT. JIM SCHEOPNER, INSPECTOR DAN SERNA, INSPECTOR RUBEN MARES, and INSPECTOR SAM GUTIERREZ, Individually and Officially, (hereafter "CITY DEFENDANTS") and file these Special Exceptions and Motion To Dismiss Plaintiff's Second Amended Original Petition.

## REQUEST FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS

### CITY OF HARLINGEN, TEXAS

CITY DEFENDANTS hereby request that the Court take judicial notice of the adjudicative fact that the CITY OF HARLINGEN, TEXAS is a government entity organized under the laws of the State of Texas. As such it is entitled to all the privileges, immunities, and protections afforded to local government bodies under Texas law.

CutePDF - www.tesisx.com

## INDIVIDUALLY NAMED OFFICIALS

CITY DEFENDANTS further request that the Court take judicial notice of the adjudicative fact that the individual defendants named herein, specifically, MAYOR CONNIE DE LA GARZA, CITY MANAGER ROY RODRIGUEZ, POLICE CHIEF MICHAEL BLAKE, LT. JIM SCHEOPNER, HEALTH DEPARTMENT INSPECTOR DAN SERNA, HEALTH DEPARTMENT INSPECTOR RUBEN MARES, and HEALTH DEPARTMENT INSPECTOR SAM GUTIERREZ, all of whom have been sued in their Individual and Official capacity, are each and all individuals acting as either elected or appointed officials and employees, respectively, of the CITY OF HARLINGEN, TEXAS. As such the individually named defendants are entitled to assert a variety of privileges and immunities from suit, and from liability, to the fullest extent allowed by Texas law. These defenses, which have been previously affirmatively pleaded, include the defense of OFFICIAL IMMUNITY, QUALIFIED IMMUNITY, ABSOLUTE IMMUNITY, and LEGISLATIVE IMMUNITY, from suit and/or from liability.

## SPECIAL EXCEPTIONS

All the following special exceptions, as more specifically outlined and numbered below, are made to Plaintiff's Second Amended Original Petition (hereafter "Plaintiff's Petition"), the live pleading at this time.

City Defendants' Special Exceptions
And Motion to Dismiss Plaintiff's Second Amended Original Petition          Page 2

*Claims Against Individual Defendant - Mayor Connie De La Garza*

CITY DEFENDANTS specially except to Plaintiff's Petition with regard to the claims made against MAYOR CONNIE DE LA GARZA in his individual and official capacity. Plaintiff's Petition is silent with regard to the specific conduct or action of each individual Defendant, specifically, Mayor Connie De La Garza.

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS. As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

Consequently, in view of the affirmative defenses, and unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed. In accordance with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to actions and/or omissions of each individually named defendant, which Plaintiff contends acted improperly or illegally.

Upon Plaintiff's failure or inability to replead with greater particularity regarding the actions of each individually named

defendant, this lawsuit against such individually-named Defendant should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

*Claims Against Individual Defendant - City Manager Roy Rodriguez*

CITY DEFENDANTS specially except to Plaintiff's Petition with regard to the claims made against CITY MANAGER ROY RODRIGUEZ in his individual and official capacity.  Plaintiff's Petition is silent with regard to the specific conduct or action of each individual Defendant, specifically, CITY MANAGER ROY RODRIGUEZ.

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS.  As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

Consequently, in view of the affirmative defenses, and unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed.  In accordance with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to actions and/or omissions of each individually

City Defendants' Special Exceptions
And Motion to Dismiss Plaintiff's Second Amended Original Petition          Page 4

named defendant, which Plaintiff contends acted improperly or illegally.

Upon Plaintiff's failure or inability to replead with greater particularity regarding the actions of each individually named defendant, this lawsuit against such individually-named Defendant should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

***Claims Against Individual Defendant-Police Chief Michael Blake***

CITY DEFENDANTS specially except to Plaintiff's Petition with regard to the claims made against POLICE CHIEF MICHAEL BLAKE in his individual and official capacity. Plaintiff's Petition is silent with regard to the specific conduct or action of each individual Defendant, specifically, POLICE CHIEF MICHAEL BLAKE.

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS. As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

Consequently, in view of the affirmative defenses, and unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed. In accordance

City Defendants' Special Exceptions
And Motion to Dismiss Plaintiff's Second Amended Original Petition          Page 5

with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to actions and/or omissions of each individually named defendant, which Plaintiff contends acted improperly or illegally.

Upon Plaintiff's failure or inability to replead with greater particularity regarding the actions of each individually named defendant, this lawsuit against such individually-named Defendant should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

***Claims Against Individual Defendant - Lt. Jim Scheopner***

CITY DEFENDANTS specially except to Plaintiff's Petition with regard to the claims made against LT. JIM SCHEOPNER in his individual and official capacity. Plaintiff's Petition is silent with regard to the specific conduct or action of each individual Defendant, specifically, LT. JIM SCHEOPNER.

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS. As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

City Defendants' Special Exceptions
And Motion to Dismiss Plaintiff's Second Amended Original Petition          Page 6

Consequently, in view of the affirmative defenses, and unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed. In accordance with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to actions and/or omissions of each individually named defendant, which Plaintiff contends acted improperly or illegally.

Upon Plaintiff's failure or inability to replead with greater particularity regarding the actions of each individually named defendant, this lawsuit against such individually-named Defendant should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

***Claims Against Individual Defendant - Inspector Dan Serna***

CITY DEFENDANTS specially except to Plaintiff's Petition with regard to the claims made against INSPECTOR DAN SERNA in his individual and official capacity. Plaintiff's Petition is silent with regard to the specific conduct or action of each individual Defendant, specifically, INSPECTOR DAN SERNA.

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS. As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each

City Defendants' Special Exceptions
And Motion to Dismiss Plaintiff's Second Amended Original Petition          Page 7

of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

Consequently, in view of the affirmative defenses, and unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed. In accordance with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to actions and/or omissions of each individually named defendant, which Plaintiff contends acted improperly or illegally.

Upon Plaintiff's failure or inability to replead with greater particularity regarding the actions of each individually named defendant, this lawsuit against such individually-named Defendant should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

***Claims Against Individual Defendant - Inspector Ruben Mares***

CITY DEFENDANTS specially except to Plaintiff's Petition with regard to the claims made against INSPECTOR RUBEN MARES in his individual and official capacity. Plaintiff's Petition is silent with regard to the specific conduct or action of each individual Defendant, specifically, INSPECTOR RUBEN MARES.

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS. As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

Consequently, in view of the affirmative defenses, and unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed. In accordance with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to actions and/or omissions of each individually named defendant, which Plaintiff contends acted improperly or illegally.

Upon Plaintiff's failure or inability to replead with greater particularity regarding the actions of each individually named defendant, this lawsuit against such individually-named Defendant should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

*Claims Against Individual Defendant - Inspector Sam Gutierrez*

CITY DEFENDANTS specially except to Plaintiff's Petition with regard to the claims made against INSPECTOR SAM GUTIERREZ in his individual and official capacity. Plaintiff's Petition is silent with regard to the specific conduct or action of each individual Defendant, specifically, INSPECTOR SAM GUTIERREZ.

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS. As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

Consequently, in view of the affirmative defenses, and unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed. In accordance with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to actions and/or omissions of each individually named defendant, which Plaintiff contends acted improperly or illegally.

Upon Plaintiff's failure or inability to replead with greater particularity regarding the actions of each individually named

defendant, this lawsuit against such individually-named Defendant should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

### CONCLUSION AND PRAYER

Therefore, CITY DEFENDANTS hereby urge each and every special exception mentioned above and request that the Court grant the relief requested as to each special exception outlined above. Plaintiff should be required to replead within a reasonable time after hearing of this matter.

With regard to those claims and cause of action that cannot, as a matter of law, be cured by repleading, the Court should dismiss such claims for lack of subject matter jurisdiction outright.

Subject to the foregoing Special Exceptions, CITY DEFENDANTS again respectfully request that Plaintiff take nothing by way of this litigation and this lawsuit be dismissed with prejudice.

Finally, CITY DEFENDANTS pray for any additional and further relief to which they are entitled at law or in equity including costs of suit and attorney fees if appropriate.

Signed this ___20th___ day of February, 2001.

Respectfully submitted,

City Defendants' Special Exceptions
And Motion to Dismiss Plaintiff's Second Amended Original Petition        Page 11

**DENTON, McKAMIE & NAVARRO**
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100
MAURO F. RUIZ
State Bar No. 24007960

City Defendants' Special Exceptions
And Motion to Dismiss Plaintiff's Second Amended Original Petition      Page 12



# DENTON, MCKAMIE & NAVARRO
A Professional Corporation
## ATTORNEYS AND COUNSELORS

Lowell F. Denton*
William M. McKamie*
Ricardo J. Navarro
Susan C. Rocha

Charles H. Sierra
Patrick C. Bernal
Regina B. Criswell
Deborah L. Leach
Mauro F. Ruiz
OF COUNSEL
Olivero E. Canales

Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
(956) 421-4904
Fax (956) 421-3621
dmnrgv@aol.com

LAREDO OFFICE
1102 Scott, Suite 4-B
Laredo, Texas 78040
(956) 726-6018
Fax (956) 723-1327

SAN ANTONIO OFFICE
310 So. St. Mary's Street
Suite 1700
San Antonio, Texas 78205
(210) 227-3243
Fax (210) 225-4481

\* Board Certified Civil Trial Law
- Texas Board of Legal Specialization   February 20, 2001

Ms. Aurora De La Garza
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TEXAS 78520

     Re:  *John Roberts vs . City of Harlingen*, et al
         Cause No. 2000-10-4247-A
         (107th Judicial District Court, Cameron County, Texas)

Dear Ms. De La Garza:

    I am enclosing the following document for filing.

    1.   City Defendants' Special Exceptions to Plaintiff's Second
        Amended Petition and Motion to Dismiss;

    2.   Order Setting Hearing on City Defendants' Special
        Exceptions and Motion To Dismiss Plaintiff's Second Amended
        Original Petition.

    Please file stamp the additional copy included with this
letter and send it back to this office in the enclosed envelope.

CVisPDF - www.fastio.com

Ms. Aurora De La Garza
February 20, 2001
Page 2

Thank you for your kind courtesies and assistance.

Very truly yours,

Norma G. Delgado
Legal Assistant to Ric J. Navarro

Encl.
r:\Roberts\distclerk.003
Cy:  Mr.John O. Roberts      **By CMRRR No. 7000 1670 0013 4634 0125**

COPY

NO. 2000-10-4247-A

| | | |
|---|---|---|
| JOHN ROBERTS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS | * | CAMERON COUNTY, TEXAS |
| | * | |
| CITY OF HARLINGEN, ET AL | * | 107TH JUDICIAL DISTRICT |
| | * | |

FILED 9:00 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
FEB 2 2 2001
DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

### CITY DEFENDANTS' SPECIAL EXCEPTIONS TO PLAINTIFF'S SECOND AMENDED PETITION AND MOTION TO DISMISS

May It Please The Court:

COMES NOW, the CITY OF HARLINGEN, TEXAS, and MAYOR CONNIE DE LA GARZA, CITY MANAGER ROY RODRIGUEZ, POLICE CHIEF MICHAEL BLAKE, LT. JIM SCHEOPNER, INSPECTOR DAN SERNA, INSPECTOR RUBEN MARES, and INSPECTOR SAM GUTIERREZ, Individually and Officially, (hereafter "CITY DEFENDANTS") and file these Special Exceptions and Motion To Dismiss Plaintiff's Second Amended Original Petition.

### REQUEST FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS

### CITY OF HARLINGEN, TEXAS

CITY DEFENDANTS hereby request that the Court take judicial notice of the adjudicative fact that the CITY OF HARLINGEN, TEXAS is a government entity organized under the laws of the State of Texas. As such it is entitled to all the privileges, immunities, and protections afforded to local government bodies under Texas law.

City Defendants' Special Exceptions
And Motion to Dismiss Plaintiff's Second Amended Original Petition          Page 1

## INDIVIDUALLY NAMED OFFICIALS

CITY DEFENDANTS further request that the Court take judicial notice of the adjudicative fact that the individual defendants named herein, specifically, MAYOR CONNIE DE LA GARZA, CITY MANAGER ROY RODRIGUEZ, POLICE CHIEF MICHAEL BLAKE, LT. JIM SCHEOPNER, HEALTH DEPARTMENT INSPECTOR DAN SERNA, HEALTH DEPARTMENT INSPECTOR RUBEN MARES, and HEALTH DEPARTMENT INSPECTOR SAM GUTIERREZ, all of whom have been sued in their Individual and Official capacity, are each and all individuals acting as either elected or appointed officials and employees, respectively, of the CITY OF HARLINGEN, TEXAS. As such the individually named defendants are entitled to assert a variety of privileges and immunities from suit, and from liability, to the fullest extent allowed by Texas law. These defenses, which have been previously affirmatively pleaded, include the defense of OFFICIAL IMMUNITY, QUALIFIED IMMUNITY, ABSOLUTE IMMUNITY, and LEGISLATIVE IMMUNITY, from suit and/or from liability.

## SPECIAL EXCEPTIONS

All the following special exceptions, as more specifically outlined and numbered below, are made to Plaintiff's Second Amended Original Petition (hereafter "Plaintiff's Petition"), the live pleading at this time.

*Claims Against Individual Defendant - Mayor Connie De La Garza*

CITY DEFENDANTS specially except to Plaintiff's Petition with regard to the claims made against MAYOR CONNIE DE LA GARZA in his individual and official capacity. Plaintiff's Petition is silent with regard to the specific conduct or action of each individual Defendant, specifically, Mayor Connie De La Garza.

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS. As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

Consequently, in view of the affirmative defenses, and unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed. In accordance with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to actions and/or omissions of each individually named defendant, which Plaintiff contends acted improperly or illegally.

