4

```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF TEXAS
           BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
FILED

JUL 0 6 2001

Michael N. Milby
Clerk of Court

JOHN OCIE ROBERTS §
    Plaintiff §
  §
vs. §
  §
CITY OF HARLINGEN, TEXAS, ET AL §   Cause No.: B-01-34
    Defendants §

```
        JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE
```

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The Parties met by telephone on Friday, June 15, 2001. Plaintiff appeared through counsel Hugo Xavier de los Santos. Attorneys Ricardo J. Navarro and Mauro F. Ruiz appeared for CITY DEFENDANTS.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Briefly describe what this case is about.

   Plaintiff's primary claim is that the CITY OF HARLINGEN took Plaintiff's property without due process of law, Plaintiff's consent and/or payment therefore. Plaintiff asserts additional state-law based claims, however, Plaintiff may amend his petition by August 1, 2001.

4. Specify the allegation of federal jurisdiction.

   Federal Questions 28 U.S.C. § 1331.
   14th Amendment U.S. Constitution.
   28 U.S.C. § 1343(3).

Joint Discovery/Case Management Plan          Page 1

5.  **Name the parties who disagree and the reasons.**

    None.

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.**

    Plaintiff, upon further discovery, may join additional parties at a later time, but by no later than October 10, 2001.

7.  **List anticipated interventions.**

    None.

8.  **Describe class-action issues.**

    None.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The parties anticipate making their initial disclosures by July 10, 2001.

10. **Describe the proposed agreed discovery plan, including:**

    A.  Responses to all the matters raised in Rule 26(f).

        With respect to Rule 26(f)(1), See response to No. 9.

        With respect to Rule 26(f)(2), Plaintiff and Defendants will conduct discovery based upon claims made and defenses asserted in this lawsuit. Plaintiff and Defendants anticipate discovery will be completed within 270 days (April 10th, 2002) from the scheduled pre-trial conference of July 10, 2001.

        With respect to Rule 26(f)(3), no changes needed at this time, subject to the arrangements of the parties.

    With respect to Rule 26(f)(4), none at this time.

B. Plaintiff anticipates sending a first set of written discovery, consisting of Request for Admissions, Interrogatories, and Request for Document Production, to Defendants no later than Friday, August 31, 2001.

C. When and to whom the defendant anticipates it may send interrogatories.

    Defendants anticipate sending a first set of written discovery, consisting of Request for Admissions, Interrogatories, and Request for Document Production, to Plaintiff no later than Friday, August 31, 2001.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

    Plaintiff anticipates taking oral depositions of the individual defendants and the corporate municipality, by no later than Monday, November 5, 2001.

    Plaintiff anticipates that he may need to take additional depositions of witnesses who may surface as discovery progresses.

    Plaintiff will take these depositions at a time convenient to both Plaintiff's and Defendants' counsel.

E. Of whom and by when the defendant anticipates taking oral depositions.

    City Defendants anticipate the need to take the deposition of Plaintiff by no later than November 5, 2001.

    City Defendants will take this deposition, and any other additional depositions as need arise, at a time convenient to both Plaintiff's and Defendants' counsel.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

       Plaintiff anticipates designating its expert and providing a report by Friday, November 30, 2001. City Defendants anticipate designating their responsive expert(s) as soon as practicable after Plaintiff's expert designation and production of Plaintiff's expert's report but no later than 30 days thereafter.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

       Plaintiff will depose any expert designated as soon as practicable after City Defendants' designation and production of expert report(s).

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

       Defendants anticipate taking the deposition of any expert designated by the Plaintiff as soon as practicable after such designation and receipt of Plaintiff's expert reports.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposal of each party.**

As mentioned above, the parties do not anticipate any disagreements regarding the proposed discovery plan.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

No formal discovery exchanged to date.

**13. State the date the planned discovery can reasonably be completed.**

Parties expect discovery to be completed within 270 (April 10, 2002) days from the initial pre-trial scheduling conference.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties will discuss mediation following preliminary discovery. At this time, the parties are in no position to initiate settlement negotiations.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have not agreed to resolve this matter at this time. Only after discovery is exchanged and depositions of the relevant parties and witnesses are taken will the parties will be in a position to approach potential settlement of this matter. Until then, the parties are in no position to initiate settlement negotiations.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The parties assert mediation is a possibility after full discovery.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on trial before a magistrate judge.**

    The parties do not agree to a Magistrate Court at this time.

18. **State whether a jury demand has been made and if it was made on time.**

    At this time, Plaintiff has made a timely jury demand as per his state court petition.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The Parties believe it will take 3 to 5 days.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time.

21. **List other motions pending.**

    None at this time.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None at this time.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    The Parties intend to file their respective Certificate of Interested Parties by Friday, July 13th, 2001.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

*[Signature: Hugo X De Los Santos by permission]*       7/6/01

**Counsel for Plaintiff**      **Date**
Hugo Xavier de los Santos
State Bar No. 05653300
So. Dist. I.D. No. 11259
6800 Park Ten Boulevard, Suite 123 N
San Antonio, Texas 78213
(210) 736-4227
(210) 737-1556 (Fax)

_____      7/6/01
**Counsel for City Defendants**     Date
Mr. Ricardo J. Navarro
State Bar No. 14829100
So. Dist. I.D. No. 5953
Mr. Mauro F. Ruiz
State Bar No. 24007960
So. Dist I.D. No. 23774
DENTON & NAVARRO
222 E. Van Buren #405
Harlingen, Texas 78550
956/421-4904 (general)
956/421-3621 (fax)

## CERTIFICATE OF SERVICE

    I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the  6th  day of July, 2001.

Mr. Hugo X. De Los Santos
6800 Park Ten Boulevard, Suite 123 N.
San Antonio, Texas 78213
**By Fax and CMRR No. 7000 1670 0013 4633 9433**

_____
RICARDO J. NAVARRO
MAURO F. RUIZ

R:Roberts\r26f