7

United States District Court
Southern District of Texas
FILED

JUL 2 6 2001

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | Civil Action |
| Plaintiff | § | |
| | § | |
| **v.** | § | No. B-001-34 |
| | § | |
| CITY OF HARLINGEN, CAMERON COUNTY, TEXAS, | § | |
| CONNIE DE LA GARZA, INDIVIDUALLY, | § | |
| CHIEF OF POLICE MICHAEL BLAKE, | § | |
| INDIVIDUALLY, ACTING CITY MANAGER | § | |
| ROY RODRIGUEZ, INDIVIDUALLY, | § | |
| INSPECTOR DAN SERNA, INDIVIDUALLY, | § | |
| LT. JIM SCHEOPNER, INDIVIDUALLY, | § | |
| INSPECTOR RUBEN MARES, INDIVIDUALLY, | § | |
| INSPECTOR SAM GUTIERREZ, INDIVIDUALLY, | § | |
| LA FERIA WRECKER SERVICE, | § | |
| DOUBLE  A WRECKER CO., | § | |
| T & T TOWING SERVICE, | § | |
| T AND T WRECKER SERVICE, | § | |
| TIM WILKINSON IRON & METAL INC., | § | |
| Defendants | § | JURY |

## PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

1.     COMES NOW, JOHN OCIE ROBERTS, Plaintiff in the above numbered and entitled action, and complains of CITY OF HARLINGEN, CAMERON COUNTY, TEXAS, CONNIE DE LA GARZA, INDIVIDUALLY, CHIEF OF POLICE MICHAEL BLAKE, INDIVIDUALLY, ACTING CITY MANAGER ROY RODRIGUEZ, INDIVIDUALLY, INSPECTOR DAN SERNA, INDIVIDUALLY, LT. JIM SCHEOPNER, INDIVIDUALLY, INSPECTOR RUBEN MARES, INDIVIDUALLY, INSPECTOR SAM GUTIERREZ, INDIVIDUALLY, LA FERIA WRECKER SERVICE, DOUBLE  A WRECKER CO., T & T TOWING SERVICE, T AND T WRECKER SERVICE, TIM WILKINSON IRON & METAL INC.,

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT    Case No. B-001-34**

Defendants in the above numbered and entitled action, and for cause(s) of action would show as follows:

## THE PARTIES

2.    Plaintiff John Ocie Roberts [hereinafter sometimes referred to as "MS. John Ocie Roberts"] is an individual residing and doing business in Cameron County, Texas.

3.    Defendant CITY OF HARLINGEN, CAMERON COUNTY, TEXAS (hereinafter sometimes referred to as Defendant City or County) is incorporated, duly formed and existing under the laws of the State of Texas and may be served with process by serving its Mayor.  No service of process is required on said defendant, for said defendant has appeared herein and has made a general appearance in this action for all purposes, and service of this amended petition may be and has been accomplished pursuant to Rule 5 of the Federal Rules of Civil Procedure.

4.    Defendant CONNIE DE LA GARZA, INDIVIDUALLY, is an individual who may served with process at her place of employment located at the Harlingen City Hall, 118 E. Tyler, in Harlingen, Cameron County, Texas, 78550.  No service of process is required on said defendant, for said defendant has appeared herein and has made a general appearance in this action for all purposes, and service of this amended petition may be and has been accomplished pursuant to Rule 5 of the Federal Rules of Civil Procedure.

5.    Defendant CHIEF OF POLICE MICHAEL BLAKE, INDIVIDUALLY, is an individual residing and employed in Cameron County, Texas and may be served with process by serving said defendant at his place of employment located at the Harlingen Police Station, 1102 S. Commerce St., in Harlingen, Cameron County, Texas, 78550.  No service of process is required on said defendant, for said defendant has appeared herein and has made a general appearance in this action for all purposes, and

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT    Case No. B-001-34**

service of this amended petition may be and has been accomplished pursuant to Rule 5 of the Federal Rules of Civil Procedure.

6.    Defendant ACTING CITY MANAGER ROY RODRIGUEZ, INDIVIDUALLY, is an individual residing and employed in Cameron County, Texas, and may be served with process by serving said defendant at his place of employment located at Harlingen City Hall, at 118 E. Tyler Street, in Harlingen, Cameron County, Texas, 78550. No service of process is required on said defendant, for said defendant has appeared herein and has made a general appearance in this action for all purposes, and service of this amended petition may be and has been accomplished pursuant to Rule 5 of the Federal Rules of Civil Procedure.

