

United States District Court
Southern District of Texas
FILED

JUL 3 1 2001

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. B-01-34 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| et al., | § | |
| Defendants | § | |

## CITY DEFENDANTS' FIRST AMENDED ANSWER

_____

May It Please the Court:

NOW COMES the CITY OF HARLINGEN, TEXAS, MAYOR CONNIE DE LA GARZA, CITY MANAGER ROY RODRIGUEZ, POLICE CHIEF MICHAEL BLAKE, LT. JIM SCHEOPNER, INSPECTOR DAN SERNA, INSPECTOR RUBEN MARES, and INSPECTOR SAM GUTIERREZ (hereafter "CITY DEFENDANTS"), in their Individual capacities, in the above-styled and numbered cause, and hereby files this their First Amended Answer to Plaintiff's live pleading in this case, currently Plaintiff's Third Amended Original Complaint.

### I.
### ADMISSIONS & DENIAL

1. With regard to ¶1 of Plaintiff's Third Amended Original Complaint, there are no allegations to admit or deny on behalf of CITY DEFENDANTS.

2. With regard to ¶2 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS do not have information sufficient to

admit or deny any factual allegations in this paragraph.

3.    With regard to ¶¶3-10 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS admit that they have been properly served in this case.  All other matters are denied.

4.    With regard to ¶11 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations and any legal conclusions contained in this paragraph.

5.    With regard to ¶¶12-16 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS do not have information sufficient to admit or deny that other co-defendants have been properly served or even exist as business entities.

6.    With regard to ¶17 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS assert that this paragraph contains a proposition of law.  CITY DEFENDANTS are not required to admit or deny propositions of law.

7.    With regard to ¶18 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS admit that the U.S. District Court has subject matter jurisdiction over this controversy.  CITY DEFENDANTS deny that they have "deprived [P]laintiff of his property without due process of law."

8.    With regard to ¶19 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS admit that venue is proper.

9.    With regard to ¶20 of Plaintiff's Third Amended Original

Complaint, CITY DEFENDANTS do not have information sufficient to admit or deny any factual allegations in this paragraph.

10. With regard to ¶21 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations contained in this paragraph.

11. With regard to ¶22 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations contained in this paragraph.

12. With regard to ¶23 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations contained in this paragraph.

13. With regard to ¶24 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations contained in this paragraph.

14. With regard to ¶25 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations contained in this paragraph.

15. With regard to ¶26 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations contained in this paragraph.

16. With regard to ¶27 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS are unable to admit or deny as to what knowledge Plaintiff may have. However, CITY DEFENDANTS deny that any property was taken for their own individual benefit.

Roberts vs. City of Harlingen: First Amended Answer                    page 3

17.   With  regard  to  ¶28  of  Plaintiff's  Third  Amended  Original
Complaint,  CITY  DEFENDANTS  do  not  have  information  sufficient  to
admit  or  deny  any  factual  allegations  in  this  paragraph.   However,
CITY  DEFENDANTS  deny  "targeting"  Plaintiff's  property.

18.   With  regard  to  ¶29  of  Plaintiff's  Third  Amended  Original
Complaint,  CITY  DEFENDANTS  admit  that  Plaintiff  attached  an
"Exhibit  A"  to  his  Second  Amended  Original  Petition.   CITY
DEFENDANTS  deny  the  truth  or  accuracy  of  such  exhibit;  therefore,
CITY    DEFENDANTS    deny    the    remaining    material    factual
characterizations  contained  in  this  paragraph.

19.   With  regard  to  ¶30  of  Plaintiff's  Third  Amended  Original
Complaint,  CITY  DEFENDANTS  do  not  have  information  sufficient  to
admit  or  deny  any  factual  allegations  in  this  paragraph.   However,
CITY  DEFENDANTS  deny  that  they  were  part  of  any  conspiracy.

20.   With  regard  to  ¶31  of  Plaintiff's  Third  Amended  Original
Complaint,  CITY    DEFENDANTS    deny    the    material    factual
characterizations    and    any    legal    conclusion    contained    in    this
paragraph.

21.   With  regard  to  ¶32  of  Plaintiff's  Third  Amended  Original
Complaint,  CITY  DEFENDANTS  do  not  have  information  sufficient  to
admit  or  deny  whether  Plaintiff  has  met  all  conditions  precedent,
therefore  ¶32  is  denied  at  this  time.

22.   With  regard  to  ¶33  of  Plaintiff's  Third  Amended  Original
Complaint,  CITY  DEFENDANTS  deny  that  Plaintiff  has  a  proper  cause

of action under the Texas Tort Claims Act.  CITY DEFENDANTS deny the remaining material factual characterizations contained in this paragraph.

23.  With regard to ¶34 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations and any legal conclusion contained in this paragraph.

24.  With regard to ¶35 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS assert that this paragraph contains a proposition of law.  CITY DEFENDANTS are not required to admit or deny propositions of law.  To the extent necessary, CITY DEFENDANTS deny the material factual characterizations and any legal conclusion contained in this paragraph.

25.  With regard to ¶¶36-38 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations and any legal conclusions contained in these paragraphs.  CITY DEFENDANTS further deny that the existence of any conduct on their behalf that could be a proximate cause for Plaintiff's alleged damages.

