

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SEP 2 4 2001

JOHN OCIE ROBERTS,                  §
       Plaintiff            §
                    §
vs.                                 §          Civil Action No. B-01-34
                    §
CITY OF HARLINGEN, TEXAS,           §
et al.,                             §
       Defendants           §

**CITY DEFENDANTS' MOTION TO DISMISS
INDIVIDUALLY-NAMED DEFENDANTS BASED ON QUALIFIED IMMUNITY,
& MOTION TO STAY DISCOVERY**

_____

May it Please the Court:

    COMES NOW the individually named Defendants, MAYOR CONNIE DE LA GARZA, CHIEF OF POLICE MICHAEL BLAKE, CITY MANAGER ROY RODRIGUEZ, LIEUTENANT JIM SCHOEPNER, ENVIRONMENTAL HEALTH DIRECTOR DAN SERNA, INSPECTOR RUBEN MARES, and INSPECTOR SAM GUTIERREZ, in their individual and official capacities (hereafter "CITY DEFENDANTS" or "DEFENDANTS"), file this Motion as pursuant to F.R.C.P. 7, 12 (b) (6) and (e), and the controlling precedent set forth below.

**NATURE OF THE LAWSUIT**

    Plaintiff brings this civil rights lawsuit against DEFENDANTS asserting violations of the U.S. Fourteenth Amendment; negligence; civil conspiracy; the Texas Penal Code; the Texas Tort Claims Act; and numerous Texas constitutional (takings) and intentional torts, including conversion, trespass. Because Plaintiff asserts a

violation of the Fourteenth Amendment, Plaintiff's Complaint should be construed as pleading a 42 U.S.C. §1983 cause of action. Specifically, Plaintiff complains his rights were violated by a the City Health Department-organized clean-up of the a burned-down building (including other items) located on Plaintiff's leased premises at 1726 North Commerce Street, Harlingen, Texas.

## DEFENSES AND AFFIRMATIVE DEFENSES

The individually named defendants, specifically MAYOR CONNIE DE LA GARZA, CHIEF OF POLICE MICHAEL BLAKE, CITY MANAGER ROY RODRIGUEZ, LIEUTENANT JIM SCHOEPNER, ENVIRONMENTAL HEALTH DIRECTOR DAN SERNA, INSPECTOR RUBEN MARES, and INSPECTOR SAM GUTIERREZ, to the extent that they have been sued in their individual capacity only, hereby assert the defense of qualified immunity from any and all federal claims and official immunity from any and all federal and state law based claims contained in Plaintiff's live pleadings.

## ARGUMENT AND AUTHORITIES

I.   **The Law of the Fifth Circuit Requires Heightened Specificity in Pleadings to Address and Resolve Issues of Qualified Immunity.**

The Fifth Circuit has clearly held in an *en banc* opinion that when a public official pleads the affirmative defense of qualified immunity in his or her answer, the District Court may, on the official's motion or on its own, require the Plaintiff to reply to that defense in detail pursuant to FED. R. CIV. P. 7(a). *Schultea v. Wood*, 47 F.3d 427, 433 (5th Cir. 1995) (*en banc*). In embracing

a particularity requirement for a Plaintiff's pleadings, as first announced in *Elliot v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985), the *Schultea* stated in pertinent part as follows:

> First, the District Court must insist that a Plaintiff suing a public official under [41 U.S.C.] Section 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone. Second the Court may, in its discretion, insist that a Plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. Vindicating the immunity doctrine will ordinarily require such a reply, in a District Court's discretion not to do so is narrow indeed when greater detail might assist. The District Court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The District Court need not allow any discovery until it finds that Plaintiff has supported his claim with sufficient precision and factual specificity to raise a general issue as to the illegality of Defendant's conduct at the time of the alleged act. Even if such limited discovery is allowed, at its end, the Court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

*Schultea*, 47 F.3d at 1433-34. *Schultea* makes clear that this is a two-step process, requiring the Plaintiff to file a short and plain statement of his claims pursuant to FED. R. CIV. P. 8(a)(2), which is then to be followed by a more particular reply pursuant to FED. R. CIV. P. 7(a).

