*10*

# COPY

United States District Court
Southern District of Texas
FILED

OCT 1 0 2001

Michael N. Milby
Clerk of Court

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. B-01-34 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| et al., | § | |
| Defendants | § | |

## CITY DEFENDANTS' FIRST SUPPLEMENTAL MOTION TO STAY DISCOVERY & MOTION FOR PROTECTION AS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF INDIVIDUAL DEFENDANTS' PERSONNEL FILES

May it Please the Court:

COMES NOW the individually named Defendants, MAYOR CONNIE DE LA GARZA, CHIEF OF POLICE MICHAEL BLAKE, CITY MANAGER ROY RODRIGUEZ, LIEUTENANT JIM SCHOEPNER, ENVIRONMENTAL HEALTH DIRECTOR DAN SERNA, INSPECTOR RUBEN MARES, and INSPECTOR SAM GUTIERREZ, in their individual and official capacities (hereafter "CITY DEFENDANTS" or "DEFENDANTS"), file this Motion seeking protection from the Court so as to prevent disclosure and production of the individually named DEFENDANTS' personnel files and other personal information.

### NATURE OF THE LAWSUIT

Plaintiff brings this civil rights lawsuit against DEFENDANTS asserting violations of the U.S. Fourteenth Amendment; negligence; civil conspiracy; the Texas Penal Code; the Texas Tort Claims Act; and numerous Texas constitutional (takings) and intentional torts,

Roberts: 1st Supp. Mot. to Stay Discovery & Protection                    Page 1

including conversion, trespass. Because Plaintiff asserts a violation of the Fourteenth Amendment, Plaintiff's Complaint should be construed as pleading a 42 U.S.C. §1983 cause of action. Specifically, Plaintiff complains his rights were violated by a the City Health Department-organized clean-up of the a burned-down building (including other items) located on Plaintiff's leased premises at 1726 North Commerce Street, Harlingen, Texas.

## PROCEDURAL STATUS OF CASE

On September 24, 2001, the individually named defendants, MAYOR CONNIE DE LA GARZA, CHIEF OF POLICE MICHAEL BLAKE, CITY MANAGER ROY RODRIGUEZ, LIEUTENANT JIM SCHOEPNER, ENVIRONMENTAL HEALTH DIRECTOR DAN SERNA, INSPECTOR RUBEN MARES, and INSPECTOR SAM GUTIERREZ, to the extent that they have been sued in their individual capacity only, filed qualified immunity motions with the Court as well as a Motion to Stay Discovery pending resolution of the immunity motion.

The scope of DEFENDANTS' Motion to Stay encompassed Plaintiff's August 31, 2000 discovery requests consisting of:

Request for Admissions to City of Harlingen, Connie De La Garza, Chief of Police Michael Blake, City Manager Roy Rodriguez, Dan Serna, Lt. Jim Scheopner, Ruben Mares, and Sam Gutierrez, in their individual capacities.

Interrogatories to the City of Harlingen, Chief of Police Michael Blake, City Manager Roy Rodriguez, Dan Serna, Lt. Jim Scheopner, Ruben Mares, and Sam Gutierrez, in their individual capacities.

Roberts: 1st Supp. Mot. to Stay Discovery & Protection                    Page 2

As noted in DEFENDANTS' Motion to Stay, discovery responses on behalf of Dan Serna and the CITY OF HARLINGEN were provided to Plaintiff in early October 2001. Moreover, Dan Serna was made available for deposition at a mutually convenient time for the parties.

## STATUS OF DISCOVERY

Besides the limited Court ordered discovery and the above referenced discovery requests, Plaintiff propounded 120 requests for production of documents to the CITY and the individual defendants. Responsive documents, including a videotape, have been provided to Plaintiff by Dan Serna and the CITY OF HARLINGEN.

1.  **Discovery Should Be Barred Pending Resolution by Motion of Affirmative Defense of Qualified Immunity.**

On our about August 31, 2001, Plaintiff propounded the following discovery to DEFENDANTS:

   a.  Request for Production of Documents to the City of Harlingen, Connie De La Garza, Chief of Police Michael Blake, City Manager Roy Rodriguez, Dan Serna, Lt. Jim Scheopner, Ruben Mares, and Sam Gutierrez, in their individual capacities.

