*19*

United States District Court
Southern District of Texas
FILED

MAR 1 2 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOHN OCIE ROBERTS.                    §
                                      §
vs.                                   §        CIVIL ACTION NO. B-001-34
                                      §
CITY OF HARLINGEN, ET.AL.             §

ORIGINAL ANSWER OF T & T TOWING SERVICE

TO THE HONORABLE HILDA G. TAGLE:

COMES NOW T & T TOWING SERVICE and files this its Original Answer to Plaintiff's Third Amended Original Complaint, subject to its Motion to Quash Service of Citation, and for such would show unto the Court as follows:

1.    No response is required to ¶ 1 of Plaintiff's Third Amended Original Complaint.

2.    No response is required to ¶'s 2 through 16 except to note that T & T Towing Service is not the name under which Jose A. Garcia does business and that T & T Wrecker Service is not the same entity as T & T Towing Service. And further that this defendant has not been served with process in this matter.

3.    Defendant denies the allegations of ¶17 and denies he is liable in any manner to Plaintiff.

4.    No response is required to ¶18 of Plaintiff's Third Amended Original Complaint.

5.    Defendant admits that all of the acts complained of by Plaintiff probably occurred in Cameron County, Texas.

6.    Defendant cannot admit or deny and therefore denies the allegations of ¶20.

7.    Defendant cannot admit or deny and therefore denies the allegations of ¶21.

8.    Defendant cannot admit or deny and therefore denies the allegations of ¶22.

9.    Defendant cannot admit or deny and therefore denies the allegations of ¶23.

10.   Defendant cannot admit or deny and therefore denies the allegations of ¶24.

11.   Defendant cannot admit or deny and therefore denies the allegations of ¶25.

12.   Defendant cannot admit or deny and therefore denies the allegations of ¶26.

13.     Defendant cannot admit or deny and therefore denies the allegations of ¶27.

14.     Defendant cannot admit or deny and therefore denies the allegations of ¶28.

15.     Defendant cannot admit or deny and therefore denies the allegations of ¶29.

16.     Defendant cannot admit or deny and therefore denies the allegations of ¶30.

17.     Defendant denies the allegations of ¶31.  This defendant did not conspire with anyone about the Plaintiff.  My company was called to remove a 1960's Thunderbird automobile from the premises claimed by Plaintiff.  That service was performed.  I still have the automobile which Plaintiff can come and get as it remains in my possession.

18.     Defendant denies the allegations of ¶32.

19.     Defendant denies the allegations of ¶33.

20.     Defendant denies the allegations of ¶34.

21.     Defendant denies the allegations of ¶35.  This defendant was called by the City of Harlingen to remove a damaged automobile and store it.  This defendant did that.  This defendant still has that automobile.  If Plaintiff wants the automobile then plaintiff should arrange for a wrecker to pick up the automobile.  It is in the same condition as when I removed it to my storage lot.

22.     No response is required to ¶36 of Plaintiff's Third Amended Original Complaint.

23.     Defendant denies the allegations of ¶37.  This defendant has not caused Plaintiff any injury.

24.     No response is required to ¶38 of Plaintiff's Third Amended Original Complaint.

25.     Defendant denies the allegations of ¶39.  This defendant has not caused Plaintiff any injury.  This defendant has not been negligent in any manner.

26.     Defendant denies the allegations of ¶40.  This defendant picked up pursuant to the instructions of the City of Harlingen and has a 1960's era Thunderbird automobile which is severely rusted and was not and is not now in running condition.  Its value is less than $2,500.00 in this defendant's estimation.  But regardless, all Plaintiff has to do is arrange for a wrecker to pick it up and he can have the automobile.

27.     Defendant denies the allegations of ¶41.

28.     Defendant denies the allegations of ¶42.  The only item carried away was a 1960's era Thunderbird which Plaintiff can reclaim by coming and getting it.

29.     Defendant denies the allegations of ¶43.

30.     Defendant denies the allegations of ¶44.

31.     Defendant denies the allegations of ¶45.  The automobile of which this defendant has possession was not in working order when it was picked up.  This defendant has some question as to whether it can even be restored because of the severe deterioration it has suffered over the thirty years or so since it was built.

32.     Defendant denies the allegations of ¶46.

33.     Defendant denies the allegations of ¶47.

34.     Defendant denies the allegations of ¶48.  This defendant was called by the City of Harlingen to provide wrecker services and tow away a 1960's era Thunderbird which defendant did.  But for those instructions this defendant would not have towed the automobile.

35.     No response is required to ¶49 of Plaintiff's Third Amended Original Complaint.

36.     Defendant denies the allegations of ¶50.  This defendant has not sold any property of Plaintiff as stated aforesaid.  Plaintiff needs to come and get his automobile.

37.     Defendant denies the allegations of ¶51.

38.     Defendant denies the allegations of ¶52.

39.     Defendant denies the allegations of ¶53.  This defendant has done no act which would justify an award of punitive damages against him.

40.     No response is required to ¶54 of Plaintiff's Third Amended Original Complaint.

WHEREFORE PREMISES CONSIDERED, Defendant prays that upon trial hereof, he go hence with his costs without day.

Respectfully submitted,

BONNER & BONNER
Attorneys for T & T Towing Service
Post Office Box 288
Harlingen, Texas 78551
Telephone:  (956) 423-9152
Facsimile:  (956) 428-0671

By _____
Curtis Bonner
State Bar No. 02611000
Federal I.D. 1177

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing was mailed certified mail, return receipt requested to Hugo Xavier De Los Santos, Esp., C.P.A., Attorney for Plaintiff, at 6800 Park Ten Blvd., Suite 123-N, San Antonio, Texas 78213, and by regular mail to Mr. Ricardo J. Navarro, at 222 East Van Buren, Suite 405, Harlingen, Texas 78550-6804 and to Mr. Michael R. Ezell, P. O. Box 2878, Harlingen, Texas 78551-2878 on March 11, 2002.

Curtis Bonner