United States District Court
Southern District of Texas
FILED

MAY 28 2002

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. B-01-034 |
| CITY OF HARLINGEN, TEXAS, | § | |
| ET. AL. | § | |

### DEFENDANT, JOSE A. GARCIA'S
### MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE OF SAID COURT:

COMES NOW JOSE A. GARCIA, hereinafter "Garcia or Defendant" and presents his Motion For Summary Judgment as to the claims made here and against him and for same would show that there is no issue of fact which forms the basis of Plaintiff's suit and for such would show into the Court as follows:

**I.**

Defendant shall refer to the parties as follows:

Plaintiff, John Ocie Roberts, as "Plaintiff" or "Roberts".

Defendant, City of Harlingen, as "City".

**II.**

This is a suit by Roberts who claims ownership of a certain Ford Thunderbird which is in the possession of Garcia. Plaintiff also seeks damages for its removal and retention by Garcia claiming conspiracy, conversion, and tortuous interference with business relationship. Garcia was called by the City to come to a lot on North Commerce Street in Harlingen, Texas with his wrecker and remove said automobile. It is customary for Garcia as a licensed wrecker owner to be called by the City to transport vehicles and store same for such time until the owner reclaims same. At times this occurs at the scene of vehicle collisions. At other times it occurs when automobiles are abandoned by the owners. Garcia relies on the City to make such determination and only furnishes a service for which the City pays him a customary and normal fee. The City

maintains a rotation schedule by which wrecker services that register with the City and which meet the standards set by the City are called to perform such services as are required for a wrecker. Such a system does not amount to a conspiracy. Garcia is involved only because his turn came up to be called to provide this particular service.

### III.

Garcia did not conspire with or fraudulently act in concert with any person, firm or entity in taking possession of this early 70's model Ford Thunderbird automobile and removing it to his state licensed storage facility where the vehicle still is located. A selection of photographs of said vehicle is attached hereto marked Exhibit A and made a part hereof for all purposes. Garcia is a mechanic by trade and has been so involved since his teen age years. He began work in the mechanic garage with Easterling Van Tine Pontiac in Harlingen in the late 1950's and worked there for a number of years before opening his own automotive repair shop a number of years ago. As an experienced mechanic he has knowledge of the mechanical repair of automobiles and the costs for such repair. It is his opinion that this vehicle has no value or its only value is the value of the metal in the vehicle. It is very rusted. It has not been operated in many years. It has probably been many years prior to Garcia taking possession of it since it operated. It is doubtful that the engine or transmission or rear axle can be made operational without a large expenditure of money which exceeds the value of the car once it is restored to operating condition.

### IV.

In addition the Plaintiff has suffered no damages because of any actions of Garcia because the vehicle which Garcia has is available to Plaintiff. All he had to do is come get it and move it.

### V.

As shown by the Affidavit of Jose A. Garcia attached, the process by which he came into the possession of this car is the standard operating procedure followed when an automobile must be removed. A wrecker service is called to the scene, the vehicle is picked up and transported to an appropriate location, i.e. a storage facility or a shop where automobiles are repaired. At some point in time thereafter the owner of the vehicle reclaims it or it is sold and the costs of towing and storage are deducted.

Garcia believes that Plaintiff has known for quite some time where his Thunderbird is and yet, rather than reclaim same, has instead filed this suit against Garcia. Nothing has prevented him

from taking possession of the Thunderbird. Since the Thunderbird is inoperable and has obviously been for a long period of time prior to coming in to the possession of Garcia, the Plaintiff has not suffered any damage because the vehicle has been stored by Garcia in the same manner as the Plaintiff kept it, out in the open in a field.

This Court should dismiss this action against this defendant or rule that Plaintiff may not recover against Defendant. Or that Plaintiff has suffered no damages because of the conduct of Garcia in obeying a legal lawful command to perform services for the City of Harlingen.

WHEREFORE PREMISES CONSIDERED Defendant, Jose A. Garcia, moves the Court to GRANT this Motion For Summary Judgment and dismiss the case as to Jose A. Garcia or to find that Plaintiff has suffered no damages as a result of the conduct of Jose A. Garcia. All as set out above.

Respectfully submitted,

Bonner & Bonner
Attorney for Defendant, Jose A. Garcia
P. O. Box 288
Harlingen, Texas 78551-0288
telephone: (956) 423-9152
facsimile: (956) 428-0671

By: Curtis Bonner
State Bar No. 02611000
Cameron County ID. 3701

### CERTIFICATE OF SERVICE

A true and correct copy of the above was hand delivered to the following attorneys at the courtroom of this honorable court or was mailed certified mail, return receipt requested to: Hugo Xavier De Los Santos at 6800 Park Ten Blvd., Suite 123-N, San Antonio, Texas 78213-4286, Attorney for Plaintiff, and by regular mail to Mr. Ricardo J. Navarro at 222 East Van Buren, #405, Harlingen, Texas 78550-6804, Attorney for City of Harlingen and to Mr. Michael R. Ezell at P. O. Box 2878, Harlingen, Texas 78551-2878 on May 28, 2002.

Curtis Bonner






**EXHIBIT A**

## AFFIDAVIT OF JOSE A. GARCIA

STATE OF TEXAS

COUNTY OF CAMERON

"My name is JOSE A. GARCIA. I am the owner of T & T Car Care Center which is a sole proprietorship owned by myself and my wife. T & T performs wrecker services for the general public and also has a state licensed storage lot to which automobiles are occasionally towed and stored. I have worked in the business of repairing automobiles all of my adult life. I started with Easterling Van Tine Pontiac, Inc., a new car dealer in Harlingen, in the 1950's. I perform repair services of all nature on automobiles.

My firm was called to supply wrecker services by the City of Harlingen to a lot at the corner of Markowsky and North Commerce Street in Harlingen. There I was directed to tow off a Ford Thunderbird which was done and the car was brought to T & T's storage lot where it has remained. The photos attached to this Motion marked Ex. A accurately depict the Thunderbird on my lot. It looked similar to this when it was picked up by my wrecker. It might have a little more rust on it but it is in the same basic condition as when it was removed from North Commerce Street.

In my opinion it is not in a restorable condition because of the amount of rust damage on the body. It might be used for parts to restore another similar car but I believe the car itself is beyond economical repair. I recognize that certain automobiles are regarded as desirable collector's cars but I do not believe this is one of them.

This automobile was towed by my firm only because the City of Harlingen called because our turn had come up on the rotation list maintained by the city for those wrecker firms that desire to provide wrecker services to the general public. We get calls to go to the scenes of automobile collisions and other occasions when automobiles are not capable of being operated and must be removed to another location whether to a repair facility or a storage lot. Other than the request to go and provide wrecker services and tow an automobile, no other instructions or conversations were engaged in to my memory. This is a standard procedure in the City of Harlingen and other cities throughout Texas.

Within a couple of days of towing the car John Ocie Roberts came by my facility and viewed the car. He has failed and refused to pick up the car even though he knew where it was and could have taken possession of it at any time.

FURTHER AFFIANT SAYETH NOT.

_____
JOSE A. GARCIA

**THE STATE OF TEXAS** §
**COUNTY OF CAMERON** §

SWORN TO, SUBSCRIBED, AND ACKNOWLEDGED by Jose A. Garcia before me on May 28, 2002.

_____
Notary Public, State of Texas

IRMA M GONZALEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 12-23-2005