32

## Civil Courtroom Minutes

United States District Court
Southern District of Texas
FILED

MAY 28 2002

Michael N. Milby, Clerk of Court

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ■ Lehrman |
| DATE | 05 — 28 — 02 |
| TIME | ___ a.m. — ___ a.m. |
| | 2:05 p.m. — 2:35 p.m. |
| CIVIL ACTION | B — 01 — 034 |
| STYLE | Roberts *versus* City of Harlingen, et al. |

DOCKET ENTRY

(HGT)  ■ Scheduling Conference;   (Rptr. Breck Record )

Hugo Xavier de los Santos   for   ■ Ptf. #_____   ☐ Deft. #_____

Ricardo Navarro for City of Harlingen

Michael Ezell for La Feria Wrecker Service

Stephen Curtis Bonner for T & T Towing Service

■   Scheduling order to be entered.

<u>Comments</u>:

The Court asked about differences in the new complaint. Mr. de los Santos apologized for not having reviewed the file; he has recently had personal problems.

The Court wanted to know about records of the property before the incident. Mr. de los Santos doesn't have any documents but would bring in an expert to assess the value of the lost property. The Court asked for any tax assessment or evaluation to give the Court an indication as to what kind of inventory was lost. He doubts that there was a tax rendition every year. The Court wants to know about the tax on the inventory, not the building. Mr. de la Santos said the suit only involves what was outside

1

the building, only what was outside the building. The 2 million dollar figure comes from loss of revenues an inability to continue the business, but he has not seen tax returns yet. The Court wants to know where he came up with the figure. Mr. De los Santos was unable to produce any documents as the basis of the figure.

The Court wanted to know the basis for the continuance. Mr. de los Santos said that it was the motion which was ruled on today [Dkt. No. 28] in which new Defendants were added.

The Court asked for any pending motions, and wants to know if the Parties consent to go before the magistrate. The Court stated that the Parties should have been better prepared since they were about to go before the jury.

Who is going to testify as an expert? Delado Gonzales, appraiser. Mr. de los Santos was unable to give an idea of the value of the lost property.

Mr. Navarro came to the podium. The City said the vehicles were taken pursuant to two ordinances, nuisance, and junk vehicles. Mr. Navarro agreed to some discovery, and Mr. de Los Santos agreed to dismiss some of the Defendants. Mr. Navarro would like to reurge a qualified immunity defense for some of the remaining Defendants. The City is prepared to go forward. The Court wants to know when they will file a qualified immunity motion. He said very soon, as soon as he gets done with the deposition of Mr. Roberts.

Mr. Ezell said he will file a motion for summary judgment within 30 days after his deposition of Mr. Roberts.

Mr. Bonner said he filed his motion for summary judgment today. The Court imposed a deadline of June 27th for dispositive motions in this case. The Court hopes for quick responses and wishes to get these motions ruled on as quickly as possible. The Court told the Parties to agree on trial dates in the event that the case does go to trial. Submit joint proposed scheduling order.

Mr. Navarro made an oral motion that Robert Drinker be allowed to be attorney of record with Mr. Navarro. The Court **GRANTED** the Motion.

Mr. de los Santos is challenging the constitutionality of the ordinance itself. He will be filing his own dispositive motion on that issue.

The Court recessed.