IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 28 2002 1:58p

Michael N. Milby, Clerk of Court

| | |
|---|---|
| Roberts, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. B-01-34 |
| § | |
| City of Harlingen, et al. § | |
| § | |
| Defendants. § | |

### ORDER

BE IT REMEMBERED, that on May ___28___, 2002, the Court considered the Plaintiff's Motion for Entry of Default Judgment against Defendants La Feria Wrecker Service and T&T Towing Service [Dkt. No. 17], T & T Towing Service's Motion to Quash Service of Citation [Dkt. No. 18], and La Feria Wrecker Service's Opposition to Plaintiff's Motion for Default Judgment [Dkt. No. 20]. The Court hereby **DENIES** Plaintiff's Motion for Entry of Default Judgment and **GRANTS** the Motion to Quash Service of Citation on Defendant T & T Towing Service.

Plaintiff originally filed this action with the 107th Judicial District Court of Cameron County, Texas in January 2001. The case was removed to this Court in March 2001. Plaintiff claims service on La Feria Wrecker Service by hand delivery of a citation and a copy of the Plaintiff's original petition to Harold Waite [Dkt. No 17 Ex. A] who concedes doing business as La Feria Wrecker Service [Dkt. No. 20 Ex. B]. Plaintiff claims service by hand delivery on T & T Towing Service through on Jose "Tony" Garcia, who concedes owning T & T Towing Service, or his daughter, Mary Ann Garcia. Plaintiff Moves for Entry of Default Judgment against La Feria Wrecker Service and against T & T Towing based on the failure of those Defendants to appear or answer within the time allowed by law.

### La Feria Wrecker

Plaintiff claims that it served Harold Waite on behalf of La Feria Wrecker Service. Harold Waite swears in his affidavit [Dkt. No. 20 Ex. B] that he attempted to mail his

response [Dkt. No. 20 Ex. A] to the District Court of Cameron County, Texas, that the letter was not returned to him, and that he believed in good faith that the letter had been filed with the Clerk of the Court and served as a satisfactory answer [Dkt. No. 20 Ex. B].

La Feria Wrecker Service filed its answer with this Court on March 6, 2002 [Dkt. No. 16], one day before Plaintiff made its Motion for Entry of Default Judgment [Dkt. No. 17]. Because a default judgment cannot be entered against a party who has answered under Rule 55(a), Plaintiff's Motion as to La Feria Wrecker is **DENIED**. See also 10A Wright et al., Federal Practice & Procedure §2682.

T & T Towing

T & T Towing has moved to quash the service of citation upon it. Tony Garcia, and his daughter Mary Ann Garcia, both attach affidavits in their opposition to the entry of default stating that they a) do not do business at the address where service was effected b) were never served and c) are not associated with the business that does occupy the named property. The "Return of Officer" section of the Citation on T & T Towing Service does not indicate whether the citation was actually executed on anyone. It states, "Came to hand the 3 day of Feb, 01 at 9:00 o'clock a.m., and executed/(not executed) on the 13 day of Feb, 01 by delivering to Mary Ann Garcia/ Tony Garcia in person a true copy of this Citation upon which I endorsed the date of delivery, together with the accompanying copy of the Citation." [Dkt. No. 17 Ex. A] (Underlined portions filled in by hand). The Court notes that neither the words "executed" or "not executed" are circled.

T & T Towing filed its answer with this Court on March 12, 2002, after the motion for default was filed. However, because Plaintiff has failed to rebut T & T Towing's evidence that it was never served, the motion to quash is **GRANTED**.

Plaintiff seeks entry of default under Fed. R. Civ. P. 55(a), and subsequently, entry of default judgment under Fed. R. Civ. P. 55(b). Rule 55(a) states: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Id. In cases where a party has failed to defend, however, "[o]f course, the Court has discretion to grant additional time to a party to plead or otherwise defend." 10 A Wright, et al., Federal Practice & Procedure § 2682 at 14

(emphasis added). The Court, in its discretion, and in the interests of justice, therefore **EXTENDS** time to answer to T & T Towing until March 12, 2002.

Both Defendants having answered, entry of default and default judgment for Plaintiff are **DENIED**. The Motion to Quash Service of Citation on T & T Towing is **GRANTED**.

DONE at Brownsville, Texas, this _28_ day of May 2002.

Hilda G. Tagle
United States District Judge