DE LOS SANTOS LAW FIRM TEL:210-737-1556         Jun 17 02   17:26 No.013 P.03

*36*

United States District Court
Southern District of Texas
FILED

JUN 17 2002

Michael N. Milby, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | Civil Action |
|       Plaintiff | § | |
| | § | |
| v. | § | No. B-01-34 |
| | § | |
| CITY OF HARLINGEN, CAMERON COUNTY, TEXAS, | § | |
| CONNIE DE LA GARZA, INDIVIDUALLY, | § | |
| CHIEF OF POLICE MICHAEL BLAKE, | § | |
| INDIVIDUALLY, ACTING CITY MANAGER | § | |
| ROY RODRIGUEZ, INDIVIDUALLY, | § | |
| INSPECTOR DAN SERNA, INDIVIDUALLY, | § | |
| LT. JIM SCHEOPNER, INDIVIDUALLY, | § | |
| INSPECTOR RUBEN MARES, INDIVIDUALLY, | § | |
| INSPECTOR SAM GUTIERREZ, INDIVIDUALLY, | § | |
| LA FERIA WRECKER SERVICE, | § | |
| DOUBLE  A WRECKER CO., | § | |
| T & T TOWING SERVICE, | § | |
| T AND T WRECKER SERVICE, | § | |
| TIM WILKINSON IRON & METAL INC., | § | |
|       Defendants | § | JURY |

### PLAINTIFF'S RESPONSE & OPPOSITION TO
### MOTION FOR SUMMARY JUDGMENT FILED BY
### JOSE A. GARCIA, OSTENSIBLY FOR
### DEFENDANTS DOUBLE  A WRECKER CO.,
### T & T TOWING SERVICE and T AND T WRECKER SERVICE

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOHN OCIE ROBERTS, plaintiff in the above-entitled and numbered cause, and files this response in opposition to the motion for summary judgment filed in this case by defendant JOSE A. GARCIA also known as DOUBLE  A WRECKER CO. and also known as T & T TOWING SERVICE and also known as T AND T WRECKER SERVICE, together with controverting summary judgment evidence, and prays that the Court deny said defendant's motion, and would respectfully show the Court as follows:

1.    An appearance has been made in this action by a JOSE A. GARCIA, by his filing a motion for summary judgment.  Apparently, this individual is the owner or

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT      B-01-34

proprietor and operator of the businesses that were sued in this action known as Defendants DOUBLE A WRECKER CO., T & T TOWING SERVICE and T AND T WRECKER SERVICE. In its answer, T&T Car Care Center avers that Mr. Garcia is the owner of the business.

2.      T & T TOWING SERVICE filed its answer in this action on or about March 11, 2002. In this answer, in paragraph 2 thereof, defendant mentions the name of JOSE A. GARCIA, who is apparently the owner of the defendants DOUBLE A WRECKER CO., T & T TOWING SERVICE and T AND T WRECKER SERVICE.

3.      The summary judgment evidence before this honorable court establish that the subject moving defendant is not entitled to summary judgment. On the contrary, the evidence is clear and uncontroverted that the said defendant is in possession of at least one item of property that belongs to plaintiff; moreover, the defendant's subject motion contains numerous allegations of fact that are not supported by the affidavit submitted in support of the subject motion.

4.      The pleadings in this cause and summary judgment evidence filed herein and attached hereto (Affidavit of John Ocie Roberts in Opposition to Jose A. Garcia's Motion for Summary Judgment, dated June 17, 2002) establish that defendants are not entitled to summary judgment against plaintiff. In the alternative, the same establish that there are genuine issues of material fact concerning the defense(s) made by defendant in its motion for summary judgment and affidavit, all of which preclude the granting of summary judgment in favor of defendant, as appear from the pleadings and the summary judgment evidence and affidavits submitted on this motion.

5.      Attached hereto, incorporated herein by reference and submitted by Plaintiff in opposition to the "Defendant, Jose A. Garcia's Motion for Summary Judgment" is the Affidavit of John Ocie Roberts in Opposition to Jose A. Garcia's Motion for Summary Judgment, dated June 17, 2002.

