UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § § § | |
| vs. | § § | CIVIL ACTION NO. B-01-034 |
| CITY OF HARLINGEN, TEXAS, ET. AL. | § § | |

### DEFENDANT'S, LA FERIA WRECKER SERVICE, MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, La Feria Wrecker Service, hereinafter "La Feria or Defendant" and presents its Motion For Summary Judgment as to the claims made here and against it and for same would show that there is no issue of fact which forms the basis of Plaintiff's suit and for such would show into the Court as follows:

**1.**

Defendant shall refer to the parties as follows:

Plaintiff, John Ocie Roberts, as "Plaintiff" or "Roberts".

Defendant, City of Harlingen, as "City".

**2.**

This is a suit by Roberts who claims ownership of a certain vehicles which were removed by La Feria from Plaintiff's place of business and one which is in the possession of La Feria. Plaintiff also seeks damages for such removal claiming conspiracy, conversion, and tortuous interference with business relationship. La Feria was called by the City to come to a lot on North Commerce Street in Harlingen, Texas with its wrecker

and remove said vehicles. It is customary for La Feria as a licensed wrecker owner to be called by the City to transport vehicles dispose of the same. At times, this occurs at the scene of vehicle collisions. At other times, it occurs when automobiles are abandoned by the owners. La Feria relies on the City to make such determination and only furnishes a service for which the City pays it a customary and normal fee. The City maintains a rotation schedule by which wrecker services that register with the City and which meet the standards set by the City are called to perform such services as are required for a wrecker. Such a system does not amount to a conspiracy. La Feria is involved only because his turn came up to be called to provide this particular service.

### 3.

La Feria did not conspire with or fraudulently act in concert with any person, firm or entity in taking possession of these vehicles and removing the same.

### 4.

As shown by the Affidavit of Harold K. Waite attached, the process by which La Feria came into the possession of these vehicles is the standard operating procedure followed when vehicles must be removed. A wrecker service is called to the scene, the vehicle is picked up and transported to an appropriate location, i.e. a storage facility, a shop where automobiles are repaired or a metal recycling facility.

### 5.

La Feria believes that Plaintiff has known for quite some time where one such vehicle is and yet, rather than reclaim same, has instead filed this suit against La Feria. Nothing has prevented him from taking possession of that vehicle. As to the vehicle in the

possession of La Feria, the Plaintiff has not suffered any damage because the vehicle has been stored by La Feria in the same manner as the Plaintiff kept it, out in the open in a field.

**6.**

Defendant acted solely at the request of the City of Harlingen which had opened the gate to the Plaintiff's property and directed Defendant as to which vehicles to remove. Defendant did not act other than as a contractor for the City within the course of scope of the tasks requested to be performed by the City. The City has filed a Motion for Summary Judgment in this case. In the event that the Summary Judgment is granted in favor the City, La Feria is also entitled to Summary Judgment on the same grounds and based on the same facts. La Feria does have actual knowledge as the dealings between the City and the Plaintiff and did not have any responsibility because of its limited relationship with the City to engage in any dealings with Plaintiff. Therefore, the claims made by Plaintiff against La Feria are derivative of Plaintiff's claims against the City. There was no wrongful conduct by La Feria towards Plaintiff in regard to the subject matter of this case all as is set out in the Affidavit of Harold K. Waite attached hereto.

**7.**

This Court should dismiss this action against this La Feria or rule that Plaintiff may not recover against La Feria, or that Plaintiff has suffered no damages because of the conduct of La Feria in obeying a legal lawful command to perform services for the City of Harlingen.

**WHEREFORE PREMISES CONSIDERED** Defendant, La Feria Wrecker Service,

moves the Court to GRANT this Motion For Summary Judgment and dismiss the case as to La Feria Wrecker Service or to find that Plaintiff has suffered no damages as a result of the conduct of La Feria Wrecker Service. All as set out above.

Respectfully submitted,

Michael R. Ezell
**LAW OFFICE OF MICHAEL R. EZELL**
312 E. Van Buren
P. O. Box 2878
Harlingen, Texas 78551
Telephone: (956) 425-2000
Facsimile: (956) 421-4258

By: _____
MICHAEL R. EZELL
State Bar No.: 06764200
Federal I.D. 2250

**Attorney for La Feria Wrecker Service**

## CERTIFICATE OF SERVICE

I hereby by certify that a true and correct copy of the above was this the 27th day of June, 2002, mailed certified mail, return receipt requested to: Hugo Xavier De Los Santos at 6800 Park Ten Blvd., Suite 123-N, San Antonio, Texas 78213-4286, Attorney for Plaintiff, and by regular mail to Mr. Ricardo J. Navarro at 222 East Van Buren, #405, Harlingen, Texas 78550-6804, Attorney for City of Harlingen and to Curtis Bonner, BONNER & BONNER, Attorneys for Jose A. Garcia, P. O. Box 288, Harlingen, Texas 78551.

_____
MICHAEL R. EZELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JOHN OCIE ROBERTS** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. B-01-034** |
| **CITY OF HARLINGEN, TEXAS,** | § | |
| **ET. AL.** | § | |

### AFFIDAVIT OF HAROLD K. WAITE

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF CAMERON** | § |

**BEFORE ME,** the undersigned authority, this day appeared HAROLD K. WAITE, who by me being sworn stated as follows:

"My name is HAROLD K. WAITE. I am the owner La Feria Wrecker Service which is a sole proprietorship and which is a Defendant in this case. La Feria Wrecker Service performs wrecker services for the general public and also has a state licensed storage lot to which automobiles are occasionally towed and stored.

My firm was called to supply wrecker services by the City of Harlingen to a lot at 1726 North Commerce Street in Harlingen. There I was directed to tow off five (5) junk vehicles. I was requested to accept the salvage value of these vehicles in lieu of my usual fee for towing such vehicles and I agreed to accept that arrangement.

These vehicles were towed by my firm only because the City of Harlingen called because my turn had come up on the rotation list maintained by the City for those wrecker

firms that desire to provide wrecker services to the general public. I get calls to go to the scenes of automobile collisions and other occasions when vehicles are not capable of being operated and must be removed to another location whether to a repair facility or a storage lot. Other than the request to go and provide wrecker services and to tow and dispose of these vehicles, no other instructions were given to me by City of Harlingen officials. This is a standard procedure in the City of Harlingen and other cities throughout Texas.

The vehicles I removed were specifically identified to me by City employees to be removed. I had no direct contact with John Ocie Roberts during or before the time of the removal of said vehicles in regard to the same. I did not open the gate on this property. I assumed that the City had taken all actions necessary to be in a position to lawfully remove the vehicles in question and to request to me to remove vehicles as the City had many times in the past requested me to remove vehicles from other locations.

FURTHER AFFIANT SAYETH NOT.

_____
HAROLD K. WAITE

**THE STATE OF TEXAS** §

**COUNTY OF CAMERON** §

SWORN TO, SUBSCRIBED, AND ACKNOWLEDGED by HAROLD K. WAITE before me on June 27, 2002.


SARAH H. SANCHEZ
Notary Public, State of Texas
My Commission Expires
APRIL 14, 2006

_____
Notary Public, State of Texas