United States District Court
Southern District of Texas
FILED

JUL 0 1 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS,<br>　　　　Plaintiff | § § § | Civil Action |
| v. | § § | No. B-01-34 |
| CITY OF HARLINGEN, CAMERON COUNTY, TEXAS,<br>INSPECTOR DAN SERNA, INDIVIDUALLY,<br>INSPECTOR RUBEN MARES, INDIVIDUALLY,<br>INSPECTOR SAM GUTIERREZ, INDIVIDUALLY,<br>LA FERIA WRECKER SERVICE,<br>DOUBLE A WRECKER CO.,<br>T & T TOWING SERVICE,<br>T AND T WRECKER SERVICE,<br>TIM WILKINSON IRON & METAL INC.,<br>　　　　Defendants | § § § § § § § § § § § | JURY |

**PLAINTIFF'S BRIEF AND MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, JOHN OCIE ROBERTS, plaintiff in the above-entitled and numbered case, and files and submits this brief and memoranda in support of his motion for partial summary judgment, showing that the City's notice requirements ordinance should be declared unconstitutional as written or as applied by the Defendant City of Harlingen, Cameron County, Texas, and would show unto the court as follows:

*THE UNCONSTITUTIONALITY
OF THE
CITY OF HARLINGEN'S SUBJECT ORDINANCE
DUE TO DEFICIENT NOTICE PROVISIONS*

I.　　FACTUAL BACKGROUND

1.　　Plaintiff JOHN OCIE ROBERTS had a business concern which extended about one half acre of warehouse and about an acre of open outside merchandise.

2.　　Plaintiff suffered a loss due to a fire and the warehouse was totally burned down, however, many items would have survived the blaze such as an antique bell of

PLAINTIFF'S MEMORANDUM & BRIEF IN SUPPORT OF MFSJ    No. B-01-34

about almost three (3) feet in size made of heavy bronze and dated in the early years of the 1800's.

3. None of the items outside the building were damaged by the blaze therefore, Plaintiff continued doing business.

4. Suddenly and without any prior knowledge, the City of Harlingen came in and began removing all of the inventory belonging to Plaintiff.

5. Plaintiff confronted both the city officials and the police chief and officers as to why they were taking his inventory.

6. He was promised arrest if he interfered and he could do nothing with his merchandise.

7. Plaintiff began packing on trailers in order to remove whatever items he could salvage.

8. Plaintiff discovered that the police and the various wrecker services took even his trailers loaded with his inventory.

9. Up to today, he has asked but has not been told where his items are.

10. He was later given notice of the removal of items however, by that time almost all of his items had been removed.

11. He attempted to bring a temporary restraining order however, he state district judges refused to act.

12. According to what Mr. Dan Serna stated in the deposition, the City of Harlingen sent notice of the need to remove the items to the owner of the real estate, said owner being the railroad.

13. From what Plaintiff is able to comprehend from Mr. Serna's deposition, the notices stated that if the area was not cleaned up of debris, grass and junk, the city would remove everything.

14. Plaintiff had never received any notice nor had any knowledge of such a

PLAINTIFF'S MEMORANDUM & BRIEF IN SUPPORT OF MFSJ    No. B-01-34

decision or letter from the City of Harlingen.

15. According to Mr. Serna, the ordinance gives him the right to send such a notice of removal to either the owner of the personalty or to the owner of the realty.

16. Apparently, Mr. Serna, who is the authorized individual to order removal, chose to only send notice to the owner of the realty.

17. Plaintiff has written to the City of Harlingen and spoke to various officials and has asked to be placed on the agenda, the City of Harlingen ratified Mr. Serna's action.

18. Plaintiff has lost his inventory which he had been collecting for years in order to set up a business to sell antiques and "hard to find" items; all for his support during his retirement.

