United States District Court
Southern District of Texas
FILED

OCT 1 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CAUSE NO. B-01-034 |
| | § | |
| CITY OF HARLINGEN, TEXAS ET. AL. | § | |
| | § | |
| DEFENDANTS | § | |

**PLAINTIFF'S RESPONSE TO CITY DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF EXPERTS**

MAY IT PLEASE THE COURT:

COMES NOW, JOHN OCIE ROBERTS, and files his Response to City of Harlingen Defendants' Motion to Strike Plaintiff's Designation of Experts and would show the Court as follows:

I.
Nature of the Case

This case arises out of the City's manner of enforcement of an alleged violation of alleged environmental ordinances. There was a fire however the fire did not involve Plaintiff's substantial inventory on his large lot. The only problem was that there was no discrimination of certain items, by way of a few examples, there was an antique church-size bell, a large fire proof safe, much silver ware, etc. The city allegedly considered everything junk. There was no junk as may be seen in the itemized list in Plaintiff's expert report. There were many undamaged items inside the building.

II.

Plaintiff admits that there was debris in the burned out area however, there were no junk cars. Even the fences were removed together with the signs. Someone made a lot of money because there was a lifetime of collection of valuable items as inventory in the area.

The City, without notice, removed all items, the Plaintiff began loading his trailers in an effort to minimize his damages.

The city would then hitch up the loaded trailers and would take trailers and all. The city went overboard.

The City, through today, refuses to say who exactly took the items and refuses to state the location of the items.

### III.
### Arguments and Authorities

This case has as its foundation the questions as to the constitutionality of an ordinance and the taking of private property without due process. The declaration of a statute or a rule as unconstitutional is by way of equitable proceedings. (Pablo v. Glover, 305 U.S. 5, 83 L. Ed. 6 1938). Also it is important to note that the salutary principle that the essential facts should be determined before passing upon grave constitutional questions is applicable. (Borden Farms Products v. Baldwin, 293 U.S. 194, 79 L. Ed.281, 1934)

Applying these two principles to the case at bar, it is Plaintiff's contention that the Court in Polk at page 11 is correct when it states "... that determination requires a learning in due course upon the issues raised by the pleadings." These concepts have not evolved out and away from present day practices and norms.

The issue of experts is of most importance. Unfortunately, Plaintiff's expert had had a back log of work due to some illness of a key staffer. However, any delay has not been a conscious disregard for his duty but has been due to circumstances beyond his control.

### IV.
### Conclusion

Because this case is in equity, one must also do equity. The City of Harlingen gives a suggestion:

> "Also of particular importance, the Court has assigned a deadline of October 8, 2002 for CITY DEFENDANTS to submit their expert disclosures. However, given the fact that CITY DEFENDANTS presently have no expert reports from Plaintiff or any idea as to the specific opinions of Plaintiff's supposed experts, CITY DEFENDANTS are completely unable to meet the Court's deadline and designate their own experts..."

> "... CITY DEFENDANTS would ask in the alternative that this Court grant CITY DEFENDANTS at least a month extension from the time Plaintiff actually complies with the Federal Rules requirements for expert disclosure, in order to designate their own experts."

Plaintiff contends that this alternative would be the most equitable one.

### Prayer

Plaintiff, John Ocie Roberts, prays that his designation of experts not be stricken in any manner and that Plaintiff be allowed to call any expert witnesses in this case. He furthers prays that the Court grant the City of Harlingen at least a month extension from the time Plaintiff complies with the Federal Rules regarding his expert disclosures, in order to designate their own experts. Plaintiff also prays for such other and further relief to which he may show himself justly entitled to receive.

Signed on this the **10TH** day of October, 2002.

Respectfully submitted,

HUGO XAVIER DE LOS SANTOS
Attorney At Law By John Ocie Roberts
State Bar No. 05653300
U.S. Southern District
Id. #11259
6800 Park Ten Blvd. Ste123-N
San Antonio, Texas 78213
(210) 736-4227
(210) 737-1556 Fax
Attorney for John Ocie Roberts, Plaintiff

**CERTIFICATE OF SERVICE**

    I, certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the _10TH_ day of October, 2002.

*Hugo Xavier De Los Santos*
Hugo Xavier De Los Santos
BY *John Orix Roberts*

DENTON, NAVARRO & BERNAL
A Professional Corporation
Bank of America Building
222 East Van Buren, Suie 405
Harlingen, Texas 78550
(956) 421-4904
(956) 421-3621 Fax

Mr. Michael R. Ezell
LAW OFFICE OF MICHALE R. EZELL
312 E. Van Buren
P. O. Box 2878
Harlingen, Texas 78551
Counsel for Cross-Defendant La Feria Wrecker Service

Mr. Curtis Bonner
BONNER & BONNER
103 S. Third
P. O. Box 288
Harlingen, Texas 78551-0288
Counsel for Cross-Defendant T&T Towing Service