67

United States District Court
Southern District of Texas
ENTERED

OCT 1 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk _M Perez_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-34 |
| | § | |
| CITY OF HARLINGEN ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on October 18, 2002, the Court considered Defendants City of Harlingen, La Feria Wrecker Service, and T & T Towing Service's Motions to Strike Plaintiff's Designation of Experts [Dkt. Nos. 58, 61, 64] and Plaintiff's response to this Motion [Dkt. No. 65]. For the following reasons the Court **GRANTS in part** and **DENIES in part** Defendants' Motions.

Exclusion of expert testimony as a result of a party's failure to properly or timely designate experts is a drastic sanction that should issue only after the Court's careful consideration of several factors. The Fifth Circuit in Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990), reiterated the guiding factors the Court should consider: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." (citing Bradley v. United States, 866 F.2d 120, 125 (5th Cir. 1989)).

In this case Defendants argue that although they received Plaintiff's designation of experts on September 10, 2002, the agreed upon deadline incorporated into the Court's scheduling order, the disclosure of experts and their anticipated testimony was deficient under Federal Rule of Civil Procedure 26(a)(2)(B). More specifically, Defendants assert the designation of experts was inadequate because it failed to include expert reports that

1

were signed by the witness, complete statements of all opinions to be expressed, and the bases and reasons for the expressed opinions.

Plaintiff's response simply states, "Plaintiff's expert had had [sic] a back log of work due to some illness of a key staffer. However, any delay has not been a conscious disregard for his duty but has been due to circumstances beyond his control." See Plaintiff's Response to City Defendants' Motion to Strike Plaintiff's Designation of Expert Witnesses, p. 2 [Dkt. No. 65]. This explanation does not address why Plaintiff failed to submit a proper designation of expert testimony in relation to those experts disclosed but who were not experiencing a back log of work. Nor does it explain why Plaintiff's counsel did not attempt to reach a mutual resolution with opposing counsel or, if unsuccessful, attempt to seek leave from this Court to file the designation of experts out of time. Plaintiff does, however, suggest the most equitable solution would be to extend accordingly Defendants' deadline for the submission of their expert disclosures.

The Court's review of Plaintiff's designation of expert witnesses reveals that the submission was inadequate under Rule 26(a)(2)(B). With the exception of an attached but unsigned "Damage Report/Fair Market Value Schedule of Stolen Items," prepared by John Ocie Roberts, the remaining experts listed were described in only a cursory fashion without the aid of reports or curricula vitae. Additionally, the designations did not include an explanation of the findings or bases for forming such opinions. Approximately one month after the initial designation of expert witnesses, Plaintiff submitted a supplement designating Adelaido Gonzales as an expert. The supplement contained a report, curriculum vitae, and exhibits. Plaintiff, however, had previously designated this expert in his initial designation with only a very brief description of his expected testimony. Furthermore, this most recent supplement to the designation of experts does not comply with the formatting requirements articulated in Local Rule 10.2.

Federal Rule of Civil Procedure 26(a)(2)(B) was not designed to be unnecessarily formalistic. Rather, the rule serves as a mechanism by which opposing counsel may discern the content of the experts' eventual testimony and prepare his defense or response. In this instance Plaintiff has left Defense counsel with the task of generally surmising the content of the expected trial testimony. Having made this point, the Court

2

does not believe the prejudice inflicted upon the Defendants in this case warrants the extreme action of striking Plaintiff's designation of experts. Based on Plaintiff's initial designation, Defendants had some idea of the experts' testimony, particularly with regard to John Ocie Roberts. It was apparent that Mr. Roberts would testify to the value of his (Plaintiff's) inventory and provide an opinion concerning the inventory's fair market value, all of which were elucidated by the attached Damages Report and Fair Market Value Schedule. This designation is not ideal, but it allowed Defendants the opportunity to begin their own expert witness preparation. In addition, the Court's docket at this time can accommodate a continuance. These factors are sufficient to dissuade the Court from resorting to one of the most extreme forms of sanction–striking Plaintiff's designation of experts.

The Court does not believe Plaintiff's failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B) was a flagrant disregard of either the Rules or this Court's scheduling order, but rather the result of carelessness and likely disorganization. Nonetheless, the Court must balance both maintaining an expeditious pace for litigation while also affording Defendants the opportunity to adequately prepare for trial. As a result, the Court **ORDERS** Plaintiff to submit a revised designation of expert witnesses that is in compliance with both Local Rule 10.2 and Federal Rule of Civil Procedure 26(a)(2)(B) no later than November 1, 2002. Defendants will designate their experts no later than November 27, 2002. Discovery must be completed by December 20, 2002. The Court will enter an amended scheduling order for the remaining deadlines leading to trial.

Plaintiff is now forewarned that future delays in discovery or failure to submit documentation in compliance with both the Local Rules and the Federal Rules of Civil Procedure may, in the aggregate, cause this Court to resort to more drastic measures or sanctions pursuant to Rule 37. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (expressing the view that "flagrant bad faith" by the Plaintiff or "callous disregard" by counsel of the rules or responsibilities to the Court and opposing counsel may justify a court's use of more severe sanctions under Rule 37).

3

Therefore, based on the foregoing analysis, the Court hereby **GRANTS in part** and **DENIES in part** Defendants' Motions to Strike Plaintiff's Designation of Experts.

DONE at Brownsville, Texas, this 18th day of October, 2002.

Hilda G. Tagle
United States District Judge

4