69

United States District Court
Southern District of Texas
FILED

OCT 21 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-01-034 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| ET. AL. | § | |
| Defendants | § | |

## CITY DEFENDANTS' MOTION TO COMPEL
## PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS

MAY IT PLEASE THE COURT:

COMES NOW CITY OF HARLINGEN, TEXAS, INSPECTOR DAN SERNA, INSPECTOR RUBEN MARES, and INSPECTOR SAM GUTIERREZ (collectively "CITY DEFENDANTS"), and, asks the Court to compel Plaintiff John Ocie Roberts to respond to CITY DEFENDANT'S Discovery Requests.

### A.
### Introduction

This controversy arises out of the CITY OF HARLINGEN's (hereafter "CITY") enforcement of two environmental ordinances, one related to clean up of trash, debris, and rubbish (Chap. 93), and another related to clean up of junked vehicles (Chap. 94), after a fire devastated the structure on the lot in question.

Plaintiff, a lessee of the lot on which the fire occurred, and which was cleaned up under the direction of the Environmental Health Department of the CITY, contends that the CITY and several individual City employees deprived him of his personal property in violation of his state and federal rights

without due process of law.

## B.
## Facts

On July 15, 2002, CITY DEFENDANTS' served its First Set of Comprehensive Discovery Requests on Plaintiff, which consisted of Interrogatories and Production Requests, in accordance with Federal Rules 33 and 34.    CITY DEFENDANTS' discovery requests are attached to this Motion as Exhibit "A".    Plaintiff served his responses on September 4, 2002.    Plaintiff's responses are attached to this Motion as Exhibit "B".    CITY DEFENDANTS' attempted to get Plaintiff to respond adequately to its requests without having to file this Motion by correspondence requesting adequate answers.    See attached Exhibit "C".    Plaintiff has failed to respond to this correspondence and has yet to submit adequate responses to the CITY DEFENDANTS' discovery requests. Therefore, the court should order Plaintiff to respond adequately to Defendant's requests.    Plaintiff failed to adequately respond to many of the CITY DEFENDANTS' particular requests as required by the Federal Rules of Civil Procedure. Therefore, the Court should compel Plaintiff to comply with the Rules of Federal  Civil Procedure and adequately respond to CITY DEFENDANTS' discovery requests.

## C.
## Argument and Authorities

The requesting party must ask the court to compel production if the responding party objects to any request, does not respond to any request, or does not permit inspection as requested. FRCP 34(b); see *Fonseca v. Regan*, 734 F.2d 944, 947 (2d Cir.1984).    The purpose of discovery is to "seek the truth, so that disputes may be decided by what the facts reveal, not by

what facts are concealed." *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984). Discovery may be obtained about any nonprivileged matter relevant to the claims or defenses of any other party. FRCP 26(b)(1). FRCP 34 permits a party to request production of any relevant documents or tangible things. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir.1996). Relevant information does not have to be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1); *Degen v. U.S.*, 517 U.S. 820, 825-26, 116 S.Ct. 1777, 1782 (1996).

CITY DEFENDANTS' discovery requests are reasonably calculated to lead to the discovery of admissible evidence. Specifically, they seek information related to Plaintiff's causes of action against CITY DEFENDANTS', as well as with respect to damages for Plaintiff's causes of action.

Plaintiff's responses to Requests for Production No. 7, 11, 13, 14, 15, 16, 17, 18, 20, 24, 25, 26 and 27 are wholly inadequate. Below is a list of objections to Plaintiff's responses to discovery.

Request for Production No. 7 requests all documents relating to damages claimed by Plaintiff with respect to this particular action. Such request is limited to any damages Plaintiff is claiming with respect to this lawsuit, and is not too general, vague, nor is a fishing expedition. The request quite specifically identifies what documents are being requested. A party may discover information about damage computations. FRCP 26(a)(1)(C).

Request for Production No. 11 is objected to on the basis that it seeks to violate the plaintiff's right of privacy and constitutional privileges and that it duplicates other evidence

requested.    These objection are invalid with respect to this request in this case.    First, no other request seeks Plaintiff's tax returns, so such request is clearly not duplicative. Secondly, a party may discover financial information of an individual or business organization if relevant to the issues in the lawsuit.    *Yancey v. Hooten*, 180 F.R.D. 203, 215 (D.Conn.1998).    Depending on the circumstances of the case, discoverable financial information may include income statements, balance sheets, tax returns, and other forms of information that demonstrate a party's financial condition.    See *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270, 101 S.Ct. 2748, 2761 (1981); *St. Regis Paper Co v. U.S.*, 368 U.S. 208, 218-19, 82 S.Ct. 289, 295-96(1961)(stating in dicta that tax returns are subject to civil discovery).    Tax returns are not privileged from discovery.    *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir.1992).

In the present case, Plaintiff's entire allegation is that the CITY illegally took all the items comprising his business, thereby destroying his business and all future profits.    Thus, his income tax returns, indicating any profits or losses from this business prior to his allegations, are not only relevant to issues of this lawsuit, but are absolutely essential to the defense of this case, and Plaintiff's damage calculations.    A compelling need exists for the production of Plaintiff's tax returns, and such returns are not available from any other source.

With respect to Request for Production No. 13, Plaintiff makes several objections, including that the request makes no sense, is overly broad and fails to adequately describe the thing sought.    Each objection is improper. The request is

straightforward, makes perfect sense, and describes a certain class of documents with specificity.

With respect to Requests for Production No. 14-17, the same objections are made, and each such objection is invalid with respect to the items requested. They are not overly broad, and do describe with specificity what is being requested. Furthermore, each seeks relevant information to this lawsuit, and Plaintiff's claims.

Requests for Production 18 and 20 are objected to on the basis that they are overly broad and make no sense. However, the requests clearly provide sufficient specificity as to what is being sought, and both of them make perfect sense, contrary to Plaintiff's assertion that they do not. Each of these requests seeks documents related to the purchase or acquisition *by Plaintiff*, of any removed vehicle or other items, obviously before any removal by the City. Such clarification was made to Plaintiff in the September 9, 2002, follow-up letter. Still Plaintiff did not supplement with adequate answers. With this objection and claim that it makes no sense, Plaintiff is simply trying to avoid turning over any documents that show how Plaintiff came into possession of any of these items or how much he paid for them, all of which are relevant matters.

Requests for Production No. 24 and 25 are improperly objected to as overly broad, although both seek relevant information, are not broad and provide more than sufficient specificity as to the documents sought with each request. Amazingly, with respect to Requests for Production No. 26 and 27, Plaintiff makes the exact same objection 3 times to each one, that they are and broad and seek irrelevant materials. However, both of those requests are relevant, in that

Plaintiff's claims of being a auto dealer and restorer have directly been called into question. These requests are not broad as they seek a specific type of document, and within a specific time period.

All of the above listed Requests for Production conform with the Federal Rules of Civil Procedure, seek material, relevant and necessary information, are limited in either time, place or subject matter, and therefore should be answered. Such requests are not overly broad but seek a specific class of documents, dealing with Plaintiff's specific causes of action and/or damage allegations. Each request is either limited in time, place or subject matter, and is reasonably tailored to include only matters relevant to the case

### D.
### Expenses of Motion

CITY DEFENDANTS' have incurred expenses in preparing and filing this motion to obtain relief and thus are entitled to reasonable expenses incurred in obtaining the order, including attorney fees.

### E.
### Conclusion

Because each of CITY DEFENDANTS' requests are within the permissible scope of discovery per the Federal Rules of Civil Procedure, and because Plaintiff has refused to comply with the rules and filed unwarranted objections and did not adequately answer the requests, the court should compel Plaintiff to respond adequately to each discovery request mentioned above, and should award CITY DEFENDANTS' attorney fees incurred in preparing this motion and attending a hearing on the motion.

## F.
## Prayer

For these reasons, CITY DEFENDANTS' ask the Court to set this motion for hearing and after the hearing, compel Plaintiff to file adequate responses to CITY DEFENDANTS' above listed discovery requests, and order Plaintiff to pay attorney's fees incurred in filing this motion.

Signed on the 21st day of October, 2002.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
So. Dist. ID No. 5953
ROBERT L. DRINKARD
State Bar No. 24007128
Fed. Dist. No. 29288

## CERTIFICATE OF CONFERENCE
## WITH RESPECT TO MOTION TO COMPEL
## PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS

Counsel for CITY DEFENDANTS' hereby apprizes the Court that he has attempted in good faith to confer with Plaintiff'S counsel regarding this issue. Counsel for Plaintiff was not available or has not timely returned the calls, and presumably, is therefore opposed to this motion.

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 21st day of October, 2002.

Hugo Xavier De Los Santos        **By CMRRR#: 7002 1000 0004 8591 1710**
LAW OFFICE OF HUGO XAVIER DE LOS SANTOS
6800 Park Ten Blvd. Ste. 123-N
San Antonio, Texas 78213
**COUNSEL FOR PLAINTIFF**


Mr. Michael R. Ezell
LAW OFFICE OF MICHAEL R. EZELL
312 E. Van Buren
P.O. Box 2878
Harlingen, Texas 78551
**COUNSEL FOR CROSS-DEFENDANT LA FERIA WRECKER SERVICE**


Mr. Curtis Bonner
BONNER & BONNER
103 S. Third
P.O. Box 288
Harlingen, Texas 78551-0288
**COUNSEL FOR CROSS-DEFENDANT T&T TOWING SERVICE**



_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD


City Defendants' Motion to Compel
Plaintiff to Respond to Discovery Requests                    Page 9

**IN THE UNITED STATES DISTRICT COURT**
**OF THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
|       Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-01-034 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| ET.AL. | § | |
|       Defendants | § | |

**ORDER ON CITY DEFENDANTS' MOTION TO**
**COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS**

———————————————————————————————

On this day the Court considered the CITY DEFENDANTS' Motion to Compel Plaintiff to Respond to Discovery Requests. After due consideration of matters raised in that motion, arguments of Counsel, any responses thereto, and the pleadings in this cause, the Court is of the opinion that the motion is meritorious and should be GRANTED.

It is, therefore ORDERED, ADJUDGED, and DECREED that the CITY DEFENDANTS' Motion to Compel Plaintiff to Respond to Discovery Requests, is hereby GRANTED.

It is therefore ORDERED, ADJUDGED and DECREED that Plaintiff will adequately respond to Plaintiff's Requests for Production Nos.7, 11, 13, 14, 15, 16, 17, 18, 20, 24, 25, 26 and 27 and produce all relevant documents within 10 days of the signing of this Order.

SIGNED ON this the _____ day of _____, 2002.

_____
HON. HILDA G. TAGLE
U.S. DISTRICT COURT



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOHN OCIE ROBERTS                     §
       Plaintiff                     §
                                            §
vs.                                   §
                                            §
CITY OF HARLINGEN, TEXAS, ET AL §          Cause No.: B-01-34
       Defendants                    §

## CITY DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF

To:  JOHN OCIE ROBERTS, PLAINTIFF
     BY AND THROUGH HIS ATTORNEY OF RECORD:
     MR. HUGO XAVIER DE LOS SANTOS
     ATTORNEY AT LAW
     6800 PARK TEN BLVD., STE 123-N
     SAN ANTONIO, TEXAS 78213

NOW COMES the CITY OF HARLINGEN, TEXAS AND DAN SERNA, RUBEN MARES, AND SAM GUTIERREZ, IN THEIR INDIVIDUAL CAPACITIES and tenders this set of Interrogatories and Requests for Production to Plaintiff John Ocie Roberts, Pursuant to Federal Rules of Civil Procedure 33 and 34.

SIGNED on the 11th day of July, 2002

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

City Defendants' First Set of Interrogatories
and Request for Production to Plaintiff                              Page 1

By: _____

RICARDO J. NAVARRO
State Bar No. 14829100
Federal ID No. 5853
ROBERT L. DRINKARD
State Bar. No. 24007960
Federal ID No. 29288

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the __11th__ day of July, 2002.


Hugo Xavier De Los Santos        **By CMRRR#: 7002 1000 0004 8591 2250**
LAW OFFICE OF HUGO XAVIER DE LOS SANTOS
6800 Park Ten Blvd. Ste. 123-N
San Antonio, Texas 78213
COUNSEL FOR PLAINTIFF


Mr. Michael R. Ezell
LAW OFFICE OF MICHAEL R. EZELL
312 E. Van Buren
P.O. Box 2878
Harlingen, Texas 78551
COUNSEL FOR DEFENDANT LA FERIA WRECKER SERVICE


Mr. Curtis Bonner
BONNER & BONNER
103 S. Third
P.O. Box 288
Harlingen, Texas 78551-0288
COUNSEL FOR DEFENDANT T&T TOWING SERVICE

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD

City Defendants' First Set of Interrogatories
and Request for Production to Plaintiff                                    Page 2

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7002 1000 0004 8591 2250

Roberts - City's Rag & Prod Rqst

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *Hugo DeLos Santos*

Street, Apt. No.; or PO Box No

City, State, ZIP+4

PS Form 3800, April 2002                See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Hugo DeLos Santos
Attorney At Law
6800 PARK Ten Blvd. Ste
133-N
San Antonio, Tx 78213

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)  Denise Roberts
B. Date of Delivery  7-15-02

C. Signature
X Denise Roberts
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

7002 1000 0004 8591 2250    Roberts - City's Reqs

PS Form 3811, March 2001    Domestic Return Receipt    < Rqs for Prod    102595-01-M-1424

## INSTRUCTIONS

1.   Pursuant to the authority granted by the Federal Rules of Civil Procedure, DEFENDANTS CITY OF HARLINGEN, AND DAN SERNA, RUBEN MARES, AND SAM GUTIERRES, IN THEIR INDIVIDUAL CAPACITIES hereby serves upon you Defendants' First Discovery Requests, consisting of Interrogatories and Requests for Production.

2.   You are to respond to these discovery requests in accordance with the Federal Rules of Civil Procedure and applicable case law.

3.   In responding to these discovery requests, furnish all information available to you including that available from your investigators, servants, agents, employees, attorneys, and all persons or entities in your company or organization or acting on your behalf or at your request or by your direction.

4.   The Interrogatories and Requests for Production which follow are considered as continuing and you are requested to provide by way of supplemental answers any additional information as you or any other person or entity acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the Interrogatories and Requests for Production below.   A supplemental response must be served upon Defendants immediately upon learning of any new information.

5.   If you claim any privilege or immunity in connection with any of these Interrogatories or Requests for Production, state your claim in detail and provide all information that is relevant to an evaluation by the Court of the claim of privilege or immunity or to the waiver of the privilege or immunity.

## DEFINITIONS

In responding to these discovery requests, you should rely on the definitions provided below:

**Bargain Barn**-means the business owned and operated by Plaintiff on the premises of 1726 North Commerce.

**City**-means the City of Harlingen, its agents, representatives and employees.

**City Defendants**-means Defendant City of Harlingen, and Defendants Dan Serna, Ruben Mares, and Sam Gutierrez, in their individual capacities

**Communication**-refers to the transmission or exchange of information, regardless of its nature, and regardless of whether the communication is verbal or by some other written or recorded medium.

**Concerning**-means relating to, referring to, describing, evidencing or constituting or bearing on.

**Document**-refers to all writings of every kind, source and authorship, both originals and non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity. The terms shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.

**Health care provider**-refers to any nurse, doctor, hospital, clinic, psychologist, psychiatrist, therapist, druggist, and/or chiropractor and any of their agents and employees involved in the delivery of health care services.

**Identify (With Respect to Persons)**-means to give the person's full name, present or last known address, and home and business telephone numbers and any such additional information that will facilitate communication with the person identified.

**Identify (With Respect to Documents)**-means to provide the following information: (I) the type of document; (ii) the

City Defendants' First Set of Interrogatories
and Request for Production to Plaintiff                              Page 4

general subject matter of the document; (iii) the date of the document; and (iv) the author(s), addressee(s), and recipient(s) of the document.

**Incident**-refers to the occurrence or occurrences that serves as the basis of this lawsuit.

**Parties**-refers to the "plaintiffs" and "defendants" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Person**-refers to any natural person or to any legal entity, whether public or private in nature.

**Plaintiff**-refers to John Ocie Roberts, Plaintiff in the present lawsuit.

**Premises**-refers to the premises of 1726 North Commerce, Harlingen, Texas.

**You and Your**-refers to the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

**CITY DEFENDANTS**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

**INTERROGATORY NO. 1:** Please identify yourself and include your date of birth, driver's license number, and social security number.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify all persons who have knowledge of relevant facts of any incident which forms the basis of this lawsuit, including but not necessarily limited to any eyewitnesses to the incident, and provide a brief description of the factual knowledge that the person identified could testify about.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify each person whom you expect to call as an expert witness at the trial of this case, and, as to each expert so identified, state the subject matter on which he is expected to testify, the substance of the facts and opinions to which he is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify each person whom you consulted or from whom you have sought expert advise relating to the subject matter of this litigation who has not been identified in response to Interrogatory No. 4 above, if such consultant's or expert's work product, opinion, or impressions have been

reviewed by an expert who is or may be called to testify as an expert witness and the substance of the work product, opinion or impressions reviewed.

**RESPONSE:**

**INTERROGATORY NO. 5:** Identify any person including servants, employees, agents or representatives of the Defendants and Plaintiffs, who has given you a written or recorded statement regarding the incident that serves as the basis of this lawsuit, and the contents of such statement.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify all damages you are alleging to have incurred as a result of any incident made the basis of this lawsuit and with respect to each category or item of damage, specify the corresponding dollar amount you seek to recover with respect to such damages.

**RESPONSE:**

**INTERROGATORY NO. 7:** Identify all representations, statements, declarations or admissions made by the CITY OF HARLINGEN, or any agents, representatives, servants or employees of the CITY that were made to you at any time in connection with any incident that is the basis of this lawsuit.

**RESPONSE:**

**INTERROGATORY NO. 8:** If you contend that an agent or employee of the CITY OF HARLINGEN caused or contributed to the acts and/or omissions alleged in Plaintiffs' Third Amended Original Petition, provide the following information for each such act or omission that you allege:  a) the specific act or omission you complain of; and b) for each act, list all facts, documents and people with knowledge of relevant facts which support your contention, in whole or in part.

**RESPONSE:**

**INTERROGATORY NO. 9:** If you contend that anyone else's acts and/or omissions caused or contributed to incidents alleged in your Third Amended Original Petition, provide the following information for each such act and/or omission you allege:  a)the specific act or omission you complain of; and b) for each act, list all facts, documents and people with knowledge of relevant facts which support your contention, in  whole or in part.

**RESPONSE:**

**INTERROGATORY NO. 10:** Identify all civil suits to which you have been a party, excluding this one, describing the cause number of the suit, the nature of the suit, and the outcome.

**RESPONSE:**

**INTERROGATORY NO. 11:** State whether or not you have been arrested and convicted for a criminal offense other than a traffic violation.  If you have been arrested, state the County and State where the arrest occurred.

**RESPONSE:**

**INTERROGATORY NO. 12:** Please describe in detail any conversations you had with any employee, agent or representative of Defendant CITY OF HARLINGEN related to the condition of the premises, from the time you began leasing the premises.

**RESPONSE:**

**INTERROGATORY NO. 13:** Identify any and all physical injuries or physical manifestations of injuries that you contend you suffered as a consequence of any incident made the basis of this lawsuit; please describe such injuries in detail.

**RESPONSE:**

**INTERROGATORY NO. 14:** Please identify all mailing addresses for you during the years 1996-2000, and identify what time periods each address was a correct mailing address for you.

**RESPONSE:**

**INTERROGATORY NO. 15:** Please state with specificity whether the address of Rt. 2, Box 300, Rabb Road, La Feria, Texas 78559 was your mailing or home address at any point during the year of 2000, and identify at what point during that year such address was your mailing or home address.

**RESPONSE:**

**INTERROGATORY NO. 16:** Please describe in detail any conversations you had with any employee, agent or representative of the lessor of the premises, Union Pacific Railroad or Southern Pacific Railroad, related to the condition of the premises.

**RESPONSE:**

**INTERROGATORY NO. 17:** Please identify any health care providers who provided medical attention or services to you for any physical injuries, physical manifestations of injuries or any condition that you contend you suffered as a consequence of any incident made the basis of this lawsuit.

**RESPONSE:**

**END OF INTERROGATORIES**

## CITY DEFENDANTS
## REQUEST FOR PRODUCTION TO PLAINTIFF

The following requests for production are made to you pursuant to Federal Rule of Civil Procedure 34. Please produce the following documents and things:

**REQUEST FOR PRODUCTION NO. 1:** Any and all photographs, negatives, video tapes, motion pictures, plats, drawings, diagrams, measurements or any other written description of the incident, your injuries, the premises, or any property you allege was removed from the premises unlawfully by the City of Harlingen or at the request of the City of Harlingen.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Any and all written or recorded statements of the Plaintiff and Defendants or their agents, servants, employees or other representatives regarding the incidents made the basis of this suit and alleged damages and injuries resulting therefrom.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents, reports or other written records pertaining to any investigation of the incidents made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Any and all documents reflecting the opinion, mental impressions, and/or subject matter on which any expert is expected to testify, as well as factual findings of any expert who may be called as a witness at the trial of this cause or, of consulting experts whose findings form the basis of the opinion of any expert who may be called as a witness at the trial of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Any and all documents which Plaintiff or counsel has provided to any expert witness who may be called to testify at the trial of this cause or any consulting expert whose findings form the basis of any testifying expert's opinion.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Any and all documents reflecting the credentials or background of any expert who may be called as a witness at the trial of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All documents demonstrating, reflecting or indicating the amount of any losses or damages claimed by you in this action, including personal injuries, lost wages or earnings in the past and loss of future earning capacity or earnings, property damage, or mental or emotional damage.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All documents recording, reflecting or constituting any communication between you and any representative, agent or employee of the CITY OF HARLINGEN regarding the condition of the premises, any property located on the premises, or any property you allege was illegally removed from the premises by the City or at the request of the City.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All reports, invoices, canceled checks, and any other documents of any health care provider evidencing, relating or referring to medical care, treatment, counseling, therapy or hospitalization obtained or received by you, including, but not limited to, care, treatment, counseling, therapy or hospitalization obtained or received by you for any injury or condition (physical and/or mental) for which you are seeking damages in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Copies of all bills, statements and proof of insurance reimbursement of health care providers evidencing medical expenses incurred by you as a result of the incidents made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Your income tax returns from 1994 to present or in the alternative, please sign the attached Requests for Copies of Tax Forms.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** If you allege mental or emotional distress as a result of the incidents made the basis of this suit, produce a copy of any document reflecting or evidencing prior mental or emotional distress.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** A copy of any document or written claim for bodily injuries or property damage you filed with any entity or against any person, business or entity relating to any incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All documents evidencing ownership, possession or title to any items you claim were illegally removed from the Premises at the request of the City of Harlingen or by the City of Harlingen.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All documents and records related to sales, purchases, trades or exchanges of any items by the Bargain Barn during the years 1995 to 2000.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All documents and records related to sales, purchases, trades, or exchanges that you have engaged in since January 1, 2000, of any items of the nature bought and sold by the Bargain Barn.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All documents and records related to any and all employees of the Bargain Barn between the years 1996 and 2000.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All documents and records related to the purchase or acquisition of any vehicle that you allege was illegally removed from the premises by the City of Harlingen or at the request of the City of Harlingen.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All documents related to the valuation of any vehicle that you allege was illegally removed from the premises by the City of Harlingen or at the request of the City of Harlingen.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** All documents and records related to the purchase or acquisition of any items other than vehicles that you allege were illegally removed from the premises by the City of Harlingen or at the request of the City of Harlingen.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Any inventory or list of all property and items contained on the premises after the fire of January 1, 2000.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Any documents or records related to or regarding items contained on the premises after the fire of January 1, 2000.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** All documents or records, including any inventories or lists, regarding items you allege were illegally removed from the premises by the city or at the request of the city.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All documents recording, reflecting or constituting any communication between you and any representative, agent or employee of the lessor of the Premises, Union Pacific Railroad, or Southern Pacific Railroad, regarding the condition of the premises, any property located on the premises, or any property you allege was illegally removed from the premises by the City or at the request of the City.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All documents and records related to sales, purchases, trades, or exchanges of any automobiles by you since January 1, 2000.

**RESPONSE:**

City Defendants' First Set of Interrogatories
and Request for Production to Plaintiff                              Page 16

**REQUEST FOR PRODUCTION NO. 26:** All documents and records related to the restoration of any automobiles by you since January 1, 2000.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All documents and records related to the restoration of any automobiles by you prior to January 1, 2000.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All documents (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings and other data compilations from which information can be obtained and translated, if necessary, by the person from whom production is sought, into reasonably usable form) and any other tangible things which constitute or contain matters relevant to the subject of this lawsuit.

**RESPONSE:**

**END OF REQUEST FOR PRODUCTION**

City Defendants' First Set of Interrogatories
and Request for Production to Plaintiff                    Page 17

## VERIFICATION

STATE OF TEXAS                  §

COUNTY OF _____           §

    BEFORE ME, a Notary Public for the State of Texas, personally appeared _____, who after identifying himself and being duly sworn by me deposed and said that he has read the foregoing and that every statement contained therein is based on personal knowledge and is true and correct.


_____
JOHN OCIE ROBERTS


    SWORN TO AND SUBSCRIBED BEFORE ME on this _____ day of _____ 200__.


_____
Notary Public, State of Texas

| Form **4506** | **Request for Copy or Transcript of Tax Form** | |
|---|---|---|
| (Rev. May 1997) | ▶ Read instructions before completing this form. | OMB No. 1545-0429 |
| Department of the Treasury Internal Revenue Service | ▶ Type or print clearly. Request may be rejected if the form is incomplete or illegible. | |

### Note: Do not use this form to get tax account information. Instead, see instructions below.

| 1a Name shown on tax form. If a joint return, enter the name shown first. | 1b First social security number on tax form or employer identification number (see instructions) |
|---|---|
| 2a If a joint return, spouse's name shown on tax form | 2b Second social security number on tax form |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code

**4** Address, (including apt., room, or suite no.), city, state, and ZIP code shown on the last return filed if different from line 3

**5** If copy of form or a tax return transcript is to be mailed to someone else, enter the third party's name and address

**6** If we cannot find a record of your tax form and you want the payment refunded to the third party, check here . . . . . . . ▶ ☐

**7** If name in third party's records differs from line 1a above, enter that name here (see instructions) ▶

**8** Check only one box to show what you want. There is no charge for items 8a, b, and c:
  a ☐ Tax return transcript of Form 1040 series filed during the current calendar year and the 3 prior calendar years (see instructions).
  b ☐ Verification of nonfiling.
  c ☐ Form(s) W-2 information (see instructions).
  d ☐ Copy of tax form and all attachments (including Form(s) W-2, schedules, or other forms). The charge is $23 for each period requested.
      Note: If these copies must be certified for court or administrative proceedings, see instructions and check here . . . . . ▶ ☐

**9** If this request is to meet a requirement of one of the following, check all boxes that apply.
  ☐ Small Business Administration   ☐ Department of Education   ☐ Department of Veterans Affairs   ☐ Financial Institution

| **10** Tax form number (Form 1040, 1040A, 941, etc.) | **12** Complete only if line 8d is checked. Amount due: | |
|---|---|---|
| | a. Cost for each period . . . . . . . | $ 23.00 |
| **11** Tax period(s) (year or period ended date). If more than four, see instructions. | b Number of tax periods requested on line 11 | |
| | c Total cost. Multiply line 12a by line 12b . | $ |
| | *Full payment must accompany your request. Make check or money order payable to "Internal Revenue Service."* | |

**Caution:** *Before signing, make sure all items are complete and the form is dated.*

I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. I am aware that based upon this form, the IRS will release the tax information requested to any party shown on line 5. The IRS has no control over what that party does with the information.

**Please Sign Here**

| | | Telephone number of requester ( ) |
|---|---|---|
| Signature. See instructions. If other than taxpayer, attach authorization document. | Date | Best time to call |
| Title (if line 1a above is a corporation, partnership, estate, or trust) | | **TRY A TAX RETURN TRANSCRIPT** (see line 8a instructions) |
| Spouse's signature | Date | |

## Instructions

*Section references are to the Internal Revenue Code.*

**TIP:** If you had your tax form filled in by a paid preparer, check first to see if you can get a copy from the preparer. This may save you both time and money.

**Purpose of Form.—**Use Form 4506 to get a tax return transcript, verification that you did not file a Federal tax return, Form W-2 information, or a copy of a tax form before you request a copy of it or a transcript. For W-2

information, wait 13 months after the end of the year in which the wages were earned. For example, wait until Feb. 1999 to request W-2 information for wages earned in 1997.

Do not use this form to request Forms 1099 or tax account information. See this page for details on how to get these items.
**Note:** Form 4506 must be received by the IRS within 60 calendar days after the date you signed and dated the request.

**How Long Will It Take?—**You can get a tax return transcript or verification of nonfiling within 7 to 10 workdays after the IRS receives

days to get a copy of a tax form or W-2 information. To avoid any delay, be sure to furnish all the information asked for on Form 4506.

**Forms 1099.—**If you need a copy of a Form 1099, contact the payer. If the payer cannot help you, call or visit the IRS to get Form 1099 information.

**Tax Account Information.—**If you need a statement of your tax account showing any later changes that you or the IRS made to the original return, request tax account information. Tax account information lists

Form 4506 (Rev 3-97)

certain items from your return, including any later changes.

To request tax account information, write or visit an IRS office or call the IRS at the number listed in your telephone directory.

If you want your tax account information sent to a third party, complete Form 8821, Tax Information Authorization. You may get this form by phone (call 1-800-829-3676) or on the Internet (at http://www.irs.ustreas.gov).

Line 1b.—Enter your employer identification number (EIN) only if you are requesting a copy of a business tax form. Otherwise, enter the first social security number (SSN) shown on the tax form.

Line 2b.—If requesting a copy or transcript of a joint tax form, enter the second SSN shown on the tax form.

Note: If you do not complete line 1b and, if applicable, line 2b, there may be a delay in processing your request.

Line 5.—If you want someone else to receive the tax form or tax return transcript (such as a CPA, an enrolled agent, a scholarship board, or a mortgage lender), enter the name and address of the individual. If we cannot find a record of your tax form, we will notify the third party directly that we cannot fill the request.

Line 7.—Enter the name of the client, student, or applicant if it is different from the name shown on line 1a. For example, the name on line 1a may be the parent of a student applying for financial aid. In this case, you would enter the student's name on line 7 so the scholarship board can associate the tax form or tax return transcript with their file.

Line 8a.—If you want a tax return transcript, check this box. Also, on line 10 enter the tax form number and on line 11 enter the tax period for which you want the transcript.

A tax return transcript is available only for returns in the 1040 series (Form 1040, Form 1040A, 1040EZ, etc.). It shows most line items from the original return, including accompanying forms and schedules. In many cases, a transcript will meet the requirement of any lending institution such as a financial institution, the Department of Education, or the Small Business Administration. It may also be used to verify that you did not claim any itemized deductions for a residence.

Note: A tax return transcript does not reflect any changes you or the IRS made to the original return. If you want a statement of your tax account with the changes, see Tax Account Information on page 1.

Line 8b.—Check this box only if you want proof from the IRS that you did not file a return for the year. Also, on line 11 enter the tax period for which you want verification of nonfiling.

Line 8c.—If you want only Form(s) W-2 information, check this box. Also, on line 10 enter "Form(s) W-2 only" and on line 11 enter the tax period for which you want the information.

You may receive a copy of your actual Form W-2 or a transcript of the information, depending on how your employer filed the form. However, state withholding information is not shown on a transcript. If you have filed your tax return for the year the wages were earned, you can get a copy of the actual Form W-2 by requesting a complete copy of your return and paying the required fee.

Contact your employer if you have lost your current year's Form W-2 or have not received it by the time you are ready to prepare your tax return.

Note: If you are requesting information about your spouse's Form W-2, your spouse must sign Form 4506.

Line 8d.—If you want a certified copy of a tax form for court or administrative proceedings, check the box to the right of line 8d. It will take at least 60 days to process your request.

Line 11.—Enter the year(s) of the tax form or tax return transcript you want. For fiscal-year filers or requests for quarterly tax forms, enter the date the period ended; for example, 3/31/96, 6/30/96, etc. If you need more than four different tax periods, use additional Forms 4506. Tax forms filed 6 or more years ago may not be available for making copies. However, tax account information is generally still available for these periods.

Line 12c.—Write your SSN or EIN and "Form 4506 Request" on your check or money order. If we cannot fill your request, we will refund your payment.

Signature.—Requests for copies of tax forms or tax return transcripts to be sent to a third party must be signed by the person whose name is shown on line 1a or by a person authorized to receive the requested information.

Copies of tax forms or tax return transcripts for a jointly filed return may be furnished to either the husband or the wife. Only one signature is required. However, see the line 8c instructions. Sign Form 4506 exactly as your name appeared on the original tax form. If you changed your name, also sign your current name.

For a corporation, the signature of the president of the corporation, or any principal officer and the secretary, or the principal officer and another officer are generally required. For more details on who may obtain tax information on corporations, partnerships, estates, and trusts, see section 6103.

If you are not the taxpayer shown on line 1a, you must attach your authorization to receive a copy of the requested tax form or tax return transcript. You may attach a copy of the authorization document if the original has already been filed with the IRS. This will generally be a power of attorney (Form 2848), or other authorization, such as Form 8821, or evidence of entitlement (for Title 11 Bankruptcy or Receivership Proceedings). If the taxpayer is deceased, you must send Letters Testamentary or other evidence to establish that you are authorized to act for the taxpayer's estate.

Where To File.—Mail Form 4506 with the correct total payment attached, if required, to the Internal Revenue Service Center for the place where you lived when the requested tax form was filed.

Note: You must use a separate form for each service center from which you are requesting a copy of your tax form or tax return transcript.

| If you lived in: | Use this address: |
|---|---|
| New Jersey, New York (New York City and counties of Nassau, Rockland, Suffolk, and Westchester) | 1040 Waverly Ave. Photocopy Unit Stop 532 Holtsville, NY 11742 |
| New York (all other counties), Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, Vermont | 310 Lowell St. Photocopy Unit Stop 679 Andover, MA 01810 |
| Florida, Georgia, South Carolina | 4800 Buford Hwy. Photocopy Unit Stop 91 Doraville, GA 30362 |

| | |
|---|---|
| Indiana, Kentucky, Michigan, Ohio, West Virginia | P.O. Box 145500 Photocopy Unit Stop 521 Cincinnati, OH 45250 |
| Kansas, New Mexico, Oklahoma, Texas | 3651 South Interregional Hwy. Photocopy Unit Stop 6716 Austin, TX 73301 |
| Alaska, Arizona, California (counties of Alpine, Amador, Butte, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado, Glenn, Humboldt, Lake, Lassen, Mann, Mendocino, Modoc, Napa, Nevada, Placer, Plumas, Sacramento, San Joaquin, Shasta, Sierra, Siskiyou, Solano, Sonoma, Sutter, Tehama, Trinity, Yolo, and Yuba), Colorado, Idaho, Montana, Nebraska, Nevada, North Dakota, Oregon, South Dakota, Utah, Washington, Wyoming | P.O. Box 9941 Photocopy Unit Stop 6734 Ogden, UT 84409 |
| California (all other counties), Hawaii | 5045 E. Butler Avenue Photocopy Unit Stop 52180 Fresno, CA 93888 |
| Illinois, Iowa, Minnesota, Missouri, Wisconsin | 2306 E. Bannister Road Photocopy Unit Stop 6700, Annex 1 Kansas City, MO 64999 |
| Alabama, Arkansas, Louisiana, Mississippi, North Carolina, Tennessee | P.O. Box 30309 Photocopy Unit Stop 46 Memphis, TN 38130 |
| Delaware, District of Columbia, Maryland, Pennsylvania, Virginia, a foreign country, or A.P.O. or F.P.O address | 11601 Roosevelt Blvd. Photocopy Unit DP 536 Philadelphia, PA 19255 |

**Privacy Act and Paperwork Reduction Act Notice.**—We ask for the information on this form to establish your right to gain access to your tax form or transcript under the Internal Revenue Code, including sections 6103 and 6109. We need it to gain access to your tax form or transcript in our files and properly respond to your request. If you do not furnish the information, we will not be able to fill your request. We may give the information to the Department of Justice or other appropriate law enforcement official, as provided by law.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is: Recordkeeping, 13 min.; Learning about the law or the form, 7 min.; Preparing the form, 26 min.; and Copying, assembling, and sending the form to the IRS, 17 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Tax Forms Committee, Western Area Distribution Center, Rancho Cordova, CA 95743-0001. DO NOT send the form to this address. Instead, see Where To File on this page.

Form **4506**

(Rev. May 1997)

Department of the Treasury
Internal Revenue Service

## Request for Copy or Transcript of Tax Form

▶ Read instructions before completing this form.

▶ Type or print clearly. Request may be rejected if the form is incomplete or illegible.

OMB No. 1545-0429

**Note:** *Do not use this form to get tax account information. Instead, see instructions below.*

| 1a Name shown on tax form. If a joint return, enter the name shown first. | 1b First social security number on tax form or employer identification number (see instructions) |
|---|---|
| 2a If a joint return, spouse's name shown on tax form | 2b Second social security number on tax form |

3 Current name, address (including apt., room, or suite no.), city, state, and ZIP code

4 Address, (including apt., room, or suite no.), city, state, and ZIP code shown on the last return filed if different from line 3

5 If copy of form or a tax return transcript is to be mailed to someone else, enter the third party's name and address

6 If we cannot find a record of your tax form and you want the payment refunded to the third party, check here ▶ ☐

7 If name in third party's records differs from line 1a above, enter that name here (see instructions) ▶

8 Check only one box to show what you want. There is no charge for items 8a, b, and c:

a ☐ Tax return transcript of Form 1040 series filed during the **current calendar year** and the 3 prior calendar years (see instructions).

b ☐ Verification of nonfiling.

c ☐ Form(s) W-2 information (see instructions).

d ☐ Copy of tax form and all attachments (including Form(s) W-2, schedules, or other forms. The charge is $23 for **each period requested.**
**Note:** *If these copies must be certified for court or administrative proceedings, see instructions and check here* . . . . . ▶ ☐

9 If this request is to meet a requirement of one of the following, check all boxes that apply.

☐ Small Business Administration    ☐ Department of Education    ☐ Department of Veterans Affairs    ☐ Financial Institution

10 Tax form number (Form 1040, 1040A, 941, etc.)

11 Tax period(s) (year or period ended date). If more than four, see instructions.

| 12 | Complete only if line 8d is checked. Amount due: | | |
|---|---|---|---|
| a. | Cost for each period . . . . . . | $ | 23.00 |
| b | Number of tax periods requested on line 11 | | |
| c | Total cost. Multiply line 12a by line 12b. | $ | |

*Full payment must accompany your request. Make check or money order payable to "Internal Revenue Service."*

**Caution:** *Before signing, make sure all items are complete and the form is dated.*

I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. I am aware that based upon this form, the IRS will release the tax information requested to any party shown on line 5. The IRS has no control over what that party does with the information.

**Please Sign Here**

Signature. See instructions. If other than taxpayer, attach authorization document.     Date

Telephone number of requester
(     )
Best time to call

Title (if line 1a above is a corporation, partnership, estate, or trust)

**TRY A TAX RETURN TRANSCRIPT** (see line 8a instructions)

Spouse's signature     Date

## Instructions

*Section references are to the Internal Revenue Code..*

**TIP:** If you had your tax form filled in by a paid preparer, check first to see if you can get a copy from the preparer. This may save you both time and money.

**Purpose of Form.**—Use Form 4506 to get a tax return transcript, verification that you did not file a Federal tax return, Form W-2 information, or a copy of a tax form. Allow 6 weeks after you file a tax form before you request a copy of it or a transcript. For W-2

information, wait 13 months after the end of the year in which the wages were earned. For example, wait until Feb. 1999 to request W-2 information for wages earned in 1997.

Do not use this form to request Forms 1099 or tax account information. See this page for details on how to get these items.
**Note:** *Form 4506 must be received by the IRS within 60 calendar days after the date you signed and dated the request.*

**How Long Will It Take?**—You can get a tax return transcript or verification of nonfiling within 7 to 10 workdays after the IRS receives

days to get a copy of a tax form or W-2 information. To avoid any delay, be sure to furnish all the information asked for on Form 4506.

**Forms 1099.**—If you need a copy of a Form 1099, contact the payer. If the payer cannot help you, call or visit the IRS to get Form 1099 information.

**Tax Account Information.**—If you need a statement of your tax account showing any later changes that you or the IRS made to the original return, request tax account information. Tax account information lists

certain items from your return, including any later changes.

To request tax account information, write or visit an IRS office or call the IRS at the number listed in your telephone directory.

If you want your tax account information sent to a third party, complete Form 8821, Tax Information Authorization. You may get this form by phone (call 1-800-829-3676) or on the Internet (at http://www.irs.ustreas.gov).

Line 1b.—Enter your employer identification number (EIN) only if you are requesting a copy of a business tax form. Otherwise, enter the first social security number (SSN) shown on the tax form.

Line 2b.—If requesting a copy or transcript of a joint tax form, enter the second SSN shown on the tax form.

Note: If you do not complete line 1b and, if applicable, line 2b, there may be a delay in processing your request.

Line 5.—If you want someone else to receive the tax form or tax return transcript (such as a CPA, an enrolled agent, a scholarship board, or a mortgage lender), enter the name and address of the individual. If we cannot find a record of your tax form, we will notify the third party directly that we cannot fill the request.

Line 7.—Enter the name of the client, student, or applicant if it is different from the name shown on line 1a. For example, the name on line 1a may be the parent of a student applying for financial aid. In this case, you would enter the student's name on line 7 so the scholarship board can associate the tax form or tax return transcript with their file.

Line 8a.—If you want a tax return transcript, check this box. Also, on line 10 enter the tax form number and on line 11 enter the tax period for which you want the transcript.

A tax return transcript is available only for returns in the 1040 series (Form 1040, Form 1040A, Form 1040EZ, etc.). It shows most line items from the original return, including accompanying forms and schedules. In many cases, a transcript will meet the requirement of any lending institution such as a financial institution, the Department of Education, or the Small Business Administration. It may also be used to verify that you did not claim any itemized deductions for a residence.

Note: A tax return transcript does not reflect any changes you or the IRS made to the original return. If you want a statement of your tax account with the changes, see Tax Account Information on page 1.

Line 8b.—Check this box only if you want proof from the IRS that you did not file a return for the year. Also, on line 11 enter the tax period for which you want verification of nonfiling.

Line 8c.—If you want only Form(s) W-2 information, check this box. Also, on line 10 enter "Form(s) W-2 only" and on line 11 enter the tax period for which you want the information.

You may receive a copy of your actual Form W-2 or a transcript of the information, depending on how your employer filed the form. However, state withholding information is not shown on a transcript. If you have filed your tax return for the year the wages were earned, you can get a copy of the actual Form W-2 by requesting a complete copy of your return and paying the required fee.

Contact your employer if you have lost your current year's Form W-2 or have not received it by the time you are ready to prepare your tax return.

Note: If you are requesting information about your spouse's Form W-2, your spouse must sign Form 4506.

Line 8d.—If you want a certified copy of a tax form for court or administrative proceedings, check the box to the right of line 8d. It will take at least 60 days to process your request.

Line 11.—Enter the year(s) of the tax form or tax return transcript you want. For fiscal-year filers or requests for quarterly tax forms, enter the date the period ended; for example, 3/31/96, 6/30/96, etc. If you need more than four different tax periods, use additional Forms 4506. Tax forms filed 6 or more years ago may not be available for making copies. However, tax account information is generally still available for these periods.

Line 12c.—Write your SSN or EIN and "Form 4506 Request" on your check or money order. If we cannot fill your request, we will refund your payment.

Signature.—Requests for copies of tax forms or tax return transcripts to be sent to a third party must be signed by the person whose name is shown on line 1a or by a person authorized to receive the requested information.

Copies of tax forms or tax return transcripts for a jointly filed return may be furnished to either the husband or the wife. Only one signature is required. However, see the line 8c instructions. Sign Form 4506 exactly as your name appeared on the original tax form. If you changed your name, also sign your current name.

For a corporation, the signature of the president of the corporation, or any principal officer and the secretary, or the principal officer and another officer are generally required. For more details on who may obtain tax information on corporations, partnerships, estates, and trusts, see section 6103.

If you are not the taxpayer shown on line 1a, you must attach your authorization to receive a copy of the requested tax form or tax return transcript. You may attach a copy of the authorization document if the original has already been filed with the IRS. This will generally be a power of attorney (Form 2848), or other authorization, such as Form 8821, or evidence of entitlement (for Title 11 Bankruptcy or Receivership Proceedings). If the taxpayer is deceased, you must send Letters Testamentary or other evidence to establish that you are authorized to act for the taxpayer's estate.

Where To File.—Mail Form 4506 with the correct total payment attached, if required, to the Internal Revenue Service Center for the place where you lived when the requested tax form was filed.

Note: You must use a separate form for each service center from which you are requesting a copy of your tax form or tax return transcript.

| If you lived in: | Use this address: |
|---|---|
| New Jersey, New York (New York City and counties of Nassau, Rockland, Suffolk, and Westchester) | 1040 Waverly Ave. Photocopy Unit Stop 532 Holtsville, NY 11742 |
| New York (all other counties), Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, Vermont | 310 Lowell St. Photocopy Unit Stop 679 Andover, MA 01810 |
| Florida, Georgia, South Carolina | 4800 Buford Hwy. Photocopy Unit Stop 91 Doraville, GA 30362 |

| | |
|---|---|
| Indiana, Kentucky, Michigan, Ohio, West Virginia | P.O. Box 145500 Photocopy Unit Stop 521 Cincinnati, OH 45250 |
| Kansas, New Mexico, Oklahoma, Texas | 3651 South International Hwy. Photocopy Unit Stop 6716 Austin, TX 73301 |
| Alaska, Arizona, California (counties of Alpine, Amador, Butte, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado, Glenn, Humboldt, Lake, Lassen, Marin, Mendocino, Modoc, Napa, Nevada, Placer, Plumas, Sacramento, San Joaquin, Shasta, Sierra, Siskiyou, Solano, Sonoma, Sutter, Tehama, Trinity, Yolo, and Yuba), Colorado, Idaho, Montana, Nebraska, Nevada, North Dakota, Oregon, South Dakota, Utah, Washington, Wyoming | P.O. Box 9941 Photocopy Unit Stop 6734 Ogden, UT 84409 |
| California (all other counties), Hawaii | 5045 E. Butler Avenue Photocopy Unit Stop 52180 Fresno, CA 93888 |
| Illinois, Iowa, Minnesota, Missouri, Wisconsin | 2306 E. Bannister Road Photocopy Unit Stop 6700, Annex 1 Kansas City, MO 64999 |
| Alabama, Arkansas, Louisiana, Mississippi, North Carolina, Tennessee | P.O. Box 30309 Photocopy Unit Stop 46 Memphis, TN 38130 |
| Delaware, District of Columbia, Maryland, Pennsylvania, Virginia, a foreign country, or A.P.O. or F.P.O. address | 11601 Roosevelt Blvd. Photocopy Unit DP 536 Philadelphia, PA 19255 |

Privacy Act and Paperwork Reduction Act Notice.—We ask for the information on this form to establish your right to gain access to your tax form or transcript under the Internal Revenue Code, including sections 6103 and 6109. We need it to gain access to your tax form or transcript in our files and properly respond to your request. If you do not furnish the information, we will not be able to fill your request. We may give the information to the Department of Justice or other appropriate law enforcement official, as provided by law.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is: Recordkeeping, 13 min.; Learning about the law or the form, 7 min.; Preparing the form, 26 min.; and Copying, assembling, and sending the form to the IRS, 17 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Tax Forms Committee, Western Area Distribution Center, Rancho Cordova, CA 95743-0001. DO NOT send the form to this address. Instead, see Where To File on this page.



EXHIBIT"____"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS,<br>　　　　　Plaintiff<br><br>　　v.<br><br>CITY OF HARLINGEN, CAMERON COUNTY, TEXAS,<br>INSPECTOR DAN SERNA, INDIVIDUALLY,<br>INSPECTOR RUBEN MARES, INDIVIDUALLY,<br>INSPECTOR SAM GUTIERREZ, INDIVIDUALLY,<br>LA FERIA WRECKER SERVICE,<br>DOUBLE A WRECKER CO.,<br>T & T TOWING SERVICE,<br>T AND T WRECKER SERVICE,<br>TIM WILKINSON IRON & METAL INC.,<br>　　　　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action<br><br><br>No. B-01-34<br><br><br><br><br><br><br><br><br><br>JURY |

PLAINTIFF JOHN OCIE ROBERTS'S
OBJECTIONS AND RESPONSES TO
CITY DEFENDANTS'S
FIRST REQUEST FOR PRODUCTION

To:　CITY OF HARLINGEN, CAMERON COUNTY. TEXAS. INSPECTOR DAN SERNA. INDIVIDUALLY. INSPECTOR RUBEN MARES. INDIVIDUALLY and INSPECTOR SAM GUTIERREZ, INDIVIDUALLY, Defendants

NOW COMES, &PY-Propounded&, Plaintiff herein. and submits the following responses and objections to the requests for production heretofore submitted in this action by &IP-Designation& CITY DEFENDANTS:

I.

GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION:

A.　Plaintiff objects in general to defendant's requests for reproduction to the extent that the instructions prefacing same exceed the scope of permissible discovery under the FED.R.CIV.P. and to the extent they attempt to impose duties or obligations on Plaintiff to answer or supplement the requests for production. which are beyond those provided for by the FED.R.CIV.P. in general and/or by Rules 26(b) and 34. TEX.R.CIV.P. Furthermore. there is no rule which requires the plaintiff to "supplement" any responses to the requests for production as purported by the instruction in the paragraph 3 of the Definitions and Instructions of defendant's discovery requests.

B.　Plaintiff further objects to producing the documents and things sought at the defendant's attorney's office. A more appropriate place for such production would be at the plaintiff's attorney's office and/or where such documents and things are presently found or kept.

C.　Plaintiff objects in general to defendant's requests to the extent that the

instructions prefacing same, in particular instruction number 3, 4, and 5. exceed the scope of permissible discovery under the FED.R.CIV.P. and to the extent they attempt to impose duties or obligations on Plaintiff to respond to the requests, which are beyond those provided for by the FED.R.CIV.P. in general and/or by Rule 26b, FED.R.CIV.P.

D.    Plaintiff objects to defendants' prefatory instructions with respect to the various definitions for the word "Identify", included on pages 4 and 5 of defendants' "definitions", in that defendants' various definitions for this one word contained in these various paragraphs of its instructions attempt to create undue and oppressive burdens on the Plaintiff. Plaintiff objects to these definitions in that they attempt to modify what the terms mean under the Federal Rules of Civil Procedure, Texas Rules of Civil Procedure and commonly accepted English language interpretations. They are not legal terms requiring definitions.

E.    To the extent that the definitions preceding the defendant's requests seek to invade the attorney-client. attorney work product and investigative privileges, the same are objectionable, in particular the defendant's definition(s) of "You" and "your".

F.    Plaintiff objects to defendant's requests for production generally on the grounds that defendant has apparently sought to exceed the number of permissible inter-rogatories by couching its requests for production in the form of questions. all in viola-tion of the letter and spirit of the FED.R.CIV.P. Defendant's discovery attempts to usurp the FED.R.CIV.P. by exceeding the scope of interrogatories as provided by Rule 26(b). FED.R.CIV.P. Defendant's requests couched in question form fail to designate and identify the thing or document sought, as is required by Rule 34, FED.R.CIV.P. Requests for production are governed by Rule 34. FED.R.CIV.P.. not Rule 33, FED.R.CIV.P. See Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989); Limas v. De Delgado. 770 S.W.2d 953, 954 (Tex.App.--El Paso 1989, no writ).

## II.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION:

1.    Any and all photographs. negatives, video tapes. motion pictures, plats, draw-ings, diagrams, measurements or any other written description of the incident, your injuries. the premises, or any property you allege was removed from the premises unlawfully by the City of Harlingen or at the request of the City of Harlingen.

**RESPONSE TO REQUEST NO. 1:**
This request is overly broad.

This request fails to adequately designate the item or thing sought with particu-larity as is required by Rule 34. FED.R.CIV.P.

Plaintiff also objects to this request in that it invades the attorney's work product and the attorney-client privilege insofar as it seeks "other written description of the incident". etc.

2.    Any and all written or recorded statements of the Plaintiff and Defendants or their agents, servants. employees or other representatives regarding the incidents made the basis of this suit and alleged damages and injuries resulting therefrom.

ROBERTS'S RESPONSE TO REQUEST FOR PRODUCTION     Case No. B-01-34

**RESPONSE TO REQUEST NO. 2:**
None except for those that are public record and/or those that have been taken in this action or produced at deposition.

3.     All documents, reports or other written records pertaining to any investigation of the incidents made the basis of this lawsuit.
**RESPONSE TO REQUEST NO. 3:**
Plaintiff objects to this request in that it invades the attorney's work product and the investigative privilege.

Without waiving the foregoing objection(s), and specifically preserving same, in the spirit of cooperation:

See the Cameron County Sheriff's Office reports/records.

4.     Any and all documents reflecting the opinion, mental impressions, and/or subject matter on which any expert is expected to testify, as well as factual findings of any expert who may be called as a witness at the trial of this cause or, of consulting experts whose findings form the basis of the opinion of any expert who may be called as a witness at the trial of this cause.
**RESPONSE TO REQUEST NO. 4:**
Plaintiff objects to this request insofar as it requests that a report be prepared by the experts identified by plaintiff without any reference to payment being made for the preparation of such report(s). Plaintiff agrees to provide any report prepared by its expert which the plaintiff has requested on its own behalf. Defendant, however, if requesting that a report be prepared, needs to tender payment for preparation of each such report.

Without waiving the foregoing objection(s), and specifically preserving same, in the spirit of cooperation:

See attached.

5.     Any and all documents which Plaintiff or counsel has provided to any expert witness who may be called to testify at the trial of this cause or any consulting expert whose findings form the basis of any testifying expert's opinion.
**RESPONSE TO REQUEST NO. 5:**
Plaintiff objects to this request in that it invades the attorney's work product.

Without waiving the foregoing objection(s), and specifically preserving same, in the spirit of cooperation:

None.

6.     Any and all documents reflecting the credentials or background of any expert who may be called as a witness at the trial of this cause.
**RESPONSE TO REQUEST NO. 6:**
None at this time.

It is respectfully suggested that this information be obtained by way of deposition

of the various experts identified.

To be supplemented.

7.    All documents demonstrating, reflecting or indicating the amount of any losses or damages claimed by you in this action, including personal injuries, lost wages or earnings in the past and loss of future earning capacity or earnings, property damage, or mental or emotional damage.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to Defendant's wholesale request to disclose any and all written documents pertaining to, demonstrating, reflecting or indicating the plaintiff's claims for damages asserted in this action. This request is too general and comprehensive; "it is an effort to dredge the lake in hopes of finding a fish". Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 814 (Tex. 1995). The party seeking discovery by way of a request for production must determine with specificity the information desired and ask for it with particularity. Rule 34(b), FED.R.CIV.P. Particular documents may not be sought by way of broad and unwieldy requests for production like this request which has been propounded by defendant. Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969); Midland Investment Co. v. Van Alstyne, Noel & Co., 59 FRD 134, 17 FRServ2d 345 (SD NY 1973). What the Defendant is seeking is authorization to conduct a general search of the Plaintiff's files, and this is not permitted under the Federal Rules of Civil Procedure. Borden, Inc. v. Florida East Coast Railway Co., 772 F.2d 750, 3 FRServ3d 1360 (11th Cir 1985); Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958).

Plaintiff objects to this request for production like defendant's subject request seeking "any" or "all" documents generally fail to provide sufficient specificity as is required by the rule. Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

8.    All documents recording, reflecting or constituting any communication between you and any representative, agent or employee of the CITY OF HARLINGEN regarding the condition of the premises, any property located on the premises, or any property you allege was illegally removed from the premises by the City or at the request of the City.

**RESPONSE TO REQUEST NO. 8:**

This request is overly broad and ambiguous and it fails to adequate designate the item or thing sought with particularity as is required by Rule 34, FED.R.CIV.P.

Plaintiff objects to this request for requests for production like defendant's subject request seeking "any" or "all" documents generally fail to provide sufficient specificity as is required by the rule. Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

Without waiving the foregoing objection(s), and specifically preserving same, in the spirit of cooperation:

See attached.

ROBERTS'S RESPONSE TO REQUEST FOR PRODUCTION    Case No. B-01-34

9.    All reports, invoices, canceled checks, and any other documents of any health care provider evidencing, relating or referring to medical care, treatment, counseling, therapy or hospitalization obtained or received by you, including, but not limited to, care, treatment, counseling, therapy or hospitalization obtained or received by you for any injury or condition (physical and/or mental) for which you are seeking damages in this lawsuit.

**RESPONSE TO REQUEST NO. 9:**
    To be supplemented.

10.    Copies of all bills, statements and proof of insurance reimbursement of health care providers evidencing medical expenses incurred by you as a result of the incidents made the basis of this lawsuit.

**RESPONSE TO REQUEST NO. 10:**
    This request is overly broad and fails to adequately describe the item or thing sought with particularity as is required by Rule 34, FED.R.CIV.P.

    Without waiving the foregoing objection(s), and specifically preserving same, in the spirit of cooperation:

    No proof of insurance.

    Medical bills are to be hereafter obtained and provided by supplemental responses.

11.    Your income tax returns from 1994 to present or in the alternative, please sign the attached Requests for Copies of Tax Forms.

**RESPONSE TO REQUEST NO. 11:**
    Plaintiff objects to providing a signed "tax return authorization", as such is not a proper request for production under the Federal Rules of Civil Procedure. There is no rule that requires a party to sign the requested document.

    This request seeks to violate the plaintiff's right of privacy and constitutional privileges afforded him.

    This request is further objectionable for it duplicates other evidence concerning the plaintiff's income.

    Plaintiff further objects to this request on the grounds that defendant failed to offer to provide plaintiff with true, correct and complete copies of all documents and things obtained by or through the use of a proper, records only authorization.

12.    If you allege mental or emotional distress as a result of the incidents made the basis of this suit, produce a copy of any document reflecting or evidencing prior mental or emotional distress.

**RESPONSE TO REQUEST NO. 12:**
    This request is overly broad and fails to adequately designate the item or thing sought.

    This request is overly broad and fails to adequately describe the item or thing sought with particularity as is required by Rule 34, FED.R.CIV.P. Tiedman v.

ROBERTS'S RESPONSE TO REQUEST FOR PRODUCTION    Case No. B-01-34

American Pigment Corp., 253 F.2d 803 (4th Cir. 1958); Richland Wholesale Liquors, Inc. v. Joseph E. Seagram & Sons, Inc., 40 FRD 480, 10 FRServ2d 958 (S SC 1966).

Plaintiff objects to this request for requests for production like defendant's subject request seeking "any" or "all" documents generally fail to provide sufficient specificity as is required by the rule. Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

13.    A copy of any document or written claim for bodily injuries or property damage you filed with any entity or against any person, business or entity relating to any incident made the basis of this suit.

**RESPONSE TO REQUEST NO. 13:**
This request does not make sense.

This request is overly broad and fails to adequately designate the item or thing sought.

This request is overly broad and fails to adequately describe the item or thing sought with particularity as is required by Rule 34, FED.R.CIV.P. Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958); Richland Wholesale Liquors, Inc. v. Joseph E. Seagram & Sons, Inc., 40 FRD 480, 10 FRServ2d 958 (S SC 1966).

Plaintiff objects to this request for requests for production like defendant's subject request seeking "any" or "all" documents generally fail to provide sufficient specificity as is required by the rule. Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

14.    All documents evidencing ownership, possession or title to any items you claim were illegally removed from the Premises at the request of the City of Harlingen or by the City of Harlingen.

**RESPONSE TO REQUEST NO. 14:**
Plaintiff objects to this request for requests for production like defendant's subject request seeking "any" or "all" documents generally fail to provide sufficient specificity as is required by the rule. Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

This request is overly broad and fails to adequately describe the item or thing sought with particularity as is required by Rule 34, FED.R.CIV.P.

15.    All documents and records related to sales, purchases, trades or exchanges of any items by the Bargain Barn during the years 1995 to 2000.

**RESPONSE TO REQUEST NO. 15:**
This request is overly broad and fails to adequately describe the item or thing sought with particularity as is required by Rule 34, FED.R.CIV.P. Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958); Richland Wholesale Liquors, Inc. v. Joseph E. Seagram & Sons, Inc., 40 FRD 480, 10 FRServ2d 958 (S SC 1966).

Plaintiff objects to this request for requests for production like defendant's subject request seeking "any" or "all" documents generally fail to provide sufficient specificity as is required by the rule. Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

16.    All documents and records related to sales, purchases, trades, or exchanges that you have engaged in since January 1, 2000, of any items of the nature bought and sold by the Bargain Barn.

**RESPONSE TO REQUEST NO. 16:**

This request is overly broad and fails to adequately describe the item or thing sought with particularity as is required by Rule 34. FED.R.CIV.P. Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958); Richland Wholesale Liquors. Inc. v. Joseph E. Seagram & Sons. Inc., 40 FRD 480, 10 FRServ2d 958 (S SC 1966).

Plaintiff objects to this request for requests for production like defendant's subject request seeking "any" or "all" documents generally fail to provide sufficient specificity as is required by the rule. Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

17.    All documents and records related to any and all employees of the Bargain Barn between the years 1996 and 2000.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this request for requests for production like defendant's subject request seeking "any" or "all" documents generally fail to provide sufficient specificity as is required by the rule. Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

18.    All documents and records related to the purchase or acquisition of any vehicle that you allege was illegally removed from the premises by the City of Harlingen or at the request of the City of Harlingen.

**RESPONSE TO REQUEST NO. 18:**

This request is overly broad and fails to adequately describe the item or thing sought with particularity as is required by Rule 34, FED.R.CIV.P.

Plaintiff objects to this request for requests for production like defendant's subject request seeking "any" or "all" documents generally fail to provide sufficient specificity as is required by the rule. Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

This request does not make sense. You did not purchase any of the vehicles. you took them without paying; i.e., you stole them.

19.    All documents related to the valuation of any vehicle that you allege was illegally removed from the premises by the City of Harlingen or at the request of the City of Harlingen.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this request for requests for production like defendant's subject request seeking "any" or "all" documents generally fail to provide suffi-

cient specificity as is required by the rule.  Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

Without waiving the foregoing objection(s), and specifically preserving same, in the spirit of cooperation:

See attached.

20.   All documents and records related to the purchase or acquisition of any items other than vehicles that you allege were illegally removed from the premises by the City of Harlingen or at the request of the City of Harlingen.
**RESPONSE TO REQUEST NO. 20:**
This request is overly broad and fails to adequately describe the item or thing sought with particularity as is required by Rule 34, FED.R.CIV.P.

This request is overly broad and fails to adequately describe the item or thing sought with particularity as is required by Rule 34, FED.R.CIV.P.  Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958); Richland Wholesale Liquors, Inc. v. Joseph E. Seagram & Sons, Inc., 40 FRD 480, 10 FRServ2d 958 (S SC 1966).

This request does not make sense.  You did not purchase any of the items, you took them without paying; i.e., you stole them.

21.   Any inventory or list of all property and items contained on the premises after the fire of January 1, 2000.
**RESPONSE TO REQUEST NO. 21:**
Plaintiff objects to this request for requests for production like defendant's subject request seeking "any" or "all" documents generally fail to provide sufficient specificity as is required by the rule.  Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

Without waiving the foregoing objection(s), and specifically preserving same, in the spirit of cooperation:

See attached.

22.   Any documents or records related to or regarding items contained on the premises after the fire of January 1, 2000.
**RESPONSE TO REQUEST NO. 22:**
Plaintiff objects to this request for requests for production like defendant's subject request seeking "any" or "all" documents generally fail to provide sufficient specificity as is required by the rule.  Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

Without waiving the foregoing objection(s), and specifically preserving same, in the spirit of cooperation:

See attached.

ROBERTS'S RESPONSE TO REQUEST FOR PRODUCTION    Case No. B-01-34

23.    All documents or records, including any inventories or lists, regarding items you allege were illegally removed from the premises by the city or at the request of the city.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this request for requests for production like defendant's subject request seeking "any" or "all" documents generally fail to provide sufficient specificity as is required by the rule. Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

This request is overly broad and fails to adequately describe the item or thing sought with particularity as is required by Rule 34, FED.R.CIV.P. Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958); Richland Wholesale Liquors, Inc. v. Joseph E. Seagram & Sons, Inc., 40 FRD 480, 10 FRServ2d 958 (S SC 1966).

Without waiving the foregoing objection(s), and specifically preserving same, in the spirit of cooperation:

See attached.

24.    All documents recording, reflecting or constituting any communication between you and any representative, agent or employee of the lessor of the Premises, Union Pacific Railroad, or Southern Pacific Railroad, regarding the condition of the premises, any property located on the premises, or any property you allege was illegally removed from the premises by the City or at the request of the City.

**RESPONSE TO REQUEST NO. 24:**

This request is overly broad and fails to adequately describe the item or thing sought with particularity as is required by Rule 34, FED.R.CIV.P.

Plaintiff objects to this request for requests for production like defendant's subject request seeking "any" or "all" documents generally fail to provide sufficient specificity as is required by the rule. Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

25.    All documents and records related to sales, purchases, trades, or exchanges of any automobiles by you since January 1, 2000.

**RESPONSE TO REQUEST NO. 25:**

This request is overly broad and fails to adequately describe the item or thing sought with particularity as is required by Rule 34, FED.R.CIV.P.

Plaintiff objects to this request in that it is so broad on its face that it clearly requires production of irrelevant documents. Rule 26(b)(1), FED.R.CIV.P.; United States v. International Business Machines Corp., 72 F.R.D. 78, 24 FRServ2d 1156 (SD NY 1976).

Plaintiff objects to this request for requests for production like defendant's subject request seeking "any" or "all" documents generally fail to provide sufficient specificity as is required by the rule. Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969).

26.   All documents and records related to the restoration of any automobiles by you since January 1, 2000.

**RESPONSE TO REQUEST NO. 26:**

    Plaintiff objects to this request in that it is so broad on its face that it clearly requires production of irrelevant documents.   Rule 26(b)(1), FED.R.CIV.P.; United States v. International Business Machines Corp., 72 F.R.D. 78, 24 FRServ2d 1156 (SD NY 1976).

    Plaintiff objects to this request in that it is so broad on its face that it clearly requires production of irrelevant documents.   Rule 26(b)(1), FED.R.CIV.P.; United States v. International Business Machines Corp., 72 F.R.D. 78, 24 FRServ2d 1156 (SD NY 1976).

    Plaintiff objects to this request in that it is so broad on its face that it clearly requires production of irrelevant documents.   Rule 26(b)(1), FED.R.CIV.P.; United States v. International Business Machines Corp., 72 F.R.D. 78, 24 FRServ2d 1156 (SD NY 1976).

27.   All documents and records related to the restoration of any automobiles by you prior to January 1, 2000.

**RESPONSE TO REQUEST NO. 27:**

    Plaintiff objects to this request in that it is so broad on its face that it clearly requires production of irrelevant documents.   Rule 26(b)(1), FED.R.CIV.P.; United States v. International Business Machines Corp., 72 F.R.D. 78, 24 FRServ2d 1156 (SD NY 1976).

    Plaintiff objects to this request in that it is so broad on its face that it clearly requires production of irrelevant documents.   Rule 26(b)(1), FED.R.CIV.P.; United States v. International Business Machines Corp., 72 F.R.D. 78, 24 FRServ2d 1156 (SD NY 1976).

    Plaintiff objects to this request in that it is so broad on its face that it clearly requires production of irrelevant documents.   Rule 26(b)(1), FED.R.CIV.P.; United States v. International Business Machines Corp., 72 F.R.D. 78, 24 FRServ2d 1156 (SD NY 1976).

28.   All documents (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings and other data compilations from which information can be obtained and translated, if necessary, by the person from whom production is sought, into reasonably usable form) and any other tangible things which constitute or contain matters relevant to the subject of this lawsuit.

**RESPONSE TO REQUEST NO. 28:**

    A request that seeks production of every document that could conceivably be relevant to the issues in the case like this request which has been propounded by the defendant is clearly improper and objectionable.  Such requests are patently overly broad and fail to describe the documents sought with reasonable particularity.   Borden, Inc. v. Florida East Coast Railway Co., 772 F.2d 750, 3 F.R.Serv.3d 1360 (11th Cir 1985).

    Plaintiff objects to Defendant's wholesale request to produce any and all written documents pertaining to any claim asserted. Rule 34, FED.R.CIV.P., permits

discovery of documents, papers, etc., that are described with reasonable particularity. The rule does not permit a general inspection of an adversary's records, as this constitutes nothing more than a fishing expedition. Defendant's request is too general and comprehensive; "it is an effort to dredge the lake in hopes of finding a fish". Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 814 (Tex. 1995). The party seeking discovery by way of a request for production must determine with specificity the information desired and ask for it with particularity. Rule 34(b). FED.R.CIV.P. Particular documents may not be sought by way of broad and unwieldy requests for production like this request which has been propounded by defendant. Georgia Power Co. v. EEOC, 295 F.Supp 950 (ND Ga 1968), aff'd. 412 F.2d 462 (5th Cir. 1969); Midland Investment Co. v. Van Alstyne, Noel & Co., 59 FRD 134, 17 FRServ2d 345 (SD NY 1973). What the Defendant is seeking is authorization to conduct a general search of the Plaintiff's files, and this is not permitted under the Federal Rules of Civil Procedure. Borden, Inc. v. Florida East Coast Railway Co., 772 F.2d 750, 3 FRServ3d 1360 (11th Cir 1985); Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958); see also Richland Wholesale Liquors, Inc. v. Joseph E. Seagram & Sons, Inc., 40 FRD 480, 10 FRServ2d 958 (S SC 1966).

==============================================

Respectfully submitted,

*HUGO XAVIER DE LOS SANTOS*
*Attorney at Law & C.P.A.*

Date:   September 4, 2002

By: _____
       HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas   78213
(210) 736-4227      FAX# (210) 737-1556

Texas Bar Identification Number 05653300
U.S. Southern District Identification Number 11259

Attorney for John Ocie Roberts, Plaintiff

ROBERTS'S RESPONSE TO REQUEST FOR PRODUCTION    Case No. B-01-34

## CERTIFICATE OF SERVICE

I, HUGO XAVIER DE LOS SANTOS, ESQ., attorney for John Ocie Roberts, Plaintiff, hereby certify that I served all other parties in this action with a correct copy of the PLAINTIFF JOHN OCIE ROBERTS'S OBJECTIONS AND RESPONSES TO CITY DEFENDANTS'S FIRST REQUEST FOR PRODUCTION on September 4, 2002, in a manner consistent with the Texas Rules of Civil Procedure as designated hereinbelow.

*City of Harlingen, Cameron County, Texas, Inspector Dan Serna, Individually, Inspector Ruben Mares, Individually and Inspector Sam Gutierrez, Individually, Defendants*:

c/o Mr. Ricardo J. Navarro, Esq.
222 E. Van Buren, Suite 405
Harlingen, Texas 78550-6804

*Method*:        U.S. Certified Mail, Return Receipt Requested
               USPS Postal Receipt #7001 2510 0009 2698 2538

*La Feria Wrecker Service, Inc., Defendant*:

Mr. Michael R. Ezell, Esq.
312 East Van Buren/P.O. Box 2878
Harlingen, Texas 78551

*Method*:        U.S. Certified Mail, Return Receipt Requested
               USPS Postal Receipt #7001 2510 0009 2698 2521

*Double A Wrecker Co., T & T Towing Service, T and T Wrecker Service, Defendant(s)*:

Mr. Curtis Bonner, Esq.
P.O. Box 288
Harlingen, Texas 78551-0288

*Method*:        U.S. Certified Mail, Return Receipt Requested
               USPS Postal Receipt #7001 2510 0009 2698 2514

Respectfully submitted,

*HUGO XAVIER DE LOS SANTOS*
*Attorney at Law & C.P.A.*

                                    Date:    September 4, 2002

By:
HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas  78213
(210) 736-4227        FAX# (210) 737-1556

Texas Bar Identification Number 05653300

EXHIBIT"____ℓ____"

# DENTON, NAVARRO & BERNAL

A Professional Corporation

## ATTORNEYS AND COUNSELORS

| | | |
|---|---|---|
| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS 78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | firm@rampage-rgv.com | |

September 9, 2002

Mr. Hugo X. De Los Santos                    **Via Fax & Regular Mail**
ATTORNEY AT LAW
6800 Park Ten Blvd. Ste. 123N
San Antonio, Texas 78213

      Re: *John Ocie Roberts vs City of Harlingen, et al*
           C.A. No. B-001-34
           (*S. D. Tex.- Brownsville Division*)

Dear Mr. De Los Santos:

     I am in receipt of your client's responses to our discovery requests. I am disappointed in several of the responses received. First, with respect to Request for Production No. 11, you make several invalid objections. Given you client's claims of lost earnings and loss of business, his income tax returns are in fact highly relevant and necessary in order for us to properly defend this case. We will be more than happy to provide you with true and correct copies of all documents obtained by the requested signed authorization.

     You make a series of objections to Request for Production 13, including that it makes no sense. I disagree. Each of your objections is improper and the request is straightforward and makes perfect sense. With respect to Requests for Production No. 14-17, you make the same objections, and each such objection is invalid with respect to the items requested. They are not overly broad, and do describe with specificity what is being requested. Your client needs to answer the requests.

     Requests for Production 18 and 20 clearly provide sufficient specificity as to what is being sought, and both of them make perfect sense, contrary to your client's assertion that they do not. Each of these requests seeks documents related to the purchase or acquisition by your client, of any removed vehicle or other items, obviously before any removal by the City. With

Mr. Hugo X. De Los Santos
ATTORNEY AT LAW
September 9, 2002
Page -2-

---

this objection and claim that it makes no sense, you are avoiding turning over any documents that show how your client came into possession of any of these items or how much he paid for them.

Requests for Production No. 24 and 25 seek relevant information, are not broad and provide sufficient specificity as to the documents sought. Furthermore, while you obviously truly believe that Requests for Production No. 26 and 27 are irrelevant and broad, as you objected to each 3 times with the exact same objection, it is our position that both of those requests are relevant, and we are prepared to go before the Court to argue such.

These objections to most of our requests for production are particularly disappointing in light of the fact that we gave you multiple extensions to answer the discovery. However, I ask that you provide proper responses to each of the Requests for Production mentioned above within ten days of the date on this letter. Should you fail to provide adequate responses, I will file a Motion to Compel and let the court determine whether your objections are valid or not.

Thank you for your attention to this matter.

Very truly yours,

Robert Drinkard