IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 6 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOHN OCIE ROBERTS § | |
| Plaintiff § | |
| § | |
| vs. § | CAUSE NO. B-01-034 |
| § | |
| CITY OF HARLINGEN, TEXAS, § | |
| ET.AL. § | |
| Defendants § | |

**CITY DEFENDANTS' SECOND MOTION TO STRIKE
PLAINTIFF'S DESIGNATION OF EXPERTS AND MOTION TO STRIKE
PLAINTIFF'S SUPPLEMENTAL DESIGNATION OF EXPERT WITNESSES**

---

MAY IT PLEASE THE COURT:

COMES NOW CITY OF HARLINGEN, TEXAS, INSPECTOR DAN SERNA, INSPECTOR RUBEN MARES, and INSPECTOR SAM GUTIERREZ (collectively "CITY DEFENDANTS"), in their Individual capacities, and file this their Second Motion to Strike Plaintiff's Designation of Experts and Motion to Strike Plaintiff's Supplemental Designation of Expert Witnesses and would show the Court as follows:

**I.
NATURE OF THE CASE**

This controversy arises out of the CITY OF HARLINGEN's (hereafter "CITY") enforcement of two environmental ordinances, one related to clean up of trash, debris, and rubbish (Chap. 93), and another related to clean up of junked vehicles (Chap. 94), after a fire devastated the structure on the lot in question.

Plaintiff, a lessee of the lot on which the fire occurred, and which was cleaned up under the direction of the

Environmental Health Department of the CITY, contends that the CITY and several individual City employees deprived him of his personal property in violation of his state and federal rights without due process of law.

## II.
## ARGUMENT & AUTHORITIES

The CITY DEFENDANTS previously filed a Motion to Strike Plaintiff's Designation of Experts on September 20, 2002, for the reasons that Plaintiff's purported designation of expert witnesses did not comply with either the Federal Rules of Civil Procedure, or the Court's scheduling order.

The Court issued an order on October 18, 2002, giving Plaintiff additional time with which to properly designate his experts. The Court ordered the Plaintiff to submit a revised designation of expert witnesses that is in compliance with both Local Rule 10.2 and Federal Rule of Civil Procedure 26(a)(2)(B) no later than November 1, 2002. See Exhibit "A". This deadline has come and passed and Plaintiff has still failed to properly designate his experts pursuant to the Rules of Civil Procedure, the Local Rules and *two* orders issued by this Court.

As indicated in the previous motion, the expert disclosure includes information about the testifying experts and their reports. The purpose of requiring a report from specially retained experts is to eliminate unfair surprise to the opposing party. *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.1995). The Federal Rules of Civil Procedure are clear regarding disclosure of experts and expert testimony. The disclosure for experts required under Rule 26(a)(2)(B) requires any designation of experts to be:

"accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

Furthermore, such disclosures shall be made at the times and in the sequence directed by the court. Fed.R.Civ.P. 26(a)(2)(C). This Court has now twice unequivacally set the time and sequence for these disclosures in its orders, and Plaintiff has failed to comply both times. The deadline for Plaintiff's revised designation of expert witnesses was set by this Court at November 1, 2002.

Plaintiff has yet again failed to meet the deadline for these disclosures as required by this Court, the Federal Rules of Civil Procedure and the Local Rules.

First, Plaintiff did not submit a required, signed expert report for any expert other than Adelaido Gonzalez. It is mandatory that any expert designation include appropriate signed, written expert reports. Fed.R.Civ.P. 26(a)(2)(B); *Gust v. Jones*, 162 F.3d 587, 592 (10thCir.1998). The second deadline for Plaintiff to submit his expert reports has come and passed and Plaintiff failed to do so. Plaintiff's failure to submit his expert reports is in direct violation of this Court's orders and the Federal Civil Rules of Civil Procedure.

Furthermore, other than expert Adelaido Gonzalez, Plaintiff failed entirely to disclose any of the other information from

experts that is required by the Rules of Civil Procedure. In addition to the report, Plaintiff was required to, and failed to, disclose about each of his designated experts: a complete statement of all opinions to be expressed *and* the bases and reasons for them; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed.R.Civ.P. 26(a)(2)(B)

The Court gave Plaintiff a second chance, and required Plaintiff to comply with the Rules of Civil Procedure by November 1, 2002, which the Plaintiff has yet again failed to do. Despite the Court's allowing of Plaintiff a continuance to supplement and amend his expert designations, Plaintiff has shown a callous disregard for the rules and requirements of this Court, in failing to so revise its expert designations.

The court may preclude a party who fails to satisfy the disclosure requirements of Rule 26(a) from "us[ing] as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Thus each of the expert designations by Plaintiff should be stricken and Plaintiff should be precluded from calling these expert witnesses to testify in this action.

Plaintiff previously supplemented his expert disclosure of expert Adelaido Gonzalez only. The Court pointed out quite clearly however in its Order, that such designation did not

comply with Local Rule 10.2 and granted a continuance until November 1 to revise the designation. See Exhibit "A". Again, Plaintiff has willfully disregarded the generous continuance by the Court, and failed to submit a revised designation for expert Adelaido Gonzalez in conformance with Local Rule 10.2 .

Given Plaintiff's inability to conform to the Federal Rules of Civil Procedure, the Local Rules and this Court's orders regarding expert disclosure, Plaintiff's entire expert designation should be stricken and Plaintiff should be precluded from calling any expert witnesses to testify in this action.

Perhaps most telling of Plaintiff's willful and callous disregard for the Rules of Civil Procedure and the Court's orders is the fact that even after the Court issued an order to revise his expert designations, the only supplemental designation of Expert Witnesses submitted by Plaintiff in response to this Order is a designation of a new expert, Hernan Arellano, which completely lacks every item of required expert disclosure that CITY DEFENANTS' pointed out in its previous Motion, and the Court pointed out in its Order of October 18, 2002. See Exhibit "B". For the same reasons as indicated above, in the CITY DEFENDANTS' previous Motion, and in the Court's order of October 18, CITY DEFENDANTS' move to strike Plaintiff's Supplemental Designation of Expert Witness Hernan Arellano for failing to comply with Federal Rule of Civil Procedure 26(a).

Again, given the lack of adequate information supplied by Plaintiff, including the specific opinions, and basis and reasons for such opinions, of Plaintiff's supposed experts, CITY DEFENDANTS' are unable to meet the Court's deadline and designate their own experts and properly prepare for trial.

Plaintiff's second consecutive failure to abide by this Court's order and the Rules of Civil Procedure has made it impossible for Defendants to adequately comply with this Court's order regarding its own expert disclosure, thereby creating extreme hardship and surprise to Defendants.

### III.
### CONCLUSION & PRAYER

The Court's Order clearly required Plaintiff to revise his designation of experts by November 1, 2002, to comply with the Federal Rules of Civil Procedure and the Local Rules. Plaintiff failed to submit any revised designation of such expert witnesses in response to this Order. Due to Plaintiff's failure to disclose the required information regarding designated experts, pursuant to the Federal Rules of Civil Procedure and in conformance with the Local Rules, CITY DEFENDANTS pray that Plaintiff's designation of experts be stricken in its entirety and that Plaintiff be precluded from calling any expert witnesses in this case.

Further ,CITY DEFENDANTS pray that Plaintiff's Supplemental Designation of Expert Witness Hernan Arellano be stricken in its entirety, for failing to comply with Federal Rule of Civil Procedure 26(a) and this Court's Order. CITY DEFENDANTS also pray for such other and further relief to which they may show themselves justly entitled.

Signed on the 6th day of November, 2002.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. ID No. 5953
ROBERT DRINKARD
State Bar No. 24007128
Fed. Dist. No. 29288


## CERTIFICATE OF CONFERENCE
## WITH RESPECT TO SECOND MOTION TO STRIKE
## PLAINTIFF'S DESIGNATION OF EXPERT

Counsel for CITY DEFENDANTS' hereby apprizes the Court that he has attempted in good faith to confer or attempted to confer with Plaintiff'S counsel regarding this issue. Counsel for Plaintiff has not been available or has not timely returned the call, and presumably, is therefore opposed to this motion.

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD

### CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the **6th** day of November, 2002.


Hugo Xavier De Los Santos　　**By CMRRR#: 7002 1000 0004 8591 0355**
LAW OFFICE OF HUGO XAVIER DE LOS SANTOS
6800 Park Ten Blvd. Ste. 123-N
San Antonio, Texas 78213
**COUNSEL FOR PLAINTIFF**


Mr. Michael R. Ezell
LAW OFFICE OF MICHAEL R. EZELL
312 E. Van Buren
P.O. Box 2878
Harlingen, Texas 78551
**COUNSEL FOR CROSS-DEFENDANT LA FERIA WRECKER SERVICE**


Mr. Curtis Bonner
BONNER & BONNER
103 S. Third
P.O. Box 288
Harlingen, Texas 78551-0288
**COUNSEL FOR CROSS-DEFENDANT T&T TOWING SERVICE**

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD



United States District Court
Southern District of Texas
ENTERED

OCT 1 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. B-01-34 |
| CITY OF HARLINGEN ET AL., | § § § | |
| Defendants. | § | |

### ORDER

BE IT REMEMBERED that on October 18, 2002, the Court considered Defendants City of Harlingen, La Feria Wrecker Service, and T & T Towing Service's Motions to Strike Plaintiff's Designation of Experts [Dkt. Nos. 58, 61, 64] and Plaintiff's response to this Motion [Dkt. No. 65]. For the following reasons the Court **GRANTS in part and DENIES in part** Defendants' Motions.

Exclusion of expert testimony as a result of a party's failure to properly or timely designate experts is a drastic sanction that should issue only after the Court's careful consideration of several factors. The Fifth Circuit in Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990), reiterated the guiding factors the Court should consider: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." (citing Bradley v. United States, 866 F.2d 120, 125 (5th Cir. 1989)).

In this case Defendants argue that although they received Plaintiff's designation of experts on September 10, 2002, the agreed upon deadline incorporated into the Court's scheduling order, the disclosure of experts and their anticipated testimony was deficient under Federal Rule of Civil Procedure 26(a)(2)(B). More specifically, Defendants assert the designation of experts was inadequate because it failed to include expert reports that

1

were signed by the witness, complete statements of all opinions to be expressed, and the bases and reasons for the expressed opinions.

Plaintiff's response simply states, "Plaintiff's expert had had [sic] a back log of work due to some illness of a key staffer. However, any delay has not been a conscious disregard for his duty but has been due to circumstances beyond his control." See Plaintiff's Response to City Defendants' Motion to Strike Plaintiff's Designation of Expert Witnesses, p. 2 [Dkt. No. 65]. This explanation does not address why Plaintiff failed to submit a proper designation of expert testimony in relation to those experts disclosed but who were not experiencing a back log of work. Nor does it explain why Plaintiff's counsel did not attempt to reach a mutual resolution with opposing counsel or, if unsuccessful, attempt to seek leave from this Court to file the designation of experts out of time. Plaintiff does, however, suggest the most equitable solution would be to extend accordingly Defendants' deadline for the submission of their expert disclosures.

The Court's review of Plaintiff's designation of expert witnesses reveals that the submission was inadequate under Rule 26(a)(2)(B). With the exception of an attached but unsigned "Damage Report/Fair Market Value Schedule of Stolen Items," prepared by John Ocie Roberts, the remaining experts listed were described in only a cursory fashion without the aid of reports or curricula vitae. Additionally, the designations did not include an explanation of the findings or bases for forming such opinions. Approximately one month after the initial designation of expert witnesses, Plaintiff submitted a supplement designating Adelaido Gonzales as an expert. The supplement contained a report, curriculum vitae, and exhibits. Plaintiff, however, had previously designated this expert in his initial designation with only a very brief description of his expected testimony. Furthermore, this most recent supplement to the designation of experts does not comply with the formatting requirements articulated in Local Rule 10.2.

Federal Rule of Civil Procedure 26(a)(2)(B) was not designed to be unnecessarily formalistic. Rather, the rule serves as a mechanism by which opposing counsel may discern the content of the experts' eventual testimony and prepare his defense or response. In this instance Plaintiff has left Defense counsel with the task of generally surmising the content of the expected trial testimony. Having made this point, the Court

2

does not believe the prejudice inflicted upon the Defendants in this case warrants the extreme action of striking Plaintiff's designation of experts. Based on Plaintiff's initial designation, Defendants had some idea of the experts' testimony, particularly with regard to John Ocie Roberts. It was apparent that Mr. Roberts would testify to the value of his (Plaintiff's) inventory and provide an opinion concerning the inventory's fair market value, all of which were elucidated by the attached Damages Report and Fair Market Value Schedule. This designation is not ideal, but it allowed Defendants the opportunity to begin their own expert witness preparation. In addition, the Court's docket at this time can accommodate a continuance. These factors are sufficient to dissuade the Court from resorting to one of the most extreme forms of sanction—striking Plaintiff's designation of experts.

The Court does not believe Plaintiff's failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B) was a flagrant disregard of either the Rules or this Court's scheduling order, but rather the result of carelessness and likely disorganization. Nonetheless, the Court must balance both maintaining an expeditious pace for litigation while also affording Defendants the opportunity to adequately prepare for trial. As a result, the Court **ORDERS** Plaintiff to submit a revised designation of expert witnesses that is in compliance with both Local Rule 10.2 and Federal Rule of Civil Procedure 26(a)(2)(B) no later than November 1, 2002. Defendants will designate their experts no later than November 27, 2002. Discovery must be completed by December 20, 2002. The Court will enter an amended scheduling order for the remaining deadlines leading to trial.

Plaintiff is now forewarned that future delays in discovery or failure to submit documentation in compliance with both the Local Rules and the Federal Rules of Civil Procedure may, in the aggregate, cause this Court to resort to more drastic measures or sanctions pursuant to Rule 37. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (expressing the view that "flagrant bad faith" by the Plaintiff or "callous disregard" by counsel of the rules or responsibilities to the Court and opposing counsel may justify a court's use of more severe sanctions under Rule 37).

3

Therefore, based on the foregoing analysis, the Court hereby **GRANTS in part** and **DENIES in part** Defendants' Motions to Strike Plaintiff's Designation of Experts.

DONE at Brownsville, Texas, this 18th day of October, 2002.

Hilda G. Tagle
United States District Judge

4



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS,<br>Plaintiff | §<br>§<br>§ | Civil Action |
| v. | § | No. B-01-34 |
| CITY OF HARLINGEN, CAMERON COUNTY, TEXAS,<br>INSPECTOR DAN SERNA, INDIVIDUALLY,<br>INSPECTOR RUBEN MARES, INDIVIDUALLY,<br>INSPECTOR SAM GUTIERREZ, INDIVIDUALLY,<br>LA FERIA WRECKER SERVICE,<br>DOUBLE A WRECKER CO.,<br>T & T TOWING SERVICE,<br>T AND T WRECKER SERVICE,<br>TIM WILKINSON IRON & METAL INC.,<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | JURY |

## PLAINTIFF JOHN OCIE ROBERTS' SUPPLEMENTAL DESIGNATION OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, plaintiff JOHN OCIE ROBERTS, and submits the following supplemental list of potential testifying expert witnesses in this case, as follows:

The following list of potential testifying experts is based upon plaintiff's answers to defendant's discovery requests in this case, which have heretofore been served, and the same is submitted without prejudice to future supplementation and/or amendment of same:

*List of potential testifying expert witnesses:*

1. HERNAN ARELLANO
   State Certified General Appraiser
   5914 Sunrise Blvd.
   Harlingen, Texas 78552
   (956) 792-6490

   Mr. Arellano is an expert in the appraisal and evaluation of businesses and he is also an expert in evaluating lost profits of a business that has been damaged like Mr. Roberts' business was damaged by the wrongful taking of Mr. Roberts' property by the City of Harlingen and the other defendants in this action. Mr. Gonzales is expected to testify concerning Mr. Roberts' lost profits and the fair market value of the assets that were taken by the defendants from Mr. Roberts' place of business known as the Bargain Barn that was located at 1726 North Commerce Street, Harlingen, Texas.

<u>ROBERTS' SUPPLEMENTAL DESIGNATION OF EXPERT WITNESSES</u>    B-01-34

Respectfully submitted,

*HUGO XAVIER DE LOS SANTOS*
*Attorney at Law & C.P.A.*

By: _____    Date: November 1, 2002
HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas  78213
(210) 736-4227    FAX# (210) 737-1556

Texas Bar Identification Number 05653300
U.S. Southern District Identification Number 11259

Attorney for John Ocie Roberts, Plaintiff

ROBERTS' SUPPLEMENTAL DESIGNATION OF EXPERT WITNESSES    B-01-34

## CERTIFICATE OF SERVICE

I, HUGO XAVIER DE LOS SANTOS, ESQ., attorney for John Ocie Roberts, Plaintiff, hereby certify that I served all other parties in this action with a correct copy of the PLAINTIFF JOHN OCIE ROBERTS'S SUPPLEMENTAL DESIGNATION OF EXPERT WITNESSES on November 1, 2002, in a manner consistent with the Texas Rules of Civil Procedure as designated hereinbelow.

*City of Harlingen, Cameron County, Texas, Inspector Dan Serna, Individually, Inspector Ruben Mares, Individually and Inspector Sam Gutierrez, Individually, Defendants:*
c/o Mr. Ricardo J. Navarro, Esq.
222 E. Van Buren, Suite 405
Harlingen, Texas 78550-6804

*Method*:    Telephonic Document Transfer
            To (956) 421-3621

*La Feria Wrecker Service, Inc., Defendant*:
c/o Mr. Michael R. Ezell, Esq.
312 East Van Buren/P.O. Box 2878
Harlingen, Texas 78551

*Method*:    Telephonic Document Transfer
            To (956) 421-4258

*Double A Wrecker Co., T & T Towing Service, T and T Wrecker Service, Defendant(s)*:
c/o Mr. Curtis Bonner, Esq.
P.O. Box 288
Harlingen, Texas 78551-0288

*Method*:    Telephonic Document Transfer
            To (956) 428-0671

Respectfully submitted,

*HUGO XAVIER DE LOS SANTOS*
*Attorney at Law & C.P.A.*

                                Date: November 1, 2002
By: _____
    HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas   78213
(210) 736-4227    FAX# (210) 737-1556

Texas Bar Identification Number 05653300
U.S. Southern District Identification Number 11259

Attorney for John Ocie Roberts, Plaintiff

************************************************************