United States District Court
Southern District of Texas
FILED

FEB 2 0 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-01-034 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| ET.AL. | § | |
| Defendants | § | |

## ORIGINAL JOINT PRETRIAL ORDER
### (RULE 16, FED.R.CIV.P.)

City Defendants apprise the Court that they attempted to file this jointly with all parties, and include the inputs of all parties in this Joint Pre-Trial order. However, City Defendants did not get any response from Plaintiff or input from Plaintiff regarding the preparation or filing of this Order. Attached are letters attempting to get Plaintiff to file this Order jointly with all parties. City Defendants and Defendants T&T Towing Service and LaFeria Wrecker Service hereby jointly file this Order.

Further, the participants to this Order would advise the Court that this Order may change and is subject to any additional discovery that may be conducted, including the deposition of Plaintiff's expert witness and the continuation of the Plaintiff's deposition, along with any information that the parties may get from the presently pending Motions to Compel Discovery against Plaintiff.

## 1.  APPEARANCE OF COUNSEL

List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

**PLAINTIFFS' COUNSEL:**

John Ocie Roberts, Plaintiff

Mr. Hugo Xavier De Los Santos
Attorney At Law
6800 Park Ten Blvd. Ste. 123-N
San Antonio, Texas 78213
210/736-4227 (Gen)
210/737-1556 (Fax)
Counsel for Plaintiff


**CITY DEFENDANTS' COUNSEL:**

City of Harlingen, Texas
Daniel Serna
Ruben Mares
Samuel Gutierrez

RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
Fed. I.D. No. 5953
ROBERT DRINKARD
State Bar No. 24007128
Fed. I.D. No. 29288
DENTON, NAVARRO, ROCHA & BERNAL
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904 (office)
956/421-3621 (fax)
COUNSEL FOR CITY DEFENDANTS


**OTHER DEFENSE COUNSEL:**

LaFeria Wrecker Service

Michael R. Ezell
312 East Van Buren
Harlingen, Texas 78551
State Bar No.06764200
Fed. I.D. No.2250
956/425-2000 (gen)
956/421-4258 (fax)
COUNSEL FOR DEFENDANT LA FERIA WRECKER SERVICE

Original Joint Proposed Pretrial Order

T&T Wrecker Service
T&T Towing Service

Curtis Bonner
Bonner & Bonner
State Bar No.02611000
Fed. I.D. No.1177
103 S. Third St.
Harlingen, Texas 78551
956/423-9152
956/428-0671
COUNSEL FOR DEFENDANT T&T WRECKER & TOWING SERVICE


## 2.    STATEMENT OF THE CASE

Give a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties; include names, dates, and places.

1.    Plaintiffs' proposed statement of the case is attached as Exhibit 2.A.

2.    City Defendants proposed statement of the case is attached as Exhibit 2.B.

Defendants T & T Towing Service and La Feria Wrecker's proposed the following statement of the case:

3.    Plaintiff's building burned where he conducted his business.  Thereafter because of the condition of the premises, the City of Harlingen commenced to clean up the property.  As a part of the clean up, the City called T & T and La Feria Wrecker Service to perform wrecker services.  Pursuant to the request for services T & T towed one car and La Feria towed five vehicles.  All of these services were furnished at the request and direction of the city.  Such services were similar to previous instances where the City requested the same sort of services of wrecker companies and the same sort of services were performed.  T & T and La Feria relied on the City having lawfully taken the action in cleaning up the property in question.  The consideration for wrecker services was the salvage value of the vehicles removed by each company.  T & T and La Feria were not aware of any reason that these

actions of the City were not lawfully taken.  But for the call from the City neither of the wrecker companies would have gone on the premises.  And further, would not have removed anything.

## 3.  JURISDICTION

Briefly specify the jurisdiction of the subject matter and the parties.  If there is an unresolved jurisdictional question, state it.

The Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§1331 & 1343.  Plaintiffs' violations pursuant to 42 U.S.C. §1983.

The Court has supplemental jurisdiction over any other non-federally based pursuant to 28 U.S.C. §§1367(a).

The named parties have been properly served and have appeared in this action.

## 4.  MOTIONS

List pending motions.

The CITY DEFENDANTS' pending motions are as follows:

1.    City Defendants' Motion for Summary Judgment and Brief in Support Thereof (as to all claims, including state law based claims and Assertion of Qualified and Official Immunity by Individually Named Defendants and Brief in Support Thereof;

2.    City Defendant's Motion to Strike Plaintiff's Designation of Expert Witnesses

3.    City Defendants Second Motion to Strike Plaintiff's Designation of Experts and Motion to Strike Plaintiff's Supplemental Designation of Expert Witness.

4.    City Defendants' Motion to Strike Plaintiff's Expert John Roberts

5.   City Defendant's Supplemental Motion to Strike Plaintiff's Designation of Expert Witnesses and Supplemental Designation of Expert Witness

6.   City Defendant's Motion To Compel Plaintiff to Respond to Discovery Requests

Note: As of the filing of this Original Joint Proposed PTO, the Court has not ruled on the Individually Named Defendants' assertion of qualified immunity.  Defense Counsel reserves the right to exercise its right to an interlocutory appeal from the denial, if any, of the assertion of such immunity on behalf of any one or more of the individually named defendants.  *Mitchell v Forsythe*, 472 U. S. 511 (1985); *see also Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986).


List of La Feria Wrecker Service's pending motions.

1.   La Feria's Motion for Summary Judgment;

2.   La Feria's Motion to Compel Answers to Interrogatories and Production of Documents;

3.   La Feria's Motion to Strike Plaintiff's Designation of Experts;

4.   La Feria's Supplemental Motion to Strike Plaintiff's Designation of Experts.


List of T & T's pending motions.

1.   T & T's Motion for Summary Judgment;

2.   T & T's Motion to Strike Plaintiff's Designation of Experts;

3.   T & T's Supplemental Motion to Strike Plaintiff's Designation of Experts.


**5.   CONTENTIONS OF THE PARTIES**

State concisely in separate paragraphs each party's claims.

1.   Plaintiffs' proposed Contentions are attached as Exhibit 5.A.

2.   City Defendants proposed Contentions are attached as Exhibit 5.B.

3.   Defendants LaFeria Wrecker Service and T&T Wrecker Service's proposed Contentions are attached as Exhibits 5.C & 5D

## 6.   ADMISSIONS OF FACT

List all facts that require no proof.

1.   Plaintiffs' proposed Admissions of material fact are attached as Exhibit 6.A.

2.   City Defendants and Defendants T&T and LaFeria do not agree to any Admissions proposed by Plaintiff because same have not been tendered for review.

3.   City Defendants proposed Admissions of material fact are attached as Exhibit 6.B.

The following proposed material facts are not in dispute and are either conceded or subject to judicial notice:

4.   T & T and La Feria are each independent third party contractors who are not employees or agencies of the City of Harlingen.

5.   T & T and La Feria were not involved in and had no knowledge of any proceedings involving the City of Harlingen and the Plaintiff and his property on North Commerce Street in Harlingen prior to being called to provide wrecker service to remove vehicles from the property.

## 7.   CONTESTED ISSUES OF FACT

List all material facts in controversy.

1.   Plaintiffs' proposed Contested Fact Issues are attached as Exhibit 7.A.

2.   City Defendants proposed Contested Fact Issues are attached as Exhibit 7.B.

T & T and La Feria Wrecker Service propose the following contested ultimate issues of material fact:

3.   T & T and La Feria adopt the City's Contested Fact Issues.

4.   What the value of each removed vehicle was at the time of removal.

5.   What is the amount of reasonable, necessary usual and customary attorneys fees incurred on behalf of T & T and La Feria for services rendered herein?

6.   Whether T & T and La Feria are trespassers when they went upon the property of Roberts?

## 8.   AGREED PROPOSITIONS OF LAW

List the legal propositions that are not in dispute.

1.   Plaintiffs' proposed Agreed Propositions of Law are attached as Exhibit 8.A.

2.   City Defendants and Defendants T&T and LaFeria do not agree to any Agreed Propositions of Law proposed by Plaintiff because same have not been tendered for review.

3.   City Defendants proposed Agreed Propositions of Law are attached as Exhibit 8.B.

T & T and La Feria Wrecker Service propose the following agreed propositions of law:

4.   T & T and La Feria Wrecker Service are entitled to assert and rely on all of the City's defenses.

5.   T & T and La Feria adopt the City's agreed propositions of law.

Original Joint Proposed Pretrial Order                    Page 7

## 9.    CONTESTED PROPOSITIONS OF LAW

1.    Plaintiffs' proposed Contested Propositions of Law are attached as Exhibit 9.A.

2.    City Defendants proposed Contested Propositions of Law are attached as Exhibit 9.B.

T & T and La Feria Wrecker Service propose the following contested propositions of law:

3.    If T & T and La Feria Wrecker Service are liable to Plaintiff, then the measure of damages is the value of the respective removed vehicle(s).

4.    T & T and La Feria are not trespassers.

5.    T & T and La Feria adopt the City's contested propositions of law.

6.    Being private persons, T & T and La Feria have no liability to Plaintiff under any federal civil rights statutes.

7.    Any taking of Plaintiff's property occurred when the City pursued its procedures for declaring the vehicles junk vehicles and moved to take possession of them which was prior to the time that T & T and La Feria were directed to remove and did remove the respective vehicles from the North Commerce Street property.

8.    If an independent contractor or agent, in the performance of his duties, invades the rights of third parties and incurs liability of them, the independent contractor or agent is entitled to indemnification from the principal.

9.    A City waives immunity from liability and from being sued when it enters into and performs a contract.

Original Joint Proposed Pretrial Order                                    Page 8

## 10.  EXHIBITS

On a form similar to the one provided by the clerk, each party will attach two lists of all exhibits expected to be offered and will make the exhibits available for examination by opposing counsel.  All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those whose use cannot be anticipated.

A party requiring authentication of an exhibit must notify the offering counsel in writing within five (5) days after the exhibit is listed and made available; failure to object in advance of the trial in writing concedes authenticity.

Within reason, other objections to admissibility of exhibits must be made at least three business days before trial; the Court will be notified in writing of disputes, with copies of the disputed exhibit and authority.

Parties must mark their exhibits to include the date and case number on each.

At the trial, first step will be the offer and receipt in evidence of exhibits.

1.   Plaintiffs' Trial Exhibits are attached as Exhibit 10.A.

2.   City Defendants Trial Exhibits are attached as Exhibit 10.B.

3.   Defendant LaFeria Wrecker Services' and T&T Wrecker Services' Trial Exhibits are attached as Exhibits 10.C & 10D.

## 11.  WITNESSES

List the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony. Include the qualifications of expert witnesses; these will be used to qualify the expert at trial.

If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witness.

1.   Plaintiffs' proposed Witness List is attached as Exhibit 11.A.

2.   City Defendants proposed Witness List is attached as Exhibit 11.B.

3.   Defendant LaFeria Wrecker Services' and T&T Wrecker Services' proposed Witness List is attached as Exhibits 11.C & 11D

## 12.   SETTLEMENT

There have been no significant settlement efforts directly related to this case.

## 13.   TRIAL

Probable length of trial; and Logistical problems, including availability of witnesses, out-of -state people, bulky exhibits, and demonstrations.

Plaintiffs' counsel reasonably believes that the probable length of trial in this cause will last _____.

Defendants' counsel reasonably believes that the probable length of trial in this cause will last 3 business days.

At this time, the parties do not foresee any logistical problems with the trial.

## 14.   ATTACHMENTS

Include these required attachments:

### VOIR DIRE QUESTIONS

A.   Plaintiffs' proposed Voir Dire question are attached as Exhibit 14.A.

B.   City Defendants, LaFeria Wrecker Service and T&T Wrecker Service's proposed Voir Dire questions are attached as Exhibit 14.B, but are subject to supplementation or change because of pending Motions.

**PROPOSED JURY CHARGE (including definitions and questions)**

C.    Plaintiffs' proposed Jury Charge is attached as Exhibit 14.E.

D.    City Defendants' proposed Jury Charge is attached as Exhibit 14.F.

E.    Defendant LaFeria Wrecker Service's T&T Towing Service's attach no proposed Jury Charge because of the pending Motions for Summary Judgment and Motions to Compel Discovery.

**MIXED LAW/FACT FINDINGS BY COURT (as to legal issues):**

Defendants propose no findings and conclusions on legal issues containing mixed issues of law and fact at this time because of still pending dispositive motions and motions regarding discovery.


SIGNED on the _____ day of February, 2003.


_____
HON. HILDA TAGLE
UNITED STATES DISTRICT JUDGE

**APPROVED AS TO FORM AND CONTENT:**

    **LAW OFFICE OF XAVIER H. DE LOS SANTOS**
    6800 Park Ten Blvd #H123N
    San Antonio, Texas 78203
    210/736-4227 (gen)
    210/737-1556 (fax)

By: _____
    Mr. Javier H. De Los Santos
    Attorney in Charge
    State Bar No. _____
    Fed. I.D. No. _____
    COUNSEL FOR PLAINTIFF

    **DENTON, NAVARRO, ROCHA & BERNAL**
    A Professional Corporation
    Bank of America Building
    222 East Van Buren, Suite 405
    Harlingen, Texas 78550
    956/421-4904
    956/421-3621 (Fax)

By: _____
    RICARDO J. NAVARRO
    Attorney in Charge
    State Bar No. 14829100
    Fed. I.D. No. 5953

By: _____
    ROBERT DRINKARD
    State Bar No. 24007128
    Fed. I.D. No. 29288
    COUNSEL FOR CITY DEFENDANTS

**BONNER & BONNER**
103 S. Third St.
Harlingen, Texas 78551
956/423-9152 (w)
956/428-0671 (fax)

By:    _____
CURTIS BONNER
Attorney in Charge
State Bar No. 02611000
Fed. I.D. No. 1177
COUNSEL FOR DEFENDANT T&T TOWING SERVICE


**LAW OFFICE OF MICHAEL R. EZELL**
312 East Van Buren
Harlingen, Texas 78551
956/425-2000 (gen)
956/421-4258 (fax)

By:    _____
Michael R. Ezell
Attorney in Charge
State Bar No. 06764200
Fed. I.D. No. 2250
COUNSEL FOR DEFENDANT LAFERIA WRECKER SERVICE


Original Joint Proposed Pretrial Order                    Page 13

# DENTON, NAVARRO, ROCHA & BERNAL

### A Professional Corporation
## ATTORNEYS AND COUNSELORS

SAN ANTONIO OFFICE
1700 Tower Life Building
310 South St. Mary's Street
San Antonio, Texas 78205-3111
(210) 227-3243
Fax (210) 225-4481

Bank of America Building
222 East Van Buren, Suite 405
HARLINGEN, TEXAS 78550-6804
(956) 421-4904
Fax (956) 421-3621
firm@rampage-rgv.com

LAREDO OFFICE
1102 Scott, Suite 4-B
Laredo, Texas 78040
(956) 726-6018
Fax (956) 723-1327

February 14, 2003

Mr. Hugo X. De Los Santos                  **By Fax: 210/737-1556**
ATTORNEY AT LAW
6800 Park Ten Blvd. Ste. 123N
San Antonio, Texas 78213

Mr. Mike Ezell                             **By Fax: 956/421-4258**
**LAW OFFICE OF MICHAEL R. EZELL**
312 E. Van Buren
P.O. Box 2878
Harlingen, Texas 78551

Mr. Curtis Bonner                          **By Fax: 956/428-0671**
**BONNER & BONNER**
103 S. Third
P.O. Box 288
Harlingen, Texas 78551-0288

> Re: *John Ocie Roberts vs City of Harlingen, et al*
> C.A. No. B-001-34
> (S. D. Tex.- Brownsville Division)

Dear Gentlemen:

As you know, the joint pre-trial order in the above-referenced matter is due on Thursday, February 20. I have drafted and propose the attached cover sheet document for the order. This will allow each party to prepare his own inserts for the respective issues of the order. Of these individual inserts, I also enclose our proposed Agreed Propositions of Law and of Fact for discussion purposes among all the parties.

Messers. De Los Santos, Ezell & Bonner
February 14, 2003
Page -2-


    I ask that you review the joint pre-trial order cover sheet
and prepare your respective inserts and forward them to me so
that we can file the entire joint pre-trial order, with each
party's inserts, including the agreed propositions of law and
fact.

    Thank you for your attention to this matter.

                        Very truly yours,


                        _____
                        Robert L. Drinkard

# DENTON, NAVARRO, ROCHA & BERNAL

A Professional Corporation
**ATTORNEYS AND COUNSELORS**

| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
|---|---|---|
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS  78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | firm@rampage-rgv.com | |

February 19, 2003

Mr. Hugo X. De Los Santos                    **By Fax: 210/737-1556**
ATTORNEY AT LAW
6800 Park Ten Blvd. Ste. 123N
San Antonio, Texas 78213

      Re:  *John Ocie Roberts vs City of Harlingen, et al*
           C.A. No. B-001-34
           (S. D. Tex.- Brownsville Division)

Dear Mr. De Los Santos:

    I sent you a copy of a proposed joint pre-trial order on February 14.  I have heard from both Defendant wrecker companies regarding the order and they are forwarding their inserts and contentions to me for filing with our proposed joint pre-trial order.  I have not heard anything from you regarding the order, or our proposal for such.  Please be advised that I plan to file our proposed joint pre-trial order on Thursday, as that is when the deadline has been set.

    Should I not hear anything from you, or receive anything from you regarding our proposed joint pre-trial order, I will go ahead and file our proposed order with the addition that we heard nothing from you regarding the filing of the order.  If I hear nothing from you or receive nothing, I will assume you are filing your proposed pre-trial order separately.

    Thank you for your attention to this matter.

                Very truly yours,

                Robert L. Drinkard

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
|       Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-01-034 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| ET.AL. | § | |
|       Defendants | § | |

JOINT PTO EXHIBIT NO. 2.B
CITY DEFENDANTS' PROPOSED STATEMENT OF THE CASE

_____

CITY DEFENDANTS propose the following statement of the case:

LADIES & GENTLEMEN OF THE JURY:

The case before you arises out of the City of Harlingen's removal and destruction of numerous junked cars and a variety of other junk items and materials owned by Plaintiff and kept on a commercially-zoned property.. The lot on which the cars and items were located also contained a large warehouse, which had been burned extensively and was subsequently condemned by the City. The Plaintiff Roberts leased the property from Union Pacific.

The Plaintiff is John Roberts.

The City Defendants are the City of Harlingen, Texas, Daniel Serna, Ruben Mares, and Samuel Gutierrez.[1]

Plaintiffs contend that the City Defendants illegally took possessions from his property in violation of his constitutional rights.

_____

[1] The individual CITY DEFENDANTS continue to assert their entitlement to qualified immunity, and reserve the right to take an interlocutory appeal from the denial of any such immunity should the Court rule adversely to them in the pending motion before the Court.

City Defendants' Proposed Statement of the Case
Jt. PTO Exhibit 2B                                                    Page 1

The City Defendants, for their part, admit to ordering the taking of the items, but did so solely to enforce various City ordinances dealing with nuisances, weeded lots and junk cars and junk property.

The City Defendants contend that the actions involving this Plaintiff were at all times lawful and legitimate actions, necessary to enforce City ordinances dealing with nuisances, health violations and junk cars. The City contends that each and every automobile removed from the property was a junk vehicle, pursuant to the definitions contained in City ordinances, and as such, were being unlawfully stored on the property and were a health violation. The City Defendants further contend that all other items removed from the property were junk and worthless and were a major health violation and a nuisance, and that the property itself was a nuisance and violated City ordinance dealing with overgrown weeded lots and vegetation.

The City Defendants contend that they either gave, or attempted to give the Plaintiff notice that his property was in violation of various City ordinances and that he needed to remedy the situation. In response to all notices, Plaintiff did nothing to correct the condition of the property, thus necessitating the City's actions. Further, prior to removal of the junk vehicles, the City defendants attempted to identify the owners of the vehicles, but were unable to determine the owner of each of the vehicles.

As a result of the existing health and ordinance violations existing on the property with the junk vehicles and other assorted junk, the City requested that two wrecker services remove the items from the property. The wrecker services removed the property willingly, but were not required to do so by the City nor were they paid by the City for their services. The wrecker services were free to refuse to remove any of the items from the property.

As the case progresses, I will give you more specific charges and instructions regarding the questions you will ultimately answer at the conclusion of this case.

**-- END --**

City Defendants' Proposed Statement of the Case
Jt. PTO Exhibit 2B                                                Page 2

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
|      Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-01-034 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| ET.AL. | § | |
|      Defendants | § | |

JOINT PTO EXHIBIT NO. 5.B
CITY DEFENDANTS' PROPOSED CONTENTIONS OF THE PARTIES
_____

CITY DEFENDANTS contend as follows:

1.  That CITY DEFENDANTS generally deny the material factual allegations made by Plaintiff in this litigation against them, as more fully set forth in their live answer to the live complaint in this cause;

2.  City Defendants contend that all vehicles removed from Plaintiff's property were junk vehicles as defined by valid, lawful City ordinance, and as such were nuisances and health hazards. Defendants further contend that all such junk vehicles were not kept or stored in accordance with City ordinance.

3.  City Defendants contend that the City is entitled to sovereign and derivative official qualified immunity against all state law claims as its employees, in removing the property from Plaintiff's premises, were acting pursuant to valid, lawful City ordinances dealing with junk motor vehicles and nuisances such as trash, rubbish, and other potential health hazards.;

4.  That the Individual CITY DEFENDANTS are entitled to the defenses of qualified immunity under federal law and official immunity under state law from Plaintiff's claims and causes of action as they were at all times acting pursuant to valid, lawful City ordinances dealing with junk

motor vehicles and nuisances such as trash, rubbish, and other potential health hazards;

5. Defendants Mares, Serna, and Gutierrez deny that they committed conspiracy, as they were at all times acting pursuant to valid, lawful City ordinances dealing with junk motor vehicles and nuisances such as trash, rubbish, and other potential health hazards.

6. That the CITY DEFENDANTS are entitled to the defenses of government immunity from any and all state based claims and causes of action;

7. That the CITY DEFENDANTS are entitled to the benefit of any applicable statutory caps and limitations of liability applicable under state and federal law.

8. That the CITY DEFENDANTS are entitled to the benefit of any statutory or administrative limitations periods applicable under state and federal law.

9. That principles of *res judicata* and collateral estoppel preclude and prevent Plaintiffs from re-litigating and/or re-adjudicating factual and legal issues that either currently are, or have been, the subjective of an independent administrative or other quasi-judicial proceeding.

10. Defendants deny that any of Plaintiffs property removed was valuable or anything other than junk or trash.

11. Defendants deny that Plaintiff is entitled to recover damages alleged.

12. Defendants contend that Chapter 93 of the Harlingen Code of Ordinances, the junk motor vehicle ordinance, is lawful and constitutional.

13. Defendants contend that Chapter 94 of the Harlingen Code of Ordinances, dealing with nuisances and health hazards, is lawful and constitutional.

14. Defendants deny that any property was used to injure Plaintiff in any manner sufficient to establish liability under the Texas Tort Claims Act.

15. Defendants contend that Defendant City of Harlingen is immune from Plaintiff' state law conspiracy claims, as well as Plaintiff's state law claims for conversion and trespass.

-- **END** --

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOHN OCIE ROBERTS.                    §
                                      §
vs.                                   §          CIVIL ACTION NO. B-01-34
                                      §
CITY OF HARLINGEN, ET.AL.

JOINT PTO EXHIBIT NO. 5 C & D
T & T TOWING SERVICE AND LA FERIA WRECKER'S
PROPOSED CONTENTIONS OF THE PARTIES

T & T and La Feria Wrecker Service contend as follows:

1.      These parties generally deny the material factual allegations made by Plaintiff in this litigation against them.  They would refer the Court to their respective responses to the complaint in this matter.

2.      These parties contend that the vehicles they respectively removed were junk venicles as defined by the City's ordinances and as such were nuisances and health hazards.  They were entitled to remove same at the direction of the City.

3.      T & T and La Feria contend that but for the actions of the City in being called to the Roberts' premises, they would not have gone onto the property and would not have removed any item from the property.

4.      T & T and La Feria were entitled to rely on the City and its agents and employees in following their instructions to remove the vehicles.  These parties are entitled to derivative sovereign and official qualified immunity because the actions in removing the vehicles was pursuant to lawful direction and ordinances.

5.      T & T and La Feria deny they conspired with anyone in the clean up of Roberts' former place of business.

6.      T & T and La Feria, because of their derivative immunity, are entitled to any and all statutory caps and limitations of liability and any statutory or administrative limitations periods which are applicable.

7.      T & T and La Feria assert the benefit of any res judicata and collateral estoppel which would preclude the issues in this case from being re-litigated which should or could have been the subject of any administrative proceeding related to this property.

8.      T & T and La Feria believe the vehicles they removed were junk vehicles being properly removed and were not valued as anything other than their worth at a scrap metal yard.

9.      T & T and La Feria contend Plaintiff is not entitled to recover damages from them.

10.     T & T and La Feria contend Harlingen's ordinances are lawful, constitutional and required to protect the health and safety of Harlingen's citizens and to protect the rights of those who violate those ordinances.

11.     T & T and La Feria contend they are not liable to Plaintiff for any reason because they were not negligent in performing their civic duty in responding to a call to provide wrecker services in the clean up of a property and that they took no action other than to remove the respective vehicles in accordance with the applicable statutes.

12.     T & T and La Feria contend they are entitled to indemnity and contribution from the City for any damages awarded against them in this matter and the recovery of their attorneys fees incurred herein.

13.     T & T contends it only removed one vehicle, a Ford Thunderbird, and nothing else from the property.

14.     T & T contends it had only one place of business, at West Tyler Avenue in Harlingen.

15.     T & T and La Feria contend they are entitled to assert all defenses raised by the City and cannot be liable unless the City is liable.

16.     T & T and La Feria contend they entered into contractual arrangements with the City for wrecker services and therefore City is not entitled to plead immunity from liability because of such contracts and is therefore liable to T & T and La Feria as alleged herein for indemnity and contribution.

17.     T & T and La Feria contend, that if they are liable to Plaintiff, that they are liable only for the value of the removed vehicles only as they were bona fide purchasers for value without notice that City had no right to salvage these vehicles and to exchange the salvage value of the vehicles for wrecker services.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOHN OCIE ROBERTS                    §
      Plaintiff              §
                                     §
vs.                                  §            CAUSE NO. B-01-034
                                     §
CITY OF HARLINGEN, TEXAS,            §
ET.AL.                               §
      Defendants             §

JOINT PTO EXHIBIT NO. 6.B
CITY DEFENDANTS' PROPOSED UNCONTESTED FACTS

The following proposed material facts are not in dispute and are either conceded or subject to judicial notice:

1.  That the CITY OF HARLINGEN is a home-rule municipality organized under the laws of the State of Texas;

2.  The premises of 1726 North Commerce Street, Harlingen, Cameron County, Texas was owned at the time of the events giving rise to the suit by Union Pacific Railroad Company.

3.  Plaintiff leased the property from Union Pacific Railroad Company.

4.  The building located on the premises burned down on January 1, 2000.

5.  As a result of the building burning down, City of Harlingen health inspectors investigated the property.

6.  Plaintiff kept on the property a large number of various items, including vehicles, appliances and other assorted matter.

7.  The individual Defendants Serna, Mares and Gutierrez are employed as inspectors for the City of Harlingen Health Department, and were so employed at the time of the events giving rise to this suit.

8.   The City of Harlingen has enacted various city ordinances
     dealing with public health and safety issues, including
     nuisances, such as abandoned and junk property, junk motor
     vehicles, rubbish, excessive vegetation growth and the
     like.

9.   The inspectors of the City Health Department are charged
     with enforcing these ordinances, including identifying and
     eliminating health violations throughout the City.

10.  After the fire, City Defendants made the determination that
     vehicles kept on the premises at issue were junk vehicles
     and thus were public nuisances pursuant to the ordinance.

11.  Defendant City, through Defendants Mares, Serna and
     Gutierrez, on February 2, 2000, notified the owner of the
     property on which the vehicles were kept, of the
     determination that all the identified vehicles on the
     property constituted junk motor vehicles pursuant to the
     City ordinance.

12.  The February 2 notice informed the owner of the property
     the corrective measures that needed to be taken, the time
     period for such corrective measures, and that failure to
     take corrective measures would result in the City removing
     and demolishing the vehicles at the owner's expense. The
     notice also informed the owner of the right to appeal the
     determination of whether any such vehicles were junk motor
     vehicles within 10 days.

13.  After ten days of the February 2 notice letter, neither the
     Plaintiff nor the property owner had requested a hearing
     with respect to the junk motor vehicles, nor had such
     vehicles been removed.

14.  In July of 2000, the vehicles at issue were removed from
     the premises by several towing companies, at the direction
     of the City of Harlingen.

15.  On July 28, 2000, the City notified the owner of the
     property and the Plaintiff, that the property was in
     violation of City Ordinance §93-03, and instructed them to
     correct the violation within 10 days by removing all junk,
     debris, scrap metal, refrigerators and other objectionable
     matter.

16.  Neither the plaintiff nor the owner of the property requested a hearing regarding this July 28 notice within 10 days, nor were any of the violations corrected.

17.  In October, matter and assorted items were removed from the premises by the City or at the direction of the City.

-- END -

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOHN OCIE ROBERTS            §
            Plaintiff        §
                             §
vs.                          §            CAUSE NO. B-01-034
                             §
CITY OF HARLINGEN, TEXAS,    §
ET.AL.                       §
            Defendants       §

JOINT PTO EXHIBIT NO. 7.B
CITY DEFENDANTS' CONTESTED FACT ISSUES
_____

    CITY DEFENDANTS propose the following contested ultimate issues of material fact:

1.    Whether Plaintiff received notice from the City that vehicles on the property were determined to be junk motor vehicles and that he had the option to remove them or request a hearing.

2.    Whether Plaintiff had actual notice that the City had determined that the vehicles on the property were junk motor vehicles and that he had the option to remove them or request a hearing.

3.    Whether Plaintiff had actual knowledge that the City had ordered the removal of vehicles on the premises before any vehicles were removed.

4.    Whether Plaintiff had actual knowledge that the vehicles were being removed while such was happening.

5.    Whether Plaintiff owned all of the vehicles removed from the premises.

6.    Whether any of the vehicles removed from the premises were valuable antiques.

7.    Whether the vehicles removed from the premises were junk motor vehicles as defined by City ordinance.

8.  Whether the vehicles removed from the premises were stored or kept on the premises in a unlawful manner pursuant to City Ordinance.

9.  Whether Defendants attempted to identify the last known registered owners and any lien holders of the vehicles on the property before having them removed.

10. Whether Defendants were able to identify any registered owners for such vehicles.

11. Whether the premises was in violation of Harlingen City Ordinance Chapter 94, dealing with junk material, rubbish, objectionable material and health hazards.

12. Whether any of the material or items removed from the premises were valuable antiques.

13. Whether any or all of the material and items removed from the premises were junk and/or public nuisances.

14. Whether Plaintiff ever received notice from the City that the premises in question was determined by the City to be in violation of Chapter 94 of the Harlingen Code of Ordinances and giving him time to correct the violations.

15. Whether Plaintiff had actual notice that the City determined that the premises in question was determined by the City to be in violation of Chapter 94 of the Harlingen Code of Ordinances, and/or constituted a health hazard and nuisance and that he needed to correct the violations.

16. Whether Plaintiff had actual notice that the City was going to have the material and items removed from the premises unless the owner removed such.

17. Whether Plaintiff received notice that the City was going to have the material and items removed from the premises unless the owner removed such.

18. Whether the Plaintiff ever requested a hearing regarding the City determination that the vehicles on the property were junk vehicles or that the premises was in violation of Chapter 94 of the Harlingen Code of Ordinances.

19.   Whether the CITY DEFENDANTS took any property in violation of the Plaintiff's constitutional rights;

20.   Whether the premises was in violation of Chapters 93 and 94 of the Harlingen Code of Ordinances;

21.   Whether and to what extent, if any, Plaintiffs suffered any compensable damages.

22.   The City did not pay any wrecker service to remove the material from the premises.

23.   The City did not require any wrecker service to remove the material from the premises.

24.   Any wrecker service participation in the removal of material from the premises was strictly voluntary.


-- END -

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-01-034 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| ET.AL. | § | |
| Defendants | § | |

JOINT PTO EXHIBIT NO. 8.B
CITY DEFENDANTS' PROPOSED AGREED PROPOSITIONS OF LAW

CITY DEFENDANTS propose the following agreed proposition of law:

1.  In order to prove a claim for violation of the 14th Amendment, plaintiff must prove that he was deprived of life, liberty or property without due process of law.

2.  A governmental unit of the state is liable for "property damage...proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: the property damage...arises from the operation or use of a motor-driven vehicle or motor-driven equipment ,and the employee would be personally liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(1).

3.  To constitute an actionable civil conspiracy, there must be a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Great National Life Insurance Company v. Chapa*, 377 S.W.2d 632, 635 (Tex.1964).

4.  Whether sovereign immunity is waived is a matter for the consideration of the legislature, and the instances of waiver are narrowly defined and must be accomplished by clear and unambiguous language. Act of June 15, 2001, 77th Leg., R.S., ch. 1158, § 8, 2001 Tex. Sess. Law Serv. ---- (Vernon) (to be codified at TEX. GOV'T CODE ANN. §

311.034); *Federal Sign v. Texas Southern University*, supra; *DeWitt v. Harris County*, 904 S.W.2d 650 (Tex.1995).

5. Claims for trespass, conversion, and conspiracy are in the nature of or are expressly intentional torts which are specifically barred by Texas Civil Practice and Remedies Code section 101.057.

6. An individual defendant is entitled to official immunity upon a showing that the alleged misconduct was 1) discretionary in nature, 2) taken in the good faith and 3) within the course and scope of that individual's authority. *City of Lancaster vs. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994).

7. The test for whether an action was taken in good faith is analogous to an abuse of discretion standard-an officer acts in bad faith only if the officer could not have reasonably reached the decision in question. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 656-657 (Tex.1994).

8. An individual defendant is entitled to qualified immunity from federal claims if the defendant's alleged misconduct was not in violation of a clearly established constitutional right under the current state of the law, and the defendant's conduct was objectively reasonable in light of 'clearly established' law at the time of the alleged violation. *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000.)

9. Under §101.021(1)(B) of the Tort Claims Act, if an employee is protected from liability by official immunity, the employee is not personally liable to the claimant and the government retains its sovereign immunity under subsection 1. *DeWitt V. Harris County*, 904 S.W.2d 650,653 (Tex.1995); Tex. Civ. Prac. & Rem. Code, §101.021(1)(B).

-- **END** -

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-01-034 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| ET.AL. | § | |
| Defendants | § | |

JOINT PTO EXHIBIT NO. 9.B
CITY DEFENDANTS' CONTESTED PROPOSITIONS OF LAW

CITY DEFENDANTS propose the following contested propositions of law:

1.   Whether the City of Harlingen Code of Ordinances Chapter 93, the junk motor vehicle ordinance, is constitutional as written.

2.   Whether the City of Harlingen Code of Ordinances, Chapter 94, dealing with junk material, rubbish, objectionable material and health hazards, is constitutional as written.

3.   Whether the individually named defendants are entitled to qualified and/or official immunity from Plaintiffs' constitutional and state law claims and causes of action.

4.   Whether the City Defendants committed any unlawful acts to support a claim for conspiracy.

5.   Whether City of Harlingen violated any of Plaintiff's constitutional rights.

6.   Whether the vehicles removed from the premises were junk motor vehicles as defined by City ordinance.

7.   Whether the vehicles removed from the premises were stored or kept on the premises in a unlawful manner pursuant to City Ordinance.

City Defendants' Contested Issues of Law
Jt. PTO Exhibit 9B                                                      Page

8.   Whether the premises was in violation of Harlingen City Ordinance Chapter 94, dealing with junk material, rubbish, objectionable material and health hazards.

9.   Whether any of the material or items removed from the premises were valuable antiques.

10.  Whether any or all of the material and items removed from the premises were junk and/or public nuisances.

11.  Whether the CITY DEFENDANTS took any property in violation of the Plaintiff's constitutional rights;

12.  Whether the premises was in violation of Chapters 93 and 94 of the Harlingen Code of Ordinances;

13.  Whether and to what extent, if any, Plaintiffs suffered any compensable damages.


-- **END** -

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-01-034 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| ET.AL. | § | |
| Defendants | § | |

JOINT PTO EXHIBIT NO. 10.B
CITY DEFENDANTS PROPOSED EXHIBIT LIST

CITY DEFENDANTS hereby submit the following proposed list of trial exhibits:

| Exh. A-R | EXHIBIT DESCRIPTION | Ofrd | Adm |
|---|---|---|---|
| | | | |
| A | Chapter 93, City of Harlingen Code of Ordinances (attached to City Defendants Motion for Summary Judgment, Bated Stamped #10008-10011); | | |
| B | Chapter 94, City of Harlingen (attached to City Defendants Motion for Summary Judgment, Bate Stamped #10012-10023); | | |
| C | Lease Agreement between Plaintiff and Pacific Union Railroad (attached to City Defendants Motion for Summary Judgment, Bate Stamped #10024-10033); | | |
| D | Legal Notices of violations to 1726 North Commerce Street (Chapter 93) (attached to City Defendants Motion for Summary Judgment, Bate Stamped #10034-10055); | | |

| Exh. A-R | EXHIBIT DESCRIPTION | Ofrd | Adm |
|---|---|---|---|
| E | Citations to Plaintiff from City, produced to Plaintiff Request for Production as Exhibit I(Bate stamped #182-184) | | |
| F | Photos of subject property after fire (January 2000) (attached to City Defendants Motion for Summary Judgment, Bate Stamped #10056-10062); | | |
| G | Notice to Southern Pacific Railroad, attached as Exhibit B-8 of City Defendants Motion for Summary Judgment (Bate Stamped #10142-10143); | | |
| H | Notice to Southern Pacific Railroad, attached as Exhibit B-9 of City Defendants Motion for Summary Judgment(Bate Stamped #10144-10146). | | |
| I | Correspondence to City from Union Pacific Attorney, produced to Plaintiff Request for Production under Exhibit F(Bate stamped #0094) | | |
| J | Legal Notice dated 2/2/00 (Junked Vehicle Ordinance) (attached to City Defendants Motion for Summary Judgment, Bate Stamped #10063-10065) | | |
| K | Photos of junked vehicles located at property prior to removal (attached to City Defendants Motion for Summary Judgment, Bate Stamped #10066-10073); | | |
| L | Photos attached as Exhibits B-1-B-7 of City Defendants Motion for Summary Judgment(Bate Stamped #10135-10141) | | |
| M | City Health Department Records related to vehicles removed pursuant to Chapter 94 (Junked Vehicles) (attached to City Defendants Motion for Summary Judgment, Bate Stamped #10074-10107); | | |

| Exh. A-R | EXHIBIT DESCRIPTION | Ofrd | Adm |
|---|---|---|---|
| N | Photos of vehicles produced to Plaintiff as Responses to Request for Production, Exhibit M and also attached with Defendant's Designation of Expert Witnesses | | |
| O | Copy of Video (VHS Format) of subject property prior to final clean-up. | | |
| P | Documents produced to Plaintiff Request for Production as Exhibit G (Bate Stamped # 096-0151) | | |
| Q | List of inventory and estimated values o such items, submitted by Plaintiff in Designation of Expert witnesses | | |
| R | Advertisements from Auto Trader magazines submitted with Defendant's Designation of Expert Witnesses | | |

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | | |
|---|---|---|---|
| JOHN OCIE ROBERTS | § | | |
| Plaintiff | § | | |
| | § | | |
| vs. | § | CAUSE NO. B-01-034 | |
| | § | | |
| CITY OF HARLINGEN, TEXAS, | § | | |
| ET.AL. | § | | |
| Defendants | § | | |

JOINT PTO EXHIBIT NO. 10.B
CITY DEFENDANTS PROPOSED EXHIBIT LIST

CITY DEFENDANTS hereby submit the following proposed list of trial exhibits:

| Exh. A-R | EXHIBIT DESCRIPTION | Ofrd | Adm |
|---|---|---|---|
| | | | |
| A | Chapter 93, City of Harlingen Code of Ordinances (attached to City Defendants Motion for Summary Judgment, Bated Stamped #10008-10011); | | |
| B | Chapter 94, City of Harlingen (attached to City Defendants Motion for Summary Judgment, Bate Stamped #10012-10023); | | |
| C | Lease Agreement between Plaintiff and Pacific Union Railroad (attached to City Defendants Motion for Summary Judgment, Bate Stamped #10024-10033); | | |
| D | Legal Notices of violations to 1726 North Commerce Street (Chapter 93) (attached to City Defendants Motion for Summary Judgment, Bate Stamped #10034-10055); | | |

| Exh. A-R | EXHIBIT DESCRIPTION | Ofrd | Adm |
|---|---|---|---|
| E | Citations to Plaintiff from City, produced to Plaintiff Request for Production as Exhibit I(Bate stamped #182-184) | | |
| F | Photos of subject property after fire (January 2000) (attached to City Defendants Motion for Summary Judgment, Bate Stamped #10056-10062); | | |
| G | Notice to Southern Pacific Railroad, attached as Exhibit B-8 of City Defendants Motion for Summary Judgment (Bate Stamped #10142-10143); | | |
| H | Notice to Southern Pacific Railroad, attached as Exhibit B-9 of City Defendants Motion for Summary Judgment(Bate Stamped #10144-10146). | | |
| I | Correspondence to City from Union Pacific Attorney, produced to Plaintiff Request for Production under Exhibit F(Bate stamped #0094) | | |
| J | Legal Notice dated 2/2/00 (Junked Vehicle Ordinance) (attached to City Defendants Motion for Summary Judgment, Bate Stamped #10063-10065) | | |
| K | Photos of junked vehicles located at property prior to removal (attached to City Defendants Motion for Summary Judgment, Bate Stamped #10066-10073); | | |
| L | Photos attached as Exhibits B-1-B-7 of City Defendants Motion for Summary Judgment(Bate Stamped #10135-10141) | | |
| M | City Health Department Records related to vehicles removed pursuant to Chapter 94 (Junked Vehicles) (attached to City Defendants Motion for Summary Judgment, Bate Stamped #10074-10107); | | |

| Exh. A-R | EXHIBIT DESCRIPTION | Ofrd | Adm |
|---|---|---|---|
| N | Photos of vehicles produced to Plaintiff as Responses to Request for Production, Exhibit M and also attached with Defendant's Designation of Expert Witnesses | | |
| O | Copy of Video (VHS Format) of subject property prior to final clean-up. | | |
| P | Documents produced to Plaintiff Request for Production as Exhibit G (Bate Stamped # 096-0151) | | |
| Q | List of inventory and estimated values o such items, submitted by Plaintiff in Designation of Expert witnesses | | |
| R | Advertisements from Auto Trader magazines submitted with Defendant's Designation of Expert Witnesses | | |

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOHN OCIE ROBERTS          §
            Plaintiff      §
                           §
vs.                        §        CAUSE NO. B-01-034
                           §
CITY OF HARLINGEN, TEXAS,  §
ET.AL.                     §
            Defendants     §

JOINT PTO EXHIBIT NO. 10.C & D
LA FERIA WRECKER SERVICE AND T & T TOWING SERVICE
PROPOSED EXHIBIT LIST

LA FERIA WRECKER SERVICE AND T & T TOWING SERVICE, DEFENDANTS hereby submit the following proposed list of trial exhibits:

| Exh. A-P | EXHIBIT DESCRIPTION | Ofrd | Adm |
|----------|---------------------|------|-----|
|          |                     |      |     |
| A | Harold Waite's letter to the 107th judicial court; | | |
| B | LaFeria Wrecker Service invoice to Harlingen Environmental Health Department dated 07/26/00; | | |
| C | Transfer of junked vehicle to a demolisher dated 07/26/00 re: a Ford Truck; | | |
| D | All photographs to the deposition of John Ocie Roberts as exhibits; | | |
| E | All documents listed by the City Defendant in Exhibit 10. B; | | |
| F | Nine photographs of a green Ford Truck; | | |
| G | Assumed Name Certificate of T & T Towing Service; | | |

| Exh. A-P | EXHIBIT DESCRIPTION | Ofrd | Adm |
|---|---|---|---|
| H | Letter to City of Harlingen regarding LaFeria Wrecker Service's request for indemnity or contribution dated June 20, 2002; | | |
| I | Letter to City of Harlingen regarding T & T Towing's request for indemnity or contribution dated June 20, 2002; | | |
| J | | | |
| K | | | |
| L | | | |
| M | | | |
| N | | | |
| O | | | |
| P | | | |
| Q | | | |
| R | | | |
| | | | |
| | | | |
| | | | |
| | | | |

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-01-034 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| ET.AL. | § | |
| Defendants | § | |

JOINT PTO EXHIBIT NO. 11.B
CITY DEFENDANTS PROPOSED WITNESS LIST

---

**A.    PERSONS WITH KNOWLEDGE OF INFORMATION RELEVANT TO DISPUTED FACTS ALLEGED WITH PARTICULARITY.**

Please refer to the list of witnesses with knowledge of information relevant to disputed facts who may testify in this action:

**AA" Wrecker Services**-Services that have knowledge of relevant facts regarding this lawsuit.

**Israel Arevalo**-Union Pacific Advance VegetationManagement, Tyler, Texas; Mr. Arevalo has knowledge of relevant facts regarding this lawsuit.

**Marjory C. Batsell**-c/o Rodriguez,Colvin and Chaney, P.O. Box 2155, Brownsville, Texas 78520; 956/542-7441; Ms. Batsell has knowledge of relevant facts regarding this lawsuit.

**Sig Cantu**-Has knowledge of relevant facts regarding this lawsuit.

**Edward Carrillo**-Performed maintenance services (yard) to premises in question.

**Freddy Carillo**-c/o Union Pacific Advanced Vegetation Management-Tyler, Texas; Mr. Carillo has knowledge of relevant facts regarding this lawsuit.

**Ricardo Cruz-**Harlingen Fire Department; Cruz has knowledge of relevant facts regarding this lawsuit.

**Ruben Diaz** - c/o City of Harlingen, Director of Public Works; Oversaw clean-up of site

**Lt. Noel Escamilla-**c/o Harlingen Fire Department, Harlingen, Texas; Has knowledge of relevant facts regarding this lawsuit.

**Guadalupe Flores-**1828 N. Commerce, Harlingen, Texas 78550; 945-428-1381; Flores has knowledge of relevant facts regarding this lawsuit. Note: (Witness to arson of 1/1/00)

**John Frizzel-**c/o Cameron County Sheriff's Department; Investigator who has knowledge of relevant facts regarding this lawsuit.

**Frontier Recycling** - involved in disposal of scrap metal from site.

**Albert Garcia-**Municipal Court Judge; c/o City of Harlingen, Harlingen, Texas; Has knowledge of relevant facts regarding this lawsuit.

**Frank Garcia-**City of Harlingen Fire Marshall; Has knowledge of relevant facts regarding this lawsuit.

**Jose Antonio Garcia** - R. 5, Box 51, Harlingen, Texas, 78552; knowledge of the vehicles removed and the values of vehicles

**Israel Gonzales, Jr.-**City of Harlingen Fire Inspector; Has knowledge of facts regarding this lawsuit.

**Paul Gonzales Insurance Agency-**101 S. Sam Houston Ave., San Benito, Texas; 956/399-9404; Gonzales insured Plaintiff's property.

**David Lampia-**c/o Harlingen Fire Department; Lampia has knowledge of relevant facts regarding this lawsuit.

**Richard Loya-**Manager of Train Operations, Union Pacific Railroad, 600 E. Fronton, Brownsville, Texas 78520; Mr. Loya has knowledge of relevant facts regarding this lawsuit.

City Defendants' Exhibit 11-B                                    Page 2

**La Feria Wrecker Services**-P.O. Box 1131, Mercedes, Texas 78570; 956/797-2123; Wrecker Services who have knowledge of removal of junked vehicles from plaintiff's premises.

**Ruben Mares**-c/o City of Harlingen, 502 E. Tyler, Harlingen, Texas 78550; Mr. Mares has knowledge of relevant facts regarding this lawsuit.

**Edward Muniz**-c/o Harlingen Fire Department; Muniz has knowledge of relevant facts regarding this lawsuit.

**Ricardo Navarro** - 222 East Van Buren, Suite 405, Harlingen, Texas, 78550 - may testify as to attorney's fees.

**Eric Nelson**-c/o Harlingen Police Department, Harlingen, Texas; Detective Nelson has knowledge of relevant facts regarding this lawsuit.

**Eddie Olvera**-c/o City of Harlingen, 502 E. Tyler, Harlingen, Texas; Mr. Olvera is a code enforcement officer and has knowledge of the relevant facts regarding this lawsuit.

**Frank Pena** - City of Harlingen, 502 E. Tyler, Harlingen, Texas, Foreman at Public Works; involved in clean-up of site.

**Eva Perez**-P.O. Box 105, Combes, Texas; 956/428-7738; Has knowledge of Plaintiff's association with the "Republic Of Texas."

**Dan Serna**-c/o City of Harlingen, 502 E.Tyler, Harlingen, Texas 78550; Mr. Serna has knowledge of relevant facts regarding this lawsuit.

**Southern Pacific Transportation**-1700 Farnam South 10th, Omaha, Nebraska 68102; Representatives have knowledge of relevant facts regarding this lawsuit.

**John Ocie Roberts**-Plaintiff; has knowledge of relevant facts regarding this lawsuit.

**Pat Rodriguez**-c/o Union Pacific; counsel for Union Pacific, has knowledge of relevant facts regarding this lawsuit.

**Roy Rodriguez-**c/o City of Harlingen, 502 E. Tyler, Harlingen, Texas 78550; Rodriguez has knowledge of relevant facts regarding this lawsuit.

**Mark Stevenson-c/o Union Pacific,** Mail Code 3300, 1416 Dodge Street, Omaha, Nebraska 68179; Mr. Stevenson has knowledge of relevant facts regarding this lawsuit.

**Top Cut Lawn Service-**956/423-4375;Representatives have knowledge of the condition of the yard in question and the estimated costs of cleaning such.

**George Tovar-** P.O. Box 530023, Harlingen, Texas; 956-364-0288; will testify as an expert witness as to the value of vehicles in question

**Schneider   Mowing   Services-**956/428-1068;Representatives   have knowledge of the condition of the yard in question and the estimate costs of cleaning such.

**Tony's Lawn Service-**956/421-1091; Representatives have knowledge of the condition of the yard in question and the estimated costs of cleaning such.

**Daniel Villarreal-**c/o Harlignen Police Department; Villarreal has knowledge of relevant facts regarding this lawsuit.

**Harold Waite -**Highway 506, 1/4 Mile North of Tio Cano Road, LaFeria Texas, 88559; Has knowledge of facts regarding removal of vehicles from Plaintiff's premises and condition of such vehicles.

**Wilkinson Recycling-**3145 E. 14th, Brownsville, Texas 78520; Demolisher who has knowledge of junked vehicles removed from Plaintiff's premises.


**END OF LIST**

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | |
|---|---|
| *versus* - John Ocie Roberts | CASE NO.    B-01-34 |
| City of Harlingen, Texas, et al | **Witness List** |
| Judge Hilda G. Tagle | Case Manager:  Stella Cavazos<br>Court Reporter:  Breck Record |
| List of<br>LaFeria Wrecker Service and T&T Towing | Proceeding          Date<br>                         02/20/03 |

1.    **La Feria Wrecker Service and T & T Towing adopt the City Defendant's witness list.**

2.    **City of Harlingen Employees:**
        1.    **Dan Serna**
        2.    **Ruben Mares**

        **These witnesses will testify as to the removal of vehicles by LaFeria Wrecker Service and T & T Towing and their compensation for this service.**

3.    **Harold Waite**
        **La Feria Wrecker Service**
        **Highway 506, 1/4 Mile North of Tio Cano Road**
        **La Feria, Texas 78559**
        **(956) 797-2123**

4.    **Noe Perez**
        **Former Employee of La Feria Wrecker Service**
        **Present Address Unknown**

5.    **Oscar Zuniga**
        **Current Employee of La Feria Wrecker Service**
        **Highway 506, 1/4 Mile North of Tio Cano Road**
        **La Feria, Texas 78559**

| UNITED STATES DISTRICT COURT ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| *versus* — John Ocie Roberts | CASE NO.    B-01-34 |
|---|---|
| City of Harlingen, Texas, et al | **Witness List** |
| Judge Hilda G. Tagle | Case Manager:  Stella Cavazos<br>Court Reporter:  Breck Record |
| List of<br>LaFeria Wrecker Service and T&T Towing | Proceeding          Date<br>                          02/20/03 |

(956) 797-2123

**Mr. Waite, Mr. Perez and Mr. Zuniga will testify as to the removal and disposition of the vehicles in question and as to their dealings with Plaintiff and the City regarding the same.**

6.    **Jose Antonio Garcia**
      **R. 5, Box 51**
      **Harlingen, Texas 78552**
      **(956) 365-4111**

      **Mr. Garcia will testify as to the removal and disposition of one vehicle in question by T & T Towing and will testify as an expert witness as to the value of vehicles in question in this case and his dealings with the City regarding the same.**

7.    **George Tovar**
      **P.O. Box 530023**
      **Harlingen, Texas 78553**
      **(956) 364-0288**
      **(956) 496-8284 (Alternate Phone)**

      **Mr. Tovar will testify as an expert witness as to the value of the vehicles in question.**

UNITED STATES DISTRICT COURT   ☆   SOUTHERN DISTRICT OF TEXAS

| *versus* - John Ocie Roberts | CASE NO.   B-01-34 |
|---|---|
| City of Harlingen, Texas, et al | **Witness List** |
| Judge Hilda G. Tagle | Case Manager:  Stella Cavazos<br>Court Reporter:  Breck Record |
| List of<br>LaFeria Wrecker Service and T&T Towing | Proceeding          Date<br>                         02/20/03 |

8.   **Mary Ann Garcia**
     **202 W. Tyler**
     **Harlingen, Texas 78550**
     **(956) 425-7449**

     **Ms. Garcia will testify about conversations with Plaintiff regarding the location of his vehicle which occurred shortly after removal from the North Commerce Street property.**

9.   **Michael R. Ezell**
     **Attorney at Law**
     **312 E. Van Buren**
     **P.O. Box 2878**
     **Harlingen, Texas 78551**
     **(956) 425-2000**

     **Mr. Ezell will testify as to the attorney's fees of LaFeria Wrecker Service.**

10.  **Curtis Bonner**
     **Attorney at Law**
     **BONNER & BONNER**
     **P. O. Box 288**
     **Harlingen, Texas 78551**
     **(956) 423-9152**

     **Mr. Bonner will testify as to the attorney's fees of T & T Towing.**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-01-034 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| ET.AL. | § | |
| Defendants | § | |

JOINT PTO EXHIBIT NO. 14.B
CITY DEFENDANTS' PROPOSED VOIR DIRE
QUESTIONS TO THE JURY PANEL

---

DEFENDANTS' REQUEST TO CONDUCT VOIR DIRE

DEFENSE COUNSEL respectfully requests permission to have voir dire conducted by counsel with supervision by the Court. This voir dire would be conducted based on the outline and questions listed above. However, CITY DEFENDANTS hereby request leave to file supplemental questions at the time of the final pre-trial conference or prior to trial, as the factual and legal issues are refined by the Court's ruling in this matter.

COURTS RULING

Given (    )          Given as modified (    )          Refused (    )


_____          _____
U.S. DISTRICT JUDGE                  DATE


Subject to the foregoing request, CITY DEFENDANTS submit these proposed voir dire questions to the prospective jurors:

1.  Has anyone been called to serve on a jury panel, in either state or federal court, in the past year?

2.   Have you, or any member of your family been on active duty with the armed forces?  If so, what branch of service, when and where?

3.   Have you, or any member of your family been involved in or work with a police department or other law enforcment agency? If so when and where?

4.   Has this panel of prospective jurors (venire) been subjected to any voir dire examinations prior to this one?  If so, how many voir dire sessions have you been through?  Briefly describe the nature of the case in which you were part of the venire.

5.   Does anyone on the panel know any of the parties to the case or anyone connected or related to the parties, [name parties]? If so, please describe nature of your knowledge.

6.   Does anyone know any of the following persons, who may be called to testify at the trial of this case?  [At this point read the list of both Plaintiff's and Defendants' proposed witnesses.]   If you know any of these individuals, please describe how you know the individual, how long you have known him, and the nature of your relationship.

7.   Does anyone on the panel know the attorneys for the parties in this case? [At this point introduce the attorneys and their staff.]   If anyone knows the attorneys or their staff, please describe how you know the person, how long you have known the person, and the nature of the relationship.

8.   How many members of the panel are currently, actively employed?   [Ask the members of the panel to raise their hand.] How many are not currently working, for whatever reason?

9.   How many members of the panel have been involved in a lawsuit, either as plaintiff or defendant? [Ask panel members to raise their hands.]   If so, please state the names of the lawyers involved, the general nature of the litigation, and the final results of the litigation.   Is there anything about the case or situation in which you were involved which would cause you to be biased in favor of the Plaintiff or prejudiced against the Defendants?

10. Has any member of the jury panel ever served on a jury before, whether it be in state court, federal court, or otherwise?

11. If so, please state when and where you served on such jury, the general nature of the case tried, whether you had a chance to deliberate, whether or not a verdict was reached and whether or not you acted as foreman/forewoman.

12. Has any member of the panel ever been a witness in a civil or criminal case? [Ask panel members to raise their hands.] Explore the nature of the involvement and the case.

13. Has any member of the panel ever been employed or are your currently employed by a school district? If yes, when were you so employed? What position did you have?

14. Has any member of the panel ever been employed or are your currently employed by a city in the Rio Grande Valley? If yes, when were you so employed? What position did you have?

15. Has anyone ever been the subject of an arrest for a criminal offense? If so, please describe the facts and circumstances of the arrest.

16. Does any member of the jury panel have any knowledge of this case or cases involving similar claims other than what you have heard in this courtroom? Have any of you read any newspaper reports or other accounts of this or any disputes between the Plaintiff and the Defendant?

17. Does anyone on this venire have any pending matters of a personal or business nature that would so significantly weigh on your mind that you could not give the necessary care and attention to the evidence and arguments in this case? If so, please advise the Court (in private conference if necessary) of the nature of the distraction.

**-- END -**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
|       Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-01-034 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| ET.AL. | § | |
|       Defendants | § | |

JOINT PTO EXHIBIT NO. 14.F
CITY DEFENDANTS PROPOSED JURY CHARGE & INTERROGATORIES

---

CITY DEFENDANTS hereby request leave to file the proposed jury charge and interrogatories at the time of the final pre-trial conference or prior to trial, as the factual and legal issues are refined by the Court's ruling in this matter.

City Defendants' Proposed Jury Charge                                                    Page 1