

United States District Court
Southern District of Texas
FILED

FEB 2 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS,<br>Plaintiff | § § § | Civil Action |
| v. | § § | No. B-01-34 |
| CITY OF HARLINGEN, CAMERON COUNTY, TEXAS,<br>INSPECTOR DAN SERNA, INDIVIDUALLY,<br>INSPECTOR RUBEN MARES, INDIVIDUALLY,<br>INSPECTOR SAM GUTIERREZ, INDIVIDUALLY,<br>LA FERIA WRECKER SERVICE,<br>DOUBLE A WRECKER CO.,<br>T & T TOWING SERVICE,<br>T AND T WRECKER SERVICE,<br>TIM WILKINSON IRON & METAL INC.,<br>Defendants | § § § § § § § § § § § | JURY |

## PLAINTIFF'S MOTION FOR CONTINUANCE
## OF THE AMENDED SCHEDULING ORDER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, JOHN OCIE ROBERTS, plaintiff in the above-entitled and numbered cause, and files this motion for continuance of the Amended Scheduling Order in the above styled and numbered cause, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, and in support thereof, would show the Court the following:

1.  The continuance requested is of the order which was signed by this Court on the 29th of October, 2002.

2.  At that time, the case was placed on a schedule and there were no foreseen elements which would have an effect on the timing of said case.

3.  In that most of the facts are uncontested; i.e., that the City sent notice to the wrong person; that the Plaintiff received no notice nor had prior knowledge of the City's intent to clean out Plaintiff of all of his possessions that took Plaintiff a life-time to collect all of his inventory and museum quality items, etc.: the end result is that the

PLAINTIFF'S MOTION FOR CONTINUANCE                                     No. B-01-34

issue of damages is practically the only issue left.

4. The damages may be classified into two (2) types loss of value of inventory and museum-like items and the loss of the profits which would have been generated by the business.

5. The manner of proving such a loss, particularly the loss of the inventory, is by the testimony of an individual who has done this type of business. In the case of the inventory and the museum-like items, the Plaintiff would qualify as an expert.

6. In the business part, an expert is necessary. In the case at bar, Mr. Herman (Tito) Orellana has been brought in by the Plaintiff.

7. However, he was unable to perform his services in the month of December due to a trip to his country of origin, Chile.

8. He has helped many people in Texas in that he is an expert in helping the neophyte go into business; the individual in near bankruptcy, reverse his business and make the business a going concern; improve small businesses; and furthermore, have small businesses go big.

9. He took longer in Chile than expected. He had not seen his relatives in years, therefore, he shall be getting back to this country to help the citizens of this State within a week.

10. Once he is deposed, the Defendants should be able to define their course of case preparations or whether an alternative dispute resolution should be best.

11. Therefore, it is Plaintiff's opinion that the time used for the continuance will be used for the reasonable resolution of this case.

12. At no time has Plaintiff been derelict to his duty to the case nor has he intended to be disrespectful to the Court.

13. Plaintiff has not neglected to afford any and all consideration to the opposing parties and he concurs with the philosophy that the administration of the case should

PLAINTIFF'S MOTION FOR CONTINUANCE                                    No. B-01-34

be done in a manner to secure the just, speedy, and inexpensive determination, of the case particularly to the issue of the constitutionality of the ordinance and as to how it was applied.

14. Defendants are in need to depose Plaintiff in that the last deposition, although lasted for four and half hours, was not finished and Defendants expressed their desire to continue however no date has been set.

15. Also, the Defendants need to depose Plaintiffs expert, Mr. Orellana and he should be available very soon.

16. Motion for Continuance. Plaintiff prays for a continuance of the March 10, 2000, 9:00 a.m. setting on the grounds that there is insufficient time within which the parties may complete the depositions of the experts, and complete any additional depositions, which may be required in this case. It is therefore unsafe for plaintiff to proceed to the hearing on this matter without the deposition of defendant's expert, Ruben Tovar, and without the opportunity to obtain transcripts of the depositions and then prepare for trial.

17. This motion is made, not for the purpose of delay only, but so that justice may be done.

18. PRAYER. WHEREFORE, Plaintiff, John Ocie Roberts, prays that this Court extend all dates on the scheduling order for at least sixty (60) days.

19. Plaintiff prays for general relief.

PLAINTIFF'S MOTION FOR CONTINUANCE                                    No. B-01-34

Respectfully submitted,

*HUGO XAVIER DE LOS SANTOS*
*Attorney at Law & C.P.A.*

By: /s/ Hugo Xavier De Los Santos                    Date:   February 20, 2003
HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
Texas Bar Identification #05653300
U.S. Southern District Id. #11259

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas   78213
(210) 736-4227        FAX# (210) 737-1556

Attorney for John Ocie Roberts, Plaintiff

PLAINTIFF'S MOTION FOR CONTINUANCE                              No. B-01-34

## CERTIFICATE OF SERVICE

    I, HUGO XAVIER DE LOS SANTOS, ESQ., attorney for John Ocie Roberts, Plaintiff, hereby certify that I served all other parties in this action with a correct copy of PLAINTIFF'S MOTION FOR CONTINUANCE OF THE AMENDED SCHEDULING ORDER in a manner consistent with the FED.R.CIV.P. on February 20, 2003.

    Further, this is to certify that all service via mail was by certified mail, return receipt requested [RRR], by depositing this document in an official depository of the United States Postal Service after enclosing this document in a postpaid, properly addressed envelope. In addition, all service by telephonic document transfer was accomplished before 5:00 o'clock p.m. on the aforesaid date.

*City of Harlingen, Cameron County, Texas, Inspector Dan Serna, Individually, Inspector Ruben Mares, Individually, Inspector Sam Gutierrez, Individually, Defendants*:

c/o Mr. Ricardo J. Navarro, Esq.
222 E. Van Buren, Suite 405
Harlingen, Texas 78550-6804

*Method*:    U.S. Certified Mail, Return Receipt Requested
              USPS Postal Receipt #7001 0320 0000 5008 2239


*La Feria Wrecker Service, Inc., Defendant*:

Mr. Michael R. Ezell, Esq.
312 East Van Buren/P.O. Box 2878
Harlingen, Texas 78551

*Method*:    U.S. Certified Mail, Return Receipt Requested
              USPS Postal Receipt #7001 0320 0000 5008 2246


*Double A Wrecker Co., T & T Towing Service, T and T Wrecker Service, Defendant(s)*:

Mr. Curtis Bonner, Esq.
P.O. Box 288
Harlingen, Texas 78551-0288

*Method*:    U.S. Certified Mail, Return Receipt Requested
              USPS Postal Receipt #7001 0320 0000 5008 2253

PLAINTIFF'S MOTION FOR CONTINUANCE                              No. B-01-34

*HUGO XAVIER DE LOS SANTOS*
*Attorney at Law*

By: [signature]
    HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
    Texas Bar Identification #05653300
    U.S. Southern District Id. #11259

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas  78213
(210) 736-4227       FAX# (210) 737-1556

Attorney for John Ocie Roberts, Plaintiff

*************************************************************************