*82*

United States District Court
Southern District of Texas
FILED

FEB 2 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | Civil Action |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | No. B-01-34 |
| | § | |
| CITY OF HARLINGEN, CAMERON COUNTY, TEXAS, | § | |
| INSPECTOR DAN SERNA, INDIVIDUALLY, | § | |
| INSPECTOR RUBEN MARES, INDIVIDUALLY, | § | |
| INSPECTOR SAM GUTIERREZ, INDIVIDUALLY, | § | |
| LA FERIA WRECKER SERVICE, | § | |
| DOUBLE A WRECKER CO., | § | |
| T & T TOWING SERVICE, | § | |
| T AND T WRECKER SERVICE, | § | |
| TIM WILKINSON IRON & METAL INC., | § | |
| **Defendants** | § | **JURY** |

PLAINTIFF JOHN OCIE ROBERTS'
MOTION FOR COURT TO REFER CASE
TO AN ALTERNATIVE DISPUTE RESOLUTION

**TO THE HONORABLE U.S. DISTRICT JUDGE HILDA G. TAGLE:**

NOW COMES, Plaintiff JOHN OCIE ROBERTS, and hereby files this Motion for Court To Refer Case to an Alternative Dispute Resolution in the above styled and numbered cause pursuant to, *inter alia*, Rule 16 of the local rules of the United States District Court for the Southern District of Texas, and presents the Court the following:

**I.**
**Underlying Legal Concepts and Facts**

1.     The underlying issues for this case have a unique simplicity.  The basic concepts of what law applies and the underlying alleged violations against Plaintiff are also readily identifiable.

2.     The Plaintiff complains that the City without notice seized his business inventory and personal museum-type items and either destroyed them or has them in storage for future distribution.

3.     The City claims the notice behind the taking was in order to clean up the

<u>**PLAINTIFF'S MOTION FOR ALTERNATIVE DISPUTE RESOLUTION No. B-01-34**</u>

City and labeled the inventory as trash, debris and garbage.

    4.    The City used as its authority, the city ordinance which allows such action as long as someone who has nexus to the location, received notice,which is this case, the city allegedly noticed the owner of the real estate. (Needless to say the owner of the real estate never informed the owner of the personalty however, that is an issue for the Court to decide based on the sufficiency of the notice and not relevant for this motion.)

**II.**

    5.    Counsel for Plaintiff has discussed the appropriations of an alternative dispute resolution with his client. Plaintiff hereby suggests to the Court that this case is suited for mediation in that even if not fully settled, the Court will provide a procedural mechanism in order to narrow the issues of this action.

    6.    Plaintiff invokes Rule 16.4 B., U.S. District Court, Southern District of Texas, Local Rules, which states the following:

> *ADR Referral.* A judge may refer any case to ADR on motion of any party, on the agreement of the parties, or on its own motion. If the parties agree upon an ADR method or provider, the judge will respect the parties' agreement unless the judge believes another ADR method or provider is better suited to the case and parties. The authority to refer a case to ADR does not preclude the Court from suggesting or requiring other settlement initiatives.

    7.    Plaintiff firmly believes that this case may be resolved by mediation; therefore, he requests such relief.

    8.    Plaintiff believes that any one of the following mediators would be well suited to mediate this case: Hon. Luciano Rodriguez, Hon. Homero Salinas, Hon. Dan Naranjo, and Hon. Juan Gallardo.

    9.    Plaintiff further relies on 28 U.S.C. §652, and Sections 154.021 and 152.003 of the Texas Civil Practice and Remedies Code, in moving the Court to refer this action to alternative dispute resolution and moves that the court enter an order

**PLAINTIFF'S MOTION FOR ALTERNATIVE DISPUTE RESOLUTION No. B-01-34** requiring the parties and their attorneys and their insurers, if any, to appear for a mediation conference with the express purpose of making good faith attempts and efforts to resolve and settle the claims involved in this action during the mediation conference, and that the court order that the parties and their representatives and insurers appear with full settlement authority, and that the court grant the relief in the attached proposed order.

10.  **PRAYER.**  Wherefore, Plaintiff JOHN OCIE ROBERTS prays that this Court refer this case to mediation.

11.  Plaintiff prays for general relief.

Respectfully submitted,

*HUGO XAVIER DE LOS SANTOS*
*Attorney at Law & C.P.A.*

Date:   February 20, 2003

By:

HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
Texas Bar Identification #05653300
U.S. Southern District Id. #11259

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas   78213
(210) 736-4227        FAX# (210) 737-1556

Attorney for John Ocie Roberts, Plaintiff

**PLAINTIFF'S MOTION FOR ALTERNATIVE DISPUTE RESOLUTION No. B-01-34**

## CERTIFICATE OF CONFERENCE

I, Hugo Xavier de los Santos, hereby certify that on February 21, 2003, I called the offices of each of the defense attorneys in this case, and:

( )    The number was busy.

( )    No one answered.

( )    I got an answering machine and I left a message.  To date I have not received a reply.

( )    I spoke to the secretary; the secretary said they were not opposed.

( )    The adverse party is opposed.

( )    The adverse party takes no position.

Hugo Xavier de los Santos, Esq.
Attorney at Law
Texas Bar Identification #05653300
U.S. Southern District Id. #11259

<u>PLAINTIFF'S MOTION FOR ALTERNATIVE DISPUTE RESOLUTION No. B-01-34</u>

## CERTIFICATE OF SERVICE

I, HUGO XAVIER DE LOS SANTOS, ESQ., attorney for John Ocie Roberts, Plaintiff, hereby certify that I served all other parties in this action with a correct copy of PLAINTIFF JOHN OCIE ROBERTS' MOTION FOR COURT TO REFER CASE TO AN ALTERNATIVE DISPUTE RESOLUTION in a manner consistent with the Fed.R.Civ.P. on February 20, 2003.

Further, this is to certify that all service via mail was by certified mail, return receipt requested [RRR], by depositing this document in an official depository of the United States Postal Service after enclosing this document in a postpaid, properly addressed envelope.   In addition, all service by telephonic document transfer was accomplished before 5:00 o'clock p.m. on the aforesaid date.

*City of Harlingen, Cameron County, Texas, Inspector Dan Serna, Individually, Inspector Ruben Mares, Individually, Inspector Sam Gutierrez, Individually, Defendants*:

c/o Mr. Ricardo J. Navarro, Esq.
222 E. Van Buren, Suite 405
Harlingen, Texas 78550-6804

*Method*:          U.S. Certified Mail, Return Receipt Requested
                   USPS Postal Receipt #7001 0320 0000 5008 2239


*La Feria Wrecker Service, Inc., Defendant*:

Mr. Michael R. Ezell, Esq.
312 East Van Buren/P.O. Box 2878
Harlingen, Texas 78551

*Method*:          U.S. Certified Mail, Return Receipt Requested
                   USPS Postal Receipt #7001 0320 0000 5008 2246


*Double A Wrecker Co., T & T Towing Service, T and T Wrecker Service, Defendant(s)*:

Mr. Curtis Bonner, Esq.
P.O. Box 288
Harlingen, Texas 78551-0288

*Method*:          U.S. Certified Mail, Return Receipt Requested
                   USPS Postal Receipt #7001 0320 0000 5008 2253

__PLAINTIFF'S MOTION FOR ALTERNATIVE DISPUTE RESOLUTION No. B-01-34__

*__HUGO XAVIER DE LOS SANTOS__*
*__Attorney at Law__*


By: _____
       HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
       Texas Bar Identification #05653300
       U.S. Southern District Id. #11259

6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas  78213
(210) 736-4227      FAX# (210) 737-1556

Attorney for John Ocie Roberts, Plaintiff

*********************************************************************************