IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-01-034 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| ET. AL. | § | |
|     Defendants | § | |

**CITY DEFENDANTS' RESPONSE TO
CROSS DEFENDANTS' JOSE GARCIA AND LAFERIA WRECKER
SERVICE'S MOTIONS FOR RECONSIDERATION, NEW TRIAL,
AND FOR SEVERANCE OR TO DISMISS WITHOUT PREJUDICE
AND ALTERNATIVELY, CITY DEFENDANTS
MOTION FOR SUMMARY JUDGMENT AND BRIEF**

May it Please the Court:

COMES NOW CITY DEFENDANTS and file this their Response to the Cross-Defendants Motions for Reconsideration or New Trial and Motion for Severance, or to Dismiss Without Prejudice, and Alternatively, City Defendants' Motion for Summary Judgment, and would show the Court as follows:

### I.
### NATURE OF THE CASE

The controversy involves the CITY OF HARLINGEN'S (hereafter "CITY") efforts to enforce environmental ordinances, related to the clean up of trash, debris, rubbish, and junked vehicles, after a fire devastated the structure on the lot in question. Plaintiff, the lessee of the lot on which the fire occurred, and which was cleaned up under the direction of the Environmental Health Department of the CITY, contends that the CITY deprived him of his personal property in violation of his state and

federal rights without due process of law, as a result of the cleanup.

On March 5, 2003, the Court issued an Order granting the City Defendants' Motion for Summary Judgment and denying the Plaintiff's Motion for Summary Judgment. Thus this Order dismissed all causes of action in their entirety. Cross Defendants now argue that their cross claims against the City Defendants for indemnity and attorney's fees were not dismissed, or should not have been dismissed.

## II.
## LEGAL ARGUMENT & ANALYSIS

**A.   Response To Cross Defendants' Motions**

The CITY DEFENDANTS would request that Cross Defendants' Motions for Reconsideration, for New Trial, for Separate Trial or Severance, and Motion to Dismiss Without Prejudice be denied in their entirety.

This Court issued its Order absolving the City Defendants from any and all liability with respect to Plaintiff's causes of actions against all Defendants in this case. The Court's Order quite clearly indicates that all causes of action are dismissed. This would include Cross Defendants' causes of action for indemnity and attorney's fees. This is the only way in which the Order can be viewed, as City Defendants have been found by this Court to be free from any liability. Given this finding of no liability, there is no basis upon which City Defendants can be liable to the Cross Defendants.

As indicated, the City Defendants have been absolved of all liability with respect to this cause of action. Yet despite this finding, Cross Defendants incredulously seek indemnity and attorney's fees from City Defendants. There is absolutely no legal or factual basis whatsoever for Cross Defendants's claims.

Cross Defendants can point to no agreement with City Defendants regarding attorney's fees or indemnification, as no such agreement was ever entered into. Essentially, Cross Defendants can point to no statute, no caselaw, no agreement or contract, nothing under the law or these facts, that would entitle them to attorney's fees and/or indemnification from City Defendants with respect to Plaintiff's causes of action. This would be the case even if Plaintiff's causes of action had not been dismissed.

Cross Defendants say in their Motion for Separate Trial or Alternatively, Motion to Dismiss Without Prejudice, that they acted *solely* in response to a request from the City of Harlingen to remove vehicles from the property of the Plaintiff in good faith as an independent contractor. Even assuming this were true(and it is denied), it in no way creates liability for indemnity or attorney's fees on behalf of the City Defendants, in the absence of an agreement or contract establishing such. No agreement or contract requiring attorney's fees or indemnity on behalf of the City was ever entered into. Further, this statement by Cross Defendants completely ignores the financial benefits that Cross Defendants gained from taking on these duties. Cross Defendants had a choice, and they chose to remove these materials. They were not required, nor forced to act in any fashion. They simply looked at the decision financially, and decided they could make money by choosing to remove the materials. To attempt to shift blame to the City, which has been determined to have acted completely in a lawful fashion in ordering the removal, is ludicrous.

Cross Defendants go on to say without any fault on their part, and with no allegation by the Plaintiff of such fault except having acted in response to the City's request, they were brought into this action and required to defend themselves.

Well, the City Defendants were brought into this action and required to defend themselves as well, and have been found to be free of any and all fault by this Court. Cross Defendants had their claims against them dismissed solely and specifically because this Court found that City Defendants did nothing wrong. Yet despite this finding, and despite the fact that City Defendants exerted a great amount of money in their defense, Cross Defendants absurdly bring these claims. Cross Defendants claims for attorney's fees and indemnification are completely and utterly baseless, and their seeking of a Reconsideration of the Court's Order, or a New Trial, or a Severance of their Claims, are purely harassment.

For these reasons, City Defendants request that Cross Defendants' Motions for Reconsideration, for New Trial, for Severance and Motion to Dismiss Without Prejudice be denied in their entirety and that the Court's Order of March 5, 2003 be held to have dismissed all claims and causes of action in this lawsuit in their entirety, and with prejudice.

**B. Motion for Summary Judgment and Brief in Support**

Although each of Cross Defendants' Motions should be denied for reasons put forth above, in the alternative, should the Court grant any of the above motions, City Defendants hereby move for summary judgment on Cross Defendants' claims for indemnification and/or attorney's fees pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**1. Standard of Review**

Summary judgment is appropriate if the pleadings and affidavits and discovery on file "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.; see also Celotex Corp. vs. Catrett, 477 U.S. 317, 322 (1986). The

party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but the party need not negate the elements of the non-movant's case. *Celotex*, 477 U.S. at 323; *Little vs. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The plain language of FRCP 56(c) mandates the entry of a summary judgment against a party "who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in *any* case 'where the critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Little*, 37 F.3d at 1075 (quoting *Armstrong vs. City of Dallas*, 997 F.2d 62 (5th Cir. 1993)).

   2.   **Argument**

There are no genuine issues of material fact as to Cross Defendants' claims, and therefore CITY DEFENDANTS are entitled to summary judgment on the following grounds:

A.   **There is no evidence that City Defendants Are Liable to Cross Defendants for Indemnity or Attorney's Fees and Cross Defendants Claims' are Unsupported by Law**

As indicated above, there is no evidence of any agreement or contract that would make City Defendants liable to Cross Defendants for Indemnity or Attorney's fees with respect to Plaintiff's causes of action. City Defendants have found no cases, nor any statutes that would support Cross Defendants' legal "theory" that they are so entitled to indemnity or attorney's fees from City Defendants, even if Plaintiff's causes

of action had not been dismissed. In fact, City Defendants are left wondering what possible legal theory Cross Defendants are basing their claims on and Cross Defendants have failed to even specify under what legal theory they proceed for indemnity and/or attorney's fees.

Although there is absolutely no legal or factual basis under which Cross Defendants are entitled to attorney's fees or indemnification from City Defendants had Plaintiff's claims not been dismissed, the fact of the matter is that Plaintiff's claims were dismissed. City Defendants have been absolved of all liability with respect to Plaintiff's claims. Given this finding of no liability, City Defendants cannot be liable to Cross Defendants for their claims for contribution, indemnity or attorney's fees. *Schuchart & Associates, et al v. Solo Serve Corporation, et al*, 1983 WL 1147 21, (W.D. Tex, San Antonio Division); *East Mississippi Electric Power Association v. Porcelain Products Company*, 757 Supp. 748, 751-53, 1990, (S.D. Mississippi, Eastern District).

As indicated, there is no evidence of any agreement or contract under which City Defendants agreed to indemnify or pay for attorney's fees for Cross Defendants with respect to their removing material from Plaintiff's property. There is no caselaw nor statute that would support Cross Defendants' claims for indemnity and attorney's fees in this case. There is no genuine issue of material fact with respect to Cross Defendants' claims, no evidence to support Cross Defendants' claims, and such claims are entirely baseless and unsupported in law. For these reasons, should the Court not deny each of Cross Defendants' Motions, City Defendants hereby request that Cross Defendants' claims be dismissed as a matter of law.

**CONCLUSION & PRAYER**

Therefore, based on the foregoing reasons, CITY DEFENDANTS request and pray that this Court deny Cross Defendants' Motions for Reconsideration, for New Trial, for Severance and Abatement and for Dismissal without Prejudice in their entirety and that the Court's Order of March 5, 2003 be held to have dismissed all claims and causes of action in this lawsuit in their entirety, and with prejudice.

In the alternative, CITY DEFENDANTS request that this Court grant CITY DEFENDANTS' Motion for Summary Judgment with respect to Cross Defendants Jose Garcia and LaFeria Wrecker Service's claims for indemnity and attorney's fees.

CITY DEFENDANTS also pray for their costs and attorney fees and for such other and further relief to which they may show themselves justly entitled.

Signed on the 27th day of March, 2003.

Respectfully submitted,

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. ID No. 5953
ROBERT DRINKARD
State Bar No. 24007128
Fed. Dist. No. 29288

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 27th day of March, 2003.

Hugo Xavier De Los Santos  **By Regular Mail**
LAW OFFICE OF HUGO XAVIER DE LOS SANTOS
6800 Park Ten Blvd. Ste. 123-N
San Antonio, Texas 78213
**COUNSEL FOR PLAINTIFF**


Mr. Michael R. Ezell          **By CMRRR 7002 0860 0004 8101 7222**
LAW OFFICE OF MICHAEL R. EZELL
312 E. Van Buren
P.O. Box 2878
Harlingen, Texas 78551
**COUNSEL FOR DEFENDANT LA FERIA WRECKER SERVICE**


Mr. Curtis Bonner            **By CMRRR 7002 0860 0004 8101 7239**
BONNER & BONNER
103 S. Third
P.O. Box 288
Harlingen, Texas 78551-0288
**COUNSEL FOR DEFENDANT T&T TOWING SERVICE**

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD