IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 23 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-01-034 |
| | § | |
| CITY OF HARLINGEN, TEXAS, | § | |
| ET. AL. | § | |
|     Defendants | § | |

**CITY DEFENDANTS' REPLY TO LA FERIA WRECKER SERVICE
AND JOSE GARCIA'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

May it Please the Court:

COMES NOW CITY DEFENDANTS and file this their Reply to Cross-Plaintiffs' Response to City Defendants' Motion for Summary Judgment, and would show the Court as follows:

**I.
NATURE OF THE CASE**

The controversy involves the CITY OF HARLINGEN'S (hereafter "CITY") efforts to enforce environmental ordinances, related to the clean up of trash, debris, rubbish, and junked vehicles, after a fire devastated the structure on the lot in question. Plaintiff, the lessee of the lot on which the fire occurred, and which was cleaned up under the direction of the Environmental Health Department of the CITY, contends that the CITY deprived him of his personal property in violation of his state and federal rights without due process of law, as a result of the cleanup.

On March 5, 2003, the Court issued an Order granting the City Defendants' Motion for Summary Judgment and denying the Plaintiff's Motion for Summary Judgment. Thus this Order dismissed all causes of action in their entirety. Cross

Plaintiffs now argue they are entitled to attorney's fees and/or indemnity against the City Defendants.

## II.
## LEGAL ARGUMENT & ANALYSIS

### A.   No Common Law or Contractual Indemnity Exists

Cross Plaintiffs have raised no genuine issues of material fact as to their claims and have no evidence in support of their claims for Indemnity or Attorney's fees, and therefore CITY DEFENDANTS are entitled to summary judgment.

As indicated in City Defendants' Motion for Summary Judgment, it is undisputed that there is no contract or agreement between CITY DEFENDANTS and Cross Plaintiffs requiring indemnification or payment of attorney's fees. Thus, it appears that Cross Plaintiffs in their motion and from the outdated cases they cite, are attempting to argue that they are entitled to common law indemnity. However, Texas law is clear on this. Texas law does not recognize common law indemnity except in cases in which one party's liability is purely vicarious. *Astra Oil Company, Inc. v. Diamond Shamrock Refining Company*, 89 S.W.3d 702, 706 (Tex.App.-Houston[14th Dist.] 2002); *B&B Auto Supply, Sand Pit & Trucking Co. v. Cent. Freight Lines, Inc.*, 603 S.W.2d 814, 817 (Tex.1980); *Hatford Cas. Ins. Co. v. Walker County Agency, Inc.*, 808 S.W.2d 681 (Tex.App., Corpus Christi, 1991) (No doctrine of common law indemnity exists between joint tort feasors). Other than such situation, Texas recognizes only contractual indemnity. *B&B Auto Supply*, 603 S.W.2d at 817.

Cross Plaintiffs LaFeria Wrecker Service and Jose Garcia do not have a claim for vicarious liability against CITY DEFENDANTS. It is undisputed that neither of the Cross Plaintiffs were employees of the CITY when they towed the vehicles away from Plaintiff's property. Cross Plaintiffs have

no evidence to establish that there was any employee-employer vicarious relationship between themselves and CITY DEFENDANTS. It was simply a business transaction. There is no vicarious liability in such relationship and Cross Plaintiffs cite no authority to support a finding of vicarious liability in such a relationship. Thus, Texas law does not allow common law indemnity to Cross Plaintiffs against CITY DEFENDANTS and there is no contractual indemnity between the parties. Cross Plaintiffs claims fail as a matter of law and should be dismissed.

Cross Plaintiffs argue that their cause of action for indemnity should be abated pending a final determination of Plaintiff's claims. However, such request for abatement is irrelevant and should be denied, as Cross Plaintiffs, under Texas law, have no cause of action for indemnity against City Defendants *regardless* of the final outcome of Plaintiff's appeal and /or New Trial request.

**B.   Cross Plaintiffs Have No Cause of Action**

Although Cross Plaintiffs have no legal or factual basis for indemnification or attorney's fees or indemnification from CITY DEFENDANTS regardless of the final outcome of Plaintiff's claims, at this time Plaintiff's claims have been dismissed and CITY DEFENDANTS have been absolved of all liability. Texas law is again clear that neither contribution or indemnity can be recovered from a party against whom the injured party has no cause of action. *Hunter v. Ft. Worth Capital Corporation*, 620 S.W.2d 547, 553 (Tex.1981); *Finlan v. Dallas Independent School District*, 90 S.W.3d 395, Tex.App.-Eastland, 2002); *Medical Protective Company v. Groce Locke & Hebdon*, 814 S.W.2d 124, 130 (Tex.App.-Corpus Christi 1991, *writ den'd*). Cross Plaintiffs

state in their Response that "there is no allegation of any misconduct by Cross Plaintiffs made by any party." See Cross Plaintiffs' Response to City Defendants Motion for Summary Judgment. This is a completely false statement and apparently the attorneys for Cross Plaintiffs failed entirely to read Plaintiff's petition throughout the course of this lawsuit. Plaintiff alleged that Cross Plaintiffs committed theft, conversion, trespass, negligence and conspiracy. In fact, if no allegations of misconduct had been made against Cross Plaintiffs, then they would not even have been in this lawsuit to begin with. Cross Plaintiffs' statement makes no sense whatsoever and is apparently a weak attempt to insinuate that the CITY acted wrongfully and forced Cross Plaintiffs' to act as they did. However, Cross Plaintiffs' argument and entire Response ignores the obvious. First, all of Plaintiff's claims have been dismissed and the CITY DEFENDANTS have been absolved of any and all liability. Thus, this is not a situation of joint tort feasors. Secondly, regardless of the outcome of Plaintiff's claims, Cross Plaintiffs' have absolutely no legal or factual basis to indemnity from the CITY DEFENDANTS. Texas law does not allow common law indemnity and there is no agreement or contract creating contractual indemnity.

For the foregoing reasons, Cross Plaintiffs' request for abatement should be denied and their claims for indemnity should be dismissed as a matter of law.

## CONCLUSION & PRAYER

Therefore, based on the foregoing reasons, CITY DEFENDANTS request and pray that this Court grant CITY DEFENDANTS' Motion for Summary Judgment with respect to Cross Defendants Jose Garcia and LaFeria Wrecker Service's claims for indemnity and attorney's fees and dismiss said claims.

CITY DEFENDANTS also pray for their costs and attorney fees and for such other and further relief to which they may show themselves justly entitled.

Signed on the _23rd_ day of April, 2003.

Respectfully submitted,

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. ID No. 5953
ROBERT DRINKARD
State Bar No. 24007128
Fed. Dist. No. 29288

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the _23rd_ day of April, 2003.

Hugo Xavier De Los Santos                           **By Regular Mail**
LAW OFFICE OF HUGO XAVIER DE LOS SANTOS
6800 Park Ten Blvd. Ste. 123-N
San Antonio, Texas 78213
**COUNSEL FOR PLAINTIFF**

Mr. Michael R. Ezell            **By CMRRR#: 7002 0860 0004 8101 7383**
LAW OFFICE OF MICHAEL R. EZELL
312 E. Van Buren
P.O. Box 2878
Harlingen, Texas 78551
**COUNSEL FOR DEFENDANT LA FERIA WRECKER SERVICE**

Mr. Curtis Bonner  **By CMRRR#: 7002 0860 0004 8101 7376**
BONNER & BONNER
103 S. Third
P.O. Box 288
Harlingen, Texas 78551-0288
**COUNSEL FOR DEFENDANT T&T TOWING SERVICE**

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD