IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOHN OCIE ROBERTS, §
   Plaintiff §
V. § NO. B-001-34
 §
CITY OF HARLINGEN, CAMERON §
COUNTY, TEXAS, ET AL §
   Defendants §

### PLAINTIFF'S SUPPLEMENTAL REPLY TO CITY DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, John Ocie Roberts, and files this his Plaintiff's Supplemental Reply to City Defendant's Response to Plaintiff's Motion for New Trial in the above styled and numbered cause, Plaintiff would show the court the following:

I.
Part of Undisputed facts

1. Defendant City has attempted to make the facts to be that most of the items taken were vehicles. However, in Cross Plaintiff's Response to City of Harlingen's Motion for Summary Judgment as to La Feria Wrecker Service and Jose Garcia's Cross Claim said cross Plaintiff makes several correct statements:
  (a) page 2 P 1 -"...Plaintiff's personal property from his place of business, a small portion of which was the vehicles in question."

  (b) Page 3 P 3- "The facts in regard to this matter are not in dispute and are in fact, reflected by the pleadings of the parties."

  (c) Exhibit "A" P1- "I was requested to accept the salvage value of these vehicles in lieu of my usual fee for towing such vehicles and I agreed to accept that arrangement."

  (d) Exhibit "A" P. 2 -"I get calls to go to the scene of auto vehicle collisions and other occasions when vehicles are not capable of being operated and must be removed... "This is a standard procedure in the City of Harlingen and other cities through out

       Texas."
The following statements show the calloused disregards to the person's property:

 (a) Exhibit "A" P 2 - "... the City had many times in the past requested me to remove vehicles from other locations."

 (b) Defendant's, Jose Garcia, affidavit admits that he can take the vehicle, as if he were doing Plaintiff a favor, because Defendant Garcia does not believe this is a "collector's items".

 (c) Defendant's, Jose Garcia, affidavit states that Plaintiff "knew where it was and could have taken possession of it at any time" however, only after Plaintiff looked for his vehicle and by chance found it. Plaintiff has not been able to find all of the rest of his vehicles.

 (Exhibit A is a true and correct copy of Response to City of Harlingen's Motion for Summary Judgment as to La Feria Wrecker Service and Jose Garcia's Cross Claims and is incorporated by reference as if fully copied herein.)

2. Therefore, Plaintiff hereby shows the court that the Defendants merely took Plaintiff's property without any regard to the required steps as mandated by the statutes dealing with picking up vehicles.

3. Other cities are apparently doing the same thing however, this court should not allow this practice to continue.

4. In conclusion, it is Plaintiff's contention that notice should be given if the government is to take property away from a citizen.

5. The Defendant City took property belonging to Plaintiff and used that property to pay off the fee that it is customarily used to pay the wrecker service.

 Therefore, the City took Plaintiff's property without just compensation and used the property to pay Defendant City's cost of administration.

 **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the court takes into reconsideration the rights guaranteed by the Constitution of the United States and all that Plaintiff should be

recompensed for the wrong that Defendants inflicted on him.

Plaintiff prays for any other relief at law or in equity he may be entitled to receive.

Respectfully submitted,

*[signature]*
Hugo Xavier De Los Santos
Attorney At Law
State Bar No. 05653300
U. S. Southern District Id. #11259
6800 Park Ten Blvd. Suite 123-N
San Antonio, Texas 78213
(210) 736-4227
(210) 737-1556 Fax
Attorney for John Ocie Roberts, Plaintiff
By *[signature]*

### CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing Plaintiff's Reply to City Defendant's Response To Plaintiff's Motion For New Trial has been mailed by U. S. Postal Service, and Certified Return Receipt Requested on this the ____ day of _MAY_, 2003 to _____.

*[signature]*
Hugo Xavier De Los Santos
By *[signature]*

DENTON, NAVARRO & BERNAL
A Professional Corporation
Bank of America Building
222 East Van Buren, Suie 405
Harlingen, Texas 78550
(956) 421-4904
(956) 421-3621 Fax

Mr. Michael R. Ezell
LAW OFFICE OF MICHALE R. EZELL
312 E. Van Buren
P. O. Box 2878
Harlingen, Texas 78551
Counsel for Cross-Defendant La Feria Wrecker Service

Mr. Curtis Bonner
BONNER & BONNER
103 S. Third
P. O. Box 288
Harlingen, Texas 78551-0288
Counsel for Cross-Defendant T&T Towing Service

STATE OF TEXAS        ]

COUNTY OF WILACY   ]

### VERIFICATION

I hereby certify that I have read the foregoing motion and everything stated therein is true and correct from my own personal knowledge.

/s/ John Ocie Roberts
John Ocie Roberts

BEFORE ME, John Ocie Roberts, appeared and under oath stated that everything stated therein was true and correct on this ___9th___ day of ___May___, 2003.

Elizabeth Barnhart
Notary Public- State of Texas
_Elizabeth Barnhart_
Printed Name
My commission expires: _Aug 5, 2006_

[Seal: ELIZABETH BARNHART / MY COMMISSION EXPIRES / August 5, 2006]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS,<br>    Plaintiff | § § § | CIVIL ACTION |
| vs | § § § | NO. B-001-34 |
| CITY OF HARLINGEN, CAMERON COUNTY, TEXAS, CONNIE DE LA GARZA, INDIVIDUALLY, CHIEF OF POLICE MICHAEL BLAKE, INDIVIDUALLY, ACTING CITY MANAGER ROY RODRIGUEZ, INDIVIDUALLY, INSPECTOR DAN SERNA, INDIVIDUALLY, LT. JIM SCHEOPNER, INDIVIDUALLY, INSPECTOR RUBEN MARES, INDIVIDUALLY, INSPECTOR SAM GUTIERREZ, INDIVIDUALLY, LA FERIA WRECKER SERVICE, DOUBLE A WRECKER CO., T & T TOWING SERVICE, T AND T WRECKER SERVICE, TIM WILKINSON IRON & METAL INC.,<br>    Defendants | § § § § § § § § § § § § § § § | JURY |

**RESPONSE TO CITY OF HARLINGEN'S MOTION FOR SUMMARY JUDGMENT AS TO LA FERIA WRECKER SERVICE AND JOSE GARCIA'S CROSS CLAIMS**

TO THE HONORABLE JUDGE OF SAID COURT:

    Comes now, La Feria Wrecker Service and Jose Garcia (jointly called "Cross Plaintiffs") and file this their *Response to the Motion for Summary Judgment filed by Cross Defendant City of Harlingen* as to the Cross Claims filed by them. As to such response, Cross Plaintiffs would show the Court as follows:

1.

    Cross Plaintiffs filed Cross Claims against Cross Defendant on the grounds that the

only actions taken by them, which are the subject matter of this case, were to haul away vehicles at the request of Cross Defendant pursuant to an agreement to be compensated for such services. There is no allegation of any misconduct by Cross Plaintiffs made by any party. Plaintiff's only claim is that Cross Defendant wrongfully removed Plaintiff's personal property from his place of business, a small portion of which was the vehicles in question. Therefore, the only basis on which Cross Plaintiffs could be liable to Plaintiff is misconduct of Cross Defendant in regard to the Plaintiff. For that reason, in the event of liability based on the conduct of Cross Defendant, Cross Plaintiffs are entitled to indemnity or in the alternative, contribution, as a matter of law.

2.

Mr. Garcia and Mr. Waite would show the court they are entitled to indemnity from the City by virtue of a right of indemnification that may arise between several parties in law or in equity where there exists an obligation by one party to indemnify the other where the first party may be exposed to liability for the wrongly act of the second party. 14 Tex Jur 3rd Contribution and Indemnity §10.

"An indemnitee may recover expenses of litigating indemnified claim is right of indemnity is implied by law or arises by contract. Fisher Construction Co. v. Riggs, 320 S.W. 2d 200, 211 (Tex.App.-Houston [1st Dist.]), rev'd on other grounds, 325 S.W. 2d 126 (Tex. 1959)." Keystone Equity Management v. Thoen, 730 S.W. 2d 339 (Tex.App.-Dallas 1987) no writ.

And indemnity included reasonable counsel fees incurred in resisting the claim indemnified against. Sigmond Rothschild Co. v. Moore 166 S.W. 2d 744 (Tex.App.-Beaumont 1942) no writ. These parties believe they are entitled to indemnity and recovery

of their costs expended in this matter.

However, these parties believe it best for the Court to abate their cause of action and await what Mr. Roberts does with the main case and thereafter proceed with this cause of action depending on what occurs with the Roberts causes of action.

3.

Cross Plaintiffs rely on the Affidavit of Harold Waite and Jose Garcia, a copy of which are attached hereto as Exhibit "A" and "B" respectively. The original of these affidavits were filed in the papers of this cause and in support of Motions for Summary Judgment filed by them in this cause previously. The facts in regard to this matter are not in dispute and are, in fact, reflected by the pleadings of the parties. In any event, under the undisputed facts, in the event that liability is established against Cross Plaintiffs it could only be because of their actions taken innocently and in accordance with Cross Defendant's requests.

4.

Cross Defendant argues that it has been absolved of liability in this case as to its conduct with respect to Plaintiff. In the event that that Order becomes final and as a result of either such Order not being appealed or the appellate court finally upholding the actions of trial court in that regard, then the Cross Claim of Cross Plaintiffs will become moot. Until a final judicial determination that the Cross Defendant and Cross Plaintiffs are not liable to Plaintiff, it would be premature to absolve Cross Defendant of potential liability to Cross Plaintiffs in that Cross Plaintiffs would then be deprived of any remedy in the event of a final determination of liability of Cross Defendant and Cross Plaintiffs to the Plaintiff, an obvious unjust result.

WHEREFORE PREMISES CONSIDERED, Cross Plaintiffs pray that Cross-Defendant's Motion for Summary Judgment be in all things denied.

Respectfully submitted,

Curtis Bonner
**BONNER & BONNER**
103 S. Third
P.O. Box 288
Harlingen, Texas 78551-0288

*/s/ Curtis Bonner by /s/*

Curtis Bonner
State Bar No. 02611000
Federal ID No. 3701

*by permission*

Michael R. Ezell
**LAW OFFICE OF MICHAEL R. EZELL**
312 E. Van Buren
P.O. Box 2878
Harlingen, Texas 78551
Telephone: (956) 425-2000
Facsimile: (956) 421-4258

Michael R. Ezell
State Bar No. 06764200
Fed. ID 2250

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was on this the 21st day of April 2003, sent via the indicated methods to:

Hugo Xavier de los Santos, Esq. Via CM-RRR: 7002 2410 0002 3598 6951
6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas 78213
**Attorney for John Ocie Roberts, Plaintiff**

Ricardo J. Navarro          Via CM-RRR:7002 2410 0002 3598 6968
**DENTON, NAVARRO & BERNAL**
222 East Van Buren, Suite 405
Harlingen, Texas 78550-6804
**Attorney for the City of Harlingen, Texas, Defendant**

_____          _____
Curtis Bonner                              Michael R. Ezell
*by permission*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. B-01-034 |
| CITY OF HARLINGEN, TEXAS, ET. AL. | § | |
| | § | |

### AFFIDAVIT OF HAROLD K. WAITE

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

**BEFORE ME**, the undersigned authority, this day appeared HAROLD K. WAITE, who by me being sworn stated as follows:

"My name is HAROLD K. WAITE. I am the owner La Feria Wrecker Service which is a sole proprietorship and which is a Defendant in this case. La Feria Wrecker Service performs wrecker services for the general public and also has a state licensed storage lot to which automobiles are occasionally towed and stored.

My firm was called to supply wrecker services by the City of Harlingen to a lot at 1726 North Commerce Street in Harlingen. There I was directed to tow off five (5) junk vehicles. I was requested to accept the salvage value of these vehicles in lieu of my usual fee for towing such vehicles and I agreed to accept that arrangement.

These vehicles were towed by my firm only because the City of Harlingen called because my turn had come up on the rotation list maintained by the City for those wrecker

C:\General\Mike\La Feria Wrecker.Affidavit of Harold Waite


EXHIBIT "A"

Page 1

firms that desire to provide wrecker services to the general public. I get calls to go to the scenes of automobile collisions and other occasions when vehicles are not capable of being operated and must be removed to another location whether to a repair facility or a storage lot. Other than the request to go and provide wrecker services and to tow and dispose of these vehicles, no other instructions were given to me by City of Harlingen officials. This is a standard procedure in the City of Harlingen and other cities throughout Texas.

The vehicles I removed were specifically identified to me by City employees to be removed. I had no direct contact with John Ocie Roberts during or before the time of the removal of said vehicles in regard to the same. I did not open the gate on this property. I assumed that the City had taken all actions necessary to be in a position to lawfully remove the vehicles in question and to request to me to remove vehicles as the City had many times in the past requested me to remove vehicles from other locations.

FURTHER AFFIANT SAYETH NOT.

_Harold K Waite_
HAROLD K. WAITE

**THE STATE OF TEXAS** §

**COUNTY OF CAMERON** §

SWORN TO, SUBSCRIBED, AND ACKNOWLEDGED by HAROLD K. WAITE before me on June 27, 2002.


SARAH H. SANCHEZ
Notary Public, State of Texas
My Commission Expires
APRIL 14, 2006

_Sarah H. Sanchez_
Notary Public, State of Texas

C:\General\Mike\L.a Feria Wrecker.Affidavit of Harold Waite

Page 2

AFFIDAVIT OF JOSE A. GARCIA

STATE OF TEXAS

COUNTY OF CAMERON

"My name is JOSE A. GARCIA. I am the owner of T & T Car Care Center which is a sole proprietorship owned by myself and my wife. T & T performs wrecker services for the general public and also has a state licensed storage lot to which automobiles are occasionally towed and stored. I have worked in the business of repairing automobiles all of my adult life. I started with Easterling Van Tine Pontiac, Inc., a new car dealer in Harlingen, in the 1950's. I perform repair services of all nature on automobiles.

My firm was called to supply wrecker services by the City of Harlingen to a lot at the corner of Markowsky and North Commerce Street in Harlingen. There I was directed to tow off a Ford Thunderbird which was done and the car was brought to T & T's storage lot where it has remained. The photos attached to this Motion marked Ex. A accurately depict the Thunderbird on my lot. It looked similar to this when it was picked up by my wrecker. It might have a little more rust on it but it is in the same basic condition as when it was removed from North Commerce Street.

In my opinion it is not in a restorable condition because of the amount of rust damage on the body. It might be used for parts to restore another similar car but I believe the car itself is beyond economical repair. I recognize that certain automobiles are regarded as desirable collector's cars but I do not believe this is one of them.

This automobile was towed by my firm only because the City of Harlingen called because our turn had come up on the rotation list maintained by the city for those wrecker firms that desire to provide wrecker services to the general public. We get calls to go to the scenes of automobile collisions and other occasions when automobiles are not capable of being operated and must be removed to another location whether to a repair facility or a storage lot. Other than the request to go and provide wrecker services and tow an automobile, no other instructions or conversations were engaged in to my memory. This is a standard procedure in the City of Harlingen and other cities throughout Texas.

Within a couple of days of towing the car John Ocie Roberts came by my facility and viewed the car. He has failed and refused to pick up the car even though he knew where it was and could have taken possession of it at any time.

FURTHER AFFIANT SAYETH NOT.

_____
JOSE A. GARCIA

THE STATE OF TEXAS §
COUNTY OF CAMERON §

SWORN TO, SUBSCRIBED, AND ACKNOWLEDGED by Jose A. Garcia before me on May 28, 2002.

_____
Notary Public, State of Texas

IRMA M GONZALEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 12-23-2003

EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS,<br>Plaintiff<br><br>vs<br><br>CITY OF HARLINGEN, CAMERON COUNTY, TEXAS, CONNIE DE LA GARZA, INDIVIDUALLY, CHIEF OF POLICE MICHAEL BLAKE, INDIVIDUALLY, ACTING CITY MANAGER ROY RODRIGUEZ, INDIVIDUALLY, INSPECTOR DAN SERNA, INDIVIDUALLY, LT. JIM SCHEOPNER, INDIVIDUALLY, INSPECTOR RUBEN MARES, INDIVIDUALLY, INSPECTOR SAM GUTIERREZ, INDIVIDUALLY, LA FERIA WRECKER SERVICE, DOUBLE A WRECKER CO., T & T TOWING SERVICE, T AND T WRECKER SERVICE, TIM WILKINSON IRON & METAL INC.,<br>Defendants | §§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION<br><br>NO. B-001-34<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY |

## ORDER

On _____, 2003, the Court heard the *Cross-Defendant City of Harlingen's Motion for Summary Judgment as to Cross Claims Asserted by La Feria Wrecker Service and Jose Garcia.*

The Court after examining the pleadings timely filed and the evidence before the Court, determines that Cross Defendant's, Motion for Summary Judgment as to claims asserted by the La Feria Wrecker Service and Jose Garcia against Cross Defendant City of Harlingen are as follows;

It is ORDERED, ADJUDGED AND DECREED that Cross Defendant City of

Harlingen's Motion for Summary Judgment against Cross Plaintiffs La Feria Wrecker and Jose Garcia is DENIED.

Signed this _____ day of _____ 2003.

_____
Judge Presiding

cc: Curtis Bonner
BONNER & BONNER
103 S. Third
P.O. Box 288
Harlingen, Texas 78551-0288

Michael R. Ezell
LAW OFFICE OF MICHAEL R. EZELL
312 E. Van Buren
P.O. Box 2878
Harlingen, Texas 78551

Hugo Xavier de los Santos, Esq.
6800 Park Ten Blvd., Suite 123-N
San Antonio, Texas 78213

Ricardo J. Navarro
DENTON, NAVARRO & BERNAL
222 East Van Buren, Suite 405
Harlingen, Texas 78550-6804