IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 22 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-34 |
| | § | |
| CITY OF HARLINGEN ET AL., | § | |
| | § | |
| Defendants. | § | |

### ORDER

BE IT REMEMBERED that on March 19, 2004, the Court **DENIED** Plaintiff's Motion for New Trial [Dkt. No. 87]; **DENIED AS MOOT** Defendant Jose A. Garcia and La Feria Wrecker Service's Motion for Reconsideration [Dkt. Nos. 89-1 & 89-2] and Motion for Separate Trial, or Severance and to Abate, or in the Alternative Motion to Dismiss without Prejudice [Dkt. Nos. 90-1, 90-2, 90-3, 90-4]; and **GRANTED** Defendant City of Harlingen's Motion for Summary Judgment [Dkt. No. 91].

### I. Introduction and Procedural Background

Plaintiff brought a section 1983 claim against the City of Harlingen, alleging the City violated his Fourteenth Amendment right to due process. Additionally, Plaintiff alleged several state law tort claims against non-state actors. This case arose out the City's enforcement of Chapters 93 and 94 of the City of Harlingen's Code of Ordinances. Chapter 93, referred to as the "Nuisance Ordinance," concerns public nuisances and encompasses the cleanup of trash, debris, and rubbish on real property located within the city. Chapter 94, referred to as the "Junked Vehicle Ordinance," concerns abandoned property and the cleanup of junked vehicles. The Plaintiff in this case, Mr. John Ocie Roberts, was the owner of a business called the Bargain Barn, which was located in

Harlingen, Texas. Mr. Roberts leased the lot on which the Bargain Barn was located from the Southern Pacific Railroad. After a fire occurred in January 2000, the building structure was destroyed, and at the direction of the Harlingen Environmental Health Department and the Director of this department, Dan Serna, the City began the process of cleaning up and removing from the property items such as motor vehicles, parts, and appliances. There were three individually named defendants in this case: Dan Serna, the Director of the Harlingen Environmental Health Department, and Ruben Mares and Sam Gutierrez, health inspectors in the Environmental Health Department who assisted in the cleanup of the property under the supervision of Dan Serna. Additionally, Plaintiff has brought claims against several wrecker services and junk yard demolishers.

The Court granted Defendants City of Harlingen, the individual defendants, and Jose A. Garcia and La Feria Wrecker Service's motions for summary judgement in their entirety on the basis that Plaintiff failed to demonstrate any constitutional violation or that the wrecker services had committed various state law torts. See Court's March 5, 2003, Summary Judgment Order [Dkt. No. 83].

## II. Plaintiff's Motion for New Trial

Although Plaintiff entitles his motion as one for a new trial, in essence he seeks the Court's reconsideration of its March 5, 2003, order granting summary judgment for the Defendants. The Federal Rules of Civil Procedure do not recognize a Motion for Reconsideration per se. See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). The Court will consider a motion to reconsider as one to "alter or amend the judgment" under Federal Rule of Civil Procedure 59(e) if it is filed within ten (10) days after the Court entered final judgment. See id. See also Fletcher v. Appel, 210 F.3d 510, 512 (5th Cir. 2000). When motions for reconsideration are filed past the 10 day deadline, the Court considers the motion to be one for "relief from judgment" under Federal Rule of Civil Procedure 60(b). Lavespere, 910 F.2d at 173. Plaintiff filed the present motion 9 days after the Court entered final judgment on March 5, 2003.

Motions for Reconsideration are generally disfavored and are not proper tools "to introduce evidence that was available at [the time of the summary judgment motion] but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986). Generally, a Motion for Reconsideration may be granted under Rule 59(e) if the movant shows: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. Fields v. Pool Offshore, 1998 WL 43217, *2 (E.D. La. Feb. 3, 1998), aff'd 182 F.3d 353 (5th Cir. 1999).

Plaintiff has failed to present the Court with any new evidence, arguments, or changes in controlling law. Rather, his motion is simply an attempt to have the Court alter its decision in his favor. The Court declines this invitation and **DENIES** Plaintiff's Motion for New Trial [Dkt. No. 87].

### III. Defendants Jose A. Garcia and La Feria Wrecker Services' Motion for Reconsideration

Defendants do not specify under which Federal Rule of Civil Procedure they file their Motion for Reconsideration. Because Defendants filed their motion 15 days after the Court entered final judgment, if the Court were to review the motion, it must do so under Rule 60(b). The Court, however, does not reach the merits of the motion because it **DENIES the motion as moot** [Dkt. No. 89].

In this case, the Court issued a summary judgment order in favor of Defendants, which disposed of all of *Plaintiff's* claims against all the Defendants. The Court never intended to summarily dispose of Defendant Garcia and La Feria Wrecker Service's cross-claims for indemnity against the Defendant City of Harlingen. Indeed, the summary judgment motions before the Court at that time did not include motions by Defendants Garcia and La Feria Wrecker Service for indemnity. The issue of indemnity, therefore, was not properly before the Court. Similarly, the final judgment entered on March 5, 2003, pertained to all of *Plaintiff's* claims against the Defendants City of Harlingen, Jose A.

3

Garcia, and La Feria Wrecker Service [Dkt. No. 86]. Any motion to reconsider, therefore, is unnecessary.

### IV. Defendant City of Harlingen's Motion for Summary Judgment

#### A. Standard for Summary Judgment

Summary Judgment shall be granted if the record, taken as a whole, "together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Factual controversies, if any exist, are resolved in favor of the nonmoving party. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). See also Hunt v. Cromartie, 526 U.S. 541, 552 (1999). The party making a summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery documents that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) ("the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the non-moving party's case"). See also Colson v. Grohman, 174 F.3d 498, 506 (5th Cir.1999). Although the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," Celotex Corp., 477 U.S. at 327, the party "need not negate the elements of the nonmovant's case." Little, 37 F.3d at 1075 (citing Celotex, 477 U.S. at 323).

If the moving party meets this burden, the non-movant then must designate specific facts, beyond the pleadings, showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Little, 37 F.3d at 1071 (citing Celotex, 477 U.S. at 325). "Unsubstantiated assertions" or "mere allegations or denials" will not adequately cast doubt on material facts at issue. See Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994). See also Fed. R. Civ. P. 56(e). Likewise, the nonmovant must present more than a mere "scintilla" of evidence. See Davis v. Chevron U.S.A., Inc., 14 F.3d 1082 (5th Cir. 1994). The evidence must be viewed in the light most favorable to the nonmovant. See Whelan v. Winchester Prod. Co., 319 F.3d 225, 228 (5th Cir. 2003); Walker v. Thompson, 214 F.3d 615, 624 (5th Cir. 2000). Summary Judgment should be granted "when the nonmoving party fails to meet its burden to come forward with

facts and law demonstrating a basis for recovery that would support a jury verdict." Little, 37 F.3d at 1071.

### B. Legal Analysis

Before the Court now is City of Harlingen's Motion for Summary Judgment on Defendant Garcia and La Feria Wrecker Service's (hereinafter "Cross Plaintiffs") cross-claim for indemnity in the form of attorneys' fees. The City argues the Cross Plaintiffs' claims fail as a matter of law because they cannot prove the right to common law indemnity exists, or that a right to indemnity under a contract or statute exists. Furthermore, the City states that because it is not liable on any of Plaintiff's claims, it also cannot be liable to the Cross Plaintiffs on their claims for indemnity or attorneys' fees.

Cross Plaintiffs argue they only removed vehicles at the request of the City under an agreement for compensation for such services. Cross Plaintiffs incorrectly assert that Plaintiff did not bring any claims against them directly when in fact the Cross Plaintiffs were sued directly under various state tort law theories. Cross Plaintiffs assert their right of indemnification under the common law, stating, "indemnification . . . may arise between several parties in law or in equity where there exists an obligation by one party to indemnify the other where the first party may be exposed to liability for the wrongly [sic] act of the second party." Cross Plaintiffs' Response to City's Motion for Summary Judgment, at p. 2 [Dkt. No. 93].

Based on the Cross Plaintiffs' response it is difficult to discern whether Cross Plaintiffs wish to assert an indemnity claim for attorneys' fees resulting from defending Plaintiff's suit against them, or strictly indemnity in the event liability is established on appeal.[1] Whether any liability attaches to the Defendants by virtue of Plaintiff's constitutional claims, Cross Plaintiffs have failed to demonstrate that a material issue of fact exists on the issue of indemnity.

The common law right to indemnity is greatly circumscribed in Texas: common law indemnity exists only in cases "in which one party's liability is purely vicarious." Astra Oil

---

[1] Despite the fact that a motion for reconsideration was pending in this Court, Plaintiff has already filed a notice of appeal, which was dismissed for failure to prosecute. See Order of USCA [Dkt. No. 97].

5

Co., Inc. v. Diamond Shamrock Refining Co., L.P., 89 S.W.3d 702, 706 (Tex. App. –Houston [1st Dist.], 2002, pet. denied). The party seeking indemnity must demonstrate that a special relationship exists between the parties that gives rise to vicarious liability, such as an employer-employee relationship. A simple contractual relationship between the parties will not give rise to vicarious liability and a right to common law indemnity. See id. See also American Alloy Steel, Inc. v. Armco, Inc., 777 S.W.2d 173, 175 (Tex. App.–Houston [14th Dist.] 1989, no writ) (contractual business relationship alone will not create a right to indemnity). A right to indemnity may also arise from an agency relationship. See Mercedes-Benz of North Am., Inc. v. Dickenson, 720 S.W.2d 844, 858 (Tex. App. –Fort Worth 1986, no writ) ("Under the general rules of agency, an agent is entitled to indemnity when its liability arises from conduct performed for the benefit and under the direction of the principal as a good faith execution of the agency relationship."). An agency relationship is both a legal and factual issue and is "determined by the agreement between and the words and conduct of the parties." Id. (citations omitted). Texas uses a "right to control" test to determine the existence of an agency relationship. See Wynne v. Adcock Pipe & Supply, 761 S.W.2d 67, 69 (Tex.App. –San Antonio 1988, writ denied). In an agency relationship, the principal must have the right to control "the means and the details of the process by which the alleged agent is to accomplish his task." Matter of Carolin Paxson Advertising, Inc., 938 F.2d 595, 598 (5th Cir. 1991). Without this proof, something more akin to an independent contractor relationship is established. See id. (citations omitted). Stated differently, an independent contractor differs from an agent because he is responsible only for the result of his work, which he contracted to perform, and he is not under the immediate supervision or direction of the employer. See Hall Dadeland Towers Assocs. v. Hardeman, 736 F. Supp. 1422, 1429 (N.D. Tex. 1990).

Cross Plaintiffs have utterly failed to present any evidence that their relationship with the City of Harlingen was the kind that gives rise to indemnity protection.[2] They do not

---

[2] The Court does not need to address which claims filed against the Cross Plaintiffs would even hypothetically qualify for indemnity. Plaintiff brought a number of state law tort claims against the Cross Plaintiffs, which included negligence and intentional torts. Because Cross Plaintiffs have not demonstrated they had the kind of relationship with the City of Harlingen that would give rise to indemnity, the Court ends its inquiry here.

discuss, let alone attach, any agreement governing the relationship they had with the City of Harlingen. The affidavits they include in their response brief state nothing more than the wrecker services acted to remove Plaintiff's cars after the City called them when their company came-up on the rotation list. See Cross Plaintiffs' Response to City's Motion for Summary Judgment, Exs. A & B [Dkt. No. 93]. Furthermore, even if the wrecker services had a formal agreement to provide towing services under the circumstances presented in this case, this contractual relationship does not mean Cross Plaintiffs are agents of the City giving rise to vicarious liability. If anything, the Cross Plaintiffs appeared to have an independent contractor relationship with the City. Cross Plaintiffs seem to believe incorrectly that the "but for" causal connection between their liability and the City's "request" that they tow the vehicles in question absolves them of the responsibility to defend this suit and entitles them to indemnity.

Cross Plaintiffs have not presented any evidence demonstrating they are entitled to common law indemnity, contractual indemnity, or statutory indemnity. Because this Court has rendered a final judgment in favor of Defendants on all of Plaintiff's claims against them, there is no reason to delay entry of judgment in favor of City of Harlingen on Cross Plaintiffs' claims for indemnity. Defendant City of Harlingen's motion for summary judgment is **GRANTED** [Dkt. No. 91], and Cross Plaintiffs' alternative motions for separate trial, severance, or to abate or dismiss are **DENIED** [Dkt. No. 90].

## V. Conclusion

The Court **DENIES** Plaintiff's Motion for New Trial [Dkt. No. 87]; **DENIES AS MOOT** Defendant Jose A. Garcia and La Feria Wrecker Service's Motion for Reconsideration [Dkt. Nos. 89-1 & 89-2] and Motion for Separate Trial, or Severance and to Abate, or in the Alternative Motion to Dismiss without Prejudice [Dkt. Nos. 90-1, 90-2, 90-3, 90-4]; and **GRANTS** Defendant City of Harlingen's Motion for Summary Judgment [Dkt. No. 91].

DONE at Brownsville, Texas, this 19th day of March, 2004.

Hilda G. Tagle
United States District Judge