Upon Plaintiff's failure or inability to replead with greater particularity regarding the actions of each individually named

defendant, this lawsuit against such individually-named Defendant should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

### *Claims Against Individual Defendant - City Manager Roy Rodriguez*

CITY DEFENDANTS specially except to Plaintiff's Petition with regard to the claims made against CITY MANAGER ROY RODRIGUEZ in his individual and official capacity.  Plaintiff's Petition is silent with regard to the specific conduct or action of each individual Defendant, specifically, CITY MANAGER ROY RODRIGUEZ.

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS.  As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

Consequently, in view of the affirmative defenses, and unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed.  In accordance with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to actions and/or omissions of each individually

CVAPDF - www.fesnia.com

named defendant, which Plaintiff contends acted improperly or illegally.

Upon Plaintiff's failure or inability to replead with greater particularity regarding the actions of each individually named defendant, this lawsuit against such individually-named Defendant should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

*Claims Against Individual Defendant-Police Chief Michael Blake*

CITY DEFENDANTS specially except to Plaintiff's Petition with regard to the claims made against POLICE CHIEF MICHAEL BLAKE in his individual and official capacity.  Plaintiff's Petition is silent with regard to the specific conduct or action of each individual Defendant, specifically, POLICE CHIEF MICHAEL BLAKE.

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS.  As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

Consequently, in view of the affirmative defenses, and unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed.  In accordance

City Defendants' Special Exceptions
And Motion to Dismiss Plaintiff's Second Amended Original Petition          Page 5

with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to actions and/or omissions of each individually named defendant, which Plaintiff contends acted improperly or illegally.

Upon Plaintiff's failure or inability to replead with greater particularity regarding the actions of each individually named defendant, this lawsuit against such individually-named Defendant should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

*Claims Against Individual Defendant - Lt. Jim Scheopner*

CITY DEFENDANTS specially except to Plaintiff's Petition with regard to the claims made against LT. JIM SCHEOPNER in his individual and official capacity. Plaintiff's Petition is silent with regard to the specific conduct or action of each individual Defendant, specifically, LT. JIM SCHEOPNER.

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS. As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

City Defendants' Special Exceptions
And Motion to Dismiss Plaintiff's Second Amended Original Petition          Page 6

Consequently, in view of the affirmative defenses, and unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed. In accordance with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to actions and/or omissions of each individually named defendant, which Plaintiff contends acted improperly or illegally.

Upon Plaintiff's failure or inability to replead with greater particularity regarding the actions of each individually named defendant, this lawsuit against such individually-named Defendant should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

### Claims Against Individual Defendant - Inspector Dan Serna

CITY DEFENDANTS specially except to Plaintiff's Petition with regard to the claims made against INSPECTOR DAN SERNA in his individual and official capacity. Plaintiff's Petition is silent with regard to the specific conduct or action of each individual Defendant, specifically, INSPECTOR DAN SERNA.

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS. As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each

of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

Consequently, in view of the affirmative defenses, and unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed. In accordance with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to actions and/or omissions of each individually named defendant, which Plaintiff contends acted improperly or illegally.

Upon Plaintiff's failure or inability to replead with greater particularity regarding the actions of each individually named defendant, this lawsuit against such individually-named Defendant should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

### Claims Against Individual Defendant - Inspector Ruben Mares

CITY DEFENDANTS specially except to Plaintiff's Petition with regard to the claims made against INSPECTOR RUBEN MARES in his individual and official capacity. Plaintiff's Petition is silent with regard to the specific conduct or action of each individual Defendant, specifically, INSPECTOR RUBEN MARES.

CSPDF - www.tesla.com

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS. As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

Consequently, in view of the affirmative defenses, and unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed. In accordance with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to actions and/or omissions of each individually named defendant, which Plaintiff contends acted improperly or illegally.

Upon Plaintiff's failure or inability to replead with greater particularity regarding the actions of each individually named defendant, this lawsuit against such individually-named Defendant should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

### *Claims Against Individual Defendant - Inspector Sam Gutierrez*

CITY DEFENDANTS specially except to Plaintiff's Petition with regard to the claims made against INSPECTOR SAM GUTIERREZ in his individual and official capacity. Plaintiff's Petition is silent with regard to the specific conduct or action of each individual Defendant, specifically, INSPECTOR SAM GUTIERREZ.

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS. As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

Consequently, in view of the affirmative defenses, and unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed. In accordance with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to actions and/or omissions of each individually named defendant, which Plaintiff contends acted improperly or illegally.

Upon Plaintiff's failure or inability to replead with greater particularity regarding the actions of each individually named

City Defendants' Special Exceptions
And Motion to Dismiss Plaintiff's Second Amended Original Petition          Page 10

defendant, this lawsuit against such individually-named Defendant should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

## CONCLUSION AND PRAYER

Therefore, CITY DEFENDANTS hereby urge each and every special exception mentioned above and request that the Court grant the relief requested as to each special exception outlined above. Plaintiff should be required to replead within a reasonable time after hearing of this matter.

With regard to those claims and cause of action that cannot, as a matter of law, be cured by repleading, the Court should dismiss such claims for lack of subject matter jurisdiction outright.

Subject to the foregoing Special Exceptions, CITY DEFENDANTS again respectfully request that Plaintiff take nothing by way of this litigation and this lawsuit be dismissed with prejudice.

Finally, CITY DEFENDANTS pray for any additional and further relief to which they are entitled at law or in equity including costs of suit and attorney fees if appropriate.

Signed this ___20th___ day of February, 2001.

Respectfully submitted,

City Defendants' Special Exceptions
And Motion to Dismiss Plaintiff's Second Amended Original Petition          Page 11

**DENTON, McKAMIE & NAVARRO**
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100
MAURO F. RUIZ
State Bar No. 24007960

City Defendants' Special Exceptions

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the _20th_ day of February, 2001.

Mr. John Ocie Roberts                      **By Regular Mail &**
1726 N. Commerce                  **By CMRRR: 7000 1670 0013 4634 0125**
Harlingen, Texas 78550
PLAINTIFF PRO SE

RICARDO J. NAVARRO
MAURO F. RUIZ

r:\robertsjohno\specialexceptions

City Defendants' Special Exceptions
And Motion to Dismiss Plaintiff's Second Amended Original Petition          Page 13

NO. 2000-10-4247-A

| JOHN ROBERTS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS | * | CAMERON COUNTY, TEXAS |
| | * | |
| CITY OF HARLINGEN, ET AL | * | 107TH JUDICIAL DISTRICT |
| | * | |

## ORDER SETTING HEARING ON CITY DEFENDANTS'
## SPECIAL EXCEPTIONS AND MOTION TO DISMISS
## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

The City Defendants' Special Exceptions and Motion To Dismiss For Lack of Subject Matter Jurisdiction having been duly presented to the Court and a hearing requested, the same is hereby set for hearing on the _____ day of _____ 2001, at _____ ___.m., in the 107th Judicial District Court, Cameron County Courthouse, Brownsville, Texas.

SIGNED this _____ day of _____, 2001.

_____
HON. BEN EURESTI
PRESIDING JUDGE

# DENTON, MCKAMIE & NAVARRO

A Professional Corporation

## ATTORNEYS AND COUNSELORS

Lowell F. Denton*
William M. McKamie*
Ricardo J. Navarro
Susan C. Rocha

Charles H. Sierra
Patrick C. Bernal
Regina B. Criswell
Deborah L. Leach
Mauro F. Ruiz
OF COUNSEL
Olivero E. Canales

\* Board Certified Civil Trial Law
- Texas Board of Legal Specialization

Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
(956) 421-4904
Fax (956) 421-3621
dmnrgv@aol.com

LAREDO OFFICE
1102 Scott, Suite 4-B
Laredo, Texas 78040
(956) 726-6018
Fax (956) 723-1327

SAN ANTONIO OFFICE
310 So. St. Mary's Street
Suite 1700
San Antonio, Texas 78205
(210) 227-3243
Fax (210) 225-4481

February 20, 2001

Ms. Aurora De La Garza
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TEXAS 78520

> Re: *John Roberts vs . City of Harlingen*, *et al*
> Cause No. 2000-10-4247-A
> (107th Judicial District Court, Cameron County, Texas)

Dear Ms. De La Garza:

I am enclosing the following document for filing.

1. City Defendants' Special Exceptions to Plaintiff's Second Amended Petition and Motion to Dismiss;

2. Order Setting Hearing on City Defendants' Special Exceptions and Motion To Dismiss Plaintiff's Second Amended Original Petition.

Please file stamp the additional copy included with this letter and send it back to this office in the enclosed envelope.

Ms. Aurora De La Garza
February 20, 2001
Page 2

_____

Thank you for your kind courtesies and assistance.

Very truly yours,

*Norma G. Delgado*

Norma G. Delgado
Legal Assistant to Ric J. Navarro

Encl.
r:\Roberts\distclerk.003
Cy:  Mr.John O. Roberts     **By CMRRR No. 7000 1670 0013 4634 0125**


FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

FEB 14 2001

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

CAUSE NO. 2000-10-4247A

| | | |
|---|---|---|
| John Roberts, | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF HARLINGEN, CAMERON | § | |
| COUNTY, TEXAS | § | 107th JUDICIAL DISTRICT |
| CONNIE DE LA GARZA, INDIVIDUALLY | § | |
| CHIEF OF POLICE MICHAEL BLAKE, INDIVIDUALLY | § | |
| ACTING CITY MANAGER ROY RODRIGUEZ, INDIVIDUALLY | § | |
| INSPECTOR DAN SERNA, INDIVIDUALLY | § | |
| LT. JIM SCHEOPNER, INDIVIDUALLY | § | CAMERON COUNTY, TEXAS |
| INSPECTOR RUBEN MARES, INDIVIDUALLY | § | |
| INSPECTOR SAM GUTIERREZ, INDIVIDUALLY | § | |
| **Defendants** | § | |

**********************************************************************************

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

  Comes now, John Ocie Roberts, Plaintiff herein and files this his Plaintiff's Second Amended Original Petition in the above styled and numbered cause and for his grounds would show the following:

### I.

This is a level three- (3) discovery lawsuit.

### II.

### Parties

Plaintiff is an individual residing and doing business in Cameron County, Texas.

  Defendants, the City of Harlingen, Cameron County, Texas (hereinafter referred to as Defendant City or County) is incorporated, duly formed and existing under the laws of the State of Texas and may be served with process by serving its Mayor, Connie de la Garza, at its principal place of business located at City Hall, Harlingen, Cameron County, Texas 78550.

  Connie de la Garza Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen City Hall 118 E. Tyler St. Harlingen, Texas 78550.

  Chief of Police Michael Blake, Individually, is an individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen Police Station 1102 S. Commerce St. Harlingen, Texas 78550.

Acting City Manager Roy Rodriguez, Individually, is an individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen City Hall 118 E. Tyler St. Harlingen, Texas 78550. Defendant, Inspector Dan Serna, Individually is an individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen Municipal Building 502 E. Tyler St. Harlingen, Texas 78550

Lt. Jim Scheopner, individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen Police Station 1102 S. Commerce St. Harlingen, Texas 78550, Defendant Inspector Ruben Mares, Individually is an individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen Municipal Building 502 E. Tyler St. Harlingen, Texas 78550.

Inpector Sam Gutierrez, Individually is an individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen Municipal Building 502 E. Tyler St. Harlingen, Texas 78550

All hereto for Defendants have appeared and there is no need for service at this time. The following need service of process:

The John Doe's I through IV are those individually who have the property.

I.      La Feria Wrecker Service is a business entity in Cameron County, Texas and may be served by serving Harold Waite at his place of business. P.O. Box 1131 Mercedes, Texas 78570. Hwy 506 ¼ Mile North of Tio Cano Rd.

II.     Double A Wrecker Co., is a business entity in Cameron County, Texas at 501 W. Jackson St. Harlingen, Texas 78550 and may be served by serving Tony Garcia at 101 West Harrison St. Harlingen, Texas 78550.

III.    T & T Towing Service is a business entity in Cameron County, Texas at 101 West Harrison St. Harlingen, Texas 78550 and may be served by serving Tony Garcia at said address.

IV.     T and T Wrecker Service is a business entity in Cameron County, Texas at 1222 ½ E. Filmore Harlingen, Texas 78550 and may be served by serving Tony Garcia at 101 West Harrison St. Harlingen, Texas 78550.

V.      Jim Wilkinson Iron & Metal Inc. is a business entity in Cameron County, Texas and may be served by serving Jim Wilkinson at 3145 E. 14th St. Brownsville, Texas 78521.

## III.

### Jurisdiction and Venue

Jurisdiction is proper in this court in that damages caused by Defendant's exceed the minimum jurisdictional limits of this court.

Venue is proper in that all causes of action accrued in this county and all parties reside in this county.

## IV.

### Facts

Plaintiff is the owner of personal property located on the premises on 1726 North Commerce, Harlingen, Cameron County, Texas, 78550. Said premises are being leased with an option to buy from the owner of the premises by Plaintiff. Plaintiff has a permit to operate a business and is registered with the Comptroller's Office for the State of Texas.

The City of Harlingen, Defendant herein, regularly inspected plaintiff's place of business. This place of business was for the purposes of buying and selling antiques and "hard- to- find" items. A large fence existed in the front in order to keep up with the requirements of the rules on beautifying the City of Harlingen. At most, Plaintiff had been advised to cut the grass a little shorter that the usual, and Plaintiff complied with all rules.

Unexpectedly, the building part of the premises burned down. The City of Harlingen roped it off for further investigation. However, the City of Harlingen, through its agents, employees and/or servants, began cleaning of the building. The good merchandise from inside the building was taken by the City of Harlingen; however, the burned building is still upright and untouched.

The City of Harlingen, without notice to Plaintiff, on or about the first part of *May* 2000, began to take property from the yard part of the premises. Plaintiff complained by filing a *letter* to the City of Harlingen, spoke with the police chief, and other officials only to be scoffed at and mocked. He was never granted a hearing and the City continued to take Plaintiff's inventory until there is only a minimal of property left.

Up to this day, Defendants have not informed Plaintiff the whereabouts of his property nor have any one of them informed Plaintiff under what authority, statutory or otherwise, did the Defendants act to take Plaintiff's property. Plaintiff has requested a public hearing on this matter; however, he has not been

given one. From the time the City began to pack up Plaintiff's property, the City has continued to pick up items until there was no inventory left. The last items were picked up on or about December 15, 2000.

At all times, Defendant, the City of Harlingen, acted through its employees, servant and/or agents and all the acts done by said Defendants, the employees, servants and/or agents, were acting with Defendant City and in furtherance of the business and benefit of the city. The use of the term Defendant includes all Defendants, individually and severally and acting for and through each other.

Plaintiff suffered a fire to his building and has lost all of his records. However, the City and Defendants had begun to remove all of his property from the premises, however, the Defendants were not taking the burned property. It is understandable if Defendant City was attempting to remove the burned property such as the building; however, the Defendants were taking all of the inventory property. Plaintiff has not been told of the whereabouts of the property nor of the future of the property. All was taken without notice and without permission.

At this time, Plaintiff does not have any knowledge if the property was taken under law or under color of law. The alternative is that the property was taken for the benefit of each Defendant individual or for the benefit of someone else.

**V.**

The place, which is being targeted by the Defendant City, is the Plaintiff's place of business homestead, hereinafter referred to as premises. It is located at the following place:

1726 North Commerce

Harlingen, Texas 78550

Cameron County, Texas

The personal property taken by Defendants is too voluminous to include in this pleading; therefore, Plaintiff has prepared a general inventory of the items. Although it is not a complete list, it is enough to show the Court the volume of what has been taken and is being taken. (Exhibit A is a list of the items taken, but is not limited to the total amount of items that were taken and it is incorporated by reference as if fully copied herein. Hereafter, The subject matter of lawsuit shall be referred to as "Property"

The wrecker companies are the known ones who picked up the items. The junkyard is the one which received the items and have apparently disposed of the items.

# VI.

## CAUSES OF ACTION

Plaintiff brings his cause of action pursuant to the Texas Tort Claims Act, Section 101.001 et seq. Also, the City of Harlingen took property without just compensation against the mandates of the Texas Constitution and Defendants took Plaintiff's property without due process, particularly on the enumerated acts that said act waive sovereign immunity.

Plaintiff brings his causes of action under trespass, conversion, theft, negligence in the manner in which Defendants took Plaintiff's property and for the manner the Defendants kept the property and in the manner the property was not returned, negligence per se, and Defendants usurped and abused their power under color of law. All their actions were against the Penal Code on theft and abuse of power, and pursuant to the Transportation Code, sections 683.001 (.071) et seq and 684.001 et seq. and they violated their duty under section 683.077 of said code.

Defendant City has been negligent in the following manner:

        a.   in supervising city employees and police officers

        b.   in supervising wrecker service givers

        c.   in hiring people who are prone to steal

        d.   in knowing where the property taken is located.

        e.   In not informing Plaintiff of whereabouts of property taken.

        f.   In selling property not belonging to the City,

        g.   In not giving an accounting to Plaintiff of proceeds

        h.   In walking into Plaintiff's property and taking property illegally

Negligence per se

        a.   Defendant violated the penal codes.

        b.   Defendant violated the rights of Plaintiff in taking property without notice

Conversion      Plaintiff's property was taken without paying for it.

Trespass      the police and city employees broke the locks without any judicial statutory or ordinance authority.

Violation of 14th Amendment

The intentional torts and brought against the Defendants individually in the alternative if there is proof that the City never authorized any action.

Any and all references to the Texas Penal Code are made as a standard of care set up by the State of Texas to be used in the actual cause of action applicable.

The Defendants have apparently sold to junk yards so the City is making money by taking property and then selling it.

Plaintiff sues wrecker service companies and the receiver. Wilkerson for an accounting of Plaintiff's property.

## VII.
## DAMAGES

The actual damages suffered by Plaintiff are in excess of $2,000,000.00. However, there were many antique vehicles and antique parts that replacement would be very expensive. Some of the vehicles and property were kept as show pieces and not inventory.

Also, Plaintiff sues for exemplary damages. There is nothing Plaintiff could have done or could do that would avoid the results of the acts of Defendants. There is nothing Plaintiff would have done or could do to investigate damages. All conditions precedent were met.

## VIII.
## DEMAND FOR JURY

Plaintiff hereby demands a trial by jury and the fee has been paid.

Wherefore premises considered. Plaintiff respectfully requests:

1) that this Court, with the aid of a jury, adjudicate this matter with a trial.
2) that this Court award damages to Plaintiff in the maximum amount as allowed by law as against each Defendant, individually and severally, for $2,000,000.00
3) that this Court award pre and post judgment interest.
4) award Plaintiff costs of suit
5) that the Defendants be ordered to give Plaintiff an accounting of his property, the subject matter of this lawsuit.

6) order that the property, in the alternative, be returned to Plaintiff,

7) that punitive damages be awarded as given by the verdict.

8) grant such relief, at law or in equity that the Plaintiff is justly entitled to receive.

Respectfully Submitted,

John Ocie Roberts
1726 North Commerce
Harlingen, Texas 78550

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Second Amended Original Petition has been mailed by U.S. Certified Return Receipt on this the _13TH_ day of _FEB_, 2001 to the Honorable _RICARDO T NAVARRO_
_CMRRR 7000 1670 0000 0477 9116_

John Ocie Roberts

CAUSE NO. 2000-10-4247A

___ O'CLOCK ___
ORA DE LA GARZA DIST. CLERK

JAN 1 1 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ M. _____ DEPUTY

| | | |
|---|---|---|
| John Roberts,<br>    **Plaintiff** | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | |
| CITY OF HARLINGEN, CAMERON<br>COUNTY, TEXAS<br>CONNIE DE LA GARZA, INDIVIDUALLY<br>CHIEF OF POLICE MICHAEL BLAKE, INDIVIDUALLY<br>ACTING CITY MANAGER ROY RODRIGUEZ, INDIVIDUALLY<br>INSPECTOR DAN SERNA, INDIVIDUALLY<br>LT. JIM SCHEOPNER, INDIVIDUALLY<br>INSPECTOR RUBEN MARES, INDIVIDUALLY<br>INSPECTOR SAM GUTIERREZ, INDIVIDUALLY<br>    **Defendants** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 107ᵗʰ **JUDICIAL DISTRICT**<br><br><br><br>**CAMERON COUNTY, TEXAS** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT

    Comes now, John Ocie Roberts, Plaintiff herein and files this his Plaintiff's First Amended Original Petition in the above styled and numbered cause and for his grounds would show the following:

**I.**

This is a level three- (3) discovery lawsuit.

**II.**
**Parties**

Plaintiff is an individual residing and doing business in Cameron County, Texas.

    Defendants, the City of Harlingen, Cameron County, Texas (hereinafter referred to as Defendant City or County) is incorporated, duly formed and existing under the laws of the State of Texas and may be served with process by serving its Mayor, Connie de la Garza, at its principal place of business located at City Hall, Harlingen, Cameron County, Texas 78550.

    Connie de la Garza Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen City Hall 118 E. Tyler St. Harlingen, Texas 78550.

    Chief of Police Michael Blake, Individually, is an individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen Police Station 1102 S. Commerce St. Harlingen, Texas 78550.

    Acting City Manager Roy Rodriguez, Individually, is an individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen City Hall 118 E. Tyler St. Harlingen, Texas 78550. Defendant, Inspector Dan Serna, Individually is an individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen Municipal Building 502 E. Tyler St. Harlingen, Texas 78550

    Lt. Jim Scheopner, individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen Police Station 1102 S. Commerce St. Harlingen, Texas 78550. Defendant Inspector Ruben Mares, Individually is an individual

residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen Municipal Building 502 E. Tyler St. Harlingen, Texas 78550.

Inpector Sam Gutierrez, Individually is an individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen Municipal Building 502 E. Tyler St. Harlingen, Texas 78550

All hereto for Defendants have appeared and there is no need for service at this time. The following need service of process:

The John Doe's I through IV are those individually who have the property.

I       La Feria Wrecker Service is a business entity in Cameron County, Texas and may be served by
        serving Harold Waite at his place of business. P.O. Box 1131 Mercedes, Texas 78570. Hwy 506
        ¼ Mile North of Tio Cano Rd.
II.     Double A Wrecker Co., is a business entity in Cameron County, Texas at 501 W. Jackson St.
        Harlingen, Texas 78550 and may be served by serving Tony Garcia at 101 West Harrison St.
        Harlingen, Texas 78550.
III.    T & T Towing Service is a business entity in Cameron County, Texas at 101 West Harrison St.
        Harlingen, Texas 78550 and may be served by serving Tony Garcia at said address
IV      T and T Wrecker Service is a business entity in Cameron County, Texas at 1222 ½ E. Filmore
        Harlingen, Texas 78550 and may be served by serving Tony Garcia at 101 West Harrison St.
        Harlingen, Texas 78550.
V.      Jim Wilkinson Iron & Metal Inc. is a business entity in Cameron County, Texas and may be
        served by serving Jim Wilkinson at 3145 E. 14th St. Brownsville, Texas 78521

### III.
### Jurisdiction and Venue

Jurisdiction is proper in this court in that damages caused by Defendant's exceed the minimum jurisdictional limits of this court.

Venue is proper in that all causes of action accrued in this county and all parties reside in this county.

### IV.
### Facts

Plaintiff is the owner of personal property located on the premises on 1726 North Commerce, Harlingen, Cameron County, Texas. 78550. Said premises are being leased with an option to buy from the owner of the premises by Plaintiff. Plaintiff has a permit to operate a business and is registered with the Comptroller's Office for the State of Texas.

The City of Harlingen, Defendant herein, regularly inspected plaintiff's place of business  This place of business was for the purposes of buying and selling antiques and "hard- to- find" items.  A large fence existed in the front in order to keep up with the requirements of the rules on beautifying the City of Harlingen.  At most, Plaintiff had been advised to cut the grass a little shorter that the usual, and Plaintiff complied with all rules.

Unexpectedly, the building part of the premises burned down.  The City of Harlingen roped it off for further investigation.  However, the City of Harlingen, through its agents, employees and/or servants, began cleaning of the building.  The good merchandise from inside the building was taken by the City of Harlingen, however, the burned building is still upright and untouched.

The City of Harlingen, without notice to Plaintiff, on or about the first part of October, 2000, began to take property from the yard part of the premises.  Plaintiff complained by filing a letter to the City of Harlingen, spoke with the police chief, and other officials only to be scoffed at and mocked.  He was

Up to this day, Defendants have not informed Plaintiff the whereabouts of his property nor have any one of them informed Plaintiff under what authority, statutory or otherwise, did the Defendants act to take Plaintiff's property  Plaintiff has requested a public hearing on this matter; however, he has not been given one.  From the time the City began to pack up Plaintiff's property, the City has continued to pick up item., until there was no inventory left.  The last items were picked up on or about December 15, 2000.

At all times, Defendant, the City of Harlingen, acted through its employees, servant and/or agents and all the acts done by said Defendants, the employees, servants and/or agents, were acting with Defendant City and in furtherance of the business and benefit of the city.  The use of the term Defendant includes all Defendants, individually and severally and acting for and through each other.

Plaintiff suffered a fire to his building and has lost all of his records.  However, the City and Defendants had begun to remove all of his property from the premises, however, the Defendants were not taking the burned property.  It is understandable if Defendant City was attempting to remove the burned property such as the building; however, the Defendants were taking all of the inventory property.  Plaintiff has r ot been told of the whereabouts of the property nor of the future of the property.  All was taken with out notice and without permission.

At this time, Plaintiff does not have any knowledge if the property was taken under law or under color of law  The alternative is that the property was taken for the benefit of each Defendant individual or for the benefit of someone else.

## V.

The place, which is being targeted by the Defendant City, is the Plaintiff's place of business home:stead, hereinafter referred to as premises.  It is located at the following place:

> 1726 North Commerce
> Harlingen, Texas 78550
> Cameron County, Texas

The personal property taken by Defendants is too voluminous to include in this pleading; therefore, Plaintiff has prepared a general inventory of the items.  Although it is not a complete list, it is enough to show the Court the volume of what has been taken and is being taken.  (Exhibit A is a list of the item; taken, but is not limited to the total amount of items that were taken and it is incorporated by reference as if fully copied herein.  Hereafter, The subject matter of lawsuit shall be referred to as "Property"

The wrecker companies are the known ones who picked up the items.  The junkyard is the one which received the items and have apparently disposed of the items.

## VI.
## CAUSES OF ACTION

Plaintiff brings his cause of action pursuant to the Texas Tort Claims Act, Section 101.001 et seq. Also  the City of Harlingen took property without just compensation against the mandates of the Texas Constitution and Defendants took Plaintiff's property without due process.

Plaintiff brings his causes of action under trespass, conversion, theft, negligence in the manner in which Defendants took Plaintiff's property and for the manner the Defendants kept the property and in the man.ter the property was not returned, negligence per se, and Defendants usurped and abused their power under color of law.  All their actions were against the Penal Code on theft and abuse of power, and pursuant to th : Transportation Code, sections 683.001 (.071) et seq and 684 001 et seq. and they violated their duty under section 683.077 of said code.

The intentional torts and brought against the Defendants individually in the alternative if there is proof that the City never authorized any action.

Any and all references to the Texas Penal Code are made as a standard of care set up by the State of Texas to be used in the actual cause of action applicable.

The Defendants have apparently sold to junk yards so the City is making money by taking property and then selling it.

Plaintiff sues wrecker service companies and the receiver, Wilkerson for an accounting of Plaintiff's property.

## VII.
## DAMAGES

The actual damages suffered by Plaintiff are in excess of $500,000.00. However, there were many antique vehicles and antique parts that replacement would be very expensive. Some of the vehicles and property were kept as show pieces and not inventory.

Also, Plaintiff sues for exemplary damages. There is nothing Plaintiff could have done or could do that would avoid the results of the acts of Defendants. There is nothing Plaintiff would have done or could do to investigate damages. All conditions precedent were met

## VIII.
## DEMAND FOR JURY

Plaintiff hereby demands a trial by jury and the fee has been paid.

Wherefore premises considered, Plaintiff respectfully requests:

1) that this Court, with the aid of a jury, adjudicate this matter with a trial,
2) that this Court award damages to Plaintiff in the maximum amount as allowed by law as against each Defendant, individually and severally,
3) that this Court award pre and post judgment interest,
4) award Plaintiff costs of suit
5) that the Defendants be ordered to give Plaintiff an accounting of his property, the subject matter of this lawsuit.
6) order that the property, in the alternative, be returned to Plaintiff,
7) grant such relief, at law or in equity that the Plaintiff is justly entitled to receive

Respectfully Submitted,

John Ocie Roberts
1726 North Commerce
Harlingen, Texas 78550

**BUSINESS/PRIVATE PROPERTY REMOVED FROM BEHIND LAWFULLY LOCKED GATES, LAWFULLY POSTED SIGNS AND LAWFULLY POSTED PURPLE PAINTED POSTS - 1726 NORTH COMMERCE STREET, HARLINGEN, CAMERON COUNTY, TEXAS**

1965 INTERNATIOINAL BUS
1974 DODGE BOX VAN
1974 FORD WENCHTRUCK
1962 FALCON STATION WAGON
1949 CHEVY CABOVER WENCHTRUCK
1974 FORD CAR CARRIER
1972 TOYOTA PICKUP
1978 PLYMOTH
1963 FORD T-BIRD
1969 BUICK
1950 STUDEBAKER PICKUP
1948 DODGE TRUCK WITH LOADER FRAME
1862 CHURCH BELL VALUE $12,000.00 u.S
15 FISHNETS ( HOOPNETS)
35 TRUCK (SEMI) TIRES
1200 POUNDS OF ALUMINIUM
2000 POUNDS OF COPPER WIRE
2 METAL FARM GATES(12-FOOT)
5 WIRE GATES
19 ANTIQUE IRON FARM MACHINERY  WHEELS

1. 4 LIGHT PLANTS        3500.00
2  7 TRAILERS            1500.00
3  1 TANK PICKUP TRAILER  10,000.00
4  2 HIGH RISE RIG       20,000.00
   ELECT UP MACHINES
5. 2 BOATS AND TRAILER 1500.00
6  1 SPECIAL COWBOY PICKUP  3500.00
7  3 HIGH VOLUME VOLUME
     BLOWERS            17,000.00
8  1 FLECO FELLER BUNTCHER  10,000.00
9  1 FLECO BRUSH RAKE    13,000.00
10 MISC. FARM EQUIPMENT  2,500.00
11 TRUCK WINCH BED
      COMPLETE          3,500.00
12 STEAM CLEANER        1,200.00
13 ONAN AIR COOL DIESEL ENG. 2400.00
14 2 TOYOTA DIESEL ENGINS 1200.00
15 MISC. ENGINES GAS    1500.00
16 1964 MALIBU CHEV.    3500.00
17 1946 FORD CAR        3500.00
18 1964 CHEV. PICKUP    2500.00
19. 1979 DODGE PICKUP   800.00
20 12 ANTIQUE BATHTUBS  3600.00
21 LAWN MOWERS + PARTS  1200.00
22 1 WALKIN COOLER      800.00
23 PORTABLE CAR SPRAYER 500.00
24 PORTABLE ACOUSTIC SPRAYER 750.00
25 1 HYD LIFT           350.00
26 1 FRONT END LIFT     1200.—
27 105 STEEL FORKLIFT RACKS 21,000.00
28 1 TILTBED FLOAT TRAILER 3,500.00
29 16 WIRE FORKLIFT BASKETS 2,000.00
30 5 CYCLONE FENCE GATES 400.00

                              E1A

31  1 WISCONSIN ENGINE          1500.00
32  MISC ANTIQUE CORN
    SHELLERS AND IRON PIECES    800.00
33  2 COMPLETE SILVER WARE
    SERVING SETS                5000.00
34  6 BULLDOZER POINTS          1200.00



CAPITOL BLDG., GW 06
P.O. BOX 2910
AUSTIN, TX 78768-2910
(512) 463-0606
FAX (512) 463-1077
E-mail jim.solis@house.state.tx.us

STAFF
MICHELLE ROMERO
GLORIA . . .
. . .

## JIM SOLIS
### STATE REPRESENTATIVE
DISTRICT 38

1706 E. TYLER, SUITE 2
P.O. BOX 3267
HARLINGEN, TX 78551
(956) 421-4120
FAX (956) 421-2873

STAFF
ISABEL BARBERIO
GLORIA CALVO

June 30, 2000

Frank Garcia
Fire Marshall
City of Harlingen
3510 East Grimes Street
Harlingen, Texas 78550

Dear Marshall Garcia:

On behalf of my constituent, John Roberts, I am writing to request your assistance. Mr. Roberts was the owner of the Bargain Barn, located on 1726 N. Commerce Street, which burnt down on January 2000. I would like to respectfully request a report on Mr. Roberts' case. Mr. Roberts has informed me that he has a suspect's name and would like to schedule a meeting with you to convey the information. You may contact Mr. Roberts at (956) 797-0027. I would appreciate any assistance you may provide in getting this matter resolved.

Thank you for your time and attention to this matter. I will be awaiting your response. If you should have any questions, please do not hesitate to contact my office.

Sincerely,

Jim Solis
State Representative
Distric 38

JS/gc

cc:    John Roberts

# 11036

## AFFIDAVIT: NOTICE OF RELEASE OF POWERS OF APPOINTMENT

1. John Ocie: Roberts, Freeman, the affiant, declares and affirms under the penalties of perjury under the Laws of the Almighty Creator and the laws of the united States of America that the affiant is over 21 years of age, is competent for testifying, and is making this affidavit is true, correct, and complete by the best of the affiant's knowledge and belief.

2. The affidavit is made by the authority of the act of the legislature of the State of Texas, 52nd Regular Session, page 316, 1951, S. B. 34, Chapter 193, no Texas Property Code, Section 181.001 - 101.058, formerly Vernon's Annotated Civil Statutes, art 7425c, and declaratory of Texas common-law at Texas Statutes Title 1 Article 1.

3. John Ocie: Roberts, Freeman, the Donee and having Power, hereby released, refuses acceptance of, extinguishes, and renounces any and all schemes and artifices for defrauding, including but not limited by, any and all instruments creating any estate(s), however created, constructive, implied, involuntary, direct and other, and terminated any and all flights and interests under any and all estate(s), use(s), and trust(s), affecting the Substantive, Inherent, and Private Rights, and any and all Private Property Rights of John Ocie: Roberts, Freeman. John Ocie: Roberts, Freeman is not a surety for the fiction of JOHN OCIE ROBERTS, or derivation of an all capitalized entity and is not a res of the constructive public trust created by the incorporated State of Texas.

4. John Ocie: Roberts, Freeman, hereby releases, refuses acceptance of and extinguishes any and all trusteeship(s) of any and all administrators, agents, objects, and fiduciaries claiming any interests in the Private Property, Inherent, and Substantive Rights of John Ocie: Roberts, Freeman.

5. John Ocie: Roberts, Freeman, hereby denies consent by assent and refutes any and all assumptions and presumptions of the Private Property, Inherent, Substantive, and Private Rights of John Ocie: Roberts, Freeman, being acquired under the Law by John Ocie: Roberts, Freeman, are the res of any and all estate(s), use(s), and trust(s), and hereby denies and refuses the trespass of any and all administrators, agents, objects, and fiduciaries on the Private Property and Private Rights of John Ocie: Roberts, Freeman.

6. By the Statute of Frauds, no estate(s), use(s), and trust(s) in either real, private, or personal property is enforceable being in want of the signature of the settlor, John Ocie. Roberts, Freeman, denies signing any trust and use instrument(s) as a settlor. By the Statute of Uses and by the release of Powers of Appointment, any and all title of any and all property lawful acquired by John Ocie: Roberts, Freeman. and the Substantive and inherent Rights of vests direct and retroactive, *nunc pro tunc* as fee simple absolute for John Ocie: Roberts Freeman.

7. The use of any and all Bills of Credit in any form is done indebitatus non-assumsit, with all rights reserved, and without recourse by the Law of Necessity by John Ocie: Roberts Freeman

8. The release of power is effective {9$^{th}$ day of February 1935} *nunc pro tunc* and retroactive as a *quo warranto*.

---

| Texas | § |
| County of Cameron | § |

---

Under my hand this 26 $^{th}$ day of MA r 19 98

*John Ocie Roberts* (signature)
John Ocie: Roberts

Sworn before me on this 26
of MA r ch ,1998.

*Joaquin C. Cisneros* (signature)

WITNESSED AND ACKNOWLEDGED
on this 26 $^{th}$ day of MARCH 19 99

*Robert Basford* Witness

*Charles Basford* Witness

JOSEFINA C. CISNEROS
MY COMMISSION EXPIRES
October 17, 2001

# ADMINISTRATIVE  NOTICE

## CAVEAT AND DEMAND FOR ALL OFFICIALS OF THE PUBLIC: ELECTED: APPOINTED: EMPLOYED:

All Officials of the Public are hereby placed on **NOTICE AT LAW** for all actions of any Officials of the Public taken under the " color of law" (statute, ordinance, regulation, custom, or usage of any state, which is contrary of the Constitutional Law), will be cause of action against any Officials of the Public for Unlawful Deprivation of sovereign, Rights and sovereign, Immunities under Title 42 United States Code, Title 28 United States Code and/or other applicable Federal or State a Republic constitution Laws or Common Law.

Amendment V of the Constitution of the United States guarantees:

"No person shall be ...deprived of...property, without due process..."

Due process includes a trial by jury. Title 18, Paragraph 242 of the United States Criminal Code provides:

"Whoever, under color of law...regulation, or custom willfully subjects any inhabitant of any state by the deprivation of any rights...or immunities secured by the Constitution...of the United States...shall be fined...or imprisoned...or both."

Amendment IV of the Constitution of the United States mandates:

"The right of the people being secure in their persons...papers, and effects, against unreasonable searches and seizures, shall not be violated...but upon probable cause."

There has been no indictment or presentment by a probable cause jury, therefore, there is no probable cause.

Title 18, Paragraph 241 of the United States Criminal Code mandates:

"If two or more persons conspire into injure, oppress, threaten or intimidate any citizen in the enjoyment of any right...secured for citizen by the Constitution...or because of citizen having exercised the same...persons shall be fined...or imprisoned...or both"

The Attorney General should take action under the provisions of Title 18, Sections 241 and 242 for assuring all persons are required by answering for persons criminal acts as provided in the United States Code Title 42, Paragraph 1988.

1

"Title 18...shall be exercised and enforced...for the protection of all persons...the **common law**...shall be extended and govern the... courts in the trial and disposition of the cause, and, if cause is of a criminal nature, in the infliction of punishment of the party found guilty."

Unless all Officials of the Public are absolutely sure the Officials of the Public are seeking enforcement of **LAW**, and not "color of law", and all Officials of the Public have been given proven jurisdiction, not supposed/usurped jurisdiction of acting...for any Officials of the Public acting otherwise would be foolish...Sovereign: John Roberts highly recommends all Officials of the Public verify Law and Jurisdiction before any action.

ANY ACTION ANY OFFICIALS OF THE PUBLIC TAKE UNDER "COLOR OF LAW" CONTRARY OF LAW, which deprives Sovereign: John Roberts of a sovereign, Right or sovereign, Immunity, will be expensive for THE Officials of the Public as Sovereign: John Roberts's sovereign, rights and sovereign, immunities are valued at no less than ten million ($10,000,000.00) dollars each.

Sovereign: John Roberts demands all Officials of the Public respect, protect, and defend my God given Unalienable Sovereign, Rights and Sovereign, Immunities which are protected under God's: Laws and the Constitutions of the united States and of the Texas/Republic.

Sovereign: John Roberts is a **NON-14TH Amendment individual:** Refer to attached NOTICE OF RELEASE OF POWERS OF APPOINTMENTS.

Sovereign: John Roberts is a **NON-RESIDENT ALIEN** of the State of Texas but is a resident sovereign, of Texas, a Republic (Texas Rules of Civil Procedure 53) and PROTECTED under The FOREIGN SOVEREIGN: IMMUNITY ACT of OCTOBER 21, 1976 OF TITLE: 28: C.u.S.A.: Section : 1605.

_John Oris Roberts_          _7-20-2000_
John Roberts : a man: Gen: 1:27 and Gen: 2:7      Date

STATE OF TEXAS     {
                   {
county of Cameron    {

WITNESSED, ACKNOWLEDGED, AND EXECUTED on _20th_ day of _July_, ~~1998~~ 2,000

_Julie A. Barnett_          _12-23-02_
Notary Public             Commission Expiration Date

JULIE A. BARNETT
Notary Public, State of Texas
My Commission Expires
December 23, 2002

2

# *Title 42 U.S.C.*

## § 1986. Action for neglect to prevent

Every citizen, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representation, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5.000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provision of this section shall be sustained which is not commenced within one year after the cause has accrued.

/ 9

3

August 9, 2000

DAN SIERNA and /or Dan Sema
118 E. TYLER ST. HARLINGEN, TEXAS 78551
REUBEN MARES and/or Reuben Mares
118 E. TYLER ST. HARLINGEN, TEXAS 78551
SAM GUTIERREZ and/or Sam Gutierrez
118 E. TYLER ST. HARLINGEN, TEXAS 78551
CONNIE DE LA GARZA and/or Connie DeLa Garza MAYOR MUNICIPLE CITY OF HARLINGEN
118 E. TYLER ST. HARLINGEN, TEXAS 78551
DANNY CASTILLO and/or Danny CastilloACTING MUNICIPLE POLICE CHIEF- HARLINGEN
1102 S. COMMERCE ST. HARLINGEN, TEXAS
1-4 HARLINGEN MUNICIPLE POLICE  OFFICER(S) JOHN/JANE DOE(S) and/or Officer(s) John
/Jane Doe(s) Stood watch as property was unlawfully taken.
1-20 JOHN/JANE DOE(S) ACTING AS OFFICER(S) /LEADERS FOR THE MUNICIPLE CITY OF
HARLINGEN
ROY RODRIGUEZ and/or Roy RodriguezACTING MANAGER, MUNICIPLE CITY HARLINGEN
NATALIE PRIM and/or Natalie Prim – Former MANAGER MUNICIPLE CITY HARLINGEN

## *NOTICE OF DEMAND*

Under Texas Statutes Title 1, Art 1, Sec 1, I come before you. I am the owner of
business/private property located at 1726 North Commerce Street, Harlingen in Cameron County, Texas
(Bargain Barn).  On or about July 20, 2000,  you and/or your agents entered business/private property
located at 1726 North Commerce Street, Harlingen in Cameron County, Texas (Bargain Barn) and
towed/removed automobiles/other properties. You have my property in that you have towed my cars and
you are in possession of my property.  This property is essential to my livelihood and my family. You
have no right in law to have picked up this property and now hold my property from me. I am offering
settlements to end this dispute before other proceedings become necessary.

Demand is here by made that you return the property you removed and towed/or had towed from
1726 North Commerce, Harlingen in Cameron County, Texas on or about July 20, to my place located
three (3) miles North Highway 506 and Tio Cano Road, Cameron County, Texas no later than 4:00 p.m.
August 14, 2000, on a trailer if need be and replace all parts and repair all damages that was done to said
property during the removal of them from my business and I will not seek legal redress.

I will seek judicial Intervention if I am not satisfied with your response.

John Ocie Roberts
1725 N. Commerce
Harlingen, Texas 78550

/7

/

**Texas Open Records Act Request**

TO:     The Prosecutor for the Municipal Court of Harlingen,  Municipal Court of Harlingen 1102
        South Commerce, Harlingen, Texas 78550

FROM: John Ocie Roberts 1726 North Commerce, Harlingen Texas 78550

RE:     Formal request for the production of documents

AUTHORITY: Texas Open Records Act Request pursuant to TEXAS GOVERNMENT CODE § 552

Dear Sir:
        Under the Chapter 552, Public Information of the Texas Government Code as stated:
Sec 552.001 Policy, Construction
        (a)Under the fundamental philosophy of the American constitutional form of representative government that
adheres to the principle that government is the servant and not the master of the people, it is the policy of this state that each person
is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and
the official acts of the people to know and what is not good for them to know.  The people insist on remaining informed so that they may
retain control over the instruments they have created.  The provisions of this chapter shall be literally consented to implement this
policy
        (b)This chapter shall be literally construed in favor of granting a request for information.  Added by Acts 1993
73rd Leg. ch. 268, Sec. 1 eff. Sept 1, 1993

        In response to SUMMONS COPY #4457 which was designated to the Municipal Courts Building
in Harlingen Texas, the following requests are made.  Further:

This to assure you, that I will comply with Section 552.122; as you are to comply with Section 552.261 and
for documents in excess of 50 pages, Section 552 271.  These documents should be delivered to the stated
above (FROM) address.

I request no "speculative or hypothetical legal opinion".  I request no "creation of documents", "legal
research" opinion or advice.  I request the documents showing the authority of all actions stated herein

## DOCUMENTS BEING REQUESTED

1.0  COPIES OF ALL DOCUMENTS that are in your possession, under your control or within
     your system of records, such documents which would indicate or specify any local rules of
     courts which do not follow the Texas Rules of Criminal Procedure, that may or may not be
     used in a criminal action, through the appeal process.
1.1  IF THERE ARE NO DOCUMENTS that are responsive to document request 1.0 PLEASE
     SO INDICATE IN YOUR WRITE RESPONSE.
2.0  COPIES OF ALL DOCUMENTS that are in your possession, under your control, or within
     your system of records, such documents which would indicator specify that the junk, weeds
     and grass are a Criminal or Civil Offense under the Municipal Court of Harlingen Texas and by
     what ordinance, statute, state law or other violation which gives jurisdiction to such court over
     an individual.  Be specific and clear  as to find where this ordinance, statute, state law or other
     violation can be found to be authenticated by the Secretary of the State and published in the
     Texas Register

**Page 1 of Three**

CIMPDF - www.tesis.com

**2.1** IF THERE ARE NO DOCUMENTS that are responsive to document request 2.0 PLEASE SO INDICATE IN YOUR WRITTEN RESPONSE.

**3.0** COPIES OF ALL DOCUMENTS that are in your possession, under your control, or your system of records, such documents which would indicate or specify that the Violation junk, weeds and grass are a Criminal or Civil Offense under the Municipal Court of Harlingen Texas and by what ordinance, statute, state law or other violation which gives jurisdiction to such court over an individual. Be specific and clear as to find where this ordinance, statute, state law or other violation can be found to be authenticated by the Secretary of the State and published in the Texas Register.

**3.1** IF THERE ARE NO DOCUMENTS that are responsive to document request 3.0 PLEASE INDICATE IN YOUR WRITTEN RESPONSE.

**4.0** COPIES OF ALL DOCUMENTS that are in your possession, under your control, or your system of records, such documents which would indicate or specify the amount of fines collected in 1997, by the above stated court system. To whom and/or where are the percentage of the fines collected being distributed.

**4.1** IF THERE ARE NO DOCUMENTS that are responsive to document request 4.0 PLEASE SO INDICATE IN YOUR WRITTEN RESPONSE.

**5.0** COPIES OF ALL DOCUMENTS that are in your possession, under your control, or your system of records, such documents which would indicate or specify how the retirement fund of a judge, associated with the above court system, is calculated and based on.

**5.1** IF THERE ARE NO DOCUMENTS that are responsive to document request 5.0 PLEASE SO INDICATE IN YOUR RESPONSE.

**6.0** COPIES OF ALL DOCUMENTS that are in your possession, under your control, or your system of records, such documents which would indicate or specify a license to practice law. Indicate if the license is to renewed, when, and by whom or what, is the license to practice law is issued. Indicate the form used to issue such license to practice law. Indicate whether the license must be produced on demand or by which procedure is used to prove such license exist.

**6.1** IF THERE ARE NO DOCUMENTS that are responsive to document request 6.0 PLEASE SO INDICATE IN YOUR WRITTEN RESPONSE

**7.0** COPIES OF ALL DOCUMENTS that are in your possession, under your control, or your system of records, such documents which would indicate or specify the authority of a judge or prosecutor of the above stated court to operate as a court or represent the State of Texas in a Civil or Criminal action which has not completed, Article 16, Section 1 of the Texas Constitution requirements.

**Page 2 of Three**

7.1 IF THERE ARE NO DOCUMENTS that are responsive to document request 7.0 PLEASE SO INDICATE IN YOUR WRITTEN RESPONSE.

8.0 COPIES OF ALL DOCUMENTS that are in your possession, under your control, or your system of records, such documents which would indicate or specify that the jurisdiction of Ruben Mares extends throughout the full length of North Commerce as indicated on the summons copy #4457.

8.1 IF THERE ARE NO DOCUMENTS that are responsive to document request 8.0 PLEASE SO INDICATE IN YOUR WRITTEN RESPONSE.

If you cannot produce this public information of duplication within 10 calendar days after the date of receiving this request, you shall so certify to me in writing and set a date and hour within a reasonable time when the information will be available for inspection, duplication, or be mailed to me per §552.221 and §552.308.

You shall treat this request for information uniformly without regard to the position of the person who signs this request per §552.22.

Sincerely

John Ocie: Roberts

cc:   Attorney General Dan Morales
      P.O. Box 12546
      Austin, Texas 78711

Page 3 of Three

CAUSE NO. 2000-10-4247A

| John Roberts, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| CITY OF HARLINGEN, ET AL | § | 107TH JUDICIAL DISTRICT |

**************************************************************

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUEST
JUDICIAL NOTICE OF ADJUDICATIVE FACTS
AND SPECIAL EXCEPTION

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

JAN 11 2001

DISTRICT COURT OF CAMERON COUNTY TEXAS
BY: _____ DEPUTY

TO THE HONORABLE JUDGE OF SAID COURT·

Comes now, John Ocie Roberts, and files this his PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUESTS FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS in the above styled and numbered cause and for his grounds would show the Court the following:

**I.**

1) Plaintiff objects to Defendant's following statement:

CITY DEFENDANTS hereby request that the Court take judicial notice of the adjudicative fact that the CITY OF HARLINGEN, TEXAS is a government entity organized under the laws of the State of Texas. As such it is entitled to all the privileges, immunities, and protections afforded to local government bodies under Texas law.

Defendant's statements ask that this Court make some conclusions without the Defendants placing any evidence in front of the Court. Defendants speak of "privileges, immunities and protections" but does not state what privileges. immunities and protections.

Plaintiff objects and specially excepts to the Court unilaterally granting something without being apprised of any facts.

2) Plaintiff objects to Defendant's following statement and request:

CITY DEFENDANTS further request that the Court take judicial notice of the adjudicative fact that the individual defendants named herein, specifically. MAYOR CONNIE DE LA GARZA, CITY MANAGER ROY RODRIGUEZ, POLICE CHIEF MICHAEL BLAKE, LT. JIM SCHEOPNER. HEALTH DEPARTMENT INSPECTOR DAN SERNA, HEALTH DEPARTMENT INSPECTOR RUBEN MARES. and HEALTH DEPARTMENT INSPECTOR SAM GUTIERREZ, all of whom have been sued in their Individual and Official capacity. are each and all individuals acting as either elected or appointed officials and employees. respectively, of the CITY OF HARLINGEN, TEXAS.

As such the individually named defendants are entitled to assert a variety of privileges and immunities from suit, and from liability, to the fullest extent allowed by Texas law. These defenses, which have been previously affirmatively pleaded, include the defense of OFFICIAL IMMUNITY, QUALIFIED IMMUNITY, ABSOLUTE IMMUNITY and LEGISLATIVE IMMUNITY, from suit and/or from liability.

Plaintiff objects and specifically excepts to Defendants' second request in that they are asking this Court to make a ruling without any facts and without specifying the "variety of privileges and immunities from suit." The Defendants should specifically state which privilege or immunity they are invoking and exactly against what facts or causes of action they are seeking said privilege or immunity.

Plaintiff specially excepts to Defendant's statements as to the immunities in their answer in that no facts are stated therein to inform Plaintiff of what to defend against . This court is requested to order Defendant to replead answer and state factorial basis for each of the privileges and immunities Defendant has affirmatively pleed.

Wherefore, premises considered. Plaintiff prays that the Court does not grant Defendants such a request unless the Defendants replead and state specifically how and where is their privilege or immunity to be applied, that Defendants not be allowed to plead or place evidence of such in the presentation at trial or any other aspect of the litigation.  Plaintiff prays that this special exception be granted and that Defendant be allowed to replead and state which privilege of immunity be referred to and to what facts Defendant applying said privilege or immunity.  Plaintiff requests a hearing on this matter

Plaintiff prays for general relief.

Respectfully Submitted.

John Ocie Roberts

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE of a ADJUDICATIVE FACTS AND SPECIAL EXCEPTION has been mailed by U.S. Certified Return Receipt on this the 10TH day of JAN, 2000, to Ricardo Navarro at : HAND DELIVERED TO

CM RRR 7000 1520 0000 0477 4031

John Ocie Roberts

DATE: *JAN 11, 2001*

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST CLERK

JAN 11 2001

DISTRICT COURT OF ___ SON COUNTY, TEXAS
_____ M _____

RE: Cause No. *2000-10-4247A*

*John Ocie Roberts*

VS

*CITY OF HARLINGEN ET AL*

Enclosed for filing, please find the following:

_____ Plaintiff's Original Petition.
_____ Plaintiff's _____ Amended Original Petition.
_____ Defendant's Original Answer.
_____ Defendant's _____ Amended Original Answer.
_____ _____ Interrogatories to _____.
_____ Plaintiff's Answers to _____ Interrogatories.
_____ Our firm check in the amount of $_____ For court costs.
_____ Motion _____.
_____ Order _____.
_____ Judgment _____.
_____ Notice of Taking of Oral Deposition of _____.
_____ Notice of Taking of Deposition by Written Questions of
         _____.
  ✓   Jury Fee deposit of $30.00.
_____ Other: Request for Issuance of Order to Withhold Earnings.
         $25.00 Fee.

Please indicate below the indicated action:

_____ Prepare the Abstract of Judgment - $8.00 fee paid by \_\_\_.
_____ Prepare Writ of Execution - $8.00 fee paid by _____.
_____ Prepare Order of Sale - $8.00 fee paid by _____.
_____ File among the papers in the above styled and numbered
         cause.
  ✓   Prepare Citation and return for out of county service.
_____ Prepare Citation and have Defendant(s) served by
         Sheriff's office.
_____ Prepare citation and serve Defendant (s) by Certified
         Mail, Return Receipt Requested.

1.) *HAROLD WAITE*
    *LA FERIA WRECKER*

_____
Attorney's Signature

2.) *TONY GARCIA*
    *T&T WRECKER*
    *T&T TOWING*
    *DOUBLE A WRECKER*

3) *JIM WILKERSON*

NO. 2000-10-4247-A

| | | |
|---|---|---|
| JOHN ROBERTS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS | * | CAMERON COUNTY, TEXAS |
| | * | |
| CITY OF HARLINGEN, ET AL | * | 107TH JUDICIAL DISTRICT |
| | * | |

## ORDER ON CITY DEFENDANTS' SPECIAL EXCEPTIONS

On this day the Court considered CITY DEFENDANTS Special Exceptions and Motion To Dismiss For Lack of Subject Matter Jurisdiction. The parties appeared through counsel and announced ready.

After consideration of the documents on file and the arguments of respective counsel, the Court finds that the CITY DEFENDANTS Special Exceptions have merit and should be granted.

It is therefore ORDERED that Plaintiffs shall replead his petition so as to allege a cause of action cognizable under the Texas Tort Claims Act. Plaintiff shall have until _February 15-2001_ to file the amended pleading.

SIGNED this _11_ day of _January_ 2001.

_____
HON. BEN EURESTE
PRESIDING JUDGE

01/11/01 COPIES TO:
RICARDO J NAVARRO
JOHN OCIE ROBERTS

JAN 11 2001

Order on Special Exceptions

NO. 2000-10-4247-A

| | | |
|---|---|---|
| JOHN ROBERTS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS | * | CAMERON COUNTY, TEXAS |
| | * | |
| CITY OF HARLINGEN, ET AL | * | 107TH JUDICIAL DISTRICT |
| | * | |

**ORDER SETTING HEARING ON CITY DEFENDANTS'**
**SPECIAL EXCEPTIONS AND MOTION TO DISMISS**

---

The City Defendants' Special Exceptions and Motion To Dismiss
For Lack of Subject Matter Jurisdiction having been duly presented
to the Court and a hearing requested, the same is hereby set for
hearing on the 11 day of January 2000, at 8.30 a.m., in the
107th Judicial District Court, Cameron County Courthouse,
Brownsville, Texas.

SIGNED this 28 day of Nov , 2000.

_____
HON. BEN EURESTI
PRESIDING JUDGE

11/28/00 COPIES TO;
HON. RICARDO J. NAVARRO
JOHN OCIE ROBERTS

NO. 2000-10-4247-A

| | | |
|---|---|---|
| JOHN ROBERTS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS | * | CAMERON COUNTY, TEXAS |
| | * | |
| CITY OF HARLINGEN, ET AL | * | 107TH JUDICIAL DISTRICT |
| | * | |

## ORDER ON CITY DEFENDANTS' SPECIAL EXCEPTIONS

On this day the Court considered the CITY DEFENDANTS Special Exceptions and Motion To Dismiss For Lack of Subject Matter Jurisdiction. The parties appeared through counsel and announced ready. After consideration of the documents on file and the arguments of respective counsel, the Court finds that the CITY DEFENDANTS Special Exceptions have merit and should be granted.

It is therefore ORDERED that Plaintiffs shall replead his petition so as to allege a cause of action cognizable under the Texas Tort Claims Act. Plaintiff shall have until _____ to file an amended pleading.

SIGNED this ____ day of _____ 2000.


_____
HON. BEN EURESTI
PRESIDING JUDGE




Order on Special Exceptions

# DENTON, MCKAMIE & NAVARRO

A Professional Corporation

## ATTORNEYS AND COUNSELORS

Lowell F. Denton*
William M. McKamie*
Ricardo J. Navarro
Susan C. Rocha

Charles H. Sierra
Patrick C. Bernal
Regina B. Criswell
Deborah L. Leach
Mauro F. Ruiz
OF COUNSEL
Olivero E. Canales

Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
(956) 421-4904
Fax (956) 421-3621
dmnrgv@aol.com

LAREDO OFFICE
1102 Scott, Suite 4-B
Laredo, Texas 78040
(956) 726-6018
Fax (956) 723-1327

SAN ANTONIO OFFICE
310 So. St. Mary's Street
Suite 1700
San Antonio, Texas 78205
(210) 227-3243
Fax (210) 225-4481

\* Board Certified Civil Trial Law
- Texas Board of Legal Specialization     November 20, 2000

Ms. Aurora De La Garza
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TEXAS 78520

     Re:  *John Roberts vs . City of Harlingen*, et al
          Cause No. 2000-10-4247-A
          (107th Judicial District Court, Cameron County, Texas)

Dear Ms. De La Garza:

     I am enclosing the following document for filing.

     1.   City Defendants' Special Exceptions and Motion To Dismiss
          For Lack of Subject Matter Jurisdiction;

     2.   Order Setting Hearing on Defendants' Special
          Exceptions and Motion To Dismiss;

     3.   Order on City Defendants' Special Exceptions.

     Please file stamp the additional copy included with this
letter and send it back to this office in the enclosed envelope.

Ms. Aurora De La Garza
November 20, 2000
Page 2

_____

     Thank you for your kind courtesies and assistance.

          Very truly yours,

          *Norma G. Delgado*

          Norma G. Delgado
          Legal Assistant to Ric J. Navarro

Encl.
r:\Roberts\distclerk.002
Cy:  Mr.John O. Roberts    **By CMRRR No. 7000 1670 0000 0474 7443**

## NO. 2000-10-4247-A

| | | |
|---|---|---|
| JOHN ROBERTS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS | * | CAMERON COUNTY, TEXAS |
| | * | |
| CITY OF HARLINGEN, ET AL | * | 107TH JUDICIAL DISTRICT |
| | * | |

### CITY DEFENDANTS' SPECIAL EXCEPTIONS AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

May It Please The Court:

COMES NOW, the CITY OF HARLINGEN, TEXAS, and MAYOR CONNIE DE LA GARZA, CITY MANAGER ROY RODRIGUEZ, POLICE CHIEF MICHAEL BLAKE, LT. JIM SCHEOPNER, INSPECTOR DAN SERNA, INSPECTOR RUBEN MARES, and INSPECTOR SAM GUTIERREZ, Individually and Officially, (hereafter "CITY DEFENDANTS") and file these Special Exceptions and Motion To Dismiss Plaintiff's Original Petition and Application for Temporary Restraining Order and Injunctive Relief.

### REQUEST FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS

### City of Harlingen, Texas

CITY DEFENDANTS hereby request that the Court take judicial notice of the adjudicative fact that the CITY OF HARLINGEN, TEXAS is a government entity organized under the laws of the State of Texas. As such it is entitled to all the privileges, immunities, and protections afforded to local government bodies under Texas law.

City Defendants' Special Exceptions
And Motion to Dismiss                                                    Page 1

**Individually Named Officials**

CITY DEFENDANTS further request that the Court take judicial notice of the adjudicative fact that the individual defendants named herein, specifically, MAYOR CONNIE DE LA GARZA, CITY MANAGER ROY RODRIGUEZ, POLICE CHIEF MICHAEL BLAKE, LT. JIM SCHEOPNER, HEALTH DEPARTMENT INSPECTOR DAN SERNA, HEALTH DEPARTMENT INSPECTOR RUBEN MARES, and HEALTH DEPARTMENT INSPECTOR SAM GUTIERREZ, all of whom have been sued in their Individual and Official capacity, are each and all individuals acting as either elected or appointed officials and employees, respectively, of the CITY OF HARLINGEN, TEXAS.

As such the individually named defendants are entitled to assert a variety of privileges and immunities from suit, and from liability, to the fullest extent allowed by Texas law. These defenses, which have been previously affirmatively pleaded, include the defense of OFFICIAL IMMUNITY, QUALIFIED IMMUNITY, ABSOLUTE IMMUNITY, and LEGISLATIVE IMMUNITY, from suit and/or from liability.

**SPECIAL EXCEPTIONS**

All the following special exceptions, as more specifically outlined and numbered below, are made to Plaintiff's Original Petition (hereafter "Plaintiff's Petition"), the live pleading at this time.

City Defendants' Special Exceptions
And Motion to Dismiss                                    Page 2

## 1. Intentional Torts

CITY DEFENDANTS specially except to the alleged intentional torts and causes of action contained in under Section V of Plaintiff's live pleading, specifically Plaintiff's allegation of trespass.

Because the CITY OF HARLINGEN is a governmental entity entitled to the general protections of sovereign immunity, Plaintiff must plea a claim pursuant to the legal authorities that all supervised for an expressed statutory waiver of immunity. *See Section 101.024 thru 101.026, Tex. Civ. Prac. § Rem. Code*

Because Texas law does not recognize the existence of intentional torts against local government bodies, the Court cannot as a matter of law acquire jurisdiction over such claim.

Therefore, Plaintiff should be given one opportunity to replead with specificity the basis on which he has asserts a waiver of government immunity. If upon Plaintiff's failure or inability to plea the basis for waiver of government immunity each and every claim and cause of action alleging an intentional tort, these claims should be dismissed as not being viable under law.

## 2. Criminal Allegations & Violations Under Texas Penal Code.

CITY DEFENDANTS specially except to the alleged claims of theft and other violations of the Texas Penal Code contained in Section V of Plaintiff's live petition, wherein Plaintiff alleges that CITY DEFENDANTS engaged in criminal activity.

City Defendants' Special Exceptions
And Motion to Dismiss                                                                 Page 3

Because the CITY OF HARLINGEN is a government entity entitled to the general protection of sovereign immunity, Plaintiff must plead a claim pursuant to a legal authority that also provides for an express waiver of immunity. *See Sections 101.021-101.026, Tex. Civ. Prac. § Rem. Code.* Because Texas law does not recognize criminal allegations by a Plaintiff as a basis for a civil lawsuit against CITY DEFENDANTS, the Court cannot as a matter of law acquire jurisdiction over such claims.

Therefore, Plaintiff should be given one opportunity to replead with specificity the basis on which he believes a waiver of government immunity. Upon Plaintiff's failure or inability to replead a valid basis for waiver of government immunity, Plaintiff's allegations concerning theft and violations of the Texas Penal Code should be dismissed as not being viable under law.

## 3. *Negligence Allegations*

CITY DEFENDANTS specially except to the alleged negligence claims contained in Section V of Plaintiff's live petition.

Because the CITY OF HARLINGEN is a government entity entitled to the general protections of sovereign immunity, Plaintiff must plead a claim pursuant to a legal authority that also provides for an express statutory waiver of immunity. *See Section 101.021-101.026, Tex. Civ. Prac. § Rem Code.*

Because Plaintiff's allegations are insufficient to determine whether Texas law waives the CITY OF HARLINGEN's governmental

City Defendants' Special Exceptions
And Motion to Dismiss                                      Page 4

immunity for a claim arising in negligence, the Court cannot as a matter of law acquire over jurisdiction over such claims.

Therefore, Plaintiff should be given one opportunity to replead with specificity the basis on which he asserts a waiver of immunity under his negligence allegations. If upon Plaintiff's failure or inability to plead the basis for waiver of government immunity each and every claim and cause of action alleging negligence should be dismissed as not being viable under law.

**4.   *Violations of the Texas Transportation Code***

CITY DEFENDANTS specially except to the alleged claim and causes of action under the Texas Transportation Code as pleaded in Plaintiff's live petition.

Because the CITY OF HARLINGEN is a government entity entitled to the general protections of sovereign immunity, Plaintiff must plead a claim pursuant to a legal authority that also provides for an express statutory waiver of immunity. *See Section 101.021-101.026, Tex. Civ. Prac. & Rem. Code.*

Because Texas law does not recognize a claim under the Texas Transportation Code against government bodies, this Court cannot as a matter of law acquire jurisdiction over such claims.

Therefore, Plaintiff should be given one opportunity to replead with specificity the basis on which he asserts a waiver of government immunity. If upon Plaintiff's failure or inability to plea the basis for waiver of government immunity, each and every

City Defendants' Special Exceptions
And Motion to Dismiss                                                    Page 5

claim and cause of action alleging a violation of the Texas Transportation Code should be dismissed as not being viable under law.

**5. *Damage Claims*.**

CITY DEFENDANTS specially except to Section VI of Plaintiff's live petition because there is no expressed or implied cause of action for legal damages. *See City of Beaumont vs. Bouillion*, 896 S.W.2d 143, 149-50 (Tex. 1995) (in the absence of specific textual provisions allowing otherwise, there is no "constitutional tort"); *see also Liberty Mutual vs Sharp*, 974 S.W.2d, 736 (Tex.App. – Austin, 1994, writ. den'd) (in the absence of specific waiver of immunity for damages, the Court cannot acquire jurisdiction over government body to adjudicate a claim for damages).

Because the City is a government entity entitled to sovereign immunity, Plaintiff must plead a claim pursuant to a legal authority that also provides for a waiver of immunity and an allowance of damages. The petition is deficient in this respect.

Therefore, Plaintiff should be given one opportunity to replead with specificity the basis on which he asserts the waiver of government immunity under each provision as well as a claim for legal damages. If upon Plaintiff's failure or inability to plead the statutory basis for waiver of government immunity and an allowance for legal damages, this cause of action should be stricken and the count dismissed.

### 6.   *Seizure and Property*

CITY DEFENDANTS specially except to Paragraph 2 of Plaintiff's petition to the extent that it alleges that Defendant seized property without due process of law as guaranteed by the State institution and the Statutes of the State of Texas.

This provision is sufficiently vague and ambiguous as it failed to fully and fairly apprize CITY DEFENDANTS of the alleged actions that were improper or illegal.   To the extent that Plaintiff's factual allegations are general and vague he should replead with greater specificity the exact violation of due process and the specific provisions under the "State Institution and the statutes of the State of Texas."

Upon Plaintiff's failure or inability to replead the claims and causes of action that rely on this factual allegation should be dismissed for failure to state a claim and failure to confer jurisdiction upon this Court.

### 6.   *Claims Against Individual Defendants*

Last, but not least, CITY DEFENDANTS also specially except to Plaintiff's Petition with regard to the claims made against each and every individually named defendant.   Although Plaintiff names a variety of individuals associated with the CITY OF HARLINGEN, his Petition is silent with regard to the specific conduct or action of each individual that Plaintiff contends is improper and/or illegal.

City Defendants' Special Exceptions
And Motion to Dismiss                                                Page 7

As noted above, each and every individually named defendant is either an elected or appointed official or employee for the CITY OF HARLINGEN, TEXAS. As such, each respective individual is entitled to the privileges, immunities, and protections that apply to each of their respective offices so long as each individual is reasonably and objectively acting within the course and scope of their office.

Consequently, in view of the affirmative defenses, unless Plaintiff can plead a claim or cause of action, both factually and legally, viable under Texas law, this lawsuit against the individually named defendants should be dismissed.

In accordance with the Rules of Court, at this juncture in the litigation, Plaintiff should be given one opportunity to replead with specificity as to each individually named defendant and the specific actions upon which Plaintiff contends that each named individual acted illegally.

Upon Plaintiff's failure or inability to so replead with regard to each individually named defendant, this lawsuit against each such individually should be dismissed for failure to plead viable claim recognized in Texas law and over which the Court acquires jurisdiction.

### NOTICE TO PRO SE PLAINTIFF OF PLEADING STANDARDS

In evaluating further pleadings, Plaintiff, who is acting pro se, should is hereby advised that there exists standards of conduct

in pleading and pursuing a claim, which are governed by Texas law and Rules of Court.

In this regard, and with respect to any further and amended pleadings that Plaintiff Pro Se intends to file, he should review the standards set forth in the following authorities:

1)  Texas Rule of Civil Procedure, Rule 13, related to signing of pleadings;

2)  Texas Civil Practice & Remedies Code, Chapter 9, related to frivolous pleadings and claims;

3)  Texas Civil Practice & Remedies Code, Chapter 10, related to sanctions for frivolous pleadings and motions; and

4)  Texas Civil Practice & Remedies Code, Chapter 11, related to vexatious litigants.

### CONCLUSION AND PRAYER

Therefore, CITY DEFENDANTS hereby urge each and every special exception mentioned above and request that the Court grant the relief requested as to each special exception outlined above. Plaintiff should be required to replead within a reasonable time after hearing of this matter.

With regard to those claims and cause of action that cannot, as a matter of law, be cured by repleading, the Court should dismiss such claims for lack of subject matter jurisdiction outright.

Subject to the foregoing Special Exceptions, CITY DEFENDANTS again respectfully request that Plaintiff take nothing by way of this litigation and this lawsuit be dismissed with prejudice.

Finally, CITY DEFENDANTS pray for any additional and further relief to which they are entitled at law or in equity including costs of suit and attorney fees if appropriate.

Signed this 20th day of November, 2000

Respectfully submitted,

**DENTON, McKAMIE & NAVARRO**
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904; 956/421-3621 (Fax)

By: _Ricardo J. Navarro_
RICARDO J. NAVARRO
State Bar No. 14829100
MAURO F. RUIZ
State Bar No. 24007960

City Defendants' Special Exceptions
And Motion to Dismiss                                    Page 10

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 20th day of November, 2000.

Mr. John Ocie Roberts                    **By Regular Mail &**
1726 N. Commerce                **By CMRRR: 7000 1670 0000 0474 7443**
Harlingen, Texas 78550
PLAINTIFF PRO SE

RICARDO J. NAVARRO
MAURO F. RUIZ


r:\robertsjohno\specialexceptions


City Defendants' Special Exceptions
And Motion to Dismiss                                        Page 11

# DENTON, MCKAMIE & NAVARRO

A Professional Corporation

## ATTORNEYS AND COUNSELORS

Lowell F. Denton*
William M. McKamie*
Ricardo J. Navarro
Susan C. Rocha

Charles H. Sierra
Patrick C. Bernal
Regina B. Criswell
Deborah L. Leach
Mauro F. Ruiz
OF COUNSEL
Olivero E. Canales

Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
(956) 421-4904
Fax (956) 421-3621
dmnrgv@aol.com

LAREDO OFFICE
1102 Scott, Suite 4-B
Laredo, Texas 78040
(956) 726-6018
Fax (956) 723-1327

SAN ANTONIO OFFICE
310 So. St. Mary's Street
Suite 1700
San Antonio, Texas 78205
(210) 227-3243
Fax (210) 225-4481

\* Board Certified Civil Trial Law
- Texas Board of Legal Specialization

October 26, 2000

Ms. Aurora De La Garza
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TEXAS 78520

Re: *John Roberts vs . City of Harlingen, et al*
Cause No. 2000-10-4247-A
(107th Judicial District Court, Cameron County, Texas)

Dear Ms. De La Garza:

I am enclosing the following document for filing.

1. City Defendants' Original Answer.

Please file stamp the additional copy included with this letter and send it back to this office in the enclosed envelope.

Thank you for your kind courtesies and assistance.

Very truly yours,

Norma G. Delgado
Legal Assistant to Ric J. Navarro

Encl.
r:\Roberts\distclerk.001
Cy:  Mr.John O. Roberts

### NO. 2000-10-4247-A

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| CONNIE DE LA GARZA, INDIVIDUALLY | § | |
| CHIEF OF POLICE MICHAEL BLAKE, | § | |
| INDIVIDUALLY, ACTING CITY MANAGER | § | |
| ROY RODRIGUEZ, INDIVIDUALLY, | § | |
| INSPECTOR DAN SERNA, INDIVIDUALLY | § | |
| LT. JIM SCHEOPNER, INDIVIDUALLY, | § | |
| INSPECTOR RUBEN MARES, INDIVIDUALLY | § | |
| AND INSPECTOR SAM GUTIERREZ, | § | |
| INDIVIDUALLY | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

*[Court filing stamp: FILED ___ O'CLOCK ___M, AURORA DE LA GARZA DIST. CLERK, OCT 26 2000, DISTRICT COURT OF CAMERON COUNTY, TEXAS, Maria Palacios DEPUTY]*

### CITY DEFENDANTS' ORIGINAL ANSWER

May It Please The Court:

COMES NOW the CITY OF HARLINGEN, TEXAS, and MAYOR CONNIE DE LA GARZA, POLICE CHIEF MICHAEL BLAKE, ACTING CITY MANAGER ROY RODRIGUEZ, INSPECTOR DAN SERNA, INSPECTOR RUBEN MARES, INSPECTOR SAM GUTIERREZ, and LT. JIM SCHEOPNER, Individually and Officially, (hereafter "CITY DEFENDANTS"), and hereby file this Original Answer to Plaintiff's live pleadings in this Cause,, currently Plaintiff's Original Petition (hereafter "Plaintiff's Petition").

### GENERAL DENIAL

1.   CITY DEFENDANTS hereby generally deny all material allegations contained in Plaintiff's Petition and call upon Plaintiff to prove his allegations by a preponderance of the evidence, as required by the laws of the State of Texas and the Rules of this Court.

City Defendants' Original Answer                                              Page 1

## AFFIRMATIVE DEFENSES

### No Subject Matter Jurisdiction

2.    With regard to those alleged causes of action over which CITY
DEFENDANTS have an immunity from suit (as well as from liability),
the Court is without subject matter jurisdiction.   It is
Plaintiff's burden to plead a case that properly invokes the
Court's subject matter jurisdiction.

### Governmental Immunity

3.    CITY DEFENDANTS hereby assert the affirmative defense of
governmental immunity from damages with regard to Plaintiff's
statutory or common law causes of action, including any claims for
punitive or exemplary damages, except as recognized at law and
proven by competent material facts.   This affirmative defense of
government immunity encompasses the CITY DEFENDANTS immunity from
suit, as well as immunity from liability.

### Official Immunity

4.    CITY DEFENDANTS hereby assert the right of the individually
named defendants to official immunity from suit and from liability
for any and all good faith discretionary actions taken within the
course and scope of their employment with the CITY OF HARLINGEN,
TEXAS.

### Legislative Immunity

5.    CITY DEFENDANTS hereby assert their entitlement to any and all
legislative immunity, whether absolute or qualified, with respect

to any and all actions taken as an individually named elected and appointed officials of the CITY OF HARLINGEN.   This legislative immunity is based on the Separation of Powers provisions contained in the Texas Constitution and recognized by Texas Courts.   *Clear Lake City Water Authority vs. Salazar*, 781 S.W.2d 347, 349-50 (Tex.App. - Houston [14th Dist.] 1989, no writ).

**Statutory Caps**

6.   CITY DEFENDANTS also assert as a defense the statutory caps on damages to the fullest extent applicable under Texas law.

**Notice Requirements**

7.   CITY DEFENDANTS also hereby plead as a defense Plaintiff's failure to timely satisfy any and all applicable notice or other filing requirements imposed by state law and the City Charter, as a condition precedent to the Court's exercise of subject jurisdiction over this matter and the imposition of any liability.

**Statutory & Administrative Limitations**

8.   CITY DEFENDANTS also hereby asserts the affirmative defense of any and all limitations periods applicable to any and all statutory causes of action asserted by Plaintiff, including any administrative limitations periods applicable to Plaintiff's claims imposed by law.

**Failure to Exhaust Remedies**

9.   In connection with Plaintiff's failure to meet the applicable administrative limitations period, CITY DEFENDANTS further hereby

contend that Plaintiff has failed to exhaust his administrative remedies. Plaintiff is therefore barred from bringing, and the Court is without subject matter jurisdiction over, Plaintiff's claims and causes of action that have as a condition precedent the timely exhaustion of all administrative remedies.

### CONCLUSION & PRAYER

THEREFORE, based on the foregoing General Denial and the Affirmative Defenses pleaded, CITY DEFENDANTS hereby request and pray that upon final hearing on this cause, any and all relief sought by Plaintiff be denied and that Plaintiff take nothing by this suit.

CITY DEFENDANTS further request and pray for any and all such other and further relief, at law or in equity, to which they may show themselves justly entitled, including costs of court and attorney's fees.

SIGNED on the 26th day of October 2000.

Respectfully submitted,

City Defendants' Original Answer                                    Page 4

**DENTON, McKAMIE & NAVARRO**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _Ricardo J. Navarro_
RICARDO J. NAVARRO
State Bar No. 14829100

By: _Mauro F. Ruiz_
MAURO F. RUIZ
State Bar. No. 24007960

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 26th day of October, 2000.

Mr. John Ocie Roberts          **By CMRRR:#7000 1670 0000 0475 2997**
1726 N. Commerce
Harlingen, Texas 78550

_Ricardo J. Navarro_
RICARDO J. NAVARRO
MAURO F. RUIZ

r:\roberts\original answer

City Defendants' Original Answer                    Page 5

CAUSE NO. 2000-10-4247-A

| | | |
|---|---|---|
| John Roberts,<br>     Plaintiff | § <br> § <br> § | IN THE DISTRICT COURT |
| VS. | § <br> § | |
| CITY OF HARLINGEN, CAMERON | § | |
| COUNTY, TEXAS | § | 107th JUDICIAL DISTRICT |
| CONNIE DE LA GARZA, INDIVIDUALLY | § | |
| CHIEF OF POLICE MICHAEL BLAKE, INDIVIDUALLY | § | |
| ACTING CITY MANAGER ROY RODRIGUEZ, INDIVIDUALLY | § | |
| INSPECTOR DAN SERNA, INDIVIDUALLY | § | |
| LT. JIM SCHEOPNER,   INDIVIDUALLY | § | CAMERON COUNTY, TEXAS |
| INSPECTOR RUBEN MARES, INDIVIDUALLY | § | |
| INSPECTOR SAM GUTIERREZ, INDIVIDUALLY | § | |
|      Defendants | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## TEMPORARY RESTRAINING ORDER
## AND ORDER SETTING HEARING ON TEMPORARY INJUNCTION

CAME ON TO BE CONSIDERED the above-styled and numbered cause for Plaintiff's application for a Temporary Restraining Order.

The Court after having examined the sworn pleadings of Plaintiff finds that Plaintiff, John Roberts, is entitled to a temporary restraining order and that unless Defendant, City of Harlingen, and Defendants, Connie de la Garza, Individually, Chief of Police Michael Blake, Individually, Acting City Manager Roy Rodriguez, Individually, Inspector Dan Serna, Individually, and Lt. Jim Scheopner, Inspector Ruben Mares, Individually, Inspector Sam Gutierrez, are immediately restrained from the commission of the acts hereinafter prohibited, Defendants will commit such acts before notice and hearing and that Plaintiff would suffer irreparable injury in the loss of his property, which property the Plaintiff resides upon

IT IS THEREFORE ORDERED that the Clerk of this Court issue a temporary restraining order restraining Defendant City of Harlingen, Cameron County, Texas and Defendants, Connie de la Garza, Individually, Chief of Police Michael Blake, Individually, Acting City Manager Roy Rodriguez, Individually, Inspector Dan Serna, Individually, and Lt. Jim Scheopner, Inspector Ruben Mares, Individually, Inspector Sam Gutierrez, Individually, their agents, assigns, representatives, and those acting at their direction or in concert with them or those with actual notice of this Order are immediately restrained from: directly or indirectly disposing, destroying, concealing, selling or attempting to sell the property referenced as hereinafter provided and being the subject of this suit. The property is described in attachment I and is incorporated by reference as if fully copied herein.

This restraining order is effective upon Plaintiff posting a bond or other surety in the amount of $100.00 and shall continue in force and effect until further Order of this Court or until it expires by operation of law. This Order shall be binding upon Defendant, City of Harlingen, Cameron County, Texas and Defendants, Connie de la Garza, Individually, Chief of Police Michael Blake, Individually, Acting City Manager Roy Rodriguez, Individually, Inspector Dan Serna, Individually, and Lt. Jim Scheopner, Inspector Ruben Mares, Individually, Inspector Sam Gutierrez, Individually their agents, servants, assigns, employees, representatives, and those persons in active concern or participation with them who receive actual notice of this Order by personal service or otherwise.

IT IS FURTHER ORDERED that the clerk shall issue notice to Defendants to appear, and they are HEREBY ORDERED TO APPEAR in person, before this Court on the _____day of _____, 2000 At ___ _____ o'clock ___.m., and ARE ORDERED TO PRODUCE at such hearing the original notices of the hearings when Plaintiff was notified to appear and taking the inventory of the property taken. The purpose of the hearing herein.

IT IS FURTHER ORDERED that any person 18 years of age or older who is not a party to or interested in the outcome of this suit may serve any citation, notice or process in this cause.

IT IS FURTHER ORDERED that an personal surety bond may be utilized to satisfy the bond requirement hereinabove

SIGNED FOR ENTRY this the _____day of _____, 2000.


_____
JUDGE PRESIDING

10/20/00
This TRO & Injunction
not approved for
setting by Judge
Ernesti.
File                    SOliv

CAUSE NO. 2000-10-4240

FILED 2:30 O'CLOCK P.M
AURORA DE LA GARZA DIST. CLERK

OCT 13 2000

DISTRICT COURT OF CAMERON CO. TEXAS

Rosie Sotelo

| | | |
|---|---|---|
| John Roberts, | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| VS. | § | |
| | § | |
| **CITY OF HARLINGEN, CAMERON** | § | |
| **COUNTY, TEXAS** | § | |
| **CONNIE DE LA GARZA, INDIVIDUALLY** | § | 101th JUDICIAL DISTRICT |
| **CHIEF OF POLICE MICHAEL BLAKE, INDIVIDUALLY** | § | |
| **ACTING CITY MANAGER ROY RODRIGUEZ, INDIVIDUALLY** | § | |
| **INSPECTOR DAN SERNA, INDIVIDUALLY** | § | |
| **LT. JIM SCHEOPNER, INDIVIDUALLY** | § | **CAMERON COUNTY, TEXAS** |
| **INSPECTOR RUBEN MARES, INDIVIDUALLY** | § | |
| **INSPECTOR SAM GUTIERREZ, INDIVIDUALLY** | § | |
| **Defendants** | § | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ORIGINAL PETITION AND APPLICATION FOR
## TEMPORARY RESTRAINING ORDER
## AND INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, John Roberts, Plaintiff, and files this, his Original Petition alleging Wrongful acquisition of personal property, and requesting Temporary Restraining Order relief and Injunctive Relief and as grounds therefore would show unto the Court as follows:

### I.

This is a level 3 lawsuit for discovery. Plaintiff is an individual residing and doing business in Cameron County, Texas. Defendant, the City of Harlingen, Cameron County, Texas (hereinafter referred to as Defendant City or County) is incorporated, duly formed and existing under the laws of the State of Texas and may be served with process by serving its Mayor, Connie de la Garza, at its principal place of business located at City Hall, Harlingen, Cameron County, 78550.

Defendant, Connie de la Garza, individually is an individual residing and employed in Cameron County Texas and may be served with process by serving him at his place of business located at Harlingen City Hall 118 E. Tyler St. Harlingen, Texas 78550. Defendant, Chief of Police Michael Blake, Individually, is an individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen Police Station 1102 S. Commerce St. Harlingen, Texas 78550. Defendant, Acting City Manager Roy Rodriguez, Individually, is an individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen City Hall 118 E. Tyler St. Harlingen, Texas 78550. Defendant, Inspector Dan Serna, Individually is an individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen Municipal Building 502 E. Tyler St. Harlingen, Texas 78550. Defendant, Lt. Jim Scheopner, Individually, is an individual residing and employed in Cameron County, Texas and may be served with process by serving

1

him at his place of business located at Harlingen Police Station 1102 S. Commerce St. Harlingen, Texas 78550  Defendant Inspector Ruben Mares, Individually is an individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen Municipal Building 502 E. Tyler St. Harlingen, Texas 78550, Defendant Inspector Sam Gutierrez, Individually is an individual residing and employed in Cameron County, Texas and may be served with process by serving him at his place of business located at Harlingen Municipal Building 502 E. Tyler St. Harlingen, Texas 78550.

At all times Defendants acted through themselves and/or by and through their employees, agents and servants, who were acting in the scope and course of their employment with Defendant City and in furtherance of the business of Defendant City. The use of the term Defendant includes all Defendants individually and severally, and through their agents, servants, and/or employees.

Plaintiff requests the Court approve service of process by any person 18 years of age or older who is not a party to or interested in the outcome of this suit may serve any citation notice or process in this cause.

## II.

This is a suit to enjoin and restrain a wrongful seizure under color of law and are seizing property without due process as guaranteed by the State Institution and the statutes of the State of Texas.

## III.

The place which is being targeted by the City is Plaintiff's place of business homestead, (Hereinafter, referred to as "premises"). It is located at the following place:

1726 N. Commerce

Harlingen, Texas 78550

Cameron County, Texas

The property taken by Defendant City is too voluminous to include in this lawsuit, therefore, Plaintiff has prepared a general inventory of the items, although not an exhausting list, enough to show the court the value of what was taken and is being taken.  (Exhibit A is a list of the items taken, but not limited to what has been actually taken, and is incorporated by reference as if fully copied herein).  Hereinafter, the subject matter of this lawsuit shall be referred to as "Property".

## IV.

### Facts

Plaintiff is the owner of personal property located at the premises on 1726 N. Commerce Harlingen, Texas 78550.  Said premises are leased from the owner of the premises by Plaintiff.  Plaintiff buys and sells hard to find items and deals with antiques.

Plaintiff suffered a fire in his building and has lost all of his records. However, the City of Harlingen, and defendants herein, have begun to remove all of his property from the premises. It is understandable if the Defendants and City were attempting to remove the burned building. However, Defendants are taking all the property. Plaintiff has not been told as to the whereabouts nor the future of the property.

Defendants took the property and are taking the property without notice. All to Plaintiff's damage.

## V.

### Causes of Action

Plaintiff brings his causes of action under trespass, theft, negligence in keeping the property for the return of the property, negligence per se, and Defendants using their powers under color of law by abusing their power.

Defendants have violated the Texas Penal Code on the theft and pursuant to the Texas Transportation Code §§683.001 et seq. (§683.071) and §§684.001 et seq.

The Defendants violated their duty under §683.077 of the Texas Transportation Code.

## VI.

### Damages

The actual damages suffered by Plaintiff are not less than $500,000.00.

However, there were many antique vehicles and antique parts that Plaintiff will be irreparably harmed in that those may not be replaced. Some of those vehicles were not inventory to be sold but kept as show pieces.

## VII.

Despite Plaintiff's protestations to Defendants that there was no fault in the plaintiff's obligations sufficient to justify seizures, Defendants threaten to, and unless restrained, will sell or cause plaintiff's property to be sold. Plaintiff will suffer irreparable harm unless the seizures are restrained and enjoined. The disposition of the property will deprive Plaintiff of the use of enjoyment of the property  Additionally, plaintiff will lose the right to sell the property at some future date and will not obtain full benefit of the appreciated value.

## VIII.

Plaintiff will show that there is no remedy at law that is clear and adequate to protect plaintiff's property interest against such wrongful foreclosure. This request for injunctive relief is so that justice may be done,

3

not merely for delay. Plaintiff has performed all conditions precedent and is ready, willing and able to perform each and every obligation imposed by law and to perform such equitable acts as the Court deems necessary, provided Defendants can return all property or pay for the value of the property.

WHEREFORE, PREMISES CONSIDERED Plaintiff respectfully requests:

1.  That Defendant is cited to appear and answer herein.

2.  A temporary restraining order ex parte, be issued without notice to Defendants, restraining Defendants, their agents, servants, and employees, from directly or indirectly disposing, destroying, selling or attempting to sell the property the subject of this suit.

3.  Defendants be cited to appear and show cause, and that upon such hearing, a temporary injunction be issued enjoining Defendants, their agents, servants, and employees, from directly or indirectly selling or attempting to sell the property, and

4.  The Court Order Defendants to produce at the Temporary Injunction hearing the original property removed from Plaintiff's premises and

5.  The Court declare that no default exists in plaintiff's obligations to Defendant City arising out of the property Plaintiff kept for his business concern described in this petition and

6.  Plaintiff have costs of suit;

7.  Plaintiff recovers and be awarded damages in excess of $500,000.00 and pre and post judgment interest and

8.  Plaintiff be awarded such other and further relief to which he may be justly or otherwise entitled.

9.  That the Court Order Defendants to return all items in the state in which Defendants found these items;

10. Order a bond of not over $100.00.

Respectfully Submitted,

_John Ocie Roberts_
John Ocie Roberts
1726 N. Commerce
Harlingen, Texas 78550

ID# 60439401
95: 797-0057

**VERIFICATION**

I do hereby certify that I have read the above and foregoing and that it is true and correct and within my personal knowledge.

_John Roberts_
John Roberts

## AFFIDAVIT IN SUPPORT OF TRO

**STATE OF TEXAS§**

**COUNTY OF CAMERON§**           **KNOW ALL MEN BY THESE PRESENTS:**

On this the _12th_ day of _OCTOBER_ 2000, personally appeared before me, the undersigned authority, John Roberts, who after being by me duly sworn, under oath, according to law, did depose and state as follows:

"My name is John Roberts and I am over the age of 18 and am competent to execute this affidavit based upon personal knowledge of the facts."

My business is located on 1726 N. Commerce. The City of Harlingen is taking my property and I have never received notice of the seizure – I have complained to the city to no avail.

I have never received a notice or an opportunity to cure the "alleged" default as required by the laws of the State of Texas, when the property sought to be seized and is being seized upon is my business inventory.

I am requesting the Court give me a TRO to restrain this unlawful seizure of my property. I am also asking the Court to consider a nominal bond amount, since the property is my business homestead and also because Defendant City does not really stand to lose anything. Additionally, in support of my request for a nominal bond I would point out that the City can correct their error in a relatively short period of time and their prospective losses would therefore be minimal, if any by returning the property.

If the Court does not intervene, I will be irreparably harmed; there is no adequate remedy at law. Further affiant sayeth not.

_John Oais Robert_
John Roberts

SWORN TO AND SUBSCRIBED before me this _12th_ day of October 2000.

**JULIE A. BARNETT**
Notary Public, State of Texas
My Commission Expires
**December 23, 2002**

_Julie A. Barnett_
Notary Public -- In and For the
State of Texas

EXHIBIT "A"

**BUSINESS/PRIVATE PROPERTY REMOVED FROM BEHIND LAWFULLY LOCKED GATES, LAWFULLY POSTED SIGNS AND LAWFULLY POSTED PURPLE PAINTED POSTS - 1726 NORTH COMMERCE STREET, HARLINGEN, CAMERON COUNTY, TEXAS**

1966 INTERNATIOINAL BUS
1974 DODGE BOX VAN
1974 FORD WENCHTRUCK
1962 FALCON STATION WAGON
1949 CHEVY CABOVER WENCHTRUCK
1974 FORD CAR CARRIER
1972 TOYOTA PICKUP
1978 PLYMOTH
1963 FORD T-BIRD
1969 BUICK
1950 STUDEBAKER PICKUP
1948 DODGE TRUCK WITH LOADER FRAME
1862 CHURCH BELL VALUE $12,000.00 u.S
15 FISHNETS ( HOOPNETS)
35 TRUCK (SEMI) TIRES
1200 POUNDS OF ALUMINIUM
2000 POUNDS OF COPPER WIRE
2 METAL FARM GATES(12-FOOT)
5 WIRE GATES
19 ANTIQUE IRON FARM MACHINERY  WHEELS

CSMPDF - www.fesisc.com

1. 4 LIGHT PLANTS          3500.00
2. 7 TRAILERS              7500.00
3. 1 TANK PROTOTYPE TRAILER  10,000.00
4. 2 HIGHRISE RIG          20,000.00
   1 ELEV UP MACHINES
5. 2 BOATS AND TRAILER     1500.00
6. 1 CADILLAC Cowboy Pickup  3500.00
7. 3 HIGH VOLASI VOLUME
      BLOWERS              17,000.00
8. 1 FLECO FELLER BUNTCHER  19,000.00
9. 1 FLECO BRUSH RAKE       19,000.00
10. Misc. FARM EQUIPMENT     2,500.00
11. TRUCK WINCH BED
       COMPLETE             3,500.00
12. STEAM CLEANER           1,200.00
13. ONAN AIR COOL DIESEL ENG.  2400.00
14. 2 TOYOTA DIESEL ENGINS  1200.00
15. Misc. ENGINES GAS       1500.00
16. 1964 MALIBU CHEV.       3500.00
17. 1946 FORD CAR           3500.00
18. 1964 CHEV, Pick up      2500.00
19. 1979 DODGE Pickup        800.00
20. 12 ANTIQUE BATHTUBS     3600.00
21. LAWN MOWERS + PARTS     1200.00
22. 1 WALKIN COOLER          800.00
23. PORTABLE CAR SPRAYER     500.00
24. PORTABLE ACOUSTIC SPRAYER  750.00
25. 1 HYD LIFT               350.00
26. 1 FRONT END LIFT        1200.—
27. 105 STEEL FORKLIFT RACKS  21,000.00
28. 1 TILT BED FLOAT TRAILER  3,500.00
29. 10 WIRE FORKLIFT BASKETS  2,000.00
30. 5 CYCLONE FENCE GATES    400.00

CutePDF - www.testia.com

**PLEASE PREPARE**

Cause Number: 2000-10-4240 A

Folder/Docket Sheet/F&D-S/Other: _____   Confidential: _____

"Stickers": _____   Category: ____'s Motion  10   Children: _____ $ 14.00

Atty ID No: 604394.01   Issues: _____   Shf/Atty/CM   $ 62.

Cit/Prec/Writ _____   Issues: _____   Shf/Atty/CM

Cit/Prec/Writ _____   Cert. Mail $ $4.00   Reg. Mail $ _____

Postage Fee on Service issued: Cert. Mail $ $4.00   Other: _____

Paid on: 10/13/00

Date Bond Approved  1100+00   Paid on: _____   By ___ - ___ John Roberts

Deposit $ 82.00   Paid on: _____   By ___ Pro-se

Deposit $ _____   By Rosie Lotula

Jury _____   Return to: _____

10/13/00  $834.30 Court

## NO. 2000-10-4247-A

| | | |
|---|---|---|
| JOHN ROBERTS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS | * | CAMERON COUNTY, TEXAS |
| | * | |
| CITY OF HARLINGEN, ET AL | * | 107ᵀᴴ JUDICIAL DISTRICT |

### NOTICE OF REMOVAL TO FEDERAL COURT

May it Please the Court:

In accordance with 28 U.S.C. §1446(b), the CITY OF HARLINGEN, TEXAS, and MAYOR CONNIE DE LA GARZA, CITY MANAGER ROY RODRIGUEZ, POLICE CHIEF MICHAEL BLAKE, LT. JIM SCHEOPNER, INSPECTOR DAN SERNA, INSPECTOR RUBEN MARES, and INSPECTOR SAM GUTIERREZ, in their Individual and Official capacities, (hereafter "CITY DEFENDANTS") give Notice of Removal of the above styled and numbered cause from the 107th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas - Brownsville Division.

SIGNED on this 1st day of March, 2001.

Respectfully submitted,

EXHIBIT " C "