7.    Defendant INSPECTOR DAN SERNA, INDIVIDUALLY, is an individual residing and employed in Cameron County, Texas, and may be served with process by serving said defendant at his place of employment located at the Harlingen Municipal Building, at 502 E. Tyler Street, in Harlingen, Cameron County, Texas, 78550. No service of process is required on said defendant, for said defendant has appeared herein and has made a general appearance in this action for all purposes, and service of this amended petition may be and has been accomplished pursuant to Rule 5 of the Federal Rules of Civil Procedure.

8.    Defendant LT. JIM SCHEOPNER, INDIVIDUALLY, is an individual residing and employed in Cameron County, Texas, and may be served with  process by serving said defendant at his place of employment located at the Harlingen Police Station, at 1102 S. Commerce Street, in Harlingen, Texas, 78550. No service of process is required on said defendant, for said defendant has appeared herein and has made a general appearance in this action for all purposes, and service of this amended petition may be and has been accomplished pursuant to Rule 5 of the Federal Rules of Civil Procedure.

9.     Defendant INSPECTOR RUBEN MARES, INDIVIDUALLY, is an individual residing and employed in Cameron County, Texas, and may be served with process by serving said defendant at his place of employment located at the Harlingen Municipal Building, at 502 E. Tyler Street, in Harlingen, Cameron, County, Texas, 78550.  No service of process is required on said defendant, for said defendant has appeared herein and has made a general appearance in this action for all purposes, and service of this amended petition may be and has been accomplished pursuant to Rule 5 of the Federal Rules of Civil Procedure.

10.     Defendant INSPECTOR SAM GUTIERREZ, INDIVIDUALLY, is an individual residing and employed in Cameron County, Texas, and may be served with process by serving said defendant at his place of employment located at the Harlingen Municipal Building, at 502 E. Tyler Street, in Harlingen, Cameron County, Texas, 78550.  No service of process is required on said defendant, for said defendant has appeared herein and has made a general appearance in this action for all purposes, and service of this amended petition may be and has been accomplished pursuant to Rule 5 of the Federal Rules of Civil Procedure.11.    At all times, Defendant, the City of Harlingen, acted through its employees, servant and/or agents and all the acts done by said Defendants. the employees, servants and/or agents, were acting with Defendant City, and in furtherance of the business and benefit to the City.

12.     Defendant LA FERIA WRECKER SERVICE is a business entity in Cameron County, Texas, and may be served by serving Harold Waite at his place of business, P.O. Box 1131, Mercedes, Texas 78570, at Hwy 506 1/4 Mile North of Tio Cano Rd, or wherever he may be found.  Said defendant has heretofore been served with citation and a copy of the plaintiff's petition, and the said defendant has failed to file an answer in this action and has therefore defaulted.  No new allegations are made herein against said defendant.  Accordingly, no service of process of this amended

petition is necessary at this time.  Plaintiff intends to file a motion for the court's entry of a default judgment against the said defendant.

13.     Defendant DOUBLE  A WRECKER CO. is a business entity in Cameron County, Texas at 501 W. Jackson St., Harlingen, Texas 78550, and may be sewed by serving Tony Garcia at 101 West Harrison St., Harlingen, Texas 78550, or wherever he may be found.  Said defendant has heretofore been served with citation and a copy of the plaintiff's petition, and the said defendant has failed to file an answer in this action and has therefore defaulted.  No new allegations are made herein against said defendant.  Accordingly, no service of process of this amended petition is necessary at this time.  Plaintiff intends to file a motion for the court's entry of a default judgment against the said defendant.

14.     Defendant T & T TOWING SERVICE is a business entity in Cameron County, Texas, with its principal place of business located at 101 West Harrison St., Harlingen, Texas 78550, and may be served by serving Tony Garcia at the aforesaid address or wherever he may be found.  Said defendant has heretofore been served with citation and a copy of the plaintiff's petition, and the said defendant has failed to file an answer in this action and has therefore defaulted.  No new allegations are made herein against said defendant.  Accordingly, no service of process of this amended petition is necessary at this time.  Plaintiff intends to file a motion for the court's entry of a default judgment against the said defendant.

15.     T AND T WRECKER SERVICE is a business entity in Cameron County, Texas, with its principal place of business located at 1222-1/2  E. Filmore, Harlingen, Texas 78570, and may be served by serving Tony Garcia at 101 West Harrison St., Harlingen, Texas 78550.  Said defendant has heretofore been served with citation and a copy of the plaintiff's petition, and the said defendant has failed to file an answer in this action and has therefore defaulted.  No new allegations are made herein against said

defendant.  Accordingly, no service of process of this amended petition is necessary at this time.  Plaintiff intends to file a motion for the court's entry of a default judgment against the said defendant.

16.     TIM WILKINSON IRON & METAL INC. is a business entity in Cameron County, Texas and may be served by serving Jim Wilkinson at 3145 E. 14th St., Brownsville, Cameron County, Texas, or wherever he may be found.  Said defendant has heretofore been served with citation and a copy of the plaintiff's petition, and the said defendant has failed to file an answer in this action and has therefore defaulted. No new allegations are made herein against said defendant.  Accordingly, no service of process of this amended petition is necessary at this time.   Plaintiff intends to file a motion for the court's entry of a default judgment against the said defendant.

17.     The use of the term Defendant includes all Defendants, individually and severally, and acting for and through each other.  The defendants are jointly and severally liable to the plaintiff.

### Jurisdiction and Venue

18.     The court has jurisdiction over the lawsuit because this action arises under, *inter alia*, the United States Constitution, Article XIV, since the defendant CITY OF HARLINGEN has deprived plaintiff of his property without due process of law.  The court has pendant jurisdiction over the state law claims asserted by the plaintiff, and/or the court has supplemental jurisdiction under 28 U.S.C. §1367 over plaintiff's claims against defendants because the claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

19.     Venue is proper in that all causes of action accrued in this county and all parties reside in this county.

PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT     Case No. B-001-34

## Facts

20.     At all times material, Plaintiff was the owner of personal property located on the premises at 1726 North Commerce Street, in Harlingen, Cameron County, Texas.  Said premises were then being leased by Plaintiff with an option to buy from the owner of the premises.  Plaintiff has a permit to operate a business and is registered with the Comptroller's Office for the State of Texas.

21.     The City of Harlingen, Defendant herein, regularly inspected plaintiff's place of business.  This place of business was for the purposes of buying and selling antiques and "hard- to-find" items.  A large fence existed in the front of the property in order to keep up with the requirements of the city ordinance encouraging the beautification of the City of Harlingen, Texas.  At most, Plaintiff had been advised to mow the grass shorter than customary, and Plaintiff accordingly complied with these requests.

22.     Unexpectedly, the building part of the premises burned down. The City of Harlingen roped it off for further investigation; however, the City of Harlingen, through its agents, employees and/or servants, began to "clean-up" the building. Although merchandise inside the building was taken, without plaintiff's consent, by the City of Harlingen, the burned building remained upright and untouched.

23.     On or about the first part of May, 2000,  the City of Harlingen, without notice to Plaintiff, and without the plaintiff's consent, began to take and convert personal property from the yard part of the premises.  Plaintiff complained by filing a letter to the City of Harlingen, spoke with the police chief and other officials only to be scoffed at and mocked.  Plaintiff was never granted a hearing and the City continued to take Plaintiff's inventory, leaving only a minimal amount of personal property.

24.     To this day, Defendants have failed to inform Plaintiff where Plaintiff's property is located and have further failed to inform Plaintiff under what authority, statutory or otherwise, Defendants acted upon, allowing defendants the right with

which to take Plaintiff's property.

25.    Although Plaintiff has requested a public hearing on this matter, Plaintiff has not been given a hearing. From the time the City began to pack up Plaintiffs property, the City has continued to pick up and take items from the premises until there was no inventory left. The last items were picked up, taken and converted by defendants on or about December 15, 2000.

26.    Plaintiff suffered a fire to this building and has lost all of his records. However, the City and Defendants had begun to remove all of Plaintiff's property from the premises, with the exception of Plaintiff's burned property.

27.    At this time, Plaintiff has no knowledge if his property was taken under the law or for the benefit of each individual Defendant.

28.    The location of the property targeted by Defendant City  is Plaintiff's place of business homestead [hereinafter referred to as the "Premises"], which Premises are located 1726 North Commerce Street, in Harlingen, Cameron County, Texas 78550.

29.    The actual list of personal property taken by Defendants is voluminous. Plaintiff has prepared a general inventory of some of these items, included herein by reference. See Exhibit "A", which is attached to Plaintiff's Second Amended Original Petition, which is on file with the documents and papers in this case. The Court is respectfully requested to take judicial notice of same.

30.    The wrecker companies are those business entities which actually picked up these items of personalty belonging to plaintiff from the Premises, all without proper notice to the Plaintiff and without the Plaintiff's effective consent. The junkyard defendant is the one which received the items and has apparently disposed of and converted Plaintiff's items, all pursuant to the conspiracy existing by and among the defendants.

31.    The Defendants in combination with each other conspired to unlawfully deprive plaintiff of his property rights, to convert same, to tortiously interfere with Plaintiff's businesses and/or business relationships, and the defendants engaged in at least one unlawful, overt act in furtherance of the conspiracy and thereby did cause Plaintiff to suffer and sustain actual damages, for which he now sues.

## CAUSES OF ACTION

32.    All conditions precedent have been performed or have occurred.

33.    Plaintiff brings this cause of action pursuant to, *inter alia*, the Texas Tort Claims Act, Section 101.001, *et. seq.*    Also, the City of Harlingen took property without just compensation against the mandates of the Texas Constitution, and Defendants took Plaintiff's property without due process, particularly on the enumerated acts that said act waives sovereign immunity.

34.    Plaintiff asserts causes of action under trespass, conversion, theft, negligence in the manner in which Defendants took Plaintiff's property and for the manner the Defendants kept the property and in the manner the property was not returned to Plaintiff, negligence per se, and Defendants usurped and abused their power under color of law.  The defendants' actions were against the Penal Code on theft and abuse of power, and pursuant to the Transportation Code, sections 683.001 (.071), *et. seq.*, and 684.001, *et. seq.*, and they violated their duty under section 683.077 of said code.

35.    Conspiracy.  The conduct of the Defendants described in this complaint constitutes an actionable civil conspiracy.  Massey v. Armco Steel Company, 652 S.W.2d 932, 934 (Tex. 1983).  Plaintiff therefore brings this case seeking damages arising as a direct and proximate result of the defendants' conspiracy.

36.    Negligence.  Defendant CITY has been negligent in the following manner and particulars:

a.    in supervising city employees and police officers;

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT     Case No. B-001-34**

b.      in supervising wrecker service givers;

c.      in not firing people wino are prone to steal;

d.      in knowing where the property taken is located;

e.      In not informing Plaintiff of whereabouts of property taken;

f.      In selling property not belonging to the City;

g.      In not giving an accounting to Plaintiff of proceeds;

h.      In walking into and onto the Premises and taking property illegally;

Each of these acts and omissions, singularly or in combination with the others set forth above, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's damages.

37.     <u>Negligence per se</u>.  By violating the Texas Penal Code, defendants are negligent *per se*, and such negligence *per se* was a proximate cause of the occurrence and/or damages in question.

38.     By violating the rights of Plaintiff in taking property without notice and in particular by depriving plaintiff of property without due process of law, defendant CITY was negligent *per se*, and such negligence *per se* was a proximate cause of the occurrence and/or damages in question.

39.     <u>Gross Negligence.</u>  Furthermore, the acts and/or omissions of the Defendant(s) alleged herein constitute gross negligence and that same was done or failed to be done in a manner which demonstrated heedless and reckless disregard for the rights, welfare and/or safety of others, including, without limitation, the plaintiff's property rights.

40.     <u>Conversion</u>.  Plaintiff was the owner and in possession of certain personalty, including, *inter alia*, that personalty itemized and listed and set forth in Exhibit "A" attached to Plaintiff's Second Amended Original Petition which is on file among the papers of this case.  The aforesaid property listed in Exhibit "A" had a value in

---

excess of TWO HUNDRED NINETY-TWO THOUSAND THREE HUNDRED EIGHTY DOLLARS ($292,380.00).

41.   The Plaintiffs said property was taken and carried away by the defendants without their paying for it.

42.   On various days as stated hereinabove, defendants took and carried away plaintiff's said personal property and converted and disposed of it to defendants' own use, on which sum plaintiff seeks interest at the maximum legal rate from the respective date(s) of conversion.

43.   The taking and conversion of this personal property by defendants was done intentionally, wantonly, willfully and maliciously, with a reckless disregard for plaintiff's rights in said property.

44.   Plaintiff is entitled, by virtue of defendants' malicious acts, to exemplary damages in such amount as the trier of fact deems appropriate.

45.   Plaintiff also suffered damages due to the loss of the said property.  Interest alone on the value of the said property of plaintiff converted by defendants will not fully compensate plaintiff because the replacement cost and rentals of comparable property is far greater than the interest.  Moreover, many of the items wrongfully taken and carried away by the defendants were antique vehicles and antique parts that replacement for is either virtually impossible or extremely expensive such that the interest would not fairly compensate the plaintiff for the loss of the these irreplaceable items.

46.   Trespass.  The police and City employees broke the locks at the Premises without any judicial statutory or ordinance authority.  They therefore trespassed upon the Premises and they further trespassed against the plaintiff's property rights by taking and carrying away the items of personalty which they in fact took without the plaintiff's effective consent or permission.

47.   Violation of 14th Amendment.  Defendant CITY, and its co-conspirators,

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT     Case No. B-001-34**

or in furtherance of the conspiracy and/or on its own behalf, deprived Plaintiff of the personalty listed in Exhibit "A" and others without due process of law, all in violation of the U.S. Constitution, Article XIV and the Texas Constitution.

48.     The intentional torts are hereby brought against the Defendants individually in the alternative if the City never authorized any action to be taken against the Plaintiff and/or his property and/or the Premises.

49.     Any and all references to the Texas Penal Code are made as a standard of care set up by the State of Texas to be used in the actual cause of action applicable.

50.     The Defendants have apparently sold to junk yards so the City is making money by taking property and then selling it.

51.     Plaintiff sues wrecker service companies and the receiver, Wilkerson for an accounting of Plaintiff's property.

52.     **DAMAGES**.  The actual amount of damages sustained by Plaintiff is a sum in excess of $2,000,000.00.  Furthermore, there were many antique vehicles and antique parts which were stolen in which replacement of these parts would at best be very expensive. Some of the vehicles and property were kept as show pieces rather than inventory.

53.     **PUNITIVE DAMAGES**.  Plaintiff further sues for exemplary or punitive damages.  Plaintiff asserts that the acts and/or omissions of the Defendants alleged herein constitute gross negligence and that same was done or failed to be done in a manner which demonstrated heedless and reckless disregard for the rights, welfare and safety of others.  In the alternative, the intentional acts of the defendants in furtherance of the wrongs they perpetrated upon the plaintiff were done with such malice and/or wanton disregard for the plaintiff's property rights, that the nature of the defendants' actionable conduct entitles plaintiff to recover punitive or exemplary damages. Therefore, Plaintiff sues for punitive or exemplary damages in such amount as the trier

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT     Case No. B-001-34**

of fact determines to be appropriate.

      54.   *JURY DEMAND*.  Plaintiff hereby respectfully demands a trial by jury.

      55.   WHEREFORE, PREMISES CONSIDERED, Plaintiff JOHN OCIE ROBERTS prays, requests and demands that Defendants each be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiff JOHN OCIE ROBERTS have and recover:

1.     Judgment against Defendants, jointly and severally, for Plaintiff's damages as set forth above;

2.     Judgment against Defendants, jointly and severally, for exemplary or punitive damages in an amount within the jurisdictional limits of this honorable court;

3.     interest on said judgment at the legal rate from date of judgment;

4.     prejudgment interest as allowed by law;

5.     costs of court;

6.     that the Defendants be ordered to give Plaintiff an accounting of his property, the subject matter of this lawsuit;

7.     that the Defendants be ordered, in the alternative, to return Plaintiff all of his property; and

8.     such other and further relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

*HUGO XAVIER DE LOS SANTOS*
*Attorney at Law*

Dated:  July 24, 2001

By: _____
    HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
    Texas Bar Identification Number 05653300
    U.S. Southern District Id. No. 11259

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas  78213
(210) 736-4227     FAX# (210) 737-1556

Attorney for JOHN OCIE ROBERTS, Plaintiff

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT     Case No. B-001-34**

CERTIFICATE OF SERVICE

I, HUGO XAVIER DE LOS SANTOS, ESQ., attorney for Plaintiff, hereby certify that I served the defendants CITY OF HARLINGEN, CAMERON COUNTY, TEXAS, CONNIE DE LA GARZA, INDIVIDUALLY, CHIEF OF POLICE MICHAEL BLAKE, INDIVIDUALLY, ACTING CITY MANAGER ROY RODRIGUEZ, INDIVIDUALLY, INSPECTOR DAN SERNA, INDIVIDUALLY, LT. JIM SCHEOPNER, INDIVIDUALLY, INSPECTOR RUBEN MARES, INDIVIDUALLY, INSPECTOR SAM GUTIERREZ, INDIVIDUALLY, with a correct copy of the foregoing Plaintiff's Third Amended Original Complaint in a manner consistent with the FED.R.CIV.P. on July 24, 2001, by serving same on their attorney in charge, Mr. Richard J. Navarro and Mr. Mauro Ruiz, Denton & Navarro, 222 E. Van Buren, #405, Harlingen, Texas 78550.

HUGO XAVIER DE LOS SANTOS

****************************************************************************