26.  With regard to ¶39 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations contained in this paragraph.

27.  With regard to ¶40 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual

characterizations contained in this paragraph.

28. With regard to ¶41 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations contained in this paragraph.

29. With regard to ¶42 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations contained in this paragraph.

30. With regard to ¶43 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations contained in this paragraph.

31. With regard to ¶44 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny that Plaintiff is entitled to exemplary damages.

32. With regard to ¶45 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny that Plaintiff is entitled to the relief he seeks.  CITY DEFENDANTS deny the remaining material factual characterizations contained in this paragraph.

33. With regard to ¶46 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations contained in this paragraph.

34. With regard to ¶47 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations contained in this paragraph.

35. With regard to ¶48 of Plaintiff's Third Amended Original

Complaint, CITY DEFENDANTS assert that this paragraph contains a proposition of law. CITY DEFENDANTS are not required to admit or deny propositions of law. To the extent necessary, CITY DEFENDANTS deny the material factual characterizations and any legal conclusion contained in this paragraph.

36. With regard to ¶49 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS assert that this paragraph contains a proposition of law. CITY DEFENDANTS are not required to admit or deny propositions of law. To the extent necessary, CITY DEFENDANTS deny the material factual characterizations and any legal conclusion contained in this paragraph.

37. With regard to ¶50 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny the material factual characterizations contained in this paragraph.

38. With regard to ¶51 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS assert that this paragraph contains a proposition of law. CITY DEFENDANTS are not required to admit or deny propositions of law. To the extent necessary, CITY DEFENDANTS deny the material factual characterizations and any legal conclusion contained in this paragraph.

39. With regard to ¶52 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny that Plaintiff is entitled to receive any damages, much less damages in the amount of $2,000,000,000. CITY DEFENDANTS deny the remaining material

factual characterizations contained in this paragraph.

40. With regard to ¶53 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny that Plaintiff is entitled to exemplary damages. CITY DEFENDANTS deny the remaining material factual characterizations contained in this paragraph.

41. With regard to ¶54 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS admit that Plaintiff has the right to request trial by jury.

42. With regard to ¶55 of Plaintiff's Third Amended Original Complaint, CITY DEFENDANTS deny that Plaintiff is entitled to any of the recovery he seeks in his prayer.

## II.
## GENERAL DENIAL

43. CITY DEFENDANTS hereby generally deny all material allegations contained in Plaintiffs' Third Amended Original Complaint not otherwise specifically admitted in the paragraphs above.

## III.
## AFFIRMATIVE DEFENSES

### Government Immunity

44. CITY DEFENDANTS hereby assert the affirmative defense of government immunity from any and all claims and causes of action asserted by Plaintiff to the fullest extent allowed by law.

### Qualified Immunity

45. CITY DEFENDANTS hereby assert the right of the individually named defendants to qualified immunity from suit and from liability

Roberts vs. City of Harlingen: First Amended Answer            page 8

of any and all federally-based claims and causes of action asserted against them individually.

## Official Immunity

46. CITY DEFENDANTS hereby assert the right of the individually named defendants to official immunity from suit and from liability of any and all state law and common law based claims and causes of action asserted against them individually.

## Legislative Immunity

47. CITY DEFENDANTS also hereby assert their entitlement to any and all legislative immunity, whether absolute or qualified, to which they may be entitled as City officials for the City of Harlingen and in connection with their official actions.

## Government Statutory Caps

48. CITY DEFENDANTS also assert as a defense the statutory caps from any and all state or common law based claims asserted against them individually.

## Notice Requirements

49. CITY DEFENDANTS also hereby plead as a defense Plaintiff's failure to timely satisfy any and all applicable notice or other filing requirements imposed by law, including the City Charter, as a condition precedent to the Court's exercise of jurisdiction over this matter and the imposition of any liability.

## Administrative Limitations & Exhaustion Requirements

50. CITY DEFENDANTS also hereby assert the affirmative defense of

Roberts vs. City of Harlingen: First Amended Answer                    page 9

any and all limitations periods applicable to any and all statutory causes of action asserted by Plaintiff, including any administrative limitations periods applicable to Plaintiff's claims, whether state or federal in nature, imposed by law.

## CONCLUSION & PRAYER

THEREFORE, based on the foregoing Admissions & Denials, General Denial, and Affirmative Defenses pleaded, CITY DEFENDANTS hereby request and pray that upon final hearing on this cause, any and all relief sought by Plaintiff be denied and that Plaintiff take nothing by this suit.

CITY DEFENDANTS further request and pray for any and all such other and further relief, at law or in equity, to which they may be justly entitled, including costs of court and attorney's fees.

SIGNED on this the 31st day of July, 2001.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. ID No. 5953
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774
VALERIE R. ESPARZA
State Bar. No. 24002059
So. Dist. ID No. 23621

Roberts vs. City of Harlingen: First Amended Answer                    page 10

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 31st day of July, 2001.

**Mr. Hugo Xavier De Los Santos Via CMRRR #7000 1670 0013 4633 9105**
Attorney at Law
229 South Texas Avenue, Suite 1000
Mercedes, Texas 78570

**ATTORNEY FOR PLAINTIFF**

RICARDO NAVARRO
MAURO F. RUIZ
VALERIE R. ESPARZA

Roberts vs. City of Harlingen: First Amended Answer                    page 11

CMJPDF - www.fastio.com