Regardless of "[w]hether the official's immunity is absolute or qualified, allowing any but perhaps the most preliminary proceedings on the immunity-barred claims runs squarely counter to the doctrine's basic protective purpose." *Elliot*, 751 F.2d at 1478. A Section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may

not simply rely on conclusory allegations. Specifically focusing on the conduct which caused his injury, Plaintiffs must allege facts that, if proven, would show that a public official violated his statutory or constitutional rights. *Callis v. Sellars*, 931 F.Supp. 504, 517 (S.D. Tex. 1996). Furthermore, "[t]o state a cause of action under Section 1983, the Plaintiff must allege facts reflecting the defendant's participation in the alleged wrong, specifying the personal involvement of each Defendant." *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996) (emphasis added) (citing *Murphy v. Keller*, 950 F.2d 290, 292 (5th Cir. 1992)).

The Court's discretion in this matter is very narrow. When a Plaintiff sues a public official under Section 1983, the Court must insist on a heightened pleading by the Plaintiff. *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) (emphasis added). In *Morin*, the Fifth Circuit held that the District Court's failure to order the Plaintiff to file a reply to the Defendant's assertion of qualified immunity was "clear error." *Id*; *see also Reyes vs. Sazan*, 168 F.3d 158, 162 (5th Cir. 1999).

The heightened pleading requirements are particularly important when the claims are directed against supervisory defendants. Because vicarious liability does not apply in §1983 actions, Plaintiff must demonstrate facts that directly tie the individually named supervisory defendants into the alleged constitutional violation. *See Thompkins vs. Belt*, 828 F.2d 298,

Roberts: Motion on Qualified Immunity and to Stay Discovery          Page 4

304 (5th Cir. 1987)(setting out standards for supervisory liability).

Plaintiff has filed a Complaint that makes no specific allegations with respect to each individually-named Defendant. In fact, Plaintiff's Complaint is merely makes generic and conclusory allegations concerning "Defendants."  It is not clear from Plaintiff's Third Amended Original Complaint (hereafter "Live Complaint") what actions of the individual defendants took that not only proximately caused Plaintiff's alleged damages, but which rose to the level of a clearly established constitutional right that was breached.  Therefore, in light of the vagueness of Plaintiff's Live Complaint in this regard, the Court should order a more specific pleading as to each and every one of the individually-named CITY DEFENDANTS identified in this motion.

## II. Discovery Should Be Barred Pending Resolution by Motion of Affirmative Defense of Qualified Immunity.

On our about August 31, 2001, Plaintiff propounded the following discovery to DEFENDANTS:

1)   Request for Admissions to City of Harlingen, Connie De La Garza, Chief of Police Michael Blake, City Manager Roy Rodriguez, Dan Serna, Lt. Jim Scheopner, Ruben Mares, and Sam Gutierrez, in their individual capacities.

2)   Interrogatories to the City of Harlingen, Chief of Police Michael Blake, City Manager Roy Rodriguez, Dan Serna, Lt. Jim Scheopner, Ruben Mares, and Sam Gutierrez, in their individual capacities.

As indicated by Exhibit A attached to this Motion, Counsel for

Defendants agreed to timely respond to discovery propounded to the City of Harlingen and Defendant, Dan Serna, consisting of Request for Admissions and Interrogatories.

Consequently and in addition to the foregoing motion for more definite pleading, and to the extent that Plaintiff's claim are not supported "with sufficient precision and factual specificity to raise a general issue of illegality of [any] Defendant's conduct at the time of the alleged act," this Court may, and should, bar any discovery at this threshold pleading stage. *See Schultea*, 47 F.3d at 1433-34.

In *Wicks v. Mississippi State Employment Services*, 41 F.3d 991 (5th Cir. 1995), the Fifth Circuit went a step further and held that discovery must not proceed at all until the trial court has found that the plaintiff has asserted facts sufficient to meet heightened pleading requirements and thereby overcome the defense of qualified immunity. After ruling that the plaintiff's complaint in this case was "wholly conclusional" and did, in fact, fail to meet heightened pleading requirements, the Fifth Circuit found that the effect of the Magistrate's order allowing discovery on the qualified immunity issue was to deny the defendant the intended effects of a qualified immunity defense. The Fifth Circuit, therefore, reversed the district court's denial of the motion to stay discovery and remanded the case to the district court for

consideration of the motion to dismiss in a manner consistent with the court's opinion.  41 F.3d at 995.

Hence, the DEFENDANTS likewise request that discovery be uniformly stayed in this action until Plaintiff has been required to replead their case and the qualified immunity issue have been resolved in accordance with law.

As mentioned above, Counsel for DEFENDANTS, however, will timely respond to Plaintiff's pending discovery requests propounded to DEFENDANTS the CITY OF HARLINGEN and DAN SERNA consisting of Requests for Admission and Interrogatories. See Exhibit A.  Counsel for DEFENDANTS also agreed to produce DAN SERNA for deposition as well, however, Plaintiff's counsel did not respond within the time-frame specified, and COUNSEL was forced to file this Motion to Stay as part of its Comprehensive Motion. See Exhibit A.   Therefore, DEFENDANTS request that this COURT stay all discovery with the exception of any discovery propounded to the DEFENDANTS DAN SERNA and the CITY OF HARLINGEN, TEXAS.


### CONCLUSION

THEREFORE, based on any one or more of the foregoing reasons, DEFENDANTS hereby request that the Court order the following relief:

1.  That Plaintiff replead his complaint with the requisite degree of specificity to address the affirmative defense of qualified immunity asserted by each individually named defendant, and with particular regard to the supervisory officials;

2.  That the Court stay all discovery, with the exception set forth above by Defense Counsel, in this case pending a resolution of the qualified immunity issues in accordance with the law.

DEFENDANTS further request that upon final hearing of this case, that all relief sought by Plaintiff be denied, that a take nothing judgment against Plaintiff be entered and that DEFENDANTS be awarded such other and further relief, at law or in equity, to which it may show itself justly entitled.

SIGNED on the 24th day of September, 2001.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
So. Dist. ID No. 5953
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774

## CERTIFICATE OF CONFERENCE
## WITH RESPECT TO MOTION TO STAY DISCOVERY

Counsel for DEFENDANTS hereby apprizes the Court that he conferred and corresponded with Counsel for Plaintiff, Mr. De Los Santos, prior to the filing of this motion with respect to the request for a stay of discovery pending resolution of the qualified immunity motion. Counsel for Plaintiff did not respond, and presumably, is therefore opposed to the motion.

Ricardo J. Navarro
Mauro F. Ruiz

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 24ᵗʰ day of September, 2001.

**Mr. Hugo Xavier De Los Santos Via CMRRR #7000 1670 0013 4633 8597**
6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas 78213
**ATTORNEY FOR PLAINTIFF**

RICARDO J. NAVARRO
MAURO F. RUIZ
VALERIE R. ESPARZA

EXHIBIT 

# DENTON & NAVARRO

A Professional Corporation
## ATTORNEYS AND COUNSELORS

| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
|---|---|---|
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS 78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | firm@dmnrgv.com | |

September 18, 2001

**To:**      Mr. Hugo Xavier De Los Santos
            Attorney At Law

**Fax No.:** 210/737-1556

**From:**    Norma G. Delgado for Mauro F. Ruiz

**Re:**      *John Ocie Roberts vs City of Harlingen, et al*
            *(C.A. No. B-01-34)*
            *In the S.D. of Texas, Brownsville Division*


**No. of pages (including cover page):**      __3__ pg(s)

**Message:**  Please see letter to you dated 09/18/01.  Original will
             not follow.  Thank you for your attention to this matter.

### CONFIDENTIALITY NOTICE
If you do not receive legible copies of all pages, please call
956/421-4904 as soon as possible and ask for the person who
transmitted the communication.  This facsimile transmission is a
privileged and confidential communication intended for the exclusive
use of the addressee.  It should not be copied or disseminated other
than at the addressee's direction.  If you should receive this
transmission in error, please notify the sender immediately by
telephone and mail the transmission to the letterhead address.

**HP OfficeJet**
**Personal Printer/Fax/Copier**

**Fax Log Report** for
**DN&B-HARLINGEN, TX**
**9564213621**
Sep-18-01    03:45 PM

| Identification | Result | Pages | Type | Date | Time | Duration | Diagnostic |
|---|---|---|---|---|---|---|---|
| 12107371556 | OK | 03 | Sent | Sep-18 | 03:43P | 00:01:41 | 002181430020 |

*1.5.0    2.8*

# DENTON, NAVARRO & BERNAL

### A Professional Corporation
## ATTORNEYS AND COUNSELORS

| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
|---|---|---|
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS 78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | firm@dmnrgv.com | |

September 18, 2001

Mr. Hugo Xavier De Los Santos      **By Fax: (210) 737-1556**
6800 Park Ten Blvd. Ste. 123N
San Antonio, Texas 78213

Re:  *John Ocie Roberts vs City of Harlingen, et al*
     C.A. No. B-001-34
     (So. Dist. of Tex.- Brownsville Division)

Dear Mr. De Los Santos:

     Pursuant to our conversation this afternoon, I am writing to determine whether you are amenable to limited discovery proceedings in this case as more fully explained below.

     You have propounded Interrogatories to Michael Blake, Roy Rodriguez, Dan Serna, Jim Schoepner, Ruben Mares, and Sam Gutierrez. You have propounded Requests for Admissions to all the individually-named defendants as well. There is no pending discovery at this time to the City. The response deadline to the above-referenced discovery is September 31st as your certificates of service indicate they were forwarded on August 31st.

     As I informed you, we intend to file qualified immunity motions on behalf of the individually-named defendants and motions to stay discovery on the ground that your live pleading fails to assert with specificity the alleged improper conduct by the named defendants. To efficiently conduct discovery and continue the prosecution of the case, however, I suggest the parties agree to stay discovery as to all individually-named defendants, including but not limited to the current discovery propounded by your client due on September 31st, with the exception of discovery propounded to Mr. Dan Serna, who we will produce for deposition (at a mutually convenient time) and to timely respond to discovery requests propounded to Mr. Serna only (by September 31st).

     As I had previously advised, if you are not in agreement with this manner of conducting discovery, I will be forced to file the

Mr. De Los Santos
September 18, 2001
Page 2

_____

Motion to Stay Discovery as per the terms mentioned in the preceding paragraph along with the qualified immunity motion(s).

Your response by 12:00 p.m., Friday, September 21, 2001, would be greatly appreciated.

If you are in agreement with the above terms, please sign below and fax back to me.

Very truly yours,

Ricardo J. Navarro
Mauro F. Ruiz

_____

Mr. Hugo Xavier De Los Santos
ATTORNEY FOR PLAINTIFF

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | |
|      Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. B-01-34 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| et al., | § | |
|      Defendants | § | |

**ORDER ON INDIVIDUAL DEFENDANTS' DISPOSITIVE MOTION
ASSERTING QUALIFIED AND OFFICIAL IMMUNITY**

The Court has considered the dispositive motion filed by individually-named defendants in this cause. The Court notes that the individually-named Defendants have asserted the affirmative defenses of qualified and official immunity with regard to the federal and state cause of action alleged. The Court further notes that the Plaintiff has had adequate opportunity for discovery so as to respond to this dispositive motion.

After due consideration of the arguments and authorities presented, the Court finds that the motion as to all individually-named Defendants has merit and should be GRANTED.

It is, therefore ORDERED that Plaintiff's claims against the individually-named Defendants are hereby DISMISSED with prejudice.

SIGNED on the _____ day of _____ 2001.

                              _____
                              HON. HILDA TAGLE
                              U.S. DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. B-01-34 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| et al., | § | |
| Defendant | § | |

### ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY

The Court has considered DEFENDANTS' Motion to Stay Discovery in the above referenced matter. After consideration of said Motion, the Court's file, and the arguments of counsel, the COURT hereby finds that the Motion should in all things be GRANTED.

It is, therefore ORDERED that DEFENDANTS' Motion to Stay is GRANTED.

SIGNED on the _____ day of _____ 2001.


_____
HON. HILDA TAGLE
U.S. DISTRICT JUDGE


Roberts: Motion on Qualified Immunity and to Stay Discovery          Page 11