As indicated above, Defendants Dan Serna and the CITY OF HARLINGEN provided timely responses to Plaintiff's document production requests. No responsive documents were provided on behalf of the remaining individual defendants, however.

Consequently and subject to the Court's ruling on the previously-filed motion for more definite pleading, and to the extent that Plaintiff's claim are not supported "with sufficient

CIMPDF - www.fasiso.com

precision and factual specificity to raise a general issue of illegality of [any] Defendant's conduct at the time of the alleged act," this Court may, and should, bar any discovery at this threshold pleading stage. *See Schultea*, 47 F.3d at 1433-34.

In *Wicks v. Mississippi State Employment Services*, 41 F.3d 991 (5th Cir. 1995), the Fifth Circuit went a step further and held that discovery must not proceed at all until the trial court has found that the plaintiff has asserted facts sufficient to meet heightened pleading requirements and thereby overcome the defense of qualified immunity. After ruling that the plaintiff's complaint in this case was "wholly conclusional" and did, in fact, fail to meet heightened pleading requirements, the Fifth Circuit found that the effect of the Magistrate's order allowing discovery on the qualified immunity issue was to deny the defendant the intended effects of a qualified immunity defense. The Fifth Circuit, therefore, reversed the district court's denial of the motion to stay discovery and remanded the case to the district court for consideration of the motion to dismiss in a manner consistent with the court's opinion. 41 F.3d at 995.

Hence, the DEFENDANTS likewise request that discovery be uniformly stayed so as to include Plaintiff's requests for production of documents, in this action until Plaintiff has been required to replead their case and the qualified immunity issue have been resolved in accordance with law. Therefore, DEFENDANTS

Roberts: 1st Supp. Mot. to Stay Discovery & Protection          Page 4

request that this COURT stay all discovery with the exception of
any discovery propounded to the DEFENDANTS DAN SERNA and the CITY
OF HARLINGEN, TEXAS.

**2. The Court should enter a Protective Order precluding
production of the individual defendants' personnel files and
personal information.**

Among the 120 requests for production, Plaintiff seeks the
entire personnel files of the individual defendants and countless
other CITY officials who are not parties to this lawsuit. See
Exhibit A, RFP #26-#38.

In addition to the pending Motions to Stay discovery,
DEFENDANTS request that a Protective Order precluding production of
said personnel files. In responding to Plaintiff's requests for
production, Defendant DAN SERNA and the CITY OF HARLINGEN, with
respect to the above referenced personnel file requests, objected
on privacy and relevancy grounds. Said requests were outside the
scope of permissible discovery as a matter of law. See Exhibit B.
DEFENDANT SERNA objected to the disclosure of personal, family
information as stated below. See Exhibit C.

Under F.R.C.P. 26 (b), parties may obtain discovery regarding
any matter not **privileged, which is relevant** to the subject matter
involved in the pending action. This action arises from the
alleged improper removal of personal property from Plaintiff's
leased premises after a fire destroyed a building and numerous
personal effects. The cleanup was based on the CITY'S nuisance

Roberts: 1ˢᵗ Supp. Mot. to Stay Discovery & Protection          Page 5

ordinance, which allows for the correction and removal of the nuisance conditions. See Exhibit D.

Plaintiff's requests for the personnel files of the individual defendants, including the Mayor and police officers (Police Chief Blake and Lt. Scheopner, are clearly outside the scope of discovery. DEFENDANTS have reason to believe that Plaintiff is a professed Republic of Texas member who has questionable ties to individuals convicted of attempting to harm or murder former President William Jefferson Clinton in Olmito, Texas, several years ago. In light of the risk of potential harm to the health and safety of the individually named DEFENDANTS, and especially the Harlingen police officers, the requested personnel files and any personal information should be protected from disclosure.

Lastly, Plaintiff has not sufficiently plead claims against the individual defendants to even warrant the disclosure of said information at this time. The nature of this lawsuit centers on the enforcement of a City ordinance and nothing else which would warrant infringing on the privacy of the individual Defendants, and exposing the individual defendants and their families to potentially dangerous and harmful actions by Plaintiff.

## CERTIFICATE OF CONFERENCE

Counsel for DEFENDANTS hereby apprizes the Court that he conferred and corresponded with Counsel for Plaintiff, Mr. De Los Santos, prior to the filing of this motion with respect to the request for a stay of discovery (Requests for Production) pending resolution of the qualified immunity motion and Motion for Protection as to Plaintiff's Request for Personnel Files and Personal Information. Counsel for Plaintiff is opposed to the merits of these motions.

## CONCLUSION

THEREFORE, based on any one or more of the foregoing reasons, DEFENDANTS hereby request that the Court order the following relief:

1) That Plaintiff's Requests for Production As to the DEFENDANTS be Stayed; and

2) That the Court enter an Order precluding the disclosure and production of the individual DEFENDANTS personnel files and any other City employee not named in this lawsuit as well as personal information.

SIGNED on the 10th day of October, 2001.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
So. Dist. ID No. 5953
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774


## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the ___10th___ day of October, 2001.

**Mr. Hugo Xavier De Los Santos Via CMRRR #7000 1670 0013 4633 8290**
6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas 78213
**ATTORNEY FOR PLAINTIFF**

_____
RICARDO J. NAVARRO
MAURO F. RUIZ


Roberts: 1st Supp. Mot. to Stay Discovery & Protection          Page 8

**EXHIBIT"** *A* **"**

CVISPDF – www.foxisw.com

26.    The personnel files of CHIEF OF POLICE MICHAEL BLAKE, INDIVIDUALLY.

27. The personnel files of ACTING CITY MANAGER ROY RODRIGUEZ, INDIVIDUALLY.

28. The personnel files of INSPECTOR DAN SERNA, INDIVIDUALLY.

29. The personnel files of LT. JIM SCHEOPNER, INDIVIDUALLY.

30. The personnel files of INSPECTOR RUBEN MARES, INDIVIDUALLY.

31. The personnel files of INSPECTOR SAM GUTIERREZ, INDIVIDUALLY.

32. The personnel files of all department heads, managers, and supervisors of CONNIE DE LA GARZA, INDIVIDUALLY

33. The personnel files of all department heads, managers, and supervisors of CHIEF OF POLICE MICHAEL BLAKE, INDIVIDUALLY

34. The personnel files of all department heads, managers, and supervisors of ACTING CITY MANAGER ROY RODRIGUEZ, INDIVIDUALLY

35. The personnel files of all department heads, managers, and supervisors of INSPECTOR DAN SERNA, INDIVIDUALLY

36. The personnel files of all department heads, managers, and supervisors of LT. JIM SCHEOPNER, INDIVIDUALLY

37. The personnel files of all department heads, managers, and supervisors of INSPECTOR RUBEN MARES, INDIVIDUALLY

38. The personnel files of all department heads, managers, and supervisors of INSPECTOR SAM GUTIERREZ, INDIVIDUALLY



EXHIBIT" B "

26. The personnel files of CHIEF OF POLICE MICHAEL BLAKE, INDIVIDUALLY.

**OBJECTION:**    This discovery requests is outside the scope of discovery as it is not reasonably calculated to lead to the discovery of relevant evidence. Moreover, this request invades the common law right to privacy and is not relevant to the merits of the instant case.

**RESPONSE:**    Subject to the above objection, see also City Defendants' Motion to Dismiss (Qualified Immunity) and Stay Discovery and First Supplemental Motion to Stay Discovery.

27. The personnel files of ACTING CITY MANAGER ROY RODRIGUEZ, INDIVIDUALLY.

**OBJECTION:**    This discovery requests is outside the scope of discovery as it is not reasonably calculated to lead to the discovery of relevant evidence. Moreover, this request invades the common law right to privacy and is not relevant to the merits of the instance case.

**RESPONSE:**    Subject to the above objection, see also City Defendants' Motion to Dismiss (Qualified Immunity) and Stay Discovery and First Supplemental Motion to Stay Discovery.

28. The personnel files of INSPECTOR DAN SERNA, INDIVIDUALLY.

Roberts-Rsp to Production Requests        Pg. 7

**OBJECTION:**    This discovery requests is outside the scope of discovery as it is not reasonably calculated to lead to the discovery of relevant evidence. Moreover, this request invades the common law right to privacy, and is not relevant to the merits of the instant case.

**RESPONSE:**    Subject to the above objection, see also City Defendants' Motion to Dismiss (Qualified Immunity) and Stay Discovery and First Supplemental Motion to Stay Discovery.

29. The personnel files of LT. HIM SCHEOPNER, INDIVIDUALLY.

**OBJECTION:**    This discovery requests is outside the scope of discovery as it is not reasonably calculated to lead to the discovery of relevant evidence. Moreover, this request invades the common law right to privacy, and is not relevant to the merits of the instant case.

**RESPONSE:**    Subject to the above objection, see also City Defendants' Motion to Dismiss (Qualified Immunity) and Stay Discovery and First Supplemental Motion to Stay Discovery.

30. The personnel files of INSPECTOR RUBEN MARES, INDIVIDUALLY.

**OBJECTION:**    This discovery requests is outside the scope of discovery as it is not reasonably calculated to lead to the discovery of relevant evidence. Moreover, this request invades the common law right to privacy, and is not relevant to the merits of the instant case.

**RESPONSE:**    Subject to the above objection, see also City Defendants' Motion to Dismiss (Qualified Immunity) and Stay Discovery and First Supplemental Motion to Stay Discovery.

31. The personnel files of INSPECTOR SAM GUTIRREZ, INDIVIDUALLY.

**OBJECTION:**    This discovery requests is outside the scope of discovery as it is not reasonably calculated to lead to the discovery of relevant evidence. Moreover, this request invades the common law right to privacy, and is not relevant to the

Roberts-Rsp to Production Requests                          Pg. 8

merits of the instant case.

**RESPONSE:**     Subject to the above objection, see also City
Defendants' Motion to Dismiss (Qualified Immunity)
and Stay Discovery and First Supplemental Motion
to Stay Discovery.


32.  The personnel files of all department heads, managers, and
supervisors of CONNIE DE LA GARZA, INDIVIDUALLY

**OBJECTION:**    This discovery requests is outside the scope of
discovery as it is not reasonably calculated to
lead to the discovery of relevant evidence.
Moreover, this request invades the common law
right to privacy, and is not relevant to the
merits of the instant case.

**RESPONSE:**     Subject to the above objection, see also City
Defendants' Motion to Dismiss (Qualified Immunity)
and Stay Discovery and First Supplemental Motion
to Stay Discovery.


33.  The personnel files of all department heads, managers, and
supervisors of CHIEF OF POLICE MICHAEL BLAKE, INDIVIDUALLY

**OBJECTION:**    This discovery requests is outside the scope of
discovery as it is not reasonably calculated to
lead to the discovery of relevant evidence.
Moreover, this request invades the common law
right to privacy, and is not relevant to the
merits of the instant case.

**RESPONSE:**     Subject to the above objection, see also City
Defendants' Motion to Dismiss (Qualified Immunity)
and Stay Discovery and First Supplemental Motion
to Stay Discovery.


34.  The personnel files of all department heads, managers, and
supervisors of ACTING CITY MANAGER ROY RODRIGUEZ,
INDIVIDUALLY

**OBJECTION:**    This discovery requests is outside the scope of
discovery as it is not reasonably calculated to
lead to the discovery of relevant evidence.
Moreover, this request invades the common law

right to privacy, and is not relevant to the
merits of the instant case.

**RESPONSE:**    Subject to the above objection, see also City
Defendants' Motion to Dismiss (Qualified Immunity)
and Stay Discovery and First Supplemental Motion
to Stay Discovery.


35.   The personnel files of all department heads, managers, and
supervisors of INSPECTOR DAN SERNA, INDIVIDUALLY

**OBJECTION:**   This discovery requests is outside the scope of
discovery as it is not reasonably calculated to
lead to the discovery of relevant evidence.
Moreover, this request invades the common law
right to privacy, and is not relevant to the
merits of the instant case.

**RESPONSE:**    Subject to the above objection, see also City
Defendants' Motion to Dismiss (Qualified Immunity)
and Stay Discovery and First Supplemental Motion
to Stay Discovery.


36.   The personnel files of all department heads, managers, and
supervisors of LT. JIM SCHEOPNER, INDIVIDUALLY

**OBJECTION:**   This discovery requests is outside the scope of
discovery as it is not reasonably calculated to
lead to the discovery of relevant evidence.
Moreover, this request invades the common law
right to privacy, and is not relevant to the
merits of the instant case.

**RESPONSE:**    Subject to the above objection, see also City
Defendants' Motion to Dismiss (Qualified Immunity)
and Stay Discovery and First Supplemental Motion
to Stay Discovery.


37.   The personnel files of all department heads, managers, and
supervisors of INSPECTOR RUBEN MARES, INDIVIDUALLY


Roberts-Rsp to Production Requests                          Pg. 10

**OBJECTION:**    This discovery requests is outside the scope of discovery as it is not reasonably calculated to lead to the discovery of relevant evidence. Moreover, this request invades the common law right to privacy, and is not relevant to the merits of the instant case.

**RESPONSE:**    Subject to the above objection, see also City Defendants' Motion to Dismiss (Qualified Immunity) and Stay Discovery and First Supplemental Motion to Stay Discovery.

38.   The personnel files of all department heads, managers, and supervisors of INSPECTOR SAM GUTIERREZ, INDIVIDUALLY

**OBJECTION:**    This discovery requests is outside the scope of discovery as it is not reasonably calculated to lead to the discovery of relevant evidence. Moreover, this request invades the common law right to privacy, and is not relevant to the merits of the instant case.

**RESPONSE:**    Subject to the above objection, see also City Defendants' Motion to Dismiss (Qualified Immunity) and Stay Discovery and First Supplemental Motion to Stay Discovery.

EXHIBIT "C"

## INTERROGATORIES

1.   Please identify each person, including job title and
description, involved in the preparation of your responses and
answers to these interrogatories.  Be sure you state each
person's full name, business and home address and phone number,
date of birth, social security number and driver's license
number(s) and the state(s) of issuance.  If more than one person
is supplying the answers to these Interrogatories, identify which
of these persons is answering each Interrogatory.

**ANSWER:** Dan Serna
           Environmental Health Director
           Health Department
           502 E. Tyler
           Harlingen, Texas 78550

2.   Please state the following:

   (a)   your current full legal name and all the names which
         you have ever been known by;

         Dan Serna

   (b)   your current address and each address you have had
         during the last ten (10) years;

         Dan Serna can be reached as the Health Department
         address above.

   (c)   your social security number;

         Objection.  This discovery request is outside the scope
         of discovery as it is not relevant and not likely to
         lead to the discovery of admissible and relevant
         information. Said request is also burdensome.

   (d)   your date of birth;

         April 1, 1963

   (e)   your driver's license number(s);

         Objection.  This discovery request is outside the scope
         of discovery as it is not relevant and not likely to
         lead to the discovery of admissible and relevant
         information. Said request is also burdensome.

(f)    the identity of the employers and a description of the
job positions you have had during the last ten (10)
years;

Dan Serna has been employed with the City of Harlingen
for the past 10 years.

(g)    the names and addresses of each person with whom you
have ever been married; and

Objection.  This discovery request is outside the scope
of discovery as it is not relevant and not likely to
lead to the discovery of admissible and relevant
information. Said request is also burdensome.

(h)    the names and addresses of each of your children.

Objection.  This discovery request is outside the scope
of discovery as it is not relevant and not likely to
lead to the discovery of admissible and relevant
information. Said request is also burdensome.



EXHIBIT"    "

# CHAPTER 93:  NUISANCES

## Section

93.01    Stagnant water prohibited
93.02    Accumulation of carrion, filth, and the like prohibited
93.03    Excessive growth or accumulation of weeds and rubbish prohibited; wildlife habitat area
         exempted
93.04    Abatement required; notice
93.05    Service of notice
93.06    Correction or removal of conditions by city
93.07    Filing of statement of expenses incurred
93.08    Collection of expenses; lien

93.99    Penalty

## § 93.01  STAGNANT WATER PROHIBITED.

It shall be unlawful for the owner of any lot or other real property in the city to allow or permit holes or places where water may accumulate and become stagnant to be or remain on such lot or premises or to allow or permit the accumulation of stagnant water thereon, or to permit the same to remain thereon.

('73 Code, § 18-69) (Ord. 60-22, passed, 8-3-60; Am. Ord. 60-34, passed 12-21-60)  Penalty, see § 93.99

## § 93.02  ACCUMULATION OF CARRION, FILTH, AND THE LIKE PROHIBITED.

It shall be unlawful for any person who shall own or occupy any house, buildings, establishment, lot or yard, or other real property in the city to permit or allow any carrion, filth, or other impure or unwholesome matter to accumulate or remain thereon.

('73 Code, § 18-70) (Ord. 60-22, passed 8-3-60; Am. Ord. 60-34, passed 12-21-60)  Penalty, see § 93.99

UU01

## § 93.03  EXCESSIVE GROWTH OR ACCUMULATION OF WEEDS AND RUBBISH PROHIBITED; WILDLIFE HABITAT AREA EXEMPTED.

(A) *Generally.* It shall be unlawful for any person, firm, or corporation who shall own or occupy any lot or other real property within the city to allow weeds, rubbish, brush, or other unsightly, objectionable, or insanitary matter to accumulate or grow on such lot or property. Any person owning a parcel of property of one acre or more and whose property abuts a lot on which is maintained a single- or multi-family residence adjacent to which there is no dedicated street or alley can remedy or remove the condition by mowing of 150 feet in depth along that portion of the parcel that fronts upon the residential property line.

(B) *Wildlife habitat area; exemption.* In addition, any person owning a parcel of one acre or more can request in writing to the City Commission that the parcel be designated a wildlife habitat area and thus will be exempt from the requirements of this section regarding the removal of weeds and brush. The criteria and requirements are as follows:

    (1) *Definitions.* For the purposes of this division, the following terms are hereby defined:

        (a) *MANAGEMENT PLAN.* A detailed plan describing what steps the property owner will take to maintain the wildlife habitat area.

        (b) *QUALIFIED WILDLIFE OR PLANT EXPERT.* A person recognized by both the private parcel owner and the city as an expert on local wildlife or plant life.

        (c) *WILDLIFE HABITAT AREA.* A parcel so designated by a majority vote of the City Commission.

        (d) *WILDLIFE HABITAT AREA SIGN.* An official on-site sign that will be used to designate an approved wildlife habitat area. The design and wording of this official sign will be subject to a majority vote of the City Commission.

    (2) *Designation as a wildlife habitat area; criteria.*

        (a) The parcel must be a minimum of one acre in size.

        (b) The parcel must be clear of rubbish, junk, or litter.

        (c) Property taxes on the parcel must be current.

    (3) *Procedures.*

        (a) The applicant must submit a written request to the City Secretary's office. This request must include a written statement from a qualified wildlife or plant expert detailing the reasons why the parcel should be designated as a wildlife habitat area and a detailed management plan addressing the maintenance of the habitat area.

(b) The City Secretary shall schedule a City Commission hearing on the request and notify all property owners within 200 feet of the parcel. The qualified wildlife or plant expert shall represent the applicant at this hearing. The City Commission may designate the parcel as a wildlife habitat area by a majority vote.

(c) If the parcel is so designated, the City Manager shall cause to be erected wildlife habitat area signs on the parcel. A sign must face each public street. All costs incurred during the construction and installation of the signage will be paid by the parcel owner.

(d) Once designated as a wildlife habitat area, the Health Department shall periodically inspect the property to ensure compliance with the approved maintenance plan. If noncompliance is found, the wildlife habitat designation can be removed by a majority vote of the City Commission, and the owner of the parcel shall thereafter comply with the requirements of this section by removing weeds and brush thereon. Property owners may make a written request to the City Commission to remove the wildlife habitat area designation, and the removal of such designation shall be granted by the Elective Commission.

(e) The owner of any wildlife habitat area must maintain the area clear of all rubbish, junk, and litter.
('73 Code, § 18-71) (Ord. 60-34, passed 12-21-60; Am. Ord. 86-82, passed 11-5-86; Am. Ord. 90-45, passed 5-2-90; Am. Ord. 91-50, passed 10-15-91)  Penalty, see § 93.99

## § 93.04  ABATEMENT REQUIRED; NOTICE.

Whenever any condition described in this chapter is found to exist on any premises or real property within the city, the owner of such premises or real property shall be notified by the city, in writing, to correct, remedy, or remove the conditions within ten days after such notice and it shall be unlawful for any person to fail to comply with such notice.
('73 Code, § 18-72) (Ord. 60-22, passed 8-3-60; Am. Ord. 60-34, passed 12-21-60)  Penalty, see § 93.99

## § 93.05  SERVICE OF NOTICE.

The notice provided for in this section shall be served personally on the owner to whom it is directed or shall be given by letter addressed to such owner at his last known post office address. In the event personal service cannot be made and the owner's address is unknown, such notice shall be given by publication at least two times within ten consecutive days in a newspaper of general circulation published within the city.
('73 Code, § 18-73) (Ord. 60-22, passed 8-3-60; Am. Ord. 60-34, passed 12-21-60)

Case 1:01-cv-00034   Document 10   Filed in TXSD on 10/10/2001   Page 25 of 26

## § 93.06  CORRECTION OR REMOVAL OF CONDITIONS BY CITY.

In the event the owner of any lot, premises, or real property upon which a condition described in this chapter exists fails to correct, remedy, or remove such condition within ten days after notice to do so is given in accord with this chapter, the city may do such work or make such improvements as are necessary to correct, remedy, or remove such conditions, or cause the same to be done, and pay therefor and charge the expenses incurred thereby to the owner of such lot. Such expenses shall be assessed against the lot or real estate upon which the work was done or the improvements made. The doing of such work by the city shall not relieve such person from prosecution for failure to comply with such notice in violation of § 93.04.

('73 Code, § 18-74) (Ord. 60-22, passed 8-3-60; Am. Ord. 60-34, passed 12-21-60)

## § 93.07  FILING OF STATEMENT OF EXPENSES INCURRED.

Whenever any work is done or improvements are made by the city under the provisions of § 93.06, the City Manager or City Health Officer, on behalf of the city, shall file a statement of the expenses incurred thereby with the County Clerk. Such statement shall give the amount of such expenses and the date or dates on which the work was done or the improvements were made.

('73 Code, § 18-75) (Ord. 60-22, passed 8-3-60)

## § 93.08  COLLECTION OF EXPENSES; LIEN.

After the statement provided for in § 93.07 is filed, the city shall have a privileged lien on the lot or real estate upon which the work was done or improvement made, to secure the expenses thereof. Such lien shall be second only to tax liens and liens for street improvements, and in accord with TEX. HEALTH & SAFETY CODE §§ 342.001 through 342.007. For any such expenditures and interest, suit may be instituted and recovery and foreclosure of the lien may be had in the name of the city and the statement of expenses made in accord with § 93.07, or a certified copy thereof, shall be prima facie proof of the amount expended for such work or improvements.

('73 Code, § 18-76) (Ord. 60-22, passed 8-3-60)

## § 93.99  PENALTY.

Any person who shall violate any of the provisions of this chapter shall be guilty of an offense and upon conviction shall be fined as provided in § 10.99 of this code and each and every day's violation shall constitute a separate and distinct offense, in case the owner or occupant of any lot, lots, or premises under the provisions of this chapter shall be a corporation, and shall violate any provisions of this chapter, the president, vice-president, secretary, treasurer of such corporation, or any manager, agent, or employee of such corporation shall be also severally liable for the penalties herein provided.

('73 Code, § 18-77) (Ord. 60-22, passed 8-3-60)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOHN OCIE ROBERTS,                §
          Plaintiff               §
                                  §
vs.                               §        Civil Action No. B-01-34
                                  §
CITY OF HARLINGEN, TEXAS,         §
et al.,                           §
          Defendants              §

ORDER ON DEFENDANTS' FIRST SUPPLEMENTAL MOTION TO STAY
DISCOVERY (Requests for Production) &
FOR PROTECTION (Personnel Files & Personal Information)

The Court has considered DEFENDANTS' First Supplemental Motion to Stay Discovery and for Protection (as to Personnel Files and Personal Information) in the above referenced matter.  After consideration of said Motions, the Court's file, and the arguments of counsel, the COURT hereby finds that the Motions should in all things be GRANTED.

It is, therefore ORDERED that DEFENDANTS' Motion to Stay is GRANTED and that DEFENDANTS MOTION FOR PROTECTION is GRANTED.

SIGNED on the _____ day of _____ 2001.


                              _____
                              HON. HILDA TAGLE
                              U.S. DISTRICT JUDGE



Roberts: 1st Supp. Mot. to Stay Discovery & Protection              Page 9