<u>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>      <u>B-01-34</u>

6.   <u>Objections to Defendant's Affidavits:</u>

Plaintiff objects and excepts to the summary judgment evidence of movant as follows:

a.    The affidavit of JOSE A. GARCIA is of no probative value, for it is an affidavit of an interested witness and the same is inconsistent with the testimony made under oath of John Ocie Roberts set forth in the affidavit of John Ocie Rogers which is before the Court.

For example, Garcia alleges in his affidavit that Mr. Roberts came to Garcia's facility and "viewed the car"; however, Mr. Roberts' affidavit testifies that as of June 17, 2002, he does not know the whereabouts of the said antique, 1963 Ford Thunderbird.

Furthermore, Mr. Garcia alleges that he has offered to allow Mr. Roberts to take the Ford Thunderbird and that Mr. Roberts could have taken possession of it at any time. Yet, even according to Garcia, the Ford Thunderbird is on his unidentified "lot" and Mr. Roberts has testified that Mr. Garcia threatened Mr. Roberts with criminal prosecution if Mr. Roberts ever came by Garcia's business.

In addition, Garcia avers that the subject Ford Thunderbird "looked similar" to the vehicle that is depicted in the photographs attached to the motion for summary judgment and that "it is in the same basic condition as when it was removed from North Commerce Street"; however, Mr. Roberts has testified that, "The photographs that Mr. Garcia's attorney submitted with Mr. Garcia's motion for summary judgment, show that the vehicle depicted has no tires. When Mr. Garcia and/or his employee took my antique Ford Thunderbird, it had wheels and the tires. I had kept the tires fully inflated and properly maintained. Mr. Garcia has evidently taken the tires off and placed the vehicle directly on the ground. Placing an antique vehicle like my Ford Thunderbird directly on the ground without tires causes the antique vehicle to rust substantially on

<u>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>      B-01-34

an accelerated basis. Therefore, despite his allegation, Mr. Garcia has damaged my
antique Ford Thunderbird, which he continues to secret from me." June 17, 2002,
Affidavit of John Ocie Roberts, ¶15, page 3.

Garcia also attempts to suggest to the reader of the affidavit that he and his
business(es) took only the Ford Thunderbird that he admits having possession of in his
affidavit. For example, Garcia says "Other than the request to go and provide wrecker
services and tow <u>an</u> automobile, no other instructions or conversations were engaged
in". May 28, 2002, Affidavit of Jose A. Garcia. No other vehicle other than the Ford
Thunderbird is mentioned by Garcia. Moreover, Garcia says that at Mr. Roberts' place
of business, Garcia was "directed to tow off a Ford Thunderbird". However, there is
controverting evidence before the court by way of Mr. Roberts' affidavit. Mr. Roberts
testifies, contrary to Garcia's suggestion, that Garcia took at least two (2) other vehicles
from Mr. Roberts. Thus, Garcia's affidavit is controverted and misleading.

Accordingly, plaintiff moves that the court strike the affidavit of JOSE A.
GARCIA for the purpose of the summary judgment proceedings in this action.

b.    The expert opinions set forth in the affidavit of JOSE A. GARCIA,
concerning the restorability of the subject Ford Thunderbird and the value of the said
vehicle, are not properly qualified. Nowhere in the face of the affidavit does the affiant
state facts that would qualify him to be an expert in the valuation of antiques such as
the 1963 Ford Thunderbird in question. Moreover, the defendant's failure to properly
identify this vehicle as a 1963 Ford Thunderbird is evidence of the affiant's lack of
knowledge and expertise. The defendant's motion alleges that the said vehicle is a
"early 70's Ford Thunderbird automobile". This allegation is simply false and incor-
rect. Furthermore, no qualifications are set forth in the affidavit that would permit the
affiant to be qualified as an expert in this field. In addition, nowhere in the affidavit
are there any facts set forth that would qualify the affiant as an expert in the field of

<u>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>    <u>B-01-34</u>

evaluating whether or not an antique vehicle is worth restoring. There are simply no facts set forth that qualify the affiant as an expert in antique restoration and antique restoration feasibility. The affidavit fails to satisfy the expert witness qualification test promulgated by <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 588, 113 S.Ct. 2786 (1993). Therefore, the affidavit is no probative value and should be stricken and disregarded.

Accordingly, plaintiff moves that the court strike the affidavit of JOSE A. GARCIA for the purpose of the summary judgment proceedings in this action.

c.    Plaintiff objects to the fourth paragraph of Garcia's affidavit wherein it is alleged that Garcia's business was called "by the City of Harlingen" "because [Garcia's] turn had come up on the rotation list maintained by the city for those wrecker firms that desire to provide wrecker services to the general public". This allegation is nothing but mere conjecture, speculation, or if based on any statement made to Garcia by a third party, objectionable hearsay. Garcia fails to provide any facts that would demonstrate his ability to testify to concerning the operations and business affairs of the City of Harlingen.

Accordingly, plaintiff moves that the court strike the affidavit of JOSE A. GARCIA for the purpose of the summary judgment proceedings in this action.

7.    The statements and argument made by defendant in defendant's subject motion are for the most part not consistent with or at the very least not supported by the defendant's affidavit. Plaintiff thus objects to the defendant's apparent attempt to make his motion based on the hearsay allegations of defendant's counsel. For example, the process described in paragraph II of the defendant's motion for summary judgment as being a custom is not described in the affidavit. Nowhere in the affidavit of Jose A. Garcia does the defendant aver under oath that there is a process where "it is customary for Garcia as a licensed wrecker owner to be called by the City to transport and store

<u>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**</u>      **B-01·34**

same for such time until the owner reclaims same. At times this occurs at the scene of vehicle collisions.   At other times it occurs when automobiles are abandoned by the owners."  Also, the defendants' motion states that the Ford Thunderbird is an "early 70's model"; however, the affidavit makes no mention of the antique's year  model. By way of further example, there is no allegation made in the affidavit of Jose A. Garcia to support the motion's statement that "it is doubtful that the engine or transmission or rear axle can be made operational without a large expenditure of money which exceeds the value of the car once it is restore to operating condition.

8.      The affidavit of John Ocie Roberts clearly controverts the defendant's affidavit.  Furthermore, Mr. Roberts' affidavit set forth more specific facts and contains more details about Mr. Roberts' qualifications and expertise.  For this reason, defendant's subject motion for summary judgment must fail and be denied by this honorable court.

9.      WHEREFORE, PREMISES CONSIDERED, plaintiff JOHN OCIE ROBERTS prays, demands and requests that the Court deny defendant Garcia's Motion for Summary Judgment and that this case be tried to a jury, and that the court grant plaintiff such other and further relief, which the court deems appropriate.

<u>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>    <u>B-01-34</u>

Respectfully submitted,

**_HUGO XAVIER DE LOS SANTOS_**
**_Attorney at Law & C.P.A._**

Date:   June 17, 2002

By:
      HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
      Texas Bar Identification #05653300
      U.S. Southern District Id. #11259

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas  78213
(210) 736-4227      FAX# (210) 737-1556

Attorney for John Ocie Roberts, Plaintiff

<u>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>      <u>B-01-34</u>

<u>CERTIFICATE OF SERVICE</u>

I, HUGO XAVIER DE LOS SANTOS, ESQ., attorney for John Ocie Roberts, Plaintiff, hereby certify that I served all other parties in this action with a correct copy of PLAINTIFF'S RESPONSE & OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED BY JOSE A. GARCIA, OSTENSIBLY FOR DEFENDANTS DOUBLE A WRECKER CO., T & T TOWING SERVICE and T AND T WRECKER SERVICE in a manner consistent with the FED.R.CIV.P. on June 17, 2002.

Further, this is to certify that all service via mail was by certified mail, return receipt requested [RRR], by depositing this document in an official depository of the United States Postal Service after enclosing this document in a postpaid, properly addressed envelope.   In addition, all service by telephonic document transfer was accomplished before 5:00 o'clock p.m. on the aforesaid date.

*City of Harlingen, Cameron County, Texas, Inspector Dan Serna, Individually, Inspector Ruben Mares, Individually, and Inspector Sam Gutierrez, Individually, Defendants*

c/o Mr. Ricardo J. Navarro, Esq.
222 E. Van Buren, Suite 405
Harlingen, Texas 78550-6804

*Method:*      U.S. Certified Mail, Return Receipt Requested
              USPS Postal Receipt #7001 2510 0009 2698 3610


*JOSE A. GARCIA also known as Double A Wrecker Co., T & T Towing Service, T and T Wrecker Service, Defendant(s)*

c/o Mr. Curtis Bonner, Esq.
P.O. Box 288
Harlingen, Texas 78551-0288

*Method:*      U.S. Certified Mail, Return Receipt Requested
              USPS Postal Receipt #7001 2510 0009 2698 3627

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT    B-01-34

*La Feria Wrecker Service, Defendant*

c/o Mr. Michael R. Ezell, Esq.
312 East Van Buren/P.O. Box 2878
Harlingen, Texas 78551

*Method*:     U.S. Certified Mail, Return Receipt Requested
              USPS Postal Receipt #7001 2510 0009 2698 3597

## HUGO XAVIER DE LOS SANTOS
*Attorney at Law*

By: _____
     HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
     Texas Bar Identification #05653300

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas  78213
(210) 736-4227      FAX# (210) 737-1556

Attorney for John Ocie Roberts, Plaintiff

********************************************************************

DE LOS SANTOS LAW FIRM TEL:210-737-1556          Jun 17 02   17:30 No.013 P.12

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | Civil Action |
| Plaintiff | § | |
| | § | |
| **v.** | § | No. B-01-34 |
| | § | |
| CITY OF HARLINGEN, CAMERON COUNTY, TEXAS, | § | |
| CONNIE DE LA GARZA, INDIVIDUALLY, | § | |
| CHIEF OF POLICE MICHAEL BLAKE, | § | |
| INDIVIDUALLY, ACTING CITY MANAGER | § | |
| ROY RODRIGUEZ, INDIVIDUALLY, | § | |
| INSPECTOR DAN SERNA, INDIVIDUALLY, | § | |
| LT. JIM SCHEOPNER, INDIVIDUALLY, | § | |
| INSPECTOR RUBEN MARES, INDIVIDUALLY, | § | |
| INSPECTOR SAM GUTIERREZ, INDIVIDUALLY, | § | |
| LA FERIA WRECKER SERVICE, | § | |
| DOUBLE A WRECKER CO., | § | |
| T & T TOWING SERVICE, | § | |
| T AND T WRECKER SERVICE, | § | |
| TIM WILKINSON IRON & METAL INC., | § | |
| Defendants | § | JURY |

## AFFIDAVIT OF JOHN OCIE ROBERTS
## IN OPPOSITION TO JOSE A. GARCIA'S
## MOTION FOR SUMMARY JUDGMENT

THE STATE OF TEXAS                §
COUNTY OF CAMERON                 §

On June 17, 2002, JOHN OCIE ROBERTS, first being duly sworn, deposes and says:

1.  "I, JOHN OCIE ROBERTS, reside in the city of La Feria, county of Cameron, Texas. Following the City of Harlingen's taking of my property at 1726 North Commerce Street, Harlingen, Cameron County, Texas, I was forced to retire and am now presently retired. The name of my business at 1726 North Commerce Street, Harlingen, Cameron County, Texas was 'The Bargain Barn'. I am of sound mind and understand that this statement is made under oath. I have personal, first hand knowledge of the facts set forth herein unless otherwise stated. I have never been convicted of a felony or crime of moral turpitude. I am over the age of twenty-one years. I am competent and fully capable of making the following statements.

2.  "I was in the business of buying and selling antiquities, including antique motor vehicles, since 1964 until 2000. Although I am officially retired from the business of purchasing and selling antiquities, I continue to keep informed with

**AFFIDAVIT OF JOHN OCIE ROBERTS**                               **NO. B-01-34**

respect to the value and resale prices of antiquities. I am, from to time, called upon to give my opinion concerning the fair market value and the restorability of various antiquities by persons in the business of buying and selling antiquities. I am considered an expert in the evaluation for restoration purposes, and in the valuation, of antiquities by my peers and the people in the business. I have specialized knowledge and expertise in this field that I have gained over my years of experience.

3.    "I have also been involved in, among other things, the business of motor vehicle repair, motor vehicle body work and repair, antique restoration, heavy equipment sales, repair and restoration, and in businesses that use heavy equipment, for over forty (40) years. I also have specialized knowledge and expertise in these field that I have gained over my years of experience.

4.    "I have been a businessman in the City of Harlingen for many years, and am familiar with most of the local merchants. The business run and operated by Mr. Jose A. Garcia is commonly known as "Double A" and also as "T & T". Attached hereto, marked Exhibit "Roberts-A", is a true and correct copy of a photograph that I took which accurately and fairly depicts the sign that I took a picture of, which sign was located at the business owned and operated by Mr. Garcia. Mr. Garcia's business sign says, "DOUBLE A  T & T", etc. It does not say "T & T Care Center" like Mr. Garcia alleges in his affidavit. This location is at 501 W. Jackson, Harlingen, Cameron County, Texas.

5.    "Antique motor vehicles like my Ford Thunderbird which Mr. Garcia wrongfully took from me, are bought and sold not only by collectors of such vehicles but also by the producers of motion pictures, in Hollywood and other parts of the country and globe. These vehicles often times are included in the plots and themes of motion pictures, and will command a high price because of the fact that they are in demand and their supply is rare.

6.    "Mr. Garcia also has business location on Tyler, near Commerce and the old railroad station. The address of this location is 202 W. Tyler, Harlingen, Cameron County, Texas.

7.    "Mr. Garcia lists his businesses in the Southwestern Bell business pages and he includes "Wrecker Services" under the "T&T" name. Attached hereto, marked Exhibit "Roberts-B", is a true and correct copy of the page and cover of the Southwestern Bell telephone directory that contains Mr. Garcia's business listing.

8.    "I have read the affidavit of JOSE A. GARCIA, dated May 28, 2002, which he submitted with his company's motion for summary judgment. There are several statements that are not true or correct in this affidavit.

9.    "Mr. Garcia suggests in his affidavit that the antique, Ford Thunderbird is the only vehicle that he took from my property. This is not true. In addition to the antique Ford Thunderbird, Mr. Garcia and/or someone under his direct supervision or employ took, at the very least, two (2) antique pick-up trucks, one being an International. These two (2) pick-up trucks are depicted in the photographs which I took, and which are attached hereto, marked Exhibits "Roberts-A" and "Roberts-C", the same being incorporated herein by reference.

<u>**AFFIDAVIT OF JOHN OCIE ROBERTS**</u>              <u>**No. B-01-34**</u>

10.   "Although I have come into contact with JOSE A. GARCIA, he has never told me that I could take any of the vehicles that he took from any of his business locations. Mr. Garcia also never advised, informed or otherwise told me the whereabouts of the "Ford Thunderbird". The unsworn, unauthenticated photographs that his attorney attached to Mr. Garcia's motion for summary judgment do not depict either of the two business premises belonging to Mr. Garcia of which I have knowledge or familiarity. In addition, nowhere in his motion or his affidavit, does Mr. Garcia tell me or the court the location of the place where the photographs were taken, which is where he has secreted my Ford Thunderbird.

11.   "When Mr. Garcia and/or his employee took my property, they completely ignored the posted signs and painted fence posts, warning that trespassing was prohibited. At the time, I had the fence posts at my business property commonly known as 1726 North Commerce Street, Harlingen, Cameron County, Texas, appropriately painted; moreover, I had locks and gated fences; in addition, I had numerous warning signs posted throughout the property, including at the entry gates, stating that the property was "POSTED PRIVATE PROPERTY" and "NO TRESPASSING", along with the language promulgated by Texas law. At no time was I shown any search warrant or seizure warrant authorizing the taking or removal of my property from my said business location. At no time did I authorize, or give my consent to, Mr. Garcia for him to take any of my property.

12.   "Mr. Garcia has never told me that I was free to retrieve or take any of the property that he took from me.

13.   "Mr. Garcia has never provided me with any documents showing, or an accounting of, the various items of personalty that he took from me. On information and belief, Mr. Garcia has never provided the City of Harlingen with an accounting of the various items of personalty that he and/or his employees took from my business, nor has he informed them of the whereabouts of the various items he took. Mr. Garcia has most certainly never informed or advised me of the whereabouts of the property he took from my business. Mr. Garcia has never sent me any notices, nor any letters advising me of the whereabouts of my property. Furthermore, Mr. Garcia threatened me with criminal charges if he ever saw me go to his place of business.

14.   "As of this day, I do not know the whereabouts of my antique, Ford Thunderbird, which Mr. Garcia wrongfully took from me.

15.   "The photographs that Mr. Garcia's attorney submitted with Mr. Garcia's motion for summary judgment, show that the vehicle depicted has no tires. When Mr. Garcia and/or his employee took my antique Ford Thunderbird, it had wheels and the tires. I had kept the tires fully inflated and properly maintained. Mr. Garcia has evidently taken the tires off and placed the vehicle directly on the ground. Placing an antique vehicle like my Ford Thunderbird directly on the ground without tires causes the antique vehicle to rust substantially on an accelerated basis. Therefore, despite his allegation, Mr. Garcia has damaged my antique Ford Thunderbird, which he continues to secret from me.

<u>AFFIDAVIT OF JOHN OCIE ROBERTS</u>                          <u>NO. B-01-34</u>

16.   "When Mr. Garcia took my antique Ford Thunderbird, it had a fair market value
      of at least NINE THOUSAND UNITED STATES DOLLARS ($9,000.00).

17.   "The antique Ford Thunderbird that Mr. Garcia took from my business without
      my consent was not a 1970's Thunderbird.  It was a 1963 model year, Ford
      Thunderbird.

18.   "I have sustained damages because of Mr. Garcia's negligence and/or intentional
      wrongful conduct, for which I now sue him.

19.   "All of the above statements are true and correct."

FURTHER AFFIANT SAYETH NAUGHT

John Ocie Roberts

THE STATE OF TEXAS            §

COUNTY OF Willacy            §

SWORN TO, SUBSCRIBED, AND ACKNOWLEDGED by John Ocie Roberts before me on June 17, 2002.

Notary Public, State of Texas

My commission expires: 10/15/2002

DE LOS SANTOS LAW FIRM TEL:210-737-1556            Jun 17 02   17:33 No.013 P.17

**AFFIDAVIT OF JOHN OCIE ROBERTS**                    **No. B-01-34**

### CERTIFICATE OF SERVICE

I, HUGO XAVIER DE LOS SANTOS, ESQ., attorney for John Ocie Roberts, Plaintiff, hereby certify that I served all other parties in this action with a correct copy of AFFIDAVIT OF JOHN OCIE ROBERTS IN OPPOSITION TO JOSE A. GARCIA'S MOTION FOR SUMMARY JUDGMENT   in a manner consistent with the FED.R.CIV.P. on June 17, 2002.

Further, this is to certify that all service via mail was by certified mail, return receipt requested [RRR], by depositing this document in an official depository of the United States Postal Service after enclosing this document in a postpaid, properly addressed envelope.   In addition, all service by telephonic document transfer was accomplished before 5:00 o'clock p.m. on the aforesaid date.

*City of Harlingen, Cameron County, Texas, Inspector Dan Serna, Individually, Inspector Ruben Mares, Individually, and Inspector Sam Gutierrez, Individually, Defendants*

c/o Mr. Ricardo J. Navarro, Esq.
222 E. Van Buren, Suite 405
Harlingen, Texas 78550-6804

*Method*:        U.S. Certified Mail, Return Receipt Requested
              USPS Postal Receipt #7001 2510 0009 2698 3610

*JOSE A. GARCIA also known as Double A Wrecker Co., T & T Towing Service, T and T Wrecker Service, Defendant(s)*

c/o Mr. Curtis Bonner, Esq.
P.O. Box 288
Harlingen, Texas 78551-0288

*Method*:        U.S. Certified Mail, Return Receipt Requested
              USPS Postal Receipt #7001 2510 0009 2698 3627

DE LOS SANTOS LAW FIRM TEL:210-737-1556          Jun 17 02   17:33 No.013 P.18

**AFFIDAVIT OF JOHN OCIE ROBERTS**                                **No. B-01-34**

*La Feria Wrecker Service, Defendant*

c/o Mr. Michael R. Ezell, Esq.
312 East Van Buren/P.O. Box 2878
Harlingen, Texas 78551

*Method*:       U.S. Certified Mail, Return Receipt Requested
                USPS Postal Receipt #7001 2510 0009 2698 3597


*HUGO XAVIER DE LOS SANTOS*
*Attorney at Law*


By:
        HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
        Texas Bar Identification #05653300
        U.S. Southern District Id. #11259

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas   78213
(210) 736-4227       FAX# (210) 737-1556

Attorney for John Ocie Roberts, Plaintiff

*****************************************************************

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | Civil Action |
| Plaintiff | § | |
| | § | |
| **v.** | § | No. B-01-34 |
| | § | |
| CITY OF HARLINGEN, CAMERON COUNTY, TEXAS, | § | |
| CONNIE DE LA GARZA, INDIVIDUALLY, | § | |
| CHIEF OF POLICE MICHAEL BLAKE, | § | |
| INDIVIDUALLY, ACTING CITY MANAGER | § | |
| ROY RODRIGUEZ, INDIVIDUALLY, | § | |
| INSPECTOR DAN SERNA, INDIVIDUALLY, | § | |
| LT. JIM SCHEOPNER, INDIVIDUALLY, | § | |
| INSPECTOR RUBEN MARES, INDIVIDUALLY, | § | |
| INSPECTOR SAM GUTIERREZ, INDIVIDUALLY, | § | |
| LA FERIA WRECKER SERVICE, | § | |
| DOUBLE A WRECKER CO., | § | |
| T & T TOWING SERVICE, | § | |
| T AND T WRECKER SERVICE, | § | |
| TIM WILKINSON IRON & METAL INC., | § | |
| Defendants | § | JURY |

## AFFIDAVIT OF JOHN OCIE ROBERTS
## IN OPPOSITION TO JOSE A. GARCIA'S
## MOTION FOR SUMMARY JUDGMENT

# EXHIBIT "ROBERTS-A"

DE LOS SANTOS LAW FIRM TEL:210-737-1556        Jun 17 02   17:34 No.013 P.20



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | Civil Action |
|         Plaintiff | § | |
| | § | |
|     v. | § | No. B-01-34 |
| | § | |
| CITY OF HARLINGEN, CAMERON COUNTY, TEXAS, | § | |
| CONNIE DE LA GARZA, INDIVIDUALLY, | § | |
| CHIEF OF POLICE MICHAEL BLAKE, | § | |
| INDIVIDUALLY, ACTING CITY MANAGER | § | |
| ROY RODRIGUEZ, INDIVIDUALLY, | § | |
| INSPECTOR DAN SERNA, INDIVIDUALLY, | § | |
| LT. JIM SCHEOPNER, INDIVIDUALLY, | § | |
| INSPECTOR RUBEN MARES, INDIVIDUALLY, | § | |
| INSPECTOR SAM GUTIERREZ, INDIVIDUALLY, | § | |
| LA FERIA WRECKER SERVICE, | § | |
| DOUBLE  A WRECKER CO., | § | |
| T & T TOWING SERVICE, | § | |
| T AND T WRECKER SERVICE, | § | |
| TIM WILKINSON IRON & METAL INC., | § | |
|         Defendants | § | JURY |

## AFFIDAVIT OF JOHN OCIE ROBERTS
## IN OPPOSITION TO JOSE A. GARCIA'S
## MOTION FOR SUMMARY JUDGMENT

# E X H I B I T  "ROBERTS-B"

# Southwestern Bell



*Keep Until February 2002*

# Rio Grande Valley

## *Yellow Pages*

### Area Code 956



For phone book recycling information, call **1-800-953-4400**
Para obtener información sobre reciclaje, llama al **1-800-953-4400**



**Directory serving:**

| | |
|---|---|
| Alamo | Mission |
| Brownsville | Palmview |
| Donna | Palmhurst |
| Edcouch | Pharr |
| Edinburg | Pt. Isabel |
| Elsa | Rio Hondo |
| Harlingen | San Benito |
| Hidalgo | San Juan |
| La Villa | South Padre |
| Los Fresnos | Island |
| McAllen | Sullivan City |
| Mercedes | Weslaco |

*2001 Southwestern Bell Yellow Pages coverage area*

SMARTpages.com.
Your online source for:
Business Listings
Shopping Guides · City Guides
*from SBC Interactive*

## C S CARABIN & SHAW
### INJURY LAWYERS

- Auto Accidents
- Workers Compensation

**(956) 664-2724**
TOLL FREE **1-800-213-4423**

Not certified by the Texas Board of Legal Specialization · Visits with Attorney by appointment · McAllen, Corpus Christi & San Antonio

**HARLINGEN**                                                                 **SWANEY-TEXAS**

## WEENEY MIKE

**361-3663**

## YEEZY CONSTRUCTION
**361-3366**

## YED H M
**423-1283**

## C ADULT DAY CARE CENTER
**428-0166**

## TAYLOR ERIC
**428-5522**

## TAYLOR RENTAL
**364-1014**

## TEEGARDIN VIVIAN A
**428-5322**

## TEJAS EQUIPMENT RENTAL
**440-8222**

## TELCOM EQUIPMENT INC
HARLINGEN TX TEL NO — **428-1503**

## TEX-MEX PLUMBING SUPPLY
**421-4333**

## TEXAS INSURANCE MANAGERS
**423-6986**

## TEXAS MEAT PURVEYORS VALLEY
**423-4881**

## TEXAS ORGAN SHARING ALLIANCE
**412-6311**

## TEXAS SEAL & STRIPE
**428-2911**

## TEXAS STATE BANK
**430-5000**

## TEXAS-STATE OF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | Civil Action |
|         Plaintiff | § | |
| | § | |
|     v. | § | No. B-01-34 |
| | § | |
| CITY OF HARLINGEN, CAMERON COUNTY, TEXAS, | § | |
| CONNIE DE LA GARZA, INDIVIDUALLY, | § | |
| CHIEF OF POLICE MICHAEL BLAKE, | § | |
| INDIVIDUALLY, ACTING CITY MANAGER | § | |
| ROY RODRIGUEZ, INDIVIDUALLY, | § | |
| INSPECTOR DAN SERNA, INDIVIDUALLY, | § | |
| LT. JIM SCHEOPNER, INDIVIDUALLY, | § | |
| INSPECTOR RUBEN MARES, INDIVIDUALLY, | § | |
| INSPECTOR SAM GUTIERREZ, INDIVIDUALLY, | § | |
| LA FERIA WRECKER SERVICE, | § | |
| DOUBLE  A WRECKER CO., | § | |
| T & T TOWING SERVICE, | § | |
| T AND T WRECKER SERVICE, | § | |
| TIM WILKINSON IRON & METAL INC., | § | |
|         Defendants | § | JURY |

## AFFIDAVIT OF JOHN OCIE ROBERTS
## IN OPPOSITION TO JOSE A. GARCIA'S
## MOTION FOR SUMMARY JUDGMENT

# E X H I B I T   "ROBERTS-C"

DE LOS SANTOS LAW FIRM TEL:210-737-1556        Jun 17 02   17:37 No.013 P.25