19. Plaintiff has of yet been informed of the whereabouts of his property.

II.  ISSUE

DOES A CITY ORDINANCE THAT PURPORTS TO EMPOWER CITY OFFICIALS AND EMPLOYEES WITH THE AUTHORITY TO SEIZE AND DISPOSE OF A CITIZEN'S PERSONALTY WITHOUT REQUIRING THE SEIZING CITY OFFICIAL AND/OR EMPLOYEE TO GIVE THE PERSONALTY OWNER NOTICE OF THE CITY'S INTENT TO SEIZE AND/OR DISPOSE OF THE PERSONALTY, BUT INSTEAD ALLOWS THE CITY OFFICIAL OR EMPLOYEE TO CHOSE WHETHER TO GIVE NOTICE TO (A) THE OWNER OF THE PERSONALTY TO BE SEIZED AND/OR DISPOSED OF, OR (B) THE OWNER OF THE REALTY, EVEN WHERE THE OWNER OF THE REALTY IS NOT THE OWNER OF THE PERSONALTY TO BE SEIZED?  No.

DOES NOTICE TO A PERSON OTHER THAN THE OWNER OF THE PERSONALTY THAT IS TO BE SEIZED OR DISPOSED OF SATISFY THE DUE PROCESS REQUIREMENTS OF THE UNITED STATES AND TEXAS CONSTITUTIONS THAT PROTECT CITIZENS FROM THE TAKING OF THEIR PROPERTY BY THE GOVERNMENT?  No.

IN THE CASE AT BAR, THE OWNER OF THE REALTY IS NOT OWNER OF THE PERSONALTY AND THE OWNER OF THE PERSONALTY THAT WAS SEIZED AND DISPOSED OF WAS NOT GIVEN NOTICE.

DUE PROCESS REQUIRES NOTICE TO THE PERSONALTY OWNER.

20. Does the city ordinance in question, a true and correct copy of which is

PLAINTIFF'S MEMORANDUM & BRIEF IN SUPPORT OF MFSJ   No. B-01-34

attached hereto, marked Exhibit "A", and incorporated herein by reference, [hereinafter referred to as "ordinance"], withstand judicial scrutiny on its constitutionality as to due process, *i.e.*, notice, when the ordinance grants the city officials the power to seize a citizen's personalty when the notice procedure specified by the ordinance for such a seizure permits the city official to choose whether to give notice of the intended seizure to the owner of the personalty or to a third party owner of realty?[1]

21.   The issue is then would notice to the owner of the realty is sufficient notice to satisfy the due process requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States of America.

III.   ARGUMENTS

22.   The ordinance allows the city officials to choose what they want as to whom to give notice. The choice is theirs, arbitrarily. There are no guiding principles provided for by the ordinance.

23.   Plaintiff, like all citizens of the United States, has the right to be protected from the state's depriving him of his personalty pursuant to the Fourteenth Amendment. The Fourteenth Amendment's protection against the state depriving any person of life, liberty, or property without due process of law has been extended by jurisprudence to traditional forms of real, personal, and intangible property. Davila Lopez v. Soler-Zapata, 916 F.Supp. 118 (D. Puerto Rico 1996). Plaintiff also has the right to buy and sell the items he has collected through the years.

24.   By and through state action, here action taken by and through the City of Harlingen, County of Cameron, State of Texas, and its agents, Inspector Dan Serna, Individually, Inspector Ruben Mares, Individually and/or Inspector Sam Gutierrez,

---

1.   In the case at bar, the owner of the realty is not owner of the personalty that was seized.

<u>PLAINTIFF'S MEMORANDUM & BRIEF IN SUPPORT OF MFSJ     No. B-01-34</u>

Individually, acting individually and/or in concert with one another, Plaintiff JOHN OCIE ROBERTS lost his personal property and his rights to the profits that he would have otherwise derived therefrom, but for the unlawful seizure of his personalty.

25. Whenever the state proposes to take a citizen's personalty, the citizen, personalty owner is entitled to notice and a hearing before the state may take the personalty. When a person is to suffer, by state action, loss of either a property or liberty interest, his right to notice and a hearing attaches. <u>Langan v. Weeks</u>, 655 A.2d 771 (1995).

26. In the case at bar, there was a seizure of Plaintiff's property when the City took the property and stored it in various locations.[2]

27. The court in <u>Freeman v. City of Dallas</u>, 242 F.3d 642 (5th Cir. 2001) stated the following:

"Seizure" of property occurs when there is some meaningful interference with an individual's possessory interests in that property, <u>United States v. Jacobsen</u>, 466 U. S. 109, 113,104 S. Ct. 1651, 80 L.Ed.2d 85 (1984), and a "seizure" may occur in both civil and criminal contexts. There can be no question that the city's actions against the Freeman's apartment buildings constituted a "seizure". See <u>Soldal v. Cook County, Ill.</u>, 506 U.S. 56, 62 & n.7, 113 S.Ct. 538, 544 & n.7, 121 L.Ed.2d 450 (1992), (holding that the forcible removal of a mobile home, leaving the owners dispossessed, constituted a "seizure" under the Fourth Amendment).

---

2. The City claims that it disposed of the property; however, the facts in this case are that despite the City's representations that the various vehicles that it seized were sent off to be demolished, several of the vehicles remain in the possession of the other defendants in this case. *E.g.*, T&T Towing Service (Mr. Garcia) is in possession of a 1963 Ford Thunderbird; La Feria Wrecker Service is in possession of a large winch truck, all of which which these defendants represent belong to Mr. Roberts and were taken from Mr. Roberts' place of business, the Bargain Barn, at 1726 No. Commerce, Harlingen, Texas.

PLAINTIFF'S MEMORANDUM & BRIEF IN SUPPORT OF MFSJ     No. B-01-34

28.   There is no question that a city may declare an item a nuisance; however, there are *certain checks and balances* that *must be applied*. A city does not have open, unbridled discretion in the manner it deals with the personalty rights of its citizens.

29.   The court in Yates v. Milwaukee, 19 L.Ed. 984 (1870) stated, "it is a doctrine not to be tolerated in this country, that a municipal corporation, without any general laws either of the city or of the State, within which a given structure can be shown to be a nuisance, can, by its mere declaration that it is one, subject it to removal by any person supposed to be aggrieved, or even by the city itself."

30.   "[U]nless a nuisance, as defined by the common law or by statute, exists, the act of the common council cannot make it one by a mere resolution. Such a doctrine might place the property of the people, no matter what in fact might be its real condition and character, at the disposal of the common council, without compensation." Hemessy v. St. Paul, 37 F. 565, 566 (C.C.D. Minn. 1889).

31.   "[N]either at common law nor under such express power can it, by its mere declaration that specified property is a nuisance, make it one when in fact it is not." Underwood v. Green, 42 N.Y. 140 (N.Y. 1870); J. E. Macy, Annotation, Constitutional Rights of Owner as Against Destruction of Building by Public Authorities, 14 A.L.R.2d 73, §8 (1950).

32.   The central key is the word "notice". The powers of this Court extend to each aspect of the transactions. When procedural due process is in issue, a statute or ordinance may be valid under one state of facts and invalid under another. National Foundation v. City of Fort Worth, Texas, 307 F.Supp. 177, affirmed 415 F.2d 41, certiorari denied 90 S.Ct. 688, 396, U.S. 1040, 24 L.Ed.2d 684.

33.   The main problem with the ordinance is that it gives the official clothed with the authority to bind the city, to use his own free will. The ordinance states and uses the word: "or" when it discusses "notice"; *i.e.*, notice (a) to the owner of the

**PLAINTIFF'S MEMORANDUM & BRIEF IN SUPPORT OF MFSJ      No. B-01-34**

personalty, or (b) to the owner of the realty. No other standard, guiding principle, instructions, directive or limitation is given.

34.   The cardinal rule of statutory construction requires that each sentence, clause, phrase, and word be given effect if reasonably possible, and this rule is not altered by fact that legislature has not defined particular word or phrase, and in absence of such definition words of enactment will usually be given their ordinary meaning. Eddins-Walcher Butane Co. v. Calvert, 298 S.W.2d 93 (Tex. 1957). Meaning and effect should be given every word, term, phrase, or part of statute, if possible; unless, exigencies of situation, as presented from consideration of the statute as a whole, imperatively demand that some word, phrase, or sentence be discarded, rendered useless, or deprived of meaning. Pete v. Coastal States Gas Producing Co. 302 S.W.2d 185 (Tex.Civ.App.--Eastland 1957, *revd* on other grounds 309 S.W.2d 828). Each sentence, clause, and word of the statute is to be given effect if reasonable and possible. Perkins v. State, 367 S.W.2d 140, (Tex. 1963). Therefore, the "or" contained in the Harlingen ordinance may not be ignored. In the case at bar, the city, despite having knowledge of the personalty owner's identity and address, opted to notice the owner of the realty and not the owner of the personalty. The owner of the personalty never knew of the City's action until after the fact when it was too late.

35.   The *de facto* effect is that the official in charge can act arbitrarily. He has the power to do so. Black's Law Dictionary Seventh Edition, West Publishing Co., defines "arbitrary", as follows: "adj. 1. Depending on individual discretion; specif., determined by a judge rather than by fixed rules, procedures, or law. 2. (Of a judicial decision) founded on prejudice or preference rather than on reason or fact."

36.   This type of violation is not only a procedural due process violation, it also constitutes a substantive due process violation. Public officials violate substantive due process when they act arbitrarily or capriciously. U.S.C.A., Const. Amend. 14;

PLAINTIFF'S MEMORANDUM & BRIEF IN SUPPORT OF MFSJ     No. B-01-34

Christian v. City of Dallas, 64 F.Supp.2d 617 (N.D. Tex. 1999).

37. There are many courts which have followed this standard. The Fourteenth Amendment stands for proposition that Government must act, when it acts, in a manner which is neither arbitrary nor unreasonable. The Fourteenth Amendment provides independent right to demand that the government act in a nonarbitrary manner at all times. U.S.C.A Const. Amend. 14; Dixon v. McMullen, 527 F.Supp. 711 (N.D. Tex. 1981). The Fourteenth Amendment operates to extend to every citizen and resident of the state the same protection against arbitrary state action affecting his life, liberty or property as is offered by the Fifth Amendment against similar wrong by the Federal Government. U.S.C.A. Const. Amends 5, 14. Sadler v. Jester, 46 F.Supp. 737, (N.D. Tex. 1942). To state a substantive due process claim, the plaintiff must show that government's deprivation of property interest was arbitrary or not reasonably related to legitimate government interest. U.S.C.A. Const. Amend. 14; Ownes v. Board of Regents of Texas Southern University, 953 F.Supp. 781 (S.D. Tex. 1996). Therefore, even if the city followed the mandates of the ordinance, Plaintiff suffered a loss due to his deprivation of rights, all of which occurred because of the arbitrary choice made by the City's seizing official(s) to give notice to the realty owner and not to the plaintiff, the owner of the personalty that the City seized and took.

38. The courts have considered notice a germane aspect of the protected constitutional rights. Notice by mail or other means as certain to *ensure actual notice* is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interest of any party. When the government claims to have sent notice by mail, the proper due process inquiry is not simply whether the government sent notice, but whether it acted reasonably under all circumstances in relying on the mail as a means to apprise the interested party of the pending or propsoed action. U.S.C.A. Const. Amends. 5, 14; Armendariz-Mata v. U.S. Dept of Justice, Drug

PLAINTIFF'S MEMORANDUM & BRIEF IN SUPPORT OF MFSJ    No. B-01-34

Enforcement Admin., 81 F.3d 679, rehearing and suggestion for rehearing denied 95 F.3d 56, certiorari denied 117 S. Ct. 317, 519, U.S. 937, 136 L.Ed 2d 232 (Fifth Cir [Tex.] 1996).

39.  State's courts have also held this notice requirement as most important. "Due process" is a restraint on government, preventing it from depriving persons of liberty or property interests without notice and an adversary hearing. Vernon's Ann. St.Const., art. 1, §§3, 13; U.S.C.A Const. Amends. 5, 14. Weber v. City of Sachse, 591 S.W.2d 563 (Tex.Civ.App.-Dallas 1979, writ dism.).

40.  The Court may also scrutinize how such an ordinance may have been applied. A statute or ordinance may be consistent with due process, but by application or use, or by construction, be applied in a manner that denies due process. U.S.C.A. Const. Amends. 5, 14; Jones v. Westergren, 771 S.W.2d 669 (Tex. App.--Corpus Christi 1989).

41.  The procedure for a governmental entity's taking is well settled. "Due process of law" is a law which hears before it condemns, which proceeds upon inquiry, and renders judgment *only* afterwards. Such due process of law is required both by the United States and State of Texas Constitutions. U.S.C.A. Const. Amend. 14; Vernon's Ann St. Const. art. 1, §19; Cantu v. Parr, 338 S.W.2d 182, (Tex.Civ.App.--San Antonio 1960), application dism. 340 S.W.2d 481.

42.  Through the present day, Plaintiff does not know the whereabouts of his property, which was taken and seized by the defendants. It was taken without notice, and without a hearing, all to his loss. Notice must be given, not merely as a simulation of giving notice. Procedural due process requires notice that is reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests. U.S.C.A. Const. Amend. 14; Cunningham v. Parkdale Bank, 660 S.W.2d 810 (Tex. 1983).

PLAINTIFF'S MEMORANDUM & BRIEF IN SUPPORT OF MFSJ    No. B-01-34

43. The ordinance in question only requires a simulation of notice. In the case at bar, no notice was given to, sent or properly addressed to or received by Mr. Roberts. At all times material, the City and its officials knew the identity and whereabouts of the owner of the personalty they sought to seize and dispose of, to wit plaintiff JOHN OCIE ROBERTS. Moreover, plaintiff was present on a regular basis at his business property site, 1726 North Commerce Street, Harlingen, Cameron County, Texas, and could have easily been served with notice by in hand delivery of same.[3]

44. The City further overstepped the ordinance in that it not only seized vehicles, it also seized numerous other types of antiquities, all to Mr. Roberts' damage.

45. There have even been cases where the party that must give notice, has for proof of notice, its own certificate that it gave notice, and the courts have rejected that evidence. For example, the Court in Jones v. Memorial Hosp. System, 677 S.W.2d 220, 221 (Tex.Civ.App.--Houston [1st Dist.] 1984), held that "[t]here is no indication in the record before us that appellants received actual notice, nor is there any indication that notice was attempted as provided by Rule 21a or in accordance with a promulgated local rule. We do not consider that the notice of certification sent in this case, standing alone, constitutes sufficient notice". A fundamental element of due process is adequate and reasonable notice of proceedings. Mexia Independent School District v. City of Mexia, 133 S.W.2d 118 (Tex. 1939).

46. The constitutional due process safeguards are met only when, with due regard for practicalities and peculiarities of the case, the notice given is reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action or proposed action, and affords the interested parties an opportunity to

--------------------

3. City's officials visited and frequented the property site, yet never did they attempt to deliver any kind of notice to Mr. Roberts there.

PLAINTIFF'S MEMORANDUM & BRIEF IN SUPPORT OF MFSJ    No. B-01-34

present their objections. If these conditions are not reasonably met, the constitutional requirements have not been satisfied. U.S.C.A. Const. Amend. 5. <u>Potter v. Castle Const. Co.</u>, 355 F.2d 212 (5th Cir. [Tex.] 1959).

47.    There can be no due process without reasonable notice and a fair hearing. 28 U.S.C.A. §§ 2253, 2254. <u>MacKenna v. Ellis</u>, 263 F.2d 35, certiorari denied 79 S.Ct. 1453, 360 U.S. 935, 3 L.Ed.2d 1546. (E.D. Tex. 1998).

48.    Due process requires the government to provide notice which is reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections. U.S.C.A. Const. Amend. 5; <u>Hawkins v. Henderson County</u>, 22 F.Supp. 2d 573, affirmed 180 F.3d 265. (E.D. Tex. 1998).

49.    "Meaningful notice" is defined as notice providing the recipient an explanation of what will be covered at a hearing, is required before a hearing will be deemed to satisfy the requirements of due process. U.S.C.A. Const. Amend. 5. <u>Harris v. Callahan</u>, 11 Supp.2d 880.

50.    Therefore, notice must be reasonably calculated to reach the real party in interest, not a neighbor.

IV.    CONCLUSION

The U. S. Supreme Court has spoken about and declared unconstitutional statutes and ordinances that allow "Arbitrary" action. The ordinance in question gives permission for an individual to be arbitrary. Due process clause contains substantive component that protects individuals from government action that is arbitrary, conscience shocking, oppressive in a constitutional sense or interferes with fundamental rights. <u>Branch v. Turner</u> 37 F.3d 371 (8th Cir. 1994), certiorari granted reversed on other grounds, 115 S.Ct. 1275, 514, U.S. 115, 131 L.Ed 2d 152.

This Court should not allow the City to first take property, then justify its action

PLAINTIFF'S MEMORANDUM & BRIEF IN SUPPORT OF MFSJ    No. B-01-34

after the fact. The ordinance in question unlawfully creates a risk of arbitrary application. Sund v. City of Wichita Falls, Texas, 121 F.Supp. 2d 530 (N.D. Texas 2000).

The application of the ordinance by the Harlingen officials as is illustrated by the case at bar demonstrates the arbitrary denial of due process. The city official's election concerning notice, electing to send notice to the realty owner and not the owner of the personalty that was to be seized demonstrates the arbitrariness of the ordinance. In fact, it demonstrates that the application of the ordinance was in fact capriciousness, for the City knew the identity and whereabouts of the owner and decided not to given notice in an obvious effort to take the personalty without the owner's knowledge and without affording the owner notice and the right to a hearing.

The Harlingen ordinance is vague, over broad in its powers, and may be applied arbitrarily. Therefore, it does not meet the standards set in the Constitution of the State of Texas, nor those of the Constitution of the United States of America.

V.    PRAYER

51.    WHEREFORE, PREMISES CONSIDERED, Plaintiff JOHN OCIE ROBERTS prays that this Court declare the ordinance in question which does not specifically state who is to be given notice if the City desires to seize and remove personalty from a private citizen's place of business or residence, and grant summary judgment in favor of Plaintiff JOHN OCIE ROBERTS on the issue of liability, and for such other and further relief which the Plaintiff may be justly or equitably entitled to or which the court deems appropriate under the circumstances.

<u>PLAINTIFF'S MEMORANDUM & BRIEF IN SUPPORT OF MFSJ</u>   <u>No. B-01-34</u>

Respectfully submitted,

*HUGO XAVIER DE LOS SANTOS*
*Attorney at Law & C.P.A.*

By: _____        Date:  June 27, 2002
    HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
    Texas Bar Identification #05653300
    U.S. Southern District Id. #11259

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas  78213
(210) 736-4227      FAX# (210) 737-1556

Attorney for John Ocie Roberts, Plaintiff

<u>PLAINTIFF'S MEMORANDUM & BRIEF IN SUPPORT OF MFSJ    No. B-01-34</u>

## CERTIFICATE OF SERVICE

I, HUGO XAVIER DE LOS SANTOS, ESQ., attorney for John Ocie Roberts, Plaintiff, hereby certify that I served all other parties in this action with a correct copy of PLAINTIFF'S BRIEF AND MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT in a manner consistent with the FED.R.CIV.P. on June 27, 2002.

Further, this is to certify that all service via mail was by certified mail, return receipt requested [RRR], by depositing this document in an official depository of the United States Postal Service after enclosing this document in a postpaid, properly addressed envelope. In addition, all service by telephonic document transfer was accomplished before 5:00 o'clock p.m. on the aforesaid date.

*City of Harlingen, Cameron County, Texas, Inspector Dan Serna, Individually, Inspector Ruben Mares, Individually, Inspector Sam Gutierrez, Individually, Defendants*:

c/o Mr. Ricardo J. Navarro, Esq.
222 E. Van Buren, Suite 405
Harlingen, Texas 78550-6804

*Method*:       U.S. Certified Mail, Return Receipt Requested
                USPS Postal Receipt #7001 2510 0009 2698 3382


*La Feria Wrecker Service, Inc., Defendant*:

Mr. Michael R. Ezell, Esq.
312 East Van Buren/P.O. Box 2878
Harlingen, Texas 78551

*Method*:       U.S. Certified Mail, Return Receipt Requested
                USPS Postal Receipt #7001 2510 0009 2698 3375


*Double A Wrecker Co., T & T Towing Service, T and T Wrecker Service, Defendant(s)*:

Mr. Curtis Bonner, Esq.
P.O. Box 288
Harlingen, Texas 78551-0288

*Method*:       U.S. Certified Mail, Return Receipt Requested
                USPS Postal Receipt #7001 2510 0009 2698 3368

PLAINTIFF'S MEMORANDUM & BRIEF IN SUPPORT OF MFSJ　　No. B-01-34

*HUGO XAVIER DE LOS SANTOS*
*Attorney at Law*

By: _____
　　HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
　　Texas Bar Identification #05653300
　　U.S. Southern District Id. #11259

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas　78213
(210) 736-4227　　FAX# (210) 737-1556

Attorney for John Ocie Roberts, Plaintiff

*